RUSS AUGUST & KABAT
Brian Ledahl (CA SB No. 186579)
Neil A. Rubin (CA SB No. 250761)
Jacob Buczko (CA SB No. 269408)
Timothy T. Hsieh (CA SB No. 255953)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com
E-mail: thsieh@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICHIA CORPORATION; and NICHIA AMERICA CORPORATION,<br><br>Defendants. | Civil Action No. 2:17-cv-08849<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants NICHIA CORPORATION ("Nichia") and NICHIA AMERICA CORPORATION ("Nichia America") (collectively "Defendants").

## PARTIES

1.     Document Security Systems, Inc. is a publicly-traded New York corporation.  Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2.     In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit.  The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.  Since its recent acquisition of these patents, DSS has worked to expand its business efforts regarding LED technology.  DSS is pursuing both licensing and commercialization of this technology acquisition.

3.   On information and belief, Nichia Corporation ("Nichia") is a foreign corporation under the laws of Japan with a principal place of business located at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima 774-8601, Japan. Upon information and belief, Nichia manufactures light-emitting diode ("LED") products and, through its subsidiaries, Defendant Nichia America Corporation ("Nichia America"), has sales offices in the United States.  On information and belief, Nichia may be served via officer or director at the above address.

4.   On information and belief, Nichia America is a Michigan corporation, having its principal place of business at 48561 Alpha Drive, Ste. 100, Wixom, MI 48393 and a sales office at 3625 Del Amo Blvd. Suite 325, Torrance, CA 90503.  Upon information and belief, Nichia America is a subsidiary of Nichia and sells and/or offers for sale in the United States LED products manufactured by it and/or Nichia, including in the State of California and in this judicial district.

## JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.   This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Central District of California giving rise to this action and have established minimum contacts with the forum state of California.  Defendants directly and/or through subsidiaries or

1  intermediaries (including distributors, retailers, and others), have committed and
2  continue to commit acts of infringement in this District by, among other things,
3  making, using, importing, offering for sale, and/or selling products and/or services
4  that infringe the patents-in-suit.  Defendants have, both jointly and individually,
5  placed infringing products into the stream of commerce, leading to substantial sales of
6  infringing products in California in this judicial District and the State of California.
7  Thus, Defendants have purposefully availed themselves of the benefits of doing
8  business in the State of California and the exercise of jurisdiction over Defendants
9  would not offend traditional notions of fair play and substantial justice.

10      7.  Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b)
11  because Defendants have a regular and established place of business in this District
12  and have committed acts of patent infringement in this District.  Defendants, for
13  example, have a regular and established place of business in this District at 3625 Del
14  Amo Blvd. Suite 325, Torrance, CA 90503.

15                                **BACKGROUND**

16      8.  DSS is the owner by assignment of United States Patent No. 6,949,771 ("the
17  '771 Patent") entitled "Light Source."  The '771 Patent was duly and legally issued by
18  the United States Patent and Trademark Office on September 27, 2005.  A true and
19  correct copy of the '771 Patent is included as Exhibit A.

20      9.  DSS is the owner by assignment of United States Patent No. 7,524,087 ("the
21  '087 Patent") entitled "Optical Device."  The '087 Patent was duly and legally issued
22  by the United States Patent and Trademark Office on April 28, 2009.  A true and
23  correct copy of the '087 Patent is included as Exhibit B.

24      10.    DSS is the owner by assignment of United States Patent No. 7,256,486
25  ("the '486 Patent") entitled "Packing Device for Semiconductor Die, Semiconductor
26  Device Incorporating Same and Method of Making Same."  The '486 Patent was duly
27  and legally issued by the United States Patent and Trademark Office on August 14,
28  2007.  A true and correct copy of the '486 Patent is included as Exhibit C.

11.     DSS is the owner by assignment of United States Patent No. 7,652,297 ("the '297 Patent") entitled "Light Emitting Device."  The '297 Patent was duly and legally issued by the United States Patent and Trademark Office on January 26, 2010. A true and correct copy of the '297 Patent is included as Exhibit D

12.     DSS is the owner by assignment of United States Patent No. 7,919,787 ("the '787 Patent") entitled "Semiconductor Device with a Light Emitting Semiconductor Die."  The '787 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the '787 Patent is included as Exhibit E.

13.     DSS owns all rights, title, and interest in and to the '771, '087, '486, '297 and '787 Patents (collectively, "asserted patents" or "patents-in-suit"), including all rights to sue and recover for past and future infringement.

14.     DSS has obtained sample specimens of the Accused Instrumentalities described herein and has confirmed infringement as alleged.  DSS has sought to purchase additional representative product samples, but cannot reasonably obtain these products because Defendants and their distributors impose minimum ordering quantities of many thousand products.  Upon information and belief, Defendants' current, previous and future LED product line offerings include additional products that infringe on more patent-in-suit, as described below.

## COUNT I

## INFRINGEMENT OF THE '771 PATENT

15.     DSS references and incorporates by reference paragraphs 1 through 14 of this Complaint.

16.     Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '771 Patent, and continues to do so.  By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their NF2W385AR-V2, NESL064A, NHSL064, NESA064,

NHSB064-ND, NSSB064A-N2, NSSB064A-N3, NSSB064A-NA, NESB064A-NA, NESB064-N2, NESB064-N3, NHSB064-N3, NHSB064-NA, NSSB063A-N3, NHSB146A-ND, NESB146A-ND, NSSL088A, and NSSB129-N3. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.  Defendants' infringing products are collectively referred to hereinafter as "'771 Accused Instrumentalities."

17.    Defendants have directly infringed and continue to directly infringe the '771 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities.  Such products and/or services are covered by one or more claims of the '771 Patent's including at least claims 1 to 8 because they contain each element of those claims.

18.    As an illustrative example, Defendants import, sell and offer to sell their NSSB063A-N3 products.  Defendant's NSSB063A-N3 infringes, for example, Claim 3 of the '771 patent because it is a light source comprising a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface:



19.    Defendants' NSSB063A-N3 also includes a platform covering said first opening, said platform being located outside said aperture:



20.    Defendants' NSSB063A-N3 also includes a light emitting diode mounted on the platform within the aperture, and a transparent encapsulant material encapsulating the light emitting diode in the aperture. For example, the NSSB063A-N3 includes "Encapsulating Resin Materials" that do not include a diffuser. *See* http://www.nichia.co.jp/specification/products/led_spec/NSSB063AT-N3-E(4320).pdf:

| 項目 Item | 内容 Description |
|---|---|
| パッケージ材質<br>Package Materials | 耐熱性ポリマー<br>Heat-Resistant Polymer |
| 封止樹脂材質<br>Encapsulating Resin<br>Materials | シリコーン樹脂(蛍光体入り)<br>Silicone Resin(with phosphor) |
| 電極材質<br>Electrodes Materials | 銅合金+銀メッキ<br>Ag-plated Copper Alloy |
| 質量<br>Weight | 0.037g(TYP) |

21.    Defendants' NSSB063A-N3's "platform" is made from thermally conductive material for conducting heat away from the light emitting diode because the "platform" comprises a metal lead frame that conducts heat away from the light emitting diode.

22.     By making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities infringing the '771 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

23.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities and related products, to directly infringe each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent.  Defendants have had actual knowledge of the '771 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '771 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '771 Patent. The '771 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '771 Patent. Defendants know and intend that customers that purchase the '771 Accused Instrumentalities will use those products for their intended purpose.  Defendants also specifically intend its customers infringe the '771 Patent through use of the '771 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides.  For example, Defendant's website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs customers to use '771 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the

United States in order to serve and develop the United States market for Defendants' infringing products.

24.     Defendants have been aware of the '771 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…"  This letter informed Defendants of the existence of the '771 Patent and described that Defendants may infringe the '771 Patent.  Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent.  On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent.  Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent.  Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

25.     As a result of Defendants' infringement of the '771 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF THE '087 PATENT

26.     DSS references and incorporates by reference paragraphs 1 through 25 of this Complaint. Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '087 Patent, and

continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their NSSM032A, NESM026D, and NSSMV01A packages. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.  Defendants' infringing products are collectively referred to hereinafter as "'087 Accused Instrumentalities."

27.    Defendants have directly infringed and continue to directly infringe the '087 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities.  Such products and/or services are covered by one or more claims of the '087 Patent's including at least claim 1 because they contain each element of that claim.

28.    As an illustrative example, Defendants import, sell and offer to sell its NSSM032A products.  Defendants' NSSM032A infringes, for example, Claim 1 of the '087 patent because it is an optical device comprising a lead frame with a plurality of leads:



29.    Defendants' NSSM032A also includes a reflector housing formed around the lead frame, the reflector housing having a first end face and a second end face and a peripheral sidewall extending between the first end face and the second end face, the reflector housing having a first pocket with a pocket opening in the first end face and a second pocket opening in the second end face:

  

30.   Defendants' NSSM032A also includes at least one LED die mounted in the first pocket of the reflector housing and a light transmitting encapsulant disposed in the first pocket and encapsulating the at least one LED die:



31.   Defendants' NSSM032A includes a plurality of lead receiving compartments formed in the peripheral sidewall of the reflector housing:

 

32.    By making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities infringing the '087 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '087 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

33.    In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '087 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '087 Patent.  Defendants have had actual knowledge of the '087 Patent at least as of service of this Complaint.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '087 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '087 Patent.  The '087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '087 Patent.  Defendants know and intend that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose.  Defendants also specifically intend its customers infringe the '087 Patent through use of the '087 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides.  For example, Defendant's website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs customers to use '087 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing

products in the United States in order to serve and develop the United States market for Defendants' infringing products.  Defendants also give customers specific instruction to infringe e.g., claim 9 of the '087 patent, by assembling products into an infringing display.  *See, e.g.*,

http://www.nichia.co.jp/specification/products/led_spec/NSSM032AT-E(3207B)WxGxR8.pdf, "Directions for Use" and

http://www.nichia.co.jp/en/product/led.html, describing LED "Application" is a display.

34.    Defendants have been aware of the 087 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…"  This letter informed Defendants of the existence of the '087 Patent and described that Defendants may infringe the '087 Patent.  Since that date, Defendants have failed to investigate and remedy their infringement of the '087 Patent and thus willfully and egregiously continue to infringe the '087 Patent.  On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '087 patent.  Defendants, at the very least, have been egregiously and willfully blind to infringement of the '087 Patent.  Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '087 Accused Instrumentalities with knowledge that these acts constitute infringement of the '087 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

35.    As a result of Defendants' infringement of the '087 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants'

1  infringement, but in no event less than a reasonable royalty for the use made of the

2  invention by Defendants, together with interest and costs as fixed by the Court.

3  ## COUNT III

4  ## INFRINGEMENT OF THE '486 PATENT

5      36.    DSS references and incorporates by reference paragraphs 1 through 35 of

6  this Complaint.

7      37.    On information and belief, Defendants make, use, offer for sale, sell,

8  and/or import in the United States products and/or services that infringe various

9  claims of the '486 Patent, and continues to do so.   By way of illustrative example,

10  Defendants' infringing products include without limitation, all versions and variations,

11  including predecessor and successor models, of NVSxx19C, NVSW3x9A,

12  NWSx229A, NVx144Ax, 385, NVSU119C, NVSU233A-D1 Series packages as well

13  as the following models: NV4W144AR, NV4W144AM, NVSW229A, NVSW309A,

14  NVSW319A, NVSW119C, NVSW219C, NVSW119CT, NVSL119C, NVSW219C,

15  NVSL219C, NVSW119B-V1, NVSW219B-V1, NVSL219B-V1, NCSW219B-V1,

16  NCSL219B-V1, NVSA219B-V1, NCSC219B-V1, NCSB219B-V1, NCSE219B-V1,

17  NCSG219B-V1, NCSA219B-V1, NCSW119B-V1, NCSL119B-V1, NVSA119B-V1,

18  NCSC119B-V1, NCSB119B-V1, NCSE119B-V1, NCSG119B-V1, NCSA119B-V1,

19  NVSW119B-V1D1, NVSL119B-V1D1, NVSW219B-V1D1, NVSL219B-V1D1,

20  NVSW309A, NVSW319A, NWSW229A, NWSL229A, NV4W144AR,

21  NV4L144AR, NV4W144AM, NV4L144AM, NCSR119B-V1, NCSR219B-V1,

22  NJ2W270A-Y7, NCSU276AT, Defendants' infringing products also include products,

23  e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.

24  Defendants' infringing products are collectively referred to hereinafter as "'486

25  Accused Instrumentalities."

26      38.    On information and belief, Defendants have directly infringed and

27  continues to directly infringe the '486 Patent by, among other things, making, using,

28  offering for sale, selling, and/or importing the '486 Accused Instrumentalities.   On

1   information and belief, such products are covered by one or more claims of the '486

2   Patent including at least claim 1 because they contain each element of that claim.

3      39.   As an illustrative example, Defendants import, sell and offer to sell its

4   NVx144Ax Series products.  Defendants' NVx144Ax infringes, for example, Claim 1

5   of the '486 patent because it is a semiconductor device comprising a substantially

6   planar substrate having opposed major surfaces:





16      40.   Defendants' NVx144Ax also includes an electrically conductive

17   mounting pad located on one of the major surfaces of the substrate:



25      41.   Defendants' NVx144Ax also includes an LED having a metallized

26   bottom major surface that is mounted on the electrically conductive mounting pad, the

27   metallized bottom major surface comprising one of an anode and a cathode of the

28   LED:



42.     Defendants' NVx144Ax also includes a first electrically conductive connecting pad located on the other of the major surfaces of the substrate:



43.   Defendants' NVx144Ax also includes a first electrically conductive interconnecting element extending through the substrate and electrically interconnecting the mounting pad and the first electrically conducive connecting pad:

 

44.   By making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities infringing the '486 Patent, Defendants have injured DSS and is liable to DSS for infringement of the '486 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

45.   In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '486 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '486 Patent.  Defendants have had actual knowledge of the '486 Patent at least as of service of this Complaint.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '486 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '486 Patent.  The '486 Accused Instrumentalities are

designed in such a way that when they are used for their intended purpose, the user infringes the '486 Patent.  Defendants know and intend that customers that purchase the '486 Accused Instrumentalities will use those products for their intended purpose.  Defendants also specifically intend its customers infringe the '486 Patent through use of the '486 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides.  For example, Defendant's website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs customers to use '486 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products.

46.     Defendants have been aware of the '486 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…"  This letter informed Defendants of the existence of the '486 Patent and described that Defendants may infringe the '486 Patent.  Since that date, Defendants have failed to investigate and remedy their infringement of the '486 Patent and thus willfully and egregiously continue to infringe the '486 Patent.  On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '486 patent.  Defendants, at the very least, have been egregiously and willfully blind to infringement of the '486 Patent.  Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '486 Accused Instrumentalities with knowledge that these acts constitute infringement of the '486 Patent, with the purpose of, *inter alia*,

1   developing and serving the United States market for Defendants' LED products and

2   consumer devices that include Defendants' products.

3       47.    As a result of Defendants' infringement of the '486 Patent, DSS has

4   suffered monetary damages in an amount adequate to compensate for Defendants'

5   infringement, but in no event less than a reasonable royalty for the use made of the

6   invention by Defendants, together with interest and costs as fixed by the Court.

7                              **<u>COUNT IV</u>**

8              **<u>INFRINGEMENT OF THE '297 PATENT</u>**

9       48.    DSS references and incorporates by reference paragraphs 1 through 47 of

10  this Complaint.

11      49.    On information and belief, Defendants make, use, offer for sale, sell,

12  and/or import in the United States products and/or services that infringe various

13  claims of the '297 Patent, and continues to do so.   By way of illustrative example,

14  Defendants' infringing products include without limitation, all versions and variations,

15  including predecessor and successor models, of their Nxxx063x series, Nxxx064x

16  series, Nxxx183x series, Nxxx124x series, NSSB063A-N3, NSSW063A,

17  NSSW064A, NESW064A, NHSW064, NSSB064, NESB064, NHSB064, NESG064,

18  NHSG064, NSSW064, NHSB064H-N3, NHSB064H-NA, NESL064A, NHSL064,

19  NESA064, NHSB064-ND, NSSB064A-N2, NSSB064A-N3, NSSB064A-NA,

20  NESB064A-NA, NESB064-N2, NESB064-N3, NHSB064-N3, and NHSB064-NA

21  products. Defendants' infringing products also include products, e.g., light bulbs,

22  displays and fixtures that contain at least one infringing LED product. Defendants'

23  infringing products are collectively referred to hereinafter as "'297 Accused

24  Instrumentalities."

25      50.    On information and belief, Defendants have directly infringed and

26  continues to directly infringe the '297 Patent by, among other things, making, using,

27  offering for sale, selling, and/or importing the '297 Accused Instrumentalities.  On

28

information and belief, such products are covered by one or more claims of the '297 Patent including at least claim 1 because they contain each element of that claim.

51.    As an illustrative example, Defendants import, sell and offer to sell its Nxxx063x series of products.  Defendants' Nxxx063x series infringes, for example, Claim 1 of the '297 patent because it is a light-emitting device comprising a substrate and a reflector extending from said substrate, said reflector forming a cavity in conjunction with said substrate, with a light emitter located in said cavity:



52.    Defendants' Nxxx063x series also includes at least one first notch located in said reflector, said at least one first notch extending substantially axially around said reflector, said at least one first notch being formed by a first wall and a second wall wherein said first wall and said second wall extend substantially perpendicular to said substrate:

53. By making, using, offering for sale, selling, and/or importing the '297 Accused Instrumentalities infringing the '297 Patent, Defendants have injured DSS and is liable to DSS for infringement of the '297 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

54. In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '297 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '297 Patent. Defendants have had actual knowledge of the '297 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '297 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '297 Patent. The '297 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '297 Patent. Defendants know and intend that customers that purchase the '297 Accused Instrumentalities will use those products for their intended purpose. Defendants also specifically intend its customers infringe the '297 Patent through use of the '297 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. For example, Defendants' website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs customers to use '297 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing

products in the United States in order to serve and develop the United States market for Defendants' infringing products.

55.   Defendants have been aware of the '297 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…"  This letter informed Defendants of the existence of the '297 Patent and described that Defendants may infringe the '297 Patent.  Since that date, Defendants have failed to investigate and remedy their infringement of the '297 Patent and thus willfully and egregiously continue to infringe the '297 Patent.  On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '297 patent.  Defendants, at the very least, have been egregiously and willfully blind to infringement of the '297 Patent.  Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '297 Accused Instrumentalities with knowledge that these acts constitute infringement of the '297 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

56.   As a result of Defendants' infringement of the '297 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF THE '787 PATENT

57.   DSS references and incorporates by reference paragraphs 1 through 56 of this Complaint.

58.    On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '787 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of NVSxx19C, NVSW3x9A, NWSx229A, NVx144Ax, 385, NVSU233A-D1 Series packages as well as the following models: NV4W144AR, NV4W144AM, NVSW229A, NVSW309A, NVSW319A, NVSW119C, NVSW219C, NVSW119CT, NVSL119C, NVSW219C, NVSL219C, NVSW119B-V1, NVSW219B-V1, NVSL219B-V1, NCSW219B-V1, NCSL219B-V1, NVSA219B-V1, NCSC219B-V1, NCSB219B-V1, NCSE219B-V1, NCSG219B-V1, NCSA219B-V1, NCSW119B-V1, NCSL119B-V1, NVSA119B-V1, NCSC119B-V1, NCSB119B-V1, NCSE119B-V1, NCSG119B-V1, NCSA119B-V1, NVSW119B-V1D1, NVSL119B-V1D1, NVSW219B-V1D1, NVSL219B-V1D1, NVSW309A, NVSW319A, NWSW229A, NWSL229A, NV4W144AR, NV4L144AR, NV4W144AM, NV4L144AM, and NJ2W270A-Y7.  Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'787 Accused Instrumentalities."

59.    On information and belief, Defendants have directly infringed and continue to directly infringe the '787 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '787 Patent's including at least claim 7 because they contain each element of that claim.

60.     As an illustrative example, Defendants import, sell and offer to sell their NVx144Ax series.  Defendants' NVx144Ax infringes, for example, Claim 7 of the '787 patent because it is a semiconductor device comprising a substantially planar substrate having first and second major surfaces, the first and second major surfaces being opposed surfaces:

 

61.     Defendants' NVx144Ax series also includes first and second electrically conductive bonding pads located on the first major surface:



62.     Defendants' NVx144Ax series also includes a light emitting semiconductor die comprising a top major light emitting surface and an oppositely-disposed bottom major surface, the light emitting semiconductor die having an anode and a cathode on the bottom major surface of the light emitting semiconductor die, the semiconductor light emitting die being mounted on the first and second electrically conductive bonding pads such that the anode of the light emitting semiconductor die is electrically connected to the first electrically conductive bonding pad and the cathode of the light emitting semiconductor die is electrically connected to the second electrically conductive bonding pad:



63.     Defendants' NVx144Ax series also includes first and second electrically conductive connecting pads located on the second major surface.

 

64.     Defendants' NVx144Ax series also includes a first electrically conductive interconnecting element electrically connected to the first electrically conductive bonding pad and the first electrically conductive connecting pad; and a second electrically conductive interconnecting element electrically connected to the second electrically conductive bonding pad and the second electrically conductive connecting pad:



65.     The bottom major surface of the light emitting semiconductor die in Defendants' NVx144Ax series is a bottom surface of a substrate of the die, each of the anode and cathode comprises a metallization layer formed on the bottom major surface of the light emitting semiconductor die:





66.     By making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities infringing the '787 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '787 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

67.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '787 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '787 Patent.  Defendants have had actual knowledge of the '787 Patent at least as of service of this Complaint.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '787 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '787 Patent.  The '787 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '787 Patent.  Defendants know and intend that customers that purchase the '787 Accused Instrumentalities will use those products for their intended purpose. Defendants also specifically intend its customers infringe the '787 Patent through use of the '787 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides.  For example, Defendants' website: http://www.nichia.co.jp/en/about_nichia/index.html, instructs customers to use '787 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products.

68.     Defendants have been aware of the '787 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent

1  Defendants a letter informing Defendants that "several of Nichia's products utilize

2  elements covered by DSS patent(s)…"  This letter informed Defendants of the

3  existence of the '787 Patent and described that Defendants may infringe the '787

4  Patent.  Since that date, Defendants have failed to investigate and remedy their

5  infringement of the '787 Patent and thus willfully and egregiously continue to infringe

6  the '787 Patent.  On information and belief, Defendants continued to offer infringing

7  products without having modified or altered those products in a manner that would not

8  infringe the '787 patent.  Defendants, at the very least, have been egregiously and

9  willfully blind to infringement of the '787 Patent.  Further evidence of Defendants'

10  egregious and willful infringement are the acts of active inducement described in this

11  Complaint.  Defendants actively induce and encourage customers to make, use, sell,

12  offer to sell and/or import the '787 Accused Instrumentalities with knowledge that

13  these acts constitute infringement of the '787 Patent, with the purpose of, *inter alia*,

14  developing and serving the United States market for Defendants' LED products and

15  consumer devices that include Defendants' products.

16      69.    As a result of Defendants' infringement of the '787 Patent, DSS has

17  suffered monetary damages in an amount adequate to compensate for Defendants'

18  infringement, but in no event less than a reasonable royalty for the use made of the

19  invention by Defendants, together with interest and costs as fixed by the Court.

20                          **PRAYER FOR RELIEF**

21      Plaintiff respectfully requests the following relief from this Court:

22      A.    A judgment that Defendants have infringed one or more claims of the

23  '771, '087, '486, '297 and '787 Patents;

24      B.    A judgment and order requiring Defendants to pay DSS its damages,

25  costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of

26  infringement in accordance with 35 U.S.C. § 284;

27      C.    A judgment and order requiring Defendants to provide accountings and

28  to pay supplemental damages to DSS, including, without limitation, prejudgment and

1   post-judgment interest;

2        D.     A judgment and order finding that this is an exceptional case within the

3   meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees

4   against Defendants; and

5        E.     Any and all other relief to which DSS may show itself to be entitled.

6                            **JURY TRIAL DEMANDED**

7        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a

8   trial by jury of any issues so triable by right.

9

10   Dated:  December 7, 2017              By:   */s/ Brian Ledahl*

11                                               RUSS AUGUST & KABAT
                                                 Brian Ledahl (CA SB No. 186579)
12                                               Neil A. Rubin (CA SB No. 250761)
                                                 Jacob Buczko (CA SB No. 269408)
13                                               Timothy T. Hsieh (CA SB No. 255953)
                                                 RUSS AUGUST & KABAT
14                                               12424 Wilshire Boulevard 12th Floor
                                                 Los Angeles, California 90025
15                                               Telephone: 310-826-7474
                                                 Facsimile: 310-826-6991
16                                               E-mail: bledahl@raklaw.com
                                                 E-mail: nrubin@raklaw.com
17                                               E-mail: jbuczko@raklaw.com
                                                 E-mail: thsieh@raklaw.com
18
                                                 Attorneys for Plaintiff,
19                                               *Document Security Systems, Inc.*

20

21

22

23

24

25

26

27

28