Lincoln Bandlow (State Bar No. 170449)
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Fax: 310.556.9828
Email: lbandlow@foxrothschild.com

Matthew G. Berkowitz (State Bar No. 310426)
SHEARMAN & STERLING LLP
1460 El Camino Real
Menlo Park, CA 94025-4110
Telephone: 650.838.3600
Fax: 650.644.0318
Email: matthew.berkowitz@shearman.com

Thomas R. Makin (*pro hac vice*)
Patrick R. Colsher (*pro hac vice*)
Eric S. Lucas (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4000
Email: thomas.makin@shearman.com
       patrick.colsher@shearman.com
       eric.lucas@shearman.com

*Attorneys for defendants Nichia Corporation and Nichia America Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHIA CORPORATION; AND NICHIA AMERICA CORPORATION, <br><br> Defendants. | No. 2:17-CV-08849-JVS-JCG <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6)** <br><br> Judge: Honorable James V. Selna <br> Date: April 2, 2018 <br> Time: 1:30 p.m. <br> Courtroom: 10C |

TO PLAINTIFF DOCUMENT SECURITY SYSTEMS, INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 2, 2018, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 10C before the Honorable James V. Selna of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California, defendants Nichia Corporation and Nichia America Corporation (collectively, "Nichia" or "Defendants") will, and hereby do, move to dismiss Document Security Systems, Inc.'s ("DSS") claims in its Complaint (Dkt. No. 1) for willful infringement of each of the five asserted patents.

Nichia makes this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that DSS's Complaint fails to state a plausible claim for willful infringement, for the same reasons this Court dismissed DSS's substantially-identical willful infringement claims in *Document Security Systems, Inc. v. Lite-On, Inc.*, No. CV 17-06050 JVS(JCGx), Order Granting Defendant's Motion to Dismiss, Dkt. No. 49 (C.D. Cal. Feb. 5, 2018) and *Document Security Systems, Inc. v. Seoul Semiconductor Co.*, No. SACV 17-00981 JVS(JCGx), Order Granting Defendant's Motion to Dismiss, Dkt. No. 55 (C.D. Cal. Feb. 5, 2018).

This motion is supported by the attached Memorandum of Points and Authorities; the files, records, and pleadings in this action; and any arguments presented at the time of the hearing on this motion.

LOCAL RULE 7-3 STATEMENT

This motion is made following the conference of counsel under Local Rule 7-3, which took place on February 23, 2018.

Dated: March 2, 2018          By: _____

Lincoln Bandlow

FOX ROTHSCHILD LLP

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. - 1 -

II. BACKGROUND .................................................................................................. - 1 -

III. LEGAL STANDARD ......................................................................................... - 5 -

IV. ARGUMENT ...................................................................................................... - 6 -

V. CONCLUSION .................................................................................................... - 7 -

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................5, 6

*Document Security Systems, Inc. v. Seoul Semiconductor Co.*, No. SACV
  17-00981 JVS(JCGx), slip op. (C.D. Cal. Feb. 5, 2018)..................................1, 5, 6

*Document Security Systems, Inc. v. Lite-On, Inc.*, No. CV 17-06050
  JVS(JCGx), slip op. (C.D. Cal. Feb. 5, 2018)..................................................1, 5, 6

*Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF,
  2017 WL 2462423 (N.D. Cal. June 7, 2017)......................................................6, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016).....................................................................................5, 6, 7

*XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS,
  2017 WL 4551519 (N.D. Cal. Oct. 11, 2017)......................................................5, 6

**Statutes**

35 U.S.C. § 284 ............................................................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 8.................................................................................................................5

Fed. R. Civ. P. 12(b)(6).....................................................................................................1

Fed. R. Evid. 201 ..............................................................................................................1

# MEMORANDUM AND POINTS OF AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(b)(6), Nichia respectfully moves to dismiss DSS's claims for willful infringement for each of the five asserted patents in DSS's Complaint (Dkt. No. 1).

## I. INTRODUCTION

There can be no dispute that DSS's Complaint fails to adequately plead willful infringement: this Court has recently dismissed substantively the same claims filed by DSS against other defendants because—like here—DSS failed to allege facts from which the Court could plausibly infer that the defendants engaged in egregious conduct. *See Document Security Systems, Inc. v. Lite-On, Inc.*, No. CV 17-06050 JVS(JCGx), slip op. at 6–7 (Order Granting Defendant's Motion to Dismiss, Dkt. No. 49) (C.D. Cal. Feb. 5, 2018) ("*Lite-On*"; attached as Ex. 1); *Document Security Systems, Inc. v. Seoul Semiconductor Co.*, No. SACV 17-00981 JVS(JCGx), slip op. at 5 (Order Granting Defendant's Motion to Dismiss, Dkt. No. 55) (C.D. Cal. Feb. 5, 2018) ("*Seoul*"; Ex. 2).[1]

For the same reasons this Court dismissed the willful infringement claims against the defendants in the *Lite-On* and *Seoul* cases, Nichia respectfully submits that the Court should dismiss DSS's willful infringement claims against Nichia.

## II. BACKGROUND

DSS filed its Complaint against Nichia on December 7, 2017 (Dkt. No. 1), asserting infringement of five patents: U.S. Patent Nos. 6,949,771 ("the '771 patent"), 7,524,087 ("the '087 patent), 7,256,486 ("the '486 patent"), 7,652,297 ("the '297 patent"), and 7,919,787 ("the '787 patent") (collectively, "the Asserted Patents"). *See generally* Dkt. No. 1. DSS makes the same boilerplate willful infringement allegation against Nichia for each of the Asserted Patents:

---

[1] Exhibits 1–4 are attached to the Declaration of Lincoln Bandlow, filed herewith. Pursuant to Rule 201 of the Federal Rules of Evidence, and to the extent necessary, Nichia requests that the Court take judicial notice of these Exhibits.

- 1 -

> Defendants have been aware of the [] Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…" This letter informed Defendants of the existence of the [] Patent and described that Defendants may infringe the [] Patent. Since that date, Defendants have failed to investigate and remedy their infringement of the [] Patent and thus willfully and egregiously continue to infringe the [] Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the [] patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the [] Patent. Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the [] Accused Instrumentalities with knowledge that these acts constitute infringement of the [] Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

*Id.* at ¶¶ 24, 34, 46, 55, 67.

DSS lodged nearly-identical willful infringement allegations against the defendants in the *Lite-On* and *Seoul* cases. *See* Ex. 3 at ¶¶ 21, 31, 43 (DSS's First Amended Complaint against Lite-On, Dkt. No. 36 in *Lite-On*); *see also* Ex. 4 at ¶¶ 22, 33, 46 (DSS's Second Amended Complaint against Seoul, Dkt. No. 40 in *Seoul*). A comparison of exemplary allegations against Lite-On and Nichia reveals that there are no substantive differences:

| DSS's Allegations against Lite-On | DSS's Allegations against Nichia |
|---|---|
| Defendants have been aware of the '771 Patent and of its infringement as of a date no later than July 5, 2017, when DSS contacted Defendants and provided Defendants a list of patents that included | Defendants have been aware of the '771 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants |

| **DSS's Allegations against Lite-On** | **DSS's Allegations against Nichia** |
|---|---|
| the '771 patent and described that Defendants may infringe the '771 Patent.<br><br>Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent.<br><br>Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.<br><br>Ex. 3 at ¶ 21. | that "several of Nichia's products utilize elements covered by DSS patent(s)…" This letter informed Defendants of the existence of the '771 Patent and described that Defendants may infringe the '771 Patent.<br><br>Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent.<br><br>Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.<br><br>Complaint (Dkt No. 1) at ¶ 24. |

And, a comparison of exemplary allegations against Seoul and Nichia likewise reveals that there are no substantive differences relevant to Nichia's motion:

| DSS's Allegations against Seoul | DSS's Allegations against Nichia |
|---|---|
| Defendants have been aware of the '771 Patent and of its infringement as of a date no later than the date they were served with the complaint in the case 2:17-cv-308, filed April 13, 2017. | Defendants have been aware of the '771 Patent and of its infringement as of at least May 22, 2017, when, on behalf of DSS, North Forty Consulting, LLC sent Defendants a letter informing Defendants that "several of Nichia's products utilize elements covered by DSS patent(s)…" This letter informed Defendants of the existence of the '771 Patent and described that Defendants may infringe the '771 Patent. |
| Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent. | Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent. |
| Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer | Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer |

| DSS's Allegations against Seoul | DSS's Allegations against Nichia |
|---|---|
| devices that include Defendants' products.<br><br>Ex. 4 at ¶ 22. | devices that include Defendants' products.<br><br>Complaint (Dkt No. 1) at ¶ 24. |

Lite-On and Seoul both moved to dismiss DSS's willful infringement claims, and this Court granted both of those motions:

> The Court finds that DSS's allegations are not sufficient to state a claim for willful infringement of the patents-in-suit. Although DSS has alleged knowledge and continued infringement, it has failed to allege facts suggesting that Lite-On's conduct amounts to an "egregious case[] of misconduct beyond typical infringement." [*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016)]. "Disagreement about the existence of continued infringement does not necessarily indicate willful or deliberate misconduct." [*XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017)]. Thus, without more, the facts as alleged do not support a plausible inference that Lite-On's conduct warrants enhanced damages under Halo and § 284.
>
> Accordingly, the Court grants [Defendants'] motion to dismiss the claims of willful infringement.

*Lite-On* (Ex. 1) at 6–7; *see also Seoul* (Ex. 2) at 5.

### III. LEGAL STANDARD

Rule 8, Fed. R. Civ. P., requires DSS to give Nichia "fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and alteration omitted). This notice "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* DSS must plead "enough facts to state a claim to relief that is plausible on its face," (*id.* at 570), and show "more than a sheer possibility that [Nichia] has acted unlawfully," (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As this Court found in *Lite-On* and *Seoul*, "allegations of knowledge alone are not sufficient to state a claim for willful infringement." *Lite-On* (Ex. 1) at 3–4 (collecting cases and "join[ing] the majority of district courts in the Ninth Circuit"); *Seoul* (Ex. 2) at 3–4 (same).

Thus, to state a claim for willful infringement to justify enhanced damages under 35 U.S.C. § 284, DSS must allege sufficient facts from which the Court can plausibly infer both that (i) Nichia had pre-suit knowledge of each of the Asserted Patents and (ii) Nichia's "conduct amounts to an 'an egregious case[] of misconduct beyond typical infringement.'" *Lite-On* (Ex. 1) at 6 (alteration in original and quoting *Halo*, 136 S. Ct. at 1935).

## IV. ARGUMENT

This Court should adopt its reasoning in *Lite-On* and *Seoul*, and dismiss DSS's willful infringement claims against Nichia because DSS has failed to allege facts suggesting that Nichia's conduct was egregious. *Lite-On* (Ex. 1) at 6–7; *Seoul* (Ex. 2) at 5. At most, DSS alleges that Nichia had knowledge of the asserted patents and continues to infringe. Complaint (Dkt. No. 1) at ¶¶ 24, 34, 46, 55, 67.

But, as this Court found in the nearly-identical *Lite-On* and *Seoul* cases, such an allegation is not enough. *Lite-On* (Ex. 1) at 6–7; *Seoul* (Ex. 2) at 5. Just as in *Lite-On* and *Seoul*, DSS's allegations against Nichia "do not support a plausible inference that [Nichia's] conduct warrants enhanced damages under Halo and § 284." *Lite-On* (Ex. 1) at 6; *Seoul* (Ex. 2) at 5; *see also, e.g.*, *XpertUniverse*, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017) ("Although [plaintiff] has alleged knowledge and continued infringement, it needs to do more to show that [defendant] has engaged in 'egregious cases of misconduct beyond typical infringement' that could possibly warrant enhanced damages." (quoting *Halo*, 136 S. Ct. at 1935)); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("[E]ven if [plaintiff] had adequately alleged that [defendant] had pre-suit knowledge of the Asserted Patents, dismissal would also be warranted because the

[First Amended Complaint] does not contain sufficient factual allegations to make it plausible that [defendant] engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*").

Accordingly, DSS's willful infringement claims should be dismissed.

## V. CONCLUSION

Because DSS failed to plausibly allege that Nichia's alleged conduct was egregious, Nichia respectfully requests that this Court dismiss DSS's willful infringement claims.

Dated: March 2, 2018        Respectfully submitted,

By: _____
      Lincoln Bandlow

FOX ROTHSCHILD LLP
*Attorney for defendants Nichia Corporation and Nichia America Corporation*

- 7 -

DEFENDANTS' MOTION TO DISMISS      CASE NO. 2:17-cv-08849-JVS-JCG