Brian D. Ledahl (SBN 186579)
Neil A. Rubin (SBN 250761)
Jacob R. Buczko (SBN 269408)
Paul A. Kroeger (SBN 229074)
Minna Y. Chan (SBN 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12FL
Los Angeles, California 90025
Telephone: 310.826.7474
Fax: 310.826.6991
bledahl@raklaw.com
nrubin@raklaw.com
jbuczko@raklaw.com
pkroeger@raklaw.com
mchan@raklaw.com

*Attorneys for plaintiff Document Security Systems, Inc.*

William S. O'Hare, Jr. (SBN 082562)
Elizabeth M. Weldon (SBN 223452)
SNELL & WILMER LLP
600 Anton Boulevard
Costa Mesa, CA 92626
Telephone: 714.427.7000
Fax: 714.427.7799
Email: wohare@swlaw.com
eweldon@swlaw.com

Matthew G. Berkowitz (SBN 310426)
Patrick R. Colsher (SBN 336958)
SHEARMAN & STERLING LLP
1460 El Camino Real
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.644.0318
Email: matt.berkowitz@shearman.com
patrick.colsher@shearman.com

Thomas R. Makin (*pro hac vice*)
Eric S. Lucas (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4000
Email: thomas.makin@shearman.com
eric.lucas@shearman.com

*Attorneys for defendants Nichia Corporation and Nichia America Corporation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DOCUMENT SECURITY SYSTEMS, INC.,

Plaintiff,

v.

NICHIA CORPORATION; AND NICHIA AMERICA CORPORATION,

Defendants.

No. 2:17-CV-08849-JVS (JEMx)

UPDATED JOINT STATUS REPORT REGARDING *INTER PARTES* REVIEW

Next Status Report Due:
November 29, 2022

Pursuant to the Court's Order Granting Defendants' Motion to Stay Action Pending *Inter Partes* Review Proceedings (Doc. No. 61-1), Plaintiff Document Security Systems, Inc. ("DSS") and Defendants Nichia Corporation ("Nichia Corp.") and Nichia America Corporation ("Nichia America") (collectively, "Nichia"), through their respective counsel, respectfully notify the Court of the current status of the *Inter Partes* Reviews filed by Nichia Corp. before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), as follows:

| IPR Case No. | Patent No. | Date Filed | PTAB Final Written Decision | Current Status |
|---|---|---|---|---|
| IPR2018-00965 | 7,919,787 | 5/10/18 | Issued 9/17/19; all claims (1–14) found unpatentable | DSS did not appeal; on June 23, 2021, the United States Patent & Trademark Office issued a certificate canceling claims 1–14, per 35 U.S.C. § 318 |
| IPR2018-00966 | 7,652,297 | 5/11/18 | Issued 10/30/19; all claims (1–17) found unpatentable | DSS did not appeal; on June 22, 2021, the United States Patent & Trademark Office issued a certificate canceling claims 1–17, per 35 U.S.C. § 318 |

| IPR Case No. | Patent No. | Date Filed | PTAB Final Written Decision | Current Status |
|---|---|---|---|---|
| IPR2018-01165 | 7,524,087 | 5/25/18 | Issued 12/10/19; claims 1, 6–8 found unpatentable; claims 2–5, 9–19 found not unpatentable | Nichia and DSS appealed; the Federal Circuit affirmed the unpatentability decision with respect to claims 1 and 6–8, reversed the patentability decision with respect to claim 15, and remanded with respect to claims 16–19. Nichia filed a motion for panel rehearing on May 20, 2022. The CAFC denied the motion on June 7, 2022, and the CAFC issued its mandate on June 14, 2022, remanding to the PTAB with respect to claims 16–19. On June 23, 2022, DSS disclaimed claims 16–19, leaving the PTAB with no additional determinations to make. As a result, claims 2–5 and 9–14 have not been determined unpatentable, and DSS states that it is ready to proceed in litigation. |

| IPR Case No. | Patent No. | Date Filed | PTAB Final Written Decision | Current Status |
|---|---|---|---|---|
| IPR2018-01166 | 7,256,486 | 5/30/18 | Issued 11/19/2019; claims 1–5 found unpatentable; claim 6 found not unpatentable | The Federal Circuit issued a Rule 36 Judgment on May 14, 2021, affirming the Board's final written decision with respect to claims 1–5; on July 29, 2021, the Federal Circuit issued an order in light of *U.S. v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021) that (i) remanded the case for the limited purpose of allowing DSS the opportunity to request Director rehearing of the final written decision within thirty days of the order and (ii) retained jurisdiction at the Federal Circuit over the appeal; on August 30, 2021, DSS filed its Petition for Director Review of the Final Written Decision; on October 15, 2021, DSS's Petition was denied; on November 16, 2021, DSS notified the Federal Circuit of the denial, which resulted in the Federal Circuit's prior Judgment being reinstated. The Federal Circuit issued its Mandate on March 28, 2022. The United States Patent & Trademark Office is expected shortly to issue a certificate canceling claims 1–5, per 35 U.S.C. § 318. |
| IPR2018-01167 | 6,949,771 | 5/29/18 | N/A – Institution Denied | N/A – Institution Denied |
| IPR2019-00397 | 6,949,771 | 12/10/18 | N/A – Institution Denied | N/A – Institution Denied |
| IPR2019-00398 | 6,949,771 | 12/10/18 | N/A – Institution Denied | N/A – Institution Denied |

Additionally, DSS and Nichia provide the current status of the *Inter Partes*

Reviews initiated by Seoul Semiconductor Co., Ltd. ("Seoul"):

i. On April 18, 2019, the PTAB issued a Final Written Decision finding unpatentable the challenged claims (claims 1–9) of U.S. Patent No. 6,949,771 in an *Inter Partes* Review proceeding brought by Seoul, IPR Case No. IPR2018-00265. DSS elected not to appeal this decision within the statutorily allotted time, and, on February 27, 2020, the Director of the United States Patent & Trademark Office issued a certificate canceling the challenged claims, per 35 U.S.C. § 318.

ii. On June 10, 2019, the PTAB issued a Final Written Decision finding unpatentable the challenged claims (claims 1–3) of U.S. Patent No. 7,256,486 in an *Inter Partes* Review proceeding brought by Seoul, IPR Case No. IPR2018-00333. DSS filed, on August 12, 2019, a Notice of Appeal. On January 23, 2020, the Federal Circuit issued an order vacating and remanding the case for further proceedings, in light of *Arthrex, Inc. v. Smith & Nephew, Inc*., 941 F.3d 1320 (Fed. Cir. 2019). On April 16, 2020, the Federal Circuit issued its Mandate. On May 1, 2020, the Chief Administrative Patent Judge of the PTAB issued a General Order that: "(1) suspend[ed] the requirements in [the PTAB's Standard Operating Procedure 9] in cases remanded by the Federal Circuit under *Arthrex*; and (2) h[e]ld all such cases in administrative abeyance until the Supreme Court acts on a petition for certiorari or the time for filing such petitions expires." On June 21, 2021, the Supreme Court issued its decision in *Arthrex*. On August 20, 2021, the Federal Circuit issued an Order in light of the Supreme Court's *Arthrex* decision that (i) recalled its Mandate of April 16, 2020, (ii) reinstated the appeal, (iii) vacated its Order of January 23, 2020, and (iv) provided DSS fourteen days from the date of the August 20, 2021 Order to submit a brief explaining how it believes the case should proceed in

light of *Arthrex*. On September 3, 2021, DSS submitted its response, and, on September 15, 2021, Appellees and the Director submitted their responses. On November 9, 2021, the Federal Circuit issued an order that (i) remanded the case for the limited purpose of allowing DSS the opportunity to request Director rehearing of the final written decision within thirty days of the order and (ii) retained jurisdiction at the Federal Circuit over the appeal. DSS did not file any request for Director review. On May 4, 2022, the parties to that IPR filed a joint request to dismiss the appeal as moot in view of the Federal Circuit's decision affirming the Board's final written decision finding unpatentable claims 1–5 of U.S. Patent No. 7,256,486 in DSS's appeal of IPR2018-01166. On May 9, 2022, the Federal Circuit issued an Order dismissing the appeal.

iii. On July 22, 2019, the PTAB issued a Final Written Decision finding unpatentable the challenged claims (claims 1, 6, 7, 8, 15, and 17) of U.S. Patent No. 7,524,087 in an *Inter Partes* Review proceeding brought by Seoul, IPR Case No. IPR2018-00522. DSS filed, on September 23, 2019, a Notice of Appeal. On February 3, 2020, the Federal Circuit issued an order vacating and remanding the case for further proceedings, in light of *Arthrex*. On April 27, 2020, the Federal Circuit issued its Mandate. On May 1, 2020, the Chief Administrative Patent Judge of the PTAB issued a General Order that "(1) suspend[ed] the requirements in [the PTAB's Standard Operating Procedure 9] in cases remanded by the Federal Circuit under *Arthrex*; and (2) h[e]ld all such cases in administrative abeyance until the Supreme Court acts on a petition for certiorari or the time for filing such petitions expires." On June 21, 2021, the Supreme Court issued its decision in *Arthrex*. On

October 26, 2021, the PTAB issued a General Order lifting the stay. On December 16, 2021, the Federal Circuit issued an Order in light of the Supreme Court's *Arthrex* decision that (i) recalled its Mandate of April 27, 2020, (ii) reinstated the appeal, (iii) vacated its Order of February 13, 2020, and (iv) provided DSS fourteen days from the date of the December 16, 2021 Order to submit a brief explaining how it believes the case should proceed in light of *Arthrex*. On December 29, 2021, DSS submitted its response, declining to seek Director review under *Arthrex*. On June 27, 2022, DSS filed a motion to dismiss the appeal with prejudice. On July 19, 2022, the Federal Circuit issued an Order dismissing the appeal.

Dated: September 30, 2022

RUSS AUGUST & KABAT
Brian D. Ledahl
Neil A. Rubin
Jacob R. Buczko
Paul A. Kroeger
Minna Y. Chan

By: */s/ Paul A. Kroeger*
*Attorneys for plaintiff*
*Document Security Systems, Inc.*

Dated: September 30, 2022

SNELL & WILMER LLP
William S. O'Hare, Jr.
Elizabeth M. Weldon

SHEARMAN & STERLING LLP
Thomas R. Makin (*pro hac vice*)
Matthew G. Berkowitz
Patrick R. Colsher
Eric S. Lucas (*pro hac vice*)

By: */s/ Elizabeth M. Weldon*
*Attorneys for defendants Nichia Corporation and Nichia America Corporation*

**ATTORNEY ATTESTATION**

I, Elizabeth M. Weldon, am the ECF User whose ID and password are being used to file this Updated Joint Status Report Regarding *Inter Partes* Review. In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 30, 2022

*/s/ Elizabeth M. Weldon*
Elizabeth M. Weldon

4860-8858-7062