William S. O'Hare, Jr. (SBN 082562)
Elizabeth M. Weldon (SBN 223452)
SNELL & WILMER LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.427.7000
Fax: 714.427.7799
Email: wohare@swlaw.com
eweldon@swlaw.com

Thomas R. Makin (*pro hac vice*)
Eric S. Lucas (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4000
Email: thomas.makin@shearman.com
eric.lucas@shearman.com

*Attorneys for defendants Nichia Corporation
and Nichia America Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHIA CORPORATION; AND NICHIA AMERICA CORPORATION, <br><br> Defendants. | Case No. 2:17-CV-08849-JVS (JEMx) <br><br> Hon. James V. Selna <br> Mag. Judge: John E. McDermott <br><br> **DEFENDANTS' OPPOSITION TO *EX PARTE* REQUEST FOR FOUR WEEK EXTENSION OF TIME TO FILE JOINT STATUS REPORT RE: LIFTING STAY** |

Defendants Nichia Corporation and Nichia America Corporation ("Nichia") oppose plaintiff Document Security Systems, Inc.'s ("DSS") second *ex parte* request for an extension of time to comply with the Court's May 30, 2023, order (Dkt. 111, the "May 30 Order") directing "the parties to file a Joint Status Report concerning whether the stay should be lifted, with the case proceeding as to U.S. Patent No. 7,524,087, where [certain claims] were not found unpatentable[, and if] the parties agree that the stay should be lifted, they shall propose case management dates for the remainder of the case."  The already-extended deadline for the next joint status report is June 27, 2023 (Dkt. 113); and DSS seeks to extend it yet further to July 25, 2023 (Dkt. 114-1).

Nichia respectfully submits that the Court should deny DSS's request for an extension of time because (1) there is no emergency or other justification that warrants extraordinary relief *ex parte*; (2) DSS has failed to show good cause for this second requested extension; and (3) DSS's delay tactics are prejudicial to Nichia.  To the extent that neither DSS nor the Court dismisses the case, Nichia requests the Court adopt Nichia's proposed case schedule, attached hereto as Exhibit 1.

## BACKGROUND

On December 7, 2017, the law firm of Russ August & Kabat ("RAK") filed the Complaint in which DSS accuses Nichia of infringing five patents.  *See generally* Dkt. 1.

On April 30, 2018, the Court entered a scheduling order setting pretrial deadlines and a January 28, 2020, trial date.  Dkt. 50, 50-1.  On July 23, 2018, the Court granted Nichia's motion to stay pending *inter partes* review ("IPR") of the asserted patents, concluding among other things a "likelihood of simplification of the issues." Dkt. 61-1 at 5.  On July 24, 2018, at the outset of the stay, the Court ordered the parties to file joint status reports every 60 days.  Dkt. 62.

During the pendency of the stay, and prior to the May 30 Order, counsel (or purported counsel) for DSS twice indicated that DSS was changing its counsel.

First, on June 17, 2022, RAK represented that the law firm of Laurence & Phillips was in the process of making an appearance, and three days later Laurence & Phillips emailed Nichia about an upcoming meet-and-confer.[1]  On June 23, 2022, DSS disclaimed the last remaining claims that were being contested in IPR.  *See* Dkt. 110 at 1.  With that disclaimer, the IPRs had resulted in the elimination of the majority of the claims of the asserted patents.  *See* Dkt. 110.  Thereafter, counsel for Nichia received no further communication from Laurence & Phillips.[2]

Then, on August 17, 2022, Mr. Matthew Smith of Remenick PLLC ("Remenick") wrote to counsel for Nichia, stating: "we are currently representing DSS in all of the DSS/Nichia matters."[3]  The next day, counsel for Nichia wrote to Mr. Smith[4] (as it had previously written to RAK[5]), urging DSS to drop the litigation. With respect to the '087 patent in particular, Nichia explained that DSS was asserting infringement against products that are prior art to the '087 patent.[6]  The Remenick law firm did not respond to that letter.  On September 29, 2022, Nichia inquired into the "refusal to respond to our letters…, regarding the lack of any remaining merit to the case."[7]  That same day, Mr. Smith responded that "we [Remenick] do not represent DSS in these matters, nor have we entered an appearance in CA.  We will

---

[1] *See* Exhibit A [2022-06-17 Email from Kroeger to Colsher et al.] to the Declaration of Eric S. Lucas, dated June 27, 2023 (hereinafter "Lucas Decl."), submitted herewith; Lucas Decl., Exhibit B [2022-06-20 Email from Phillips to Colsher et al.].

[2] Lucas Decl., ¶ 3.

[3] *See* Lucas Decl., Exhibit C [2022-08-17 (12:06PM) Email from Smith and Makin et al.].

[4] *See* Lucas Decl., Exhibit C [2022-08-18 (3:02PM) Email from Makin to Smith et al.] and Exhibit D [2022-08-18 Letter from Makin to Smith].

[5] *See* Lucas Decl., Exhibit E [2021-11-19 Letter from Makin to Ledahl].

[6] *See* Lucas Decl., Exhibit D [2022-08-18 Letter from Makin to Smith] at 2–3.

[7] *See* Lucas Decl., Exhibit F [2022-09-29 (11:58AM) Email from Colsher to Smith et al.].

1    let you know if and when we find out who will be representing DSS."[8]

2          The following day, in its joint status report, "DSS state[d] that it is ready to

3    proceed in litigation" with respect to the '087 patent.  Dkt. 104 at 2.  That same

4    representation was then repeated in every joint status report that followed, the most

5    recent filed on May 26, 2023.  *See, e.g.*, Dkt. 110.  Yet DSS never moved to lift the

6    stay.

7          On May 30, 2023, eight months after DSS was "ready to proceed," the Court

8    ordered the parties to file within 14 days (*i.e.*, by June 13) "a Joint Status Report

9    concerning whether the stay should be lifted, with the case proceeding as to U.S.

10   Patent No. 7,524,087, where [certain claims] were not found unpatentable."  Dkt.

11   111.  On June 6, having heard nothing from DSS concerning preparation of a joint

12   status report, counsel for Nichia emailed RAK to propose that the parties inform the

13   Court that the case should be dismissed with prejudice due to, *inter alia*, "the IPR

14   results," "DSS's lack of interest to date in seeking a lift-stay," "Nichia's prior

15   invalidating sales," and "the fact that the '087 patent has been long expired for failure

16   to pay maintenance fees."[9]  Having received no response, Nichia's counsel called

17   RAK on June 8 and was informed that RAK was in the process of withdrawing and

18   that DSS intended to file a request to extend the June 13 deadline to file the joint

19   status report.[10]  Nichia asked that DSS provide the proposed motion by the following

20   day (*i.e.*, June 9) so that Nichia could assess whether to oppose the motion.[11]  On

21   June 12, RAK provided to counsel for Nichia DSS's proposed *ex parte* request for a

22

23   ─────────────────────

     [8] *See* Lucas Decl., Exhibit F [2022-09-29 (7:09PM) Email from Smith to Colsher et
     al.].

24   [9] *See* Lucas Decl., Exhibit G [2023-06-06 (12:04PM Email from Lucas to Ledahl and
25   Kroeger et al.]; *see also* Lucas Decl., Exhibit H [USPTO Maintenance Fee Details
     for '087 Patent] (indicating "Patent expired on 04/28/2021 due to non-payment of
26   maintenance fee" on "04/28/2021").

27   [10] *See* Lucas Decl., ¶ 10.

28   [11] *See* Lucas Decl., Exhibit G [2023-06-08 (6:18PM) Email from Lucas to Ledahl
     and Kroeger et al.].

                                        OPPOSITION TO EX PARTE REQUEST
                                        CASE NO. 2:17-CV-08849-JVS(JEMx)

two-week extension (*i.e.*, to June 27),[12] which stated that "[t]he additional time is necessary for DSS's new counsel to file their appearance, confer with DSS, and file the Joint Status Report." *See* Dkt. 112 at 1. Given that it appeared that new counsel for DSS would be appearing, and that a new joint status report would be submitted, by June 27, Nichia responded that it would not oppose the request.[13] The Court granted the unopposed request. Dkt. 113.

On June 16, 2023, RAK indicated that the substitution—that DSS had just represented was in process—might not happen, and that RAK intended to file a motion to withdraw.[14] Following some emails between counsel—in which, *inter alia*, RAK indicated that "[t]he basis for the motion is that there has been breakdown in the attorney-client privilege" and that it did "not know what DSS intends to do about the joint report"[15]—Nichia's counsel stated, on June 20, that Nichia intended to oppose RAK's potential withdrawal motion, which motion would leave DSS unrepresented, and cause potential further delay.[16] Nichia's counsel also inquired of RAK whether DSS was willing to participate in the preparation of a joint status report and pretrial schedule.[17]

Then, on June 21, Nichia sent DSS its proposed schedule of pretrial dates and invited DSS to fill in any proposed dates it may have.[18] Nichia followed up on June 23, to inquire whether DSS would participate in the submission of the joint status

---

[12] *See* Lucas Decl., Exhibit I [2023-06-12 (11:13AM) Email from Kroeger to Lucas et al.].

[13] *See* Lucas Decl., Exhibit I [2023-06-12 (12:10PM) Email from O'Hare to Kroeger et al.].

[14] *See* Lucas Decl., Exhibit I [2023-06-16 Email from Kroeger to O'Hare et al.].

[15] *See* Lucas Decl., Exhibit I [2023-06-19 Email from Kroeger to Lucas et al.].

[16] *See* Lucas Decl., Exhibit I [2023-06-20 Email from Makin to Kroeger et al.].

[17] *See* Lucas Decl., Exhibit I [2023-06-19 Email from O'Hare to Kroeger et al.; and 20223-06-20 Email from Makin to et al.].

[18] *See* Lucas Decl., Exhibit J [2023-06-21 Email from O'Hare to Kroeger].

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

report due on June 27.[19]  RAK responded by advising Nichia that DSS intends to file another *ex parte* request to extend the deadline for filing the joint report by four more weeks.[20]  RAK informed counsel for Nichia that Mr. Christopher Mead of Schertler Onorato Mead & Sears, LLP ("Schertler") "is presently in the process of being retained by DSS to substitute in as counsel in place of RAK."[21]  RAK further noted that, as Mr. Mead is based in Washington, D.C., he would need to "obtain local counsel with an office in this District."[22]  RAK asked if Nichia would oppose.[23]

Nichia's counsel responded the same day (June 23) that it would confer with Nichia to confirm whether Nichia would oppose this latest *ex parte* request.[24] Nichia's counsel also sought additional information as to (1) whether Mr. Mead had in fact been retained, (2) why DSS failed to engage new counsel within the two-week time frame DSS represented that it needed, and (3) if DSS would assure that no further extension or delay would be sought regardless whether new counsel is retained.[25]

Rather than wait for a definitive response from Nichia, DSS's counsel apparently interpreted Nichia's counsel's inquiries as opposition, and declined to respond.[26]  Citing privilege, DSS's counsel refused to confirm that new counsel had

---

[19] *See* Lucas Decl., Exhibit J [2023-06-23 (10:47AM) Email from O'Hare to Kroeger et al.].

[20] *See* Lucas Decl., Exhibit J [2023-06-23 (10:57AM) Email from Kroeger to O'Hare et al.].

[21] *See* Lucas Decl., Exhibit J [2023-06-23 (10:57AM) Email from Kroeger to O'Hare et al.]; *see also* Dkt. 114.

[22] *See* Lucas Decl., Exhibit J [2023-06-23 (10:57AM) Email from Kroeger to O'Hare et al.]; *see also* Dkt. 114.

[23] *Id.*

[24] *See* Lucas Decl., Exhibit J [2023-06-23 (3:22PM) Email from O'Hare to Kroeger et al.].

[25] *Id.*

[26] *See* Lucas Decl., Exhibit J [2023-06-23 (6:45PM) Email from Kroeger to O'Hare et al.].

actually been engaged or to address Nichia's concern that DSS would take another four-week extension, fail to meet it, and later make a motion to withdraw and seek further delay.[27]  Less than 36 hours before the June 27, 2023, deadline, DSS's *ex parte* application followed.  Dkt. 114.

## RELEVANT LEGAL STANDARDS

"Ex parte motions are rarely justified…."  *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *see also Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).  "*Ex parte* applications are solely for extraordinary relief and should be used with discretion." Dkt. 17 (Initial Order Following Filing of Complaint Assigned to Judge Selna) at 3; Dkt. 31 at 3 (same).  A twofold showing is required to justify *ex parte* relief: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

## ARGUMENT

Nichia respectfully submits that the Court should deny DSS's request for an extension of time because (1) there is no emergency or other justification that warrants extraordinary relief *ex parte*; (2) DSS has failed to show good cause for this second requested extension; and (3) DSS's delay tactics are prejudicial to Nichia.

## I. <u>THERE IS NO EMERGENCY OR OTHER JUSTIFICATION FOR EXTRAORDINARY RELIEF *EX PARTE*</u>

DSS's *ex parte* application for a four-week extension of time is a prime example of what is wrong with *ex parte* motion practice.  *See Mission Power Eng'g Co.*, 883 F. Supp. at 490–93; *Horne*, 969 F. Supp. 2d at 1205.  While *ex parte* motions

---

[27] *Id.*

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

are "solely for extraordinary relief," DSS appears to be filing them as a matter of course.

Since the IPRs wound down over a year ago, DSS has been telling Nichia that it has been attempting to change counsel.[28] In addition, DSS stated nine months ago that it was ready to proceed in litigation (Dkt. 104 at 2), and repeated that representation through May 26, 2023. Dkt. 110. Yet now, after all this time, DSS has neither changed counsel nor is ready to proceed.[29] DSS's last-minute motion, relating to an alleged change of counsel, is not an appropriate use of *ex parte* motion practice. *See* Dkt. 17 at 3; *see Mission Power Eng'g Co.*, 883 F. Supp. at 491 (explaining the dangers associated with the urgency of *ex parte* practice); *Horne*, 969 F. Supp. 2d at 1205 ("Ex parte applications throw the system out of whack.").

There is no irreparably prejudicial emergency suddenly thrust upon DSS, and whatever exigency DSS claims can only be of its own creation.[30] *See, e.g.*, *Shijiazhuang Hongray Grp. v. World Trading 23, Inc.*, No. 5:21-cv-00972-FWS-KK, 2023 WL 2629890 at *2 (C.D. Cal. Mar. 10, 2023) ("Defendants do not adequately explain either the delay in filing the Application or noticing the deposition…. Given this record, the court finds Defendants' lack of diligence in noticing and scheduling Mr. Liu's deposition created the crisis requiring ex parte relief, and thus DENIES the Application."); *Bride v. Snap Inc.*, No. 2:21-cv-06680-FWS-MRW, 2022 WL 18278585 at *1–2 (C.D. Cal. Nov. 2, 2022) ("Ex parte relief requires the moving

---

[28] *See supra* at 2–4.

[29] *See, e.g.*, Lucas Decl., Exhibit J [2023-06-23 (10:57AM) Email from Kroeger to O'Hare et al.].

[30] DSS has refused to inform Nichia as to the basis of the exigency. One possible explanation for DSS's internal confusion with respect to its representation is the "Proceeds Investment Agreement" involving RAK, DSS, and investor Brickell Key Investments LP, which provides that, "[i]n the event that an Attorney withdraws from prosecuting the Claims or otherwise ceases to act as an Attorney … DSS shall give INVESTOR ten (10) Business Days' prior written notice of the Attorneys it proposes to appoint as successors." *See* Lucas Decl., Exhibit K [2016-11-14 Proceeds Investment Agreement].

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

party to demonstrate that immediate or irreparable prejudice to its cause will occur if the underlying request is heard according to regular noticed procedures. Here, Plaintiffs' counsel do not identify any such harm to its cause if the court denies the Applications…. Further, Plaintiffs' counsel do not adequately explain why the underlying request could not be heard according to regular noticed procedures or how additional delay would prejudice their cause so as to necessitate departure from regular noticed motion procedures.") (internal citations omitted).

## II.   DSS HAS FAILED TO SHOW GOOD CAUSE FOR THIS SECOND EXTENSION

Nor can DSS satisfy the basic standard of good cause for an extension.  Not only does DSS fail to offer any reasonable excuse for waiting until the eleventh hour to make this second application for an extension (an extension twice the length of the original one), RAK has refused to answer Nichia's request for an explanation why the substitution of counsel could not have been accomplished within the last two-week extension as promised by DSS.[31]

DSS has been represented by the same counsel since the inception of this litigation in 2017.  There is no reason why this counsel cannot comply with the Court's order to participate in the preparation of a joint report, and sort out later whether and whom to substitute as counsel in the future.  While DSS claims it has at least identified new counsel (the Schertler law firm)—who is presumably available to assist existing counsel—it appears that DSS has not actually retained the Schertler law firm.[32]  If the Schertler law firm is not available to assist, then it is apparent that DSS has in fact not made any progress to replace its counsel during the two weeks it

---

[31] *See* Lucas Decl., Exhibit J [2023-06-23 (6:45PM) Email from Kroeger to O'Hare et al.].

[32] *See* Lucas Decl., Exhibit J [2023-06-23 (10:57AM) Email from Kroeger to O'Hare et al.] ("He is presently in the process of being retained…. In order to allow Mr. Mead and DSS to finalize the terms of his retention, and obtain local counsel with an office in this District, DSS intends to move ex parte for a further extension of the Joint Report deadline of four weeks."); *see also* Dkt. 114 at 2.

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

previously requested from the Court.  In short, DSS now asks to further delay the prosecution of this case based on mere anticipation of a possible substitution of counsel, with no assurance that the change will actually occur or that DSS will not ask for more time.  This is of particular concern given the history of DSS representing that a change of counsel was forthcoming, but no change of counsel ever occurred.[33]

DSS should be held to its previous representations to Nichia and the Court that it is ready to proceed in litigation (*e.g.*, Dkt. 104 at 2), and, more recently, that two weeks' additional time was all that was needed to comply with the order to submit a joint status report and schedule (Dkt. 112).

## III.   DSS'S DELAY TACTICS ARE PREJUDICIAL TO NICHIA

As Nichia has previously explained to DSS's counsel, Nichia believes that DSS's continued assertion of the '087 patent is improper, and the case should be dismissed with prejudice.[34]  If DSS is unwilling to drop the case on its own, Nichia is prepared to expend the requisite resources to prove that the last surviving claims are not infringed and/or invalid.  However, indefinite delay is untenable.  Prejudice is presumed from unreasonable delay.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (as amended).  If the case is not dismissed, Nichia should be given the opportunity to prove that DSS's accusations are meritless, but DSS's continued delays prevent Nichia from doing so.

## CONCLUSION

Given the lack of emergency and good cause, as well as the prejudice to Nichia, Nichia respectfully requests that the Court deny DSS's request for a four-week extension of the deadline to submit a joint status report regarding how the case should

---

[33] *See supra* at 2–3.

[34] *See, e.g.*, Lucas Decl., Exhibit D [2022-08-18 Letter from Makin to Smith] at 2–4; Exhibit E [2021-11-19 Letter from Makin to Ledahl]; Exhibit G [2023-06-06 Email from Lucas to Ledahl et al.].

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

proceed with respect to the stay.   To the extent that neither DSS nor the Court dismisses the case, Nichia requests the Court adopt Nichia's proposed case schedule, attached hereto as Exhibit 1.

Dated:  June 27, 2023                                    SNELL & WILMER L.L.P.
                                                                     William S. O'Hare
                                                                     Elizabeth M. Weldon

                                                                     SHEARMAN & STERLING LLP
                                                                     Thomas R. Makin (*Pro Hac Vice*)
                                                                     Eris S. Lucas (*Pro Hac Vice*)


                                                                     By: */s/ William S. O'Hare*

                                                                     *Attorneys for defendants Nichia Corporation and Nichia America Corporation*

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)

1

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

2       The undersigned, counsel of record for Nichia, certifies that this brief contains

3 3,134 words, as calculated by Microsoft Word's word count feature, which complies

4 with the word limit of L.R. 11-6.1.

5

6

7

8 Dated:  June 27, 2023                   SNELL & WILMER L.L.P.
William S. O'Hare

9                                      Elizabeth M. Weldon

10

11                                     SHEARMAN & STERLING LLP
Thomas R. Makin (*Pro Hac Vice*)

12                                     Eris S. Lucas (*Pro Hac Vice*)

13

14                                     By: */s/ William S. O'Hare*

15

16                                     *Attorneys for defendants Nichia Corporation and Nichia America*

17                                     *Corporation*

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO EX PARTE REQUEST
CASE NO. 2:17-CV-08849-JVS(JEMx)