# EXHIBIT D

**S H E A R M A N  &  S T E R L I N G  LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

Thomas.Makin@Shearman.com
1.212.848.7698

**Via Email [msmith@remenicklaw.com]**

August 18, 2022

Matthew J. Smith
REMENICK PLLC
1025 Thomas Jefferson Street, NW
Suite 175
Washington, DC 20007

Re: _**DSS v. Nichia**_**, No. 2:17-cv-08849 (C.D. Cal.)**

Dear Matt:

As you know, we represent Nichia in the above-captioned litigation in which DSS initially asserted five patents (U.S. Patent Nos. 7,919,787; 7,652,297; 7,256,486; 6,949,771; and 7,524,087) against Nichia.  Now that the various IPRs for these patents are concluded—with every asserted claim having been held invalid—we believe the time has come for DSS to drop this case.  As you are new counsel for DSS, and may not be privy to our previous communications with Russ August & Kabat, we have summarized our view of the current status below.  Let us know if and where you disagree.

The Patent Office (or DSS) has cancelled (or abandoned) every claim of the '787 and '297 patents, claims 1–5 of the '486 patent, and claims 1–9 of the '771 patent.  Claims 1, 6–8, and 15–19 of the '087 patent will soon follow.  This includes every claim from these patents that DSS has ever asserted against anyone.

As to the handful of remaining unasserted claims, there is no good faith basis for their future assertion, including because the remaining claims are plainly not infringed and/or invalid.  The following explanations are exemplary.[1]

Unasserted claim 6 of the '486 patent is not infringed.  For example, the accused products lack a "first electrically conductive interconnecting element compris[ing] a slug of electrically conductive material, the slug having a diameter selected to press-fit the slug into a through hole."

---

[1] Given that Nichia produced samples in 2018 for the numerous products requested by DSS, we expect that DSS should by now understand that the products do not infringe any remaining unasserted claim, including for the reasons explained herein.

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

Exhibit D, page 16

August 18, 2022
Page 2 of 3

Unasserted claims 10 and 11 of the '771 patent are not infringed. For example, the accused products lack the claimed "first opening," "platform covering said first opening," and "interconnect[s] having a terminal on the second surface." These claims are also invalid, including as obvious over Japanese Patent Application No. 2000-22372 to Suenaga in view of Japanese Patent Application No. H9-293904 to Izuno, as well as for the reasons expressed in the final written decision in IPR2018-00265.

Unasserted claims 2–5 of the '087 patent are not infringed. For example, the accused products lack the requirement that "the combined volume of the second pocket and the lead receiving compartments is at least 50% of the volume of the first pocket." With respect to unasserted claims 9–14 of the '087 patent, we note that DSS's Complaint asserts infringement of claim 1 of the '087 patent by "all versions and variations, including predecessor and successor models, of [Nichia's] NSSM032A, NESM026D, and NSSMV01A packages"—which includes products that were on sale at least one year prior to the '087 patent's priority date and which would likewise be prior art to any non-asserted claim. We provide below a comparison of the NSSM032A and two exemplary prior art predecessor products.



August 18, 2022
Page 3 of 3

We assume that DSS has not asserted the remaining claims for at least the reasons outlined above, and it is our view that any pursuit now of these claims would render the case exceptional.  As we told prior counsel, to no serious response, Nichia is willing to consider a walk-away on this case before additional fees and costs accrue.  Please let us know your client's position as soon as possible.

Sincerely yours,

**Thomas Makin**
**Partner**