# EXHIBIT E

**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

Thomas.Makin@Shearman.com
1.212.848.7698

**Via Email to bledahl@raklaw.com**

November 19, 2021

Brian Ledahl
Russ August & Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025

**Re: *DSS v. Nichia*, Nos. 2:17-cv-08849; 2:19-cv-08172 (C.D. Cal.) [Fed. Rule Evid. 408]**

Dear Brian:

Now that the IPR relating to U.S. Patent No. 7,256,486 has reached its conclusion (joining the previously cancelled U.S. Patent Nos. 7,919,787; 7,652,297; and 6,949,771), the time has come to resolve the outstanding matters between DSS and Nichia.

Having heard no response from DSS regarding our previous requests for a settlement amount, we formally offer herein a walk-away, with each party dismissing its filed actions and bearing its own costs and fees.

DSS's remaining outstanding claims—from U.S. Patent Nos. 7,524,087 and 6,879,040—are entirely frivolous. Continued assertion of these claims will result in our seeking both a finding of an "exceptional case" and sanctions under applicable rules. We will seek recovery of any fees and costs from DSS, its law firms, and any litigation funders, as necessary and appropriate.

*The '040 Patent*

With respect to the '040 patent, the Patent Office has now construed the claims—subject to appeal to an Article III court—such that DSS has available to it no plausible claim construction under which the claims could be definite, infringed, and properly supported by written description. For example, according to the Patent Office:

- "'[T]he mounting surface having a plurality of recesses,' as recited in claim 1, means that ***the recesses are in the mounting surface itself***." FWD at 10 (emphasis added).

- "The recesses could be (1) only ***in the packaged body, excluding the contacts***; or (2) ***in the device as a whole***." *Id.* (emphasis added).

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

AMERICAS/2022797523.1                Exhibit E, page 20

November 19, 2021
Page 2 of 4

- "[R]ead in light of Figure 4A alone,[1] *the claim would fail to inform one skilled in the art, with reasonable certainty*, how the recited mounting surface can have *'recesses,'* to which portions of the 'electrical contacts' *conform*, while also being *spaced apart* from those contacts by *'offsets,' as required by claim 1*." *Id.* at 11 (emphasis added).

- "*[C]laim 1 recites* that the 'recesses and electrical contacts are sized to provide *offsets between said mounting surface and said electrical contacts*.' … *But Figure 4A shows* recesses 420, 421 formed between parts of the contact (412, 414, 416, and 418) and 'a flat surface on which the device is mounted.' … In fact, *'electrical contacts 404, 406 are mounted in the underside 410….'* *We emphasize 'in'* here because it suggests that contacts 404, 406 are *within underside 410, not offset from it*." *Id.* at 12 (emphasis added).

- "Dr. Baker's identified mounting surface is inconsistent with the claim language and written description. In particular, *it is unclear how the offset that Dr. Baker drew on Figure 4A is 'between said mounting surface and said electrical contacts,' as recited by the claim*…. Rather, Dr. Baker appears to have drawn an offset from a mounting surface with hypothetical 'planar projections' that extend beyond the device…. *This is inconsistent with the '040 patent's description of Figure 4A, which describes that 'underside 410 is itself the mounting surface of the device*.'" *Id.* at 13–14 (emphasis added).

- "*Contrary to the claim's requirement* that the device itself comprise a mounting surface with 'recesses and electrical contacts [that] are sized to provide offsets between said mounting surface and said electrical contacts,' *both Kim's device and the Figure 4A embodiment show recesses between the device and a flat surface on which the device is mounted*." *Id.* at 18 (emphasis added); *see also id.* at 21 (regarding Adachi), 23 (regarding Nagayama), 25 (regarding Okazaki).

*The '087 Patent*

With respect to the '087 patent, in addition to the "paper" prior art presented in Nichia's and Seoul's IPRs, Nichia has located additional invalidating product prior art.

Specifically, DSS has accused of infringement Nichia products that were on sale at least one year prior to the '087 patent's priority date. DSS's Complaint accuses of infringement "all versions and variations, including predecessor and successor models, of [Nichia's] NSSM032A, NESM026D, and NSSMV01A packages." Dkt. No. 1 (Compl.) ¶ 26. We have provided below a comparison of the NSSM032A and two exemplary prior art predecessor products.

---

[1] Recall that the Applicant—to avoid a finding of new matter or lack of written description—swore to the Patent Office during prosecution that the claims read on, *inter alia,* FIG. 4A. Office Action Response, dated 9/24/04, at 6.



Please let me know as soon as possible if your client agrees to this walk-away proposal.

Sincerely yours,

**Thomas Makin**
**Partner**