Christopher B. Mead (*pro hac vice*)
Tara N. Tighe (*pro hac vice*)
Schertler Onorato Mead & Sears
555 13th Street NW Suite 500 West
Washington, DC 20004
Telephone: 202.628.4199
Fax: 202.628.4177
cmead@schertlerlaw.com
ttighe@schertlerlaw.com

William S. O'Hare, Jr. (SBN 082562)
Elizabeth M. Weldon (SBN 223452)
SNELL & WILMER LLP
600 Anton Boulevard
Costa Mesa, CA 92626
Telephone: 714.427.7000
Fax: 714.427.7799
Email: wohare@swlaw.com
eweldon@swlaw.com

Karin G. Pagnanelli (SBN 174763)
Mitchell Silberberg and Knupp LLP
2049 Century Park East 18th Floor
Los Angeles, CA 90067
Telephone: 310.312.2000
Fax: 310.312.3100
kgp@msk.com

*Attorneys for plaintiff*
*DSS, Inc.*

Thomas R. Makin (pro hac vice)
Eric S. Lucas (pro hac vice)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4000
Email: thomas.makin@shearman.com
eric.lucas@shearman.com

*Attorneys for defendants Nichia*
*Corporation and Nichia America*
*Corporation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>NICHIA CORPORATION; AND<br>NICHIA AMERICA CORPORATION,<br><br>         Defendants. | Case No. 2:17-CV-08849-JVS (JEMx)<br><br>Hon. James V. Selna<br>Mag. Judge: John E. McDermott<br><br>**JOINT STATUS REPORT** |

       Pursuant to the Court's Order Regarding Stay (Dkt. 111), the deadline for which was extended until July 25, 2023 (Dkts. 113, 125), plaintiff DSS, Inc. ("DSS") and defendants Nichia Corporation ("Nichia Corp.") and Nichia America Corporation ("Nichia America") (collectively, "Nichia"), through their respective counsel, respectfully submit the following Joint Status Report.

## I.   DSS'S POSITION CONCERNING STAY AND CASE MANAGEMENT DATES.

DSS filed its Complaint on December 7, 2017, alleging that Defendants infringed its '771, '087, '486, '297, and '787 patents. Dkt. 1. On July 23, 2018, the Court granted Defendants' motion to stay pending *Inter Partes* Review ("IPR") practice. Dkt. 61, 62.

On September 20, 2019, DSS filed case number 2:19-cv-08172-JVS-JEM, alleging that Nichia infringed its '040 patent ("the 2019 case"). This Court stayed the 2019 case pending IPR practice. The PTO instituted review of Nichia's IPR petition and found the '040 claims patentable. Nichia's appeal to the Federal Circuit has been fully briefed.

In this case, the parties have been reporting results of IPR practice on the '771, '087, '486, '297, and '787 patents every 60 days. IPR practice has invalidated relevant claims from the '297 and '787 patents.

For the '771 patent, Seoul Semiconductor successfully petitioned for IPR review of claims 1-9. The PTO invalidated those claims. Nichia petitioned for IPR review of claims 10 and 11 in the '771 patent. The PTO denied institution of Nichia's IPRs on claims 10 and 11. There is an argument that under the Federal Circuit's recent decision in *Ironburg Inventions,* Nichia is estopped from asserting all grounds for invalidity that were, or "reasonably could have been raised" in its unsuccessful IPR petitions on claims 10 and 11. *Ironburg Inventions Ltd. v. Valve Corp.,* 64 F.4th 1274, 1297 (Fed. Cir. 2023).  *But see SRAM, LLC v. Princeton Carbon Works Inc.,* No. 21-80581-CIV-ALTMAN (S.D. Fla. 2023).

Nichia successfully petitioned for an IPR challenging the '087 patent. Nichia prevailed on some claims, but the PTO found claims 2-5 and 9-14 patentable over Nichia's IPR petition.

Nichia successfully petitioned for an IPR challenging the '486 patent. Nichia prevailed on claims 1-5, but the PTO found claim 6 patentable.

In sum, after final IPR practice, claims 10-11 of the '771 patent, claims 2-5 and 9-14 of the '087 patent, and claim 6 of the '486 patent survived Nichia's IPRs. And in the 2019 case, the PTO found the '040 claims patentable, and Nichia has a pending appeal to the Federal Circuit.

The Complaint generally alleged infringement of the '771 and '486 patents, but the examples in the Complaint did not expressly reference claims 10-11 of the '771 and claim 6 of the '486. In the Complaint, and in infringement contentions against other parties, DSS's prior counsel focused on other claims. Infringement of claims 10-11 and claim 6 is difficult to discern from publicly-available specifications and drawings of Nichia products. DSS has preliminary information that the important aspects of claims 10 and 11 from the '771 and claim 6 of the '486 are common in the industry, but DSS may have to dissect product samples to discern infringement of claims 10-11 and 6. Preliminary analysis of publicly-available information suggests that it is plausible that some of Nichia's product lines infringe those claims.

Nichia petitioned for IPR review of claims 10 and 11 from the '771 and all claims of the '486, creating a reasonable inference of infringement. Indeed, Nichia argued for institution of its own IPR challenging claims 10 and 11 of the '771, even though another party had already successfully instituted IPR review of claims 1-9. If Nichia did not believe that it infringed claims 10-11, or claim 6 of the '486, why would it incur the fees and attorney expenses attempting to invalidate them? DSS believes that it has a good faith basis to allege potential infringement of claims 10-11 and 6, but acknowledges its responsibility to rapidly investigate and determine specific instances of infringement without imposing litigation costs on Defendants.

DSS counsel have been trying to obtain additional Nichia product samples, but have been unsuccessful because Nichia's product lines are sold in large lots. Nichia previously agreed to provide some samples upon request. DSS suggests a schedule that will allow it to request samples and complete its infringement analyses without any other court activity that would require Nichia to incur attorneys' fees. The only

disagreement between the parties on discovery and pretrial dates in Schedules A and B is DSS's proposal that it request a list of samples by August 7, 2023, and that Defendants respond by September 8. Defendants do not want to provide samples. The parties agree to a deadline for infringement contentions of October 27, 2023. If, after receiving samples, DSS cannot allege that Nichia products infringe claims 10-11 and 6, the '771 and '486 patents will be out of the case.

There is no "gamesmanship" here. Nichia filed its IPR petitions and the Court entered a stay. The IPRs and related appeals took years. As Plaintiff, DSS suffered from the delay, not Defendants. It is entirely reasonable for new counsel to focus on patent claims that survived IPRs.

DSS would also be amenable to staying this matter after October 27 to await resolution of Nichia's appeal of patentability in the '040 patent alleged in the 2019 case, with a view toward consolidating those two cases to conserve judicial resources. Nichia counsel have indicated that they oppose consolidating the cases.

## II. NICHIA'S POSITION CONCERNING STAY AND CASE MANAGEMENT DATES

Pursuant to the Court's May 30, 2023, Order (Dkt. 111), the only issues that are properly before this Court are: (i) whether to lift the stay and move forward on the '087 patent and (ii) what case management dates should be set.  DSS ignores the Court's directive—and its own prior representations in Joint Status Reports—and seeks to launch a whole new investigation into potential infringement by Nichia of three claims from the '771 and '486 patents—despite acknowledging that DSS does not currently have, nor ever had, any good-faith basis to assert those claims.[1]

---

[1] All three of these patents are currently expired, the '771 and '486 patents having reached their full term, and the '087 patent for failure to pay maintenance fees mid-way through the litigation. *See* Dkt. 116 [Lucas Decl., Exhibit H].  In fact, despite being informed on June 6, 2023, by Nichia's counsel of this abandonment, it was only this month that DSS has begun procedures to attempt to revive it.  Lucas Decl., Ex. A.

For the reasons explained below, the stay should be lifted, but only proceed with respect to the '087 patent, according to the dates set forth by Nichia in Exhibits A and B.[2]  The other four initially asserted patents—including the '771 and '486 patents—should be dismissed.  Every one of the claims of those patents that were asserted in the Complaint, and used as the basis for requesting—and receiving— hundreds of LED samples from Nichia in late Spring 2018, have been found invalid in IPRs brought by Nichia and Seoul Semiconductor Co., Ltd. ("Seoul").

Having lost the only claims on which it may have had a good-faith basis for infringement, and on which it sought and received samples, DSS should not now be allowed to reverse its representations and to re-open sample discovery in order to find new infringement arguments.

***Relevant Case Background***

On December 7, 2017, DSS filed its Complaint alleging that Nichia infringes five DSS patents, including the '087, '771, and '486 patents.  Dkt. 1.

The '771 patent includes nine independent claims, claims 1–8 and 10.  Dkt. 1-1 (Exhibit A to Complaint, U.S. Patent No. 6,949,771).  As DSS acknowledges above, DSS only included accusations of infringement of claims 1–8 in the Complaint.  *See also* Dkt. 1, ¶¶16–17.[3]

The Complaint discussed specific limitations within those claims; notably it did not discuss limitations appearing only in independent claim 10 (and its dependent claim 11), including "a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a

---

[2] Nichia's dates in Exhibits A and B assume going forward on the '087 patent only.

[3] DSS also admits above that it took precisely the same approach with all defendants in DSS's industry-wide campaign.

terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry." *Id.*; *see generally* Dkt. 1, ¶¶15–25.

The Complaint further included an image of an apparent tear-down of an allegedly infringing Nichia LED:



Dkt. 1, ¶19.

The '486 patent includes six claims. *See* Dkt. 1-3 (Exhibit C to Complaint, U.S. Patent No. 7,256,486). As DSS acknowledges above, DSS only included accusations of infringement of claim 1 in the Complaint. *See also* Dkt. 1, ¶¶37–38.[4]

The Complaint discussed specific limitations within that claim; notably it did not discuss limitations appearing only in claim 6 (which depends from claim 4, which depends from claim 1), including "a slug of electrically conductive material, the slug having a diameter selected to press-fit the slug into a through hole located in the substrate between the mounting pad and the first electrically conductive connecting pad." *Id.*; *see generally* Dkt. 1, ¶¶36–47.

The Complaint further included three images of an apparent tear-down of an allegedly infringing Nichia LED:

  

---

[4] DSS also admits that it took precisely the same approach with all defendants in DSS's industry-wide campaign.

1  Dkt. 1, ¶¶ 40, 41, 43.

2  In the Joint Rule 26(F) Report, adopted by the Court's Scheduling Order, "the

3  Parties propose[d] early discovery of Defendants' product samples … in the interest

4  of ascertaining the scope of accused products early in the case…."  Dkt. 50 (adopting

5  the parties Joint Scheduling Conference Report (Dkt. 49 Exhibit A)).  In April and

6  May of 2018, due to the substantial burden of finding, collecting, and shipping a

7  multitude of product samples from Japan, the Parties conferred regarding how many

8  product samples DSS would seek under the Court's Scheduling Order.   DSS

9  specifically requested "10 samples of each accused product named in the complaint,"

10  and provided Nichia with a specific list of products.  *See* Lucas Decl., Exhibit B at

11  2–3.  On June 5, 2018, after undertaking significant efforts to procure the samples

12  that DSS identified, Nichia produced over 400 sample LEDs from 36 different LED

13  families.  *See* Lucas Decl., Exhibit C.  After receiving the samples, DSS did not

14  amend the Complaint prior to the deadline of July 3, 2018.  Dkt. 51, ¶1.

15  The Court stayed the case pending IPRs on July 23, 2018.  Dkt. 61.  As DSS

16  acknowledges above, Nichia's and Seoul's IPRs have eliminated the vast majority of

17  the claims of the five asserted patents (including all of the claims of the '787 and

18  '297, all but claim 6 of the '486 patent, all but claims 10 and 11 of the '771 patent,

19  and all but claims 2–5 and 9–14 of the '087 patent).  *E.g.*, Dkt. 110.

20  The Court required the parties to provide bi-monthly "Joint Status Reports" on

21  the progress of the IPRs.  Dkt. 62.  Activity ceased on all IPRs prior to the September

22  30, 2022, Joint Status Report, in which "DSS state[d] that it is ready to proceed in

23  litigation" with respect to the '087 patent:

24

25

26

27

28

| IPR Case No. | Patent No. | Date Filed | PTAB Final Written Decision | Current Status |
|---|---|---|---|---|
| IPR2018-01165 | 7,524,087 | 5/25/18 | Issued 12/10/19; claims 1, 6–8 found unpatentable; claims 2–5, 9–19 found not unpatentable | Nichia and DSS appealed; the Federal Circuit affirmed the unpatentability decision with respect to claims 1 and 6–8, reversed the patentability decision with respect to claim 15, and remanded with respect to claims 16–19. Nichia filed a motion for panel rehearing on May 20, 2022.  The CAFC denied the motion on June 7, 2022, and the CAFC issued its mandate on June 14, 2022, remanding to the PTAB with respect to claims 16–19.  On June 23, 2022, DSS disclaimed claims 16–19, leaving the PTAB with no additional determinations to make.  As a result, claims 2–5 and 9–14 have not been determined unpatentable, and DSS states that it is ready to proceed in litigation. |

Dkt. 104 at 2.  DSS included no such representation with respect to the other four patents.  Dkt. 104.

DSS repeated this representation in every subsequent joint status report, (*see* Dkt. 105-107, 110), leading to this Court's May 30 Order:

> The Court has reviewed the Updated Joint Status Report Regarding Inter Partes Review. Dkt. 110. Based on that review, the Court orders the parties to file a Joint Status Report concerning whether the stay should be lifted, ***with the case proceeding as to U.S. Patent No. 7,524,087***, where Claims 2[–]5 and 9[–]14 were not found unpatentable. If the parties agree that the stay should be lifted, they shall propose case management dates for the remainder of the case. The Joint Status Report is due within 14 days of this order.

Dkt. 111 (emphasis added).[5]

---

[5] Six weeks of extensions of time to respond to the Court's May 30, 2023 Order were

1  ***The Case Should Only Move Forward on the '087 Patent***

2        In response to this Order, Nichia proposes that the stay be lifted, but that the

3  case only proceed with respect to the '087 patent, according to the dates Nichia set

4  forth in Exhibits A and B.

5        DSS, on the other hand, seeks to also reopen the litigation with respect to three

6  claims of the '771 and '486 patents.  But—as discussed above—this request is at

7  odds with DSS's representations in the Joint Status Reports and with the Court's May

8  30 Order.  DSS abandoned its efforts to continue litigating the '771 and '486 patents,

9  and cannot undo that now.

10       As discussed above, DSS's Complaint did not address in any way any

11  infringement of those three claims, and the samples DSS requested and received do

12  not show infringement by Nichia thereof.  DSS admits that it cannot write any good-

13  faith contentions on these claims:

14              The Complaint generally alleged infringement of the '771

15              and '486 patents, but the examples in the Complaint did not

16              expressly reference claims 10-11 of the '771 and claim 6

17              of the '486. In the Complaint, and in infringement

18              contentions against other parties, DSS's prior counsel

19              focused on other claims. Infringement of claims 10-11, and

20              claim 6, is difficult to discern from publicly-available

21              specifications and drawings of Nichia products.  DSS has

22              preliminary information that the important aspects of

23              claims 10 and 11 from the '771 and claim 6 of the '486 are

24              common in the industry, but DSS may have to dissect

25              product samples to discern infringement of claims 10-11

26

27  granted to accommodate DSS's retention of new counsel, setting the deadline to file

28  this joint status report for July 25, 2023.  Dkts. 113, 125.

1   and 6.

2   *See supra* Section I.

3         Having lost the only claims on which it had a good-faith basis for infringement,

4   DSS should not be allowed to re-open sample discovery in order to see if it might be

5   able to concoct brand-new infringement arguments.[6]   DSS's proposal is

6   gamesmanship, and it is burdensome on Nichia.  *Capella Photonics, Inc. v. Cisco*

7   *Sys.* is analogous:

8           Plaintiff here is effectively seeking to litigate available

9           claims it has against Defendant twice.  After the PTAB

10          rejected its claims asserted herein, Plaintiff doubled down,

11          seeking to exhaust its appeals as to those claims.  It never

12          sought to advance the new claims in any proceedings, in

13          this Court or elsewhere.  Having exhausted its first bite, and

14          exercising no diligence in putting at issue the claims

15          Plaintiff now belatedly seeks to amend into this case,

16          Plaintiff's conduct is entirely dissimilar to the good faith

17          diligent efforts of AMD in *Advanced Micro Devices,*

18          *Inc.*  Instead, Plaintiff's conduct in seeking to start

19          litigation anew after losing round one can best be

20          characterized as tactical.

21                *             *             *

22          Defendants are entitled to the certainty and finality which

23          they sought and obtained from the IPR proceedings.

24          Plaintiff seeks to engage in gamesmanship, not good faith

25  

26  [6] In addition, DSS has had plenty of time to obtain Nichia products "to dissect," as it

27  apparently did prior to filing the Complaint.  Nichia's attempt to subject '771 patent claims 10 and 11 to IPR ended on April 19, 2019.  IPR2019-00397, Paper No. 11.

28  Claim 6 of the '486 patent escaped IPR on May 14, 2021.  *See, e.g.*, Dkt. 107 at 2.

1     diligence, and would do so at Defendants' expense.

2  No. 14-cv-03348-EMC, 2019 U.S. Dist. LEXIS 93578, at *14, 19 (N.D. Cal. June 4,

3  2019).

4       DSS provides no good-faith reason for conducting a brand-new, court-

5  approved infringement investigation of Nichia, in a case six years old.  DSS's venal

6  motivation is that, because Nichia sought to IPR these three claims, and because the

7  claims have yet to be invalidated, there might be a pot of gold worth chasing:

8            In sum, after final IPR practice, claims 10-11 of the '771

9            patent…, and claim 6 of the '486 patent survived Nichia's

10           IPRs…. Nichia petitioned for IPR review of claims 10 and

11           11 from the '771 and all claims of the '486, creating a

12           reasonable inference of infringement.

13  *See supra* Section I.

14       But, given that "[a]n inter partes review may not be instituted if the petition

15  requesting the proceeding is filed more than 1 year after the date on which the

16  petitioner … is served with a complaint alleging infringement of the patent," (35

17  U.S.C. § 315(b)), it is reasonable for a party—in its only shot at an IPR—to spend

18  the resources to seek to invalidate all claims.  Nichia did just that with respect to all

19  five asserted patents.  Nichia has previously explained that it took this effort in part

20  to maximize its chances of obtaining a stay.  Dkt. 55 at 1 n. 1.  Doing so does not

21  create any inference about infringement.[7]

22

23  [7] That DSS does not understand IPR practice is plain.  For example, with respect to

24  the '771 patent, DSS asserts that, because "[t]he PTO denied institution of Nichia's
     IPRs on claims 10 and 11," "[t]here is an argument that … Nichia is estopped from

25  asserting all grounds for invalidity that were, or 'reasonably could have been
     raised….'"  But trials on Nichia's '771 IPR petitions were not instituted, and there

26  were no "final written decisions" to form the basis of any estoppel.  *See* 35 U.S.C. §

27  315(e)(2) ("The petitioner in an inter partes review … ***that results in a final written***
     ***decision*** under section 318(a), or the real party in interest or privy of the petitioner,

28  may not assert ... that the claim is invalid on any ground that the petitioner raised or
     reasonably could have raised during that inter partes review."); 318(a) ("If an inter

1      With respect to DSS's off-hand suggestion that this case be consolidated with

2  Case No. 2:19-cv-08172-JVS-JEM (IPR currently on appeal), that case is currently

3  stayed, Case No. 2:19-cv-08172-JVS-JEM, Dkt. 45, and involves different products

4  and patents, Case No. 2:19-cv-08172-JVS-JEM, Dkt. 1, ¶¶8, 11.  Therefore, the cases

5  should not be consolidated.  *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-

6  06737-JST, 2019 U.S. Dist. LEXIS 26257, at *6 (N.D. Cal. Feb. 19, 2019).

7

8                              *              *              *

9

10     For the foregoing reasons, Nichia respectfully requests that the stay be lifted,

11 such that the case can go forward with respect to the '087 patent, and that the '771

12 and '486 patents be dismissed.  Nichia further respectfully requests that the Court

13 adopt Nichia's proposed schedule of pretrial dates as shown on the attachments to

14 this report.

15

16

17

18

19

20

21

22

23

24

25

26

27
_____

28 partes review is instituted…, the Patent Trial and Appeal Board shall issue a final
written decision.").

JOINT STATUS REPORT
CASE NO. 2:17-CV-08849-JVS(JEMx)

Dated:  July 25, 2023                    SCHERTLER ONORATO MEAD & SEARS
                                         Tara N. Tighe
                                         Christopher B. Mead

                                         MITCHELL SILBERBERG AND KNUPP LLP
                                         Karin G. Pagnanelli

                                         By: */s/ Karin G. Pagnanelli*
                                         _____
                                              Karin G. Pagnanelli
                                         *Attorneys for plaintiff*
                                         *Document Security Systems, Inc*

Dated:  July 25, 2023                    SNELL & WILMER L.L.P.
                                         William S. O'Hare
                                         Elizabeth M. Weldon

                                         SHEARMAN & STERLING LLP
                                         Thomas R. Makin (*Pro Hac Vice*)
                                         Eris S. Lucas (*Pro Hac Vice*)

                                         By: */s/ William S. O'Hare*
                                         _____
                                              William S. O'Hare
                                         *Attorneys for defendants Nichia Corporation and Nichia America Corporation*

## ATTORNEY ATTESTATION

I, William S. O'Hare, am the ECF User whose ID and password are being used to file this document.  In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 25, 2023                     SNELL & WILMER L.L.P.
                                         By: */s/ William S. O'Hare*
                                         _____
                                              William S. O'Hare
                                         *Attorneys for defendants Nichia Corporation and Nichia America Corporation*

# EXHIBIT A

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert speciific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| **Trial date (jury)** ~~(court)~~ **Estimated length:** _____5_____ **days** | 8:30 a.m. (Tuesdays) | | 12/17/2024 | 12/17/2024 | |
| **[Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony** | | -1 | N/A | N/A | |
| **Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case** | 11:00 a.m. (Mondays) | -2 | 12/2/2024 | 12/2/2024 | |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement** | | -3 | 11/25/2024 | 11/25/2024 | |
| **Last day for hand-serving Motions in Limine** | | -6 | 11/4/2024 | 11/4/2024 | |
| **Last day for hearing motions** | 1:30 p.m. (Mondays) | -7 | 10/28/2024 | 10/28/2024 | |
| **Last day for hand-serving motions and filing (other than Motions in Limine). Please note extended notice requirements for motions for summary judgment under F.R.Civ. P. 56(c).** | | -11 | 9/30/2024 | 09/30/2024 | |
| **Non-expert Discovery cut-off** | | -15 | 8/26/2024 | 08/26/2024 | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16-14 Settlement Choice:   (1) CT/USMJ     (2) Atty     (3) Outside ADR**

| | | | | | |
|---|---|---|---|---|---|
| **Expert discovery cut-off** | | | 9/23/2024 | 09/23/2024 | |
| **Rebuttal Expert Witness Disclosure** | | | 08/26/2024 | 08/26/2024 | |
| **Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)]** | | | 07/22/2024 | 07/22/2024 | |
| **Last day to conduct Settlement Conference** | | | | | |
| **Last day to amend pleadings or add parties** | | | | | |

# EXHIBIT A

Revised 1-6-10

# EXHIBIT B

# ATTACHMENT B
# JUDGE JAMES V. SELNA
# SCHEDULE OF PRETRIAL DATES

| Event | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|
| Plaintiff Identifies Product Samples to be Produced by Defendants | 8/7/2023 | N/A (completed on May 7, 2018, per Dkt. 49; *see* Lucas Decl., Ex. B) | |
| Defendants Produce Identified Product Samples (Subject to the Parties' potential Agreement Regarding Representative Products) | 9/8/2023 | N/A (completed on June 5, 2018, per Dkt. 49; *see* Lucas Decl., Ex. C) | |
| Plaintiff's Infringement Contentions under Patent Rules 3-1 and 3-2 | 10/27/2023 | 10/27/2023 | |
| Defendants' Invalidity Contentions under Patent Rules 3-3 and 3-4 | 11/24/2023 | 11/24/2023 | |
| Exchange of Proposed Terms for Construction under Patent Rule 4-1 | 12/8/2023 | 12/8/2023 | |
| Exchange of Preliminary Claim Constructions under Patent Rule 4-2 | 12/20/2023 | 12/20/2023 | |
| Joint Claim Construction and Prehearing Statement under Patent Rule 4-3 | 1/5/2024 | 1/5/2024 | |
| Completion of Claim Construction Discovery under Patent Rule 4-4 | 1/19/2024 | 1/19/2024 | |
| Concurrent Opening Claim Construction Briefs under Patent Rule 4-5 | 2/16//2024 | 2/16/2024 | |
| Concurrent Reply Claim Construction Briefs under Patent Rule 4-5 | 3/15/2024 | 3/15/2024 | |
| Claim Construction Hearing under Patent Rule 4-6 | 4/3/2024 (or such other date as the court selects) | 4/3/2024 (or such other date as the court selects) | |

Attachment B
Case No. 2:17-cv-08849-JVS-JEM

- 1 -

4880-2424-1513.1

Exhibit B, Pg. 17