CHRISTOPHER B. MEAD (*pro hac vice*)
cmead@schertlerlaw.com
TARA N. TIGHE (*pro hac vice*)
ttighe@schertlerlaw.com
SCHERTLER ONORATO MEAD & SEARS
555 13th Street NW Suite 500 West
Washington, DC 20004
Telephone: 202.628.4199
Fax: 202.628.4177

KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
DSS, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHIA CORPORATION; and NICHIA AMERICA CORPORATION, <br><br> Defendant. | CASE NO. 2:17-cv-08849-JVS (*JEMx*) <br><br> Hon. James V. Selna <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT** <br><br> [Declaration of Christopher B. Mead and Proposed Order filed concurrently herewith] <br><br> Date: September 18, 2023 <br> Time: 1:30 pm <br> Location: Dept 10C |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 18, 2023, at 1:30 pm, or as soon thereafter as counsel may be heard, Plaintiff DSS, Inc. ("DSS"), through the undersigned counsel, will, and hereby does, respectfully move the Court, before the honorable James V. Selna of the United States District Court for the Central District of California in Courtroom 10C located at 411 West Fourth Street, Santa Anna California, to (1) reconsider its July 26, 2023 Order (ECF No. 127) dismissing all claims with respect to patents other than Patent No. 7,524,087, and (2) grant DSS leave to amend its Complaint. DSS makes this motion pursuant to Federal Rule of Civil Procedure 15 and Local Rule 7-18.

This motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Christopher B. Mead, the record in this matter, and any arguments presented at the time of the hearing on this motion.

Pursuant to Local Rule 7-3, counsel for DSS met and conferred with counsel for Defendants by telephone on August 2, 2023, and by email on August 7-8. Defendants' counsel opposes this Motion.

DATED: AUGUST 9, 2023

SCHERTLER ONORATO MEAD & SEARS
Christopher B. Mead
Tara N. Tighe

MITCHELL SILBERBERG AND KNUPP LLP
Karin G. Pagnanelli

By: */s/ Christopher B. Mead*
*Attorneys for Plaintiff DSS, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 23, 2018, this Court granted Defendants' motion to stay pending *Inter Partes* Review ("IPR"). Dkt. 61, 62. Claims from three patents asserted in the Complaint survived IPR practice: claims 10-11 from the '771 patent; claim 6 from the '486 patent; and claims 2-5 and 9-14 of the '087 patent.

In the Parties' Joint Status Report, filed July 25, 2023, new counsel for DSS acknowledged that the initial Complaint had generally alleged infringement of all claims from the '771 and '486 patents, but had not presented specific allegations of infringement for all elements of any of the surviving claims. Dkt. 126 at 2-4. DSS stated that it had plausible grounds to assert infringement of the surviving claims and proposed a schedule that would allow it time to obtain additional samples and conduct x-raying and grinding before infringement contentions were due on the proposed date of October 27, 2023. *Id.*

In its portion of the joint status report, Nichia stated that the surviving claims from the '771 and '486 patent should not go forward. Nichia claimed that prior counsel for DSS in the Parties' previous status reports had not specifically alleged infringement of any surviving claims from the '771 and '486 patents, and, had not announced an intention to proceed on those claims. The next day, July 26, 2023, the Court ordered that the case "shall proceed only as to Patent No. 7,524,087. . . . In light of the disposition of the various IPR proceedings, all claims with respect to the remaining patents are dismissed." Dkt. 127. DSS was not provided with notice or an opportunity to amend prior to the Court's Order. The Court's Order caused new counsel to accelerate their work with experts to finalize the x-raying and grinding of the Nichia products already in DSS' possession to find examples of Nichia products that infringe every element of at least one surviving claim from the '771 and '486 patents. That work resulted in new material facts of infringement. Submitted concurrently with this Motion, is a [Proposed] First Amended Complaint attaching

three claim charts, demonstrating that at least two Nichia products infringe every element of claim 6 from the '486 patent, and at least one Nichia product infringes every element of claim 10 from the '771 patent. *See* Declaration of Christopher B. Mead, Exhibit 1.

DSS can meet its pleading burden. This case should proceed on the merits.

## ARGUMENT

### I. THE COURT SHOULD RECONSIDER ITS MINUTE ORDER BASED ON NEWLY DISCOVERED FACTS THAT SPECIFIC NICHIA PRODUCTS INFRINGE ALL ELEMENTS OF AT LEAST ONE SURVIVING CLAIM FROM THE '771 AND '486 PATENTS.

This Court "'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order' for sufficient cause." *Skye Orthobiologics, LLC et al v. CTM Biomedical, LLC, et al*, 2023 WL 4761549, at *6 (C.D. Cal. June 28, 2023) (citations omitted). Reconsideration is appropriate where the moving party demonstrates "clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law." *Id.* Central District of California Local Rule 7-18 authorizes a party to move the Court to reconsider an order based upon, among other things, the emergence of new material facts occurring after the order was entered.

Defendant did not file a motion to dismiss any of the claims in the Complaint. DSS thus did not have notice that its claims were subject to dismissal without an opportunity to amend. As such, the Court's order dismissing claims from the '771 and '486 patents caused DSS to work quickly with its experts to finalize obtaining the facts necessary to allege that at least one Nichia product infringed at least one surviving claim from the '771 and '486 patents. Those facts are undoubtedly new and material, justifying reconsideration.

Furthermore, Nichia's statement in the Joint Status Report do not support dismissal. For example, Nichia stated that DSS did not initially "focus" its attention

on the surviving claims. It was entirely reasonable at the beginning of the litigation, however, for DSS' prior counsel to focus infringement contentions on the first infringed claims of the '771 and '486 patents. The initial Complaint alleged in detail that specific Nichia products infringed claim 3 of the '771 and claim 1 of the '486. Dkt. 1 at 4-7, 13-16. Those allegations met DSS' burden to go forward on all claims from those patents. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256,1260 (Fed. Cir. 2018); *Commercial Copy Innovations, Inc. v. Richoh Electronics, Inc.*, 2017 WL 7838719 at *3 (C.D. Cal. October 1, 2017).

Nichia also stated that in charts in the Parties previous joint status reports addressing IPR proceedings on the '087 patent, DSS' prior counsel repeatedly wrote: "DSS states that it is ready to proceed in litigation." In the chart addressing IPR proceedings on the '771 and '486 patents, DSS' prior counsel was entirely silent about their intentions to proceed. *See, e.g.,* Dkt. 107 at 1-3. Nichia implied that silence was some kind of knowing waiver. Dkt. 126 at 7-8. It would be unjust to prevent DSS' new counsel from breaking that silence. DSS should not lose substantive rights based on statements in status reports, without an opportunity to amend as the stay ends. *Cf. United States v. Hood*, 469 F.3d 7 (1st Cir. 2006); *Gamrat v. Cline*, 2019 WL 8647995 (W.D. Mich. June 5, 2019).

Indeed, Nichia did not move to dismiss the other claims from the '771 and '486 patents at the start of litigation. Instead, it asked for a stay, and sought to invalidate *every claim* from the '771 and '486 patents, which it failed to do. After years of IPR practice, DSS of course turned to the surviving claims against Nichia. That process was slowed by DSS' search for new counsel, and by the difficulties in determining infringement without x-raying and grinding Nichia samples.

DSS respectfully requests the Court to recognize that, given the expense and complexity of the infringement analyses here, it was reasonable for DSS to believe that it would be given the time to reevaluate its initial complaint in light of the

surviving claims. With the stay in place, DSS proposed a schedule that would allow it to gather samples and do comprehensive infringement contentions within three months. It was also reasonable for DSS to believe that Nichia would move to dismiss if that's what it wanted.

Finally, Nichia accused DSS of "gamesmanship" in pursuing claims ***that survived IPR practice***, suggesting that DSS was trying to take a second bite of the apple after losing IPRs. Dkt. 126 at 126 at 10. Nichia's suggestion is untrue. DSS filed a Complaint alleging infringement of the '711 and '486 patents. Nicha filed IPRs trying to invalidate *every claim* in those patents. It did not succeed.

DSS respectfully requests the Court to reconsider its Order dismissing claims from the '771 and '486 patents. In the alternative, DSS requests the Court clarify that its dismissal was without prejudice.

## II.  THE COURT SHOULD ALLOW DSS LEAVE TO AMEND.

Leave to amend a complaint should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Vinson v. Asset Mgmt. Specialists, Inc.*, 2015 WL 13914966, at *1 (C.D. Cal. Sept. 17, 2015). A litigant should be granted leave to amend its complaint unless (1) doing so prejudiced the opposing party; (2) the amendment is sought in bad faith; (3) the amendment causes undue delay; or (4) the proposed amendment would add a futile claim." *IMEX Leader, Inc. v. Zest US Wholesale, Inc.*, 2023 WL 4291461, at *1 (C.D. Cal. May 17, 2023). The party opposing leave to amend bears the burden to show why leave to amend should not be granted. *Id*.  Here, all factors support granting leave to amend.

(1) Nichia has not and will not suffer any prejudice.  Defendant sought to invalidate *every claim* of the '771 and '486 patents. It failed. DSS seeks only to have the action decided on the merits.

(2) DSS seeks leave to amend in good faith to proceed on valid and enforceable claims that survived IPRs. DSS has claim charts demonstrating that specific Nichia products infringe every element of surviving claims from the '771 and '486 patents. DSS has met its pleading burdens. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256,1260 (Fed. Cir. 2018); *Commercial Copy Innovations, Inc. v. Richoh Electronics, Inc.*, 2017 WL 7838719 at *3 (C.D. Cal. October 1, 2017).

(3) Allowing DSS to amend will not cause undue delay. Nichia requested the stay that has been in place for five years. DSS is promptly seeking to file a [Proposed] Amended Complaint as the stay ends. DSS is ready to serve discovery seeking samples from Nichia so that it may make comprehensive infringement contentions by the agreed proposed date of October 27, 2023.

(4) DSS has submitted a [Proposed] First Amended Complaint with claim charts meeting its pleading burden, demonstrating that amendment would not be futile. *See* Declaration of Christopher B. Mead, Exhibit 1.

## CONCLUSION

Based on the foregoing, DSS respectfully requests that this Court reconsider its July 26, 2023 Order (ECF No. 127) and (2) grant DSS leave to amend its Complaint.

DATED: AUGUST 9, 2023

SCHERTLER ONORATO MEAD & SEARS
Christopher B. Mead
Tara N. Tighe

MITCHELL SILBERBERG AND KNUPP LLP
Karin G. Pagnanelli


By: */s/ Christopher B. Mead*
*Attorneys for Plaintiff DSS, Inc.*

**Attestation Regarding Signatures-Local Rule 5-1(h)(3)**

I, Karin G. Pagnanelli, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 9, 2023

    */s/ Karin G. Pagnanelli*
    Karin G. Pagnanelli