William S. O'Hare, Jr. (SBN 082562)
Elizabeth M. Weldon (SBN 223452)
SNELL & WILMER LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.427.7000
Fax: 714.427.7799
Email: wohare@swlaw.com
eweldon@swlaw.com

Thomas R. Makin (*pro hac vice*)
Eric S. Lucas (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Fax: 646.848.4000
Email: thomas.makin@shearman.com
eric.lucas@shearman.com

*Attorneys for defendants Nichia Corporation and Nichia America Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICHIA CORPORATION; AND NICHIA AMERICA CORPORATION,<br><br>Defendants. | Case No. 2:17-CV-08849-JVS (JEMx)<br><br>Hon. James V. Selna<br>Mag. Judge: John E. McDermott<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT**<br><br>**DATE:** September 18, 2023<br>**TIME:** 1:30 p.m.<br>**LOCATION:** Courtroom 10C |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. DSS'S MOTION FOR RECONSIDERATION UNDER L.R. 7-18 SHOULD BE DENIED ..................................................................................2

    A. DSS Presents No Case for Reconsideration ...........................................2

    B. This Court's Dismissal of the '771 and '486 Patents Was Proper ........5

III. DSS SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT ...................................................................................................7

    A. The Deadline for DSS to Seek Amendment Passed on July 2, 2018 ..........................................................................................................7

    B. DSS Cannot Establish "Good Cause" for Relief from the Scheduling Order Because It Failed to Act Diligently .........................7

    C. Even if DSS Could Show Diligence, Leave Should Not Be Granted Under Rule 15 ..............................................................................9

        1. Granting DSS Leave to Amend Would Be Highly Prejudicial to Nichia ..................................................................9

        2. DSS's Proposed Amendment Would Create Undue Delay .......11

        3. DSS's Proposed Amendment Is Futile ....................................11

            a. DSS's New '771 Patent Infringement Allegations Fail ..............................................................................12

            b. DSS's New '486 Patent Infringement Allegations Fail ..............................................................................13

IV. CONCLUSION ..................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Advanced Thermal Sciences Corp. v. Applied Materials Inc.*,
   Case No. SACV 07–1384–JVS (JWJx), 2009 WL 10674040 (C. D. Cal. Apr. 27, 2009) ..................................................................................... 2, 8

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ................................................................................ 9

*Blue Novis, Inc. v. U.S. Alliance Grp., Inc.*,
   Case No. SACV 20–01280 JVS (JDEx), 2021 WL 3162183 (C.D. Cal. May 18, 2021) .............................................................................................. 7, 8

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ................................................................................ 11

*Capella Photonics, Inc. v. Cisco Sys.*,
   No. 14-cv-03348-EMC, 2019 U.S. Dist. LEXIS 93578 (N.D. Cal. June 4, 2019) ........................................................................................................ 5, 6

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .............................................................................. 9

*Hau Dzuong v. Tran*,
   Case No. SACV 17-953 JVS(KESx), 2019 WL 7166054 (C.D. Cal. Sept. 24, 2019) ..................................................................................................... 8, 9

*Hells Canyon Preservation Council v. U.S. Forest Serv.*,
   403 F.3d 683 (9th Cir. 2005) ................................................................................ 6

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) .............................................................................. 9

*Inland Concrete Enterprises, Inc. v. Kraft*,
   Case No. LA CV 10-01776 VBF (OPx), 2017 WL 11573694 (C.D. Cal. Oct. 5, 2017) ..................................................................................................... 3, 5

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ...................................................................... 10, 11

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ....................................................................... 2, 7, 8

*Jones v. Aero/Chem Corp.*,
   921 F.2d 875 (9th Cir. 1990) ................................................................................ 3

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*,
   701 F.2d 1276 (9th Cir. 1983) ............................................................................ 11

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Langer v. American Wholesale Furniture I, Inc.*,
  Case No. EDCV 14-01478 SJO (KKx), 2015 WL 13915434 (C.D.
  Cal. July 7, 2015) ......................................................................................... 10, 11

*National Liability & Fire Insurance Co. v. Pacific Window Corp.*,
  Case No. SACV 03–00608 JVS, 2008 WL 11340360 (C.D. Cal.
  May 12, 2008) .................................................................................................. 2, 8

*Parker v. Joe Lujan Enters., Inc.*,
  848 F.2d 118 (9th Cir.1988) ................................................................................ 11

*Shorter v. Baca*,
  2016 WL 6822236 (C.D. Cal. June 24, 2016) ...................................................... 3

*Walker v. Life Insurance Co. of the Southwest*,
  2013 WL 12125750 (C.D. Cal. Mar. 4, 2013) ...................................................... 9

### STATUTES

35 U.S.C. § 314(a) ................................................................................................... 12
35 U.S.C. § 315(e)(2) .............................................................................................. 12
35 U.S.C. § 318(a) ................................................................................................... 12
35 U.S.C. § 325(d) ................................................................................................... 12

### RULES

Fed. R. Civ. P. 15 ......................................................................................... 1, 2, 7, 8, 9
Fed. R. Civ. P. 16 .............................................................................................. 2, 8, 9
Fed. R. Civ. P. 16(b) ......................................................................................... 2, 7, 8
Fed. R. Civ. P. 16(b)(4) ............................................................................................. 2
Fed. R. Civ. P. 19 ....................................................................................................... 7
Fed. R. Civ. P. 41(b) .............................................................................................. 6, 7
L.R. 7-18 ............................................................................................................ 1, 2, 3

## I. INTRODUCTION

The Court should deny DSS's Motion for Reconsideration and for Leave to Amend Complaint (Dkt. 129).

First, DSS's request for reconsideration of the Court's dismissal of the '771 and '486 patents, on the supposed basis of "newly discovered facts" (Dkt. 129 (Memorandum of Points and Authorities) (hereinafter, "DSS's Mot.") at 2), is inconsistent with the established record. Rather, these supposedly "new facts" relate to DSS's examination of Nichia products that have been readily available to DSS since at least 2016. *See* DSS Mot. at 2; Dkt. 129-1, Exs. D, E, F; *see also* Declaration of Aaron Van Damme in Support of Nichia's Opposition to DSS's Motion for Reconsideration and For Leave to Amend Complaint (hereinafter, "Van Damme Decl."), ¶¶5–7. Further, DSS has ignored the factors associated with L.R. 7-18, including whether the "newly discovered facts" could have been discovered through due diligence—which they plainly could have been. Waiting until now to assert that these long-available products infringe its patents clearly does not constitute due diligence by DSS. Accordingly, the extraordinary remedy of reconsideration is unwarranted here. In any event, this Court was correct to dismiss the '771 and '486 patents after IPRs had eliminated all of DSS's original infringement assertions and after DSS had repeatedly represented that it would not proceed in litigation on those patents.

Second, having had the '771 and '486 patents dismissed from the case, DSS retroactively seeks leave to amend its Complaint to add entirely new legal claims based on those patents. But DSS completely ignores that the court-ordered deadline to seek leave to amend pleadings passed on July 2, 2018—***over five years ago***. *See* Dkt. 51.[1] DSS's request for leave to amend states that it is predicated on Rule 15 of the Federal Rules of Civil Procedure. Dkt. 129 (Notice of Motion) at 2. However,

---

[1] DSS can hardly rely on the Court's scheduling order of July 26, 2023, which was issued contemporaneously with the dismissal of the '771 and '486 patents.

the Rule 15 standard is only applicable if DSS can, as a threshold matter, meet the "good cause" standard of Rule 16(b)(4), which it has failed to even address and has thus waived. That failure ends the inquiry. *See, e.g.*, *Advanced Thermal Sciences Corp. v. Applied Materials Inc.*, Case No. SACV 07–1384–JVS (JWJx), 2009 WL 10674040, at *3 (C. D. Cal. Apr. 27, 2009) (Selna, J.) ("[T]he Ninth Circuit has found that a party wishing to file an amended pleading after the time set by the scheduling order must specifically request that the court modify the scheduling order.") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992)).

In any event, given DSS's five-year delay in moving for leave to amend and its lack of diligence in examining Nichia's publicly available products, DSS has not met the "good cause" standard under Rule 16. *See, e.g.*, *National Liability & Fire Insurance Co. v. Pacific Window Corp.*, Case No. SACV 03–00608 JVS, 2008 WL 11340360, at *2–3 (C.D. Cal. May 12, 2008) (Selna, J.) ("Because nothing justifies the delay of more than five years between Pacific Window's original motion for summary judgment … and this motion to amend, the Court finds that Pacific Window was not diligent, and in fact, was dilatory, in pursuing an amendment with respect to these claims. There is no good cause to amend the pleadings with these claims under Rule 16(b).").

Even if DSS could show the requisite diligence to meet the "good cause" standard, it would still not be able to meet the Rule 15 standard due to, for example, the prejudice to Nichia, the undue delay amendment would cause, and the substantive futility of the amendment sought.

Accordingly, both reconsideration and leave to amend should be denied.

## II. DSS'S MOTION FOR RECONSIDERATION UNDER L.R. 7-18 SHOULD BE DENIED

### A. DSS Presents No Case for Reconsideration

DSS's motion for reconsideration, under L.R. 7-18, is premised on allegedly "newly discovered facts that specific Nichia products infringe all elements of at least

one surviving claim from the '771 and '486 patents." DSS Mot. at 2. According to DSS, these "new facts" are comprised of product-testing results, gleaned from DSS's "teardown" analyses of Nichia products conducted after the Court's July 25, 2023 Order, as reflected in images and analysis included in Exhibits D, E, and F to DSS's proposed Amended Complaint.[2] *See* Dkt. 129-1 at 93 ("Date: 29 Jul 2023" in image caption); DSS Mot. at 2–3.

To prevail on a motion for reconsideration based on the "emergence of new material facts" (DSS Mot. at 2) or evidence under L.R. 7-18, "'movant must show [that] the evidence (1) existed at the time of the trial [or the ruling in question], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case [or motion].'" *Inland Concrete Enterprises, Inc. v. Kraft*, Case No. LA CV 10-01776 VBF (OPx), 2017 WL 11573694, at *1 (C.D. Cal. Oct. 5, 2017) (quoting *Shorter v. Baca*, 2016 WL 6822236, *1 n.1 (C.D. Cal. June 24, 2016) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990))) (bracketed alterations in original).

DSS does not address any of the three prongs of the test. Its request for reconsideration should be denied on that basis alone. In any event, DSS would still fail all three prongs.

With respect to the first prong, if the results generated during the teardown analyses DSS conducted after the Court's July 25, 2023 Order are considered "new facts" under L.R. 7-18, as opposed to merely evidence allegedly establishing old facts, *i.e.*, the design of certain Nichia products sold prior to the Court's July 25, 2023 Order, these "new facts" did not "exist[] at the time of … the ruling in question." *Id.*

---

[2] Nichia presumes the allegedly new facts regarding the '771 patent concern the NVSU333A LED, reflected in Exhibit D to DSS's proposed Amended Complaint. Dkt. 129-1 at 80–98. Nichia presumes that the allegedly new facts regarding the '486 patent concern the NCSWE17AT and NCSWE21AT LEDs, as reflected in Exhibits E and F to DSS' proposed Amended Complaint. Dkt. 129-1 at 99–131.

1  DSS admits as much: "The Court's Order caused new counsel to accelerate their
2  work with experts to finalize the x-raying and grinding of the Nichia products already
3  in DSS's possession to find examples of Nichia products that infringe every element
4  of at least one surviving claim from the '771 and '486 patents."  DSS Mot. at 1.  At
5  least one of the images in the claim charts attached to DSS's motion confirms that
6  DSS's analyses took place after-the-fact, given that the image is dated "29 Jul 2023."
7  Dkt. 129-1 at 93.  Given that DSS created these purported "new facts" after the
8  Court's July 25, 2023 Order, DSS fails the first prong of the test.

With respect to the second prong, DSS cannot show that the teardown results allegedly supporting its infringement allegations, or the underlying facts themselves, "could not have been discovered through due diligence." *Id.*  All three of the Nichia LED models that DSS charted—the "NVSU333A," "NCSWE17AT," and "NCSWE21AT"—have been on sale to the public since 2016.  *See* Van Damme Decl., ¶¶3–7.  (Note that DSS's reference to "NCSWE21AT" appears to be a typo; Nichia sells a N**V**SWE21AT, but not a "NCSWE21AT." *Id.*, ¶3.)[3]  DSS had in its possession at least samples of the NVSU333A for over five years.[4]  *See* Dkt. 126-1 (Exhibit C to Lucas Decl.) at 20. DSS's huge delay in acting cannot constitute due diligence.  DSS fails the second prong.

As to the third factor, DSS has not attempted to show that the evidence it generated is of such magnitude that production of it earlier would have been likely to change the disposition of the case.  In fact, as explained below, DSS's new infringement allegations fail from a substantive perspective, and therefore could not be of such magnitude.

---

[3] For convenience, however, the NVSWE21AT product is referred to herein by the nomenclature that DSS used: "NCSWE21AT."

[4] DSS had this sample—which it now asserts infringes the '771 patent—because it was asserting the '486 patent against Nichia's NVSU-model LEDs (which it no longer is).  Complaint, *e.g.*, ¶37.

Accordingly, DSS's request for reconsideration should be denied. *See Inland Concrete Enterprises*, 2017 WL 11573694, at *1.

### B. This Court's Dismissal of the '771 and '486 Patents Was Proper

In any event, the Court's dismissal of the '771 and '486 patents was proper because DSS had long stated in Joint Status Reports that it only intended to move forward on the '087 patent, and because switching to new claims and legal theories after losing IPRs on its only asserted claims is impermissible gamesmanship. *See Capella Photonics, Inc. v. Cisco Sys.,* No. 14-cv-03348-EMC, 2019 U.S. Dist. LEXIS 93578, at *14, 19 (N.D. Cal. June 4, 2019).

On December 7, 2017—five-and-a-half years ago—DSS filed its Complaint alleging that Nichia infringes five DSS patents, including the '771 and '486 patents. Dkt. 1. With respect to the '771 and '486 patents, DSS only included accusations of infringement of claims 1–8 of the '771 patent and claim 1 of the '486 patent in the Complaint. *See* Dkt. 126; *see also* Dkt. 1, ¶¶17, 45.

In April and May of 2018, the Parties conferred regarding how many product samples DSS would seek under the Court-adopted schedule (Dkt. 50 adopting Dkt. 49). DSS provided Nichia with a specific list of products that included "10 samples of each accused product named in the complaint." *See* Dkt. 126-1 (Lucas Decl., Exhibit B at 2–3). On June 5, 2018, Nichia produced over 400 sample LEDs from 36 different LED families. *See* Dkt. 126-1 (Lucas Decl., Exhibit C). After receiving the samples, DSS did not amend the Complaint prior to the deadline of July 3, 2018, under the Court's Order for Jury Trial Setting Dates. Dkt. 51, ¶1.

The Court stayed the case pending IPRs on July 23, 2018. Dkt. 61. As DSS has acknowledged (Dkt. 126), IPRs have eliminated the vast majority of the claims of the five asserted patents, including all of the originally asserted claims of the '486 and '771 patents. *E.g.*, Dkt. 110. While the IPRs were progressing, the Court required the parties to provide bi-monthly "Joint Status Reports." Dkt. 62. After the asserted claims were eliminated for four of the five originally asserted patents,

1  including the '771 and '486 patents, DSS provided no indication that it would go
2  forward with litigation on any of them. *E.g.*, Dkt. 104. But, when substantive IPR
3  activity ceased on the last asserted patent (the '087 patent), DSS stated in the
4  September 30, 2022, Joint Status Report "that it is ready to proceed in litigation" with
5  respect to the '087 patent only. Dkt. 104 at 2. DSS repeated these representations in
6  every subsequent joint status report. *See* Dkt. 105–107, 110. Nichia and this Court
7  (*see, e.g.*, Dkt. 111) have rightly relied on these representations, and this Court
8  properly dismissed all the other patents, including the '771 patent and '486 patent,
9  from the case on July 25, 2023, (Dkt. 127). *See Capella Photonics*, 2019 U.S. Dist.
10 LEXIS 93578, at *14, 19 (finding switching to new claims and legal theories after
11 losing IPRs on originally asserted claims impermissible gamesmanship).

12       DSS suggests in its briefing that it was unaware that the '771 and '486 patents
13 were subject to dismissal and that a formal motion to dismiss was necessary. DSS
14 Mot. at 1. But this is incorrect. DSS represented for months in Joint Status Reports
15 that it was only going to proceed on the '087 patent, and the Court could properly on
16 its own have dismissed the abandoned claims. *See, e.g., Hells Canyon Preservation*
17 *Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (confirming courts
18 may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte*).
19 And, in fact, after reviewing the Parties' latest Joint Status Report (Dkt. 110), the
20 Court, on May 30, 2023, ordered the Parties "to file a Joint Status Report concerning
21 whether the stay should be lifted, with the case proceeding as to U.S. Patent No.
22 7,524,087"—thus clearly alerting the Parties that dismissal of the '771 and '486
23 patents was contemplated. Dkt. 111. Further, the Parties' briefing in that Joint Status
24 Report requested by the Court demonstrates that DSS knew that dismissal of the '771
25 and '486 patents was exactly what was at stake. *See* Dkt. 126 at, *e.g.*, 2–12.

26       DSS also includes in its Motion a one-sentence, alternative request that the
27 Court clarify that the dismissal of the '486 and '771 patents was without prejudice.
28 DSS Mot. at 4. But DSS provides no rationale in support of this request. To the

1 contrary, Rule 41(b) of the Federal Rules of Civil Procedure confirms that the dismissal must be interpreted as being **with prejudice**. Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication **on the merits**.") (emphasis added).

### III. DSS SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT

#### A. The Deadline for DSS to Seek Amendment Passed on July 2, 2018

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, this Court adopted a schedule, on May 3, 2018, stating: "All motions to join other parties or to amend the pleadings shall be filed and served within sixty (60) days of the date of this order…." Dkt. 51 at 1. DSS did not seek leave to amend its Complaint within that window. Accordingly, the deadline for DSS to seek leave to amend its Complaint passed on July 2, 2018, more than **five years ago.** DSS presents no sufficient grounds for leave to do so now.

#### B. DSS Cannot Establish "Good Cause" for Relief from the Scheduling Order Because It Failed to Act Diligently

A party seeking to amend its pleadings after a scheduling deadline must satisfy the "good cause" standard for modification under Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.* If the "good cause" standard is met, the moving party must still meet the general limitations, under Rule 15, on the filing of amended pleadings. *See, e.g.*, *Blue Novis, Inc. v. U.S. Alliance Grp., Inc.*, Case No. SACV 20–01280 JVS (JDEx), 2021 WL 3162183, at *2 (C.D. Cal. May

18, 2021) (denying motion to amend because party failed to show "good cause" under Rule 16(b)).

Here, pursuant to Rule 16, the Court entered a scheduling order with a deadline to amend the pleadings, now long passed. Dkt. 51. Accordingly, before addressing the Rule 15 factors, DSS must establish "good cause" in seeking leave to amend. *Johnson*, 975 F.2d at 909.

However, DSS never addressed the "good cause" standard under Rule 16 in its moving papers, nor has it requested modification of the scheduling order. DSS should not be permitted to do so for the first time on reply. Therefore, DSS's failure in this regard should be dispositive.

In *Advanced Thermal Sciences Corp. v. Applied Materials Inc.*, this Court explained that "the Ninth Circuit has found that a party wishing to file an amended pleading after the time set by the scheduling order must specifically request that the court modify the scheduling order." 2009 WL 10674040 at *3 (C. D. Cal. Apr. 27, 2009) (Selna, J.) (citing *Johnson*, 975 F.2d at 608–09). In that case—just like the present—the party seeking amendment failed to request modification of the scheduling order and failed to address Rule 16(b). *Id.* For those reasons, this Court denied the motion for leave to amend, and it should do so here. *Id.*

But even if DSS had not waived this argument, DSS waited years to seek leave to amend, and cannot now show diligence under the "good cause" standard. *See, e.g.*, *National Liability & Fire Insurance Co.*, 2008 WL 11340360, at *2–3 ("Because nothing justifies the delay of more than five years between Pacific Window's original motion for summary judgment (by which time it certainly had notice of the facts underlying its proposed amended affirmative defenses and counter-claims), and this motion to amend, the Court finds that Pacific Window was not diligent, and in fact, was dilatory, in pursuing an amendment with respect to these claims. There is no good cause to amend the pleadings with these claims under Rule 16(b)."); *Hau Dzuong v. Tran*, Case No. SACV 17-953 JVS(KESx), 2019 WL 7166054, at *5–6

(C.D. Cal. Sept. 24, 2019) (Selna, J.) (finding that plaintiff failed to sufficiently demonstrate the necessary diligence where, *inter alia*, Dzuong knew about the facts related to the amendment for over a year and there would be prejudice to the defendants).

As this Court explained in *Walker v. Life Insurance Co. of the Southwest*, "[i]t is incumbent upon plaintiffs from the inception of a lawsuit to identify factual allegations underlying his or her claims and the legal theories upon which they base their claims, constrained only by the requirement that a good faith basis exists for their pleading." CV 10-9198 JVS (RNBx), 2013 WL 12125750, at *3–4 (C.D. Cal. Mar. 4, 2013) (Selna, J.). DSS's failure to conduct the requisite infringement analysis with respect to the '771 and '486 patents—apparently until now—is fatal to any claim that it was diligent. *Id.*

### C. Even if DSS Could Show Diligence, Leave Should Not Be Granted Under Rule 15

Even if DSS could meet the "good cause" standard under Rule 16—which it cannot—its proposed amendment would still fail under Rule 15.

Under Rule 15, a district court may deny leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). In this case, at least the first, third and fourth factors weigh against granting DSS leave to amend.

#### 1. Granting DSS Leave to Amend Would Be Highly Prejudicial to Nichia

The "crucial factor" in determining whether to grant leave to amend under Rule 15 "is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("[T]he consideration of prejudice to the opposing party ... carries the greatest weight.") (citation omitted). Where

"additional claims advance different legal theories and require proof of different facts," courts have found prejudice to the non-moving party. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). That is precisely the circumstance here.

As discussed above, DSS filed its Complaint on December 7, 2017, alleging that Nichia infringes five DSS patents, including the '771 and '486 patents. Dkt. 1. The parties conducted product sample discovery (*see* Dkt. 126-1 [Lucas Decl., Ex. B at 2–3; Ex. C]); thereafter the date for amendment of the Complaint under the Court's schedule passed. *See* Dkt. 51, ¶1. Then, the Court stayed the litigation pending IPRs, which IPRs eliminated all of DSS's assertions based on the '771 and '486 patents. Dkt. 61. In Joint Status Reports during the stay, DSS represented over and over and for months that it would only proceed with litigation on the '087 patent, with respect to which it had not lost all of its originally asserted claims. *See* Dkts. 104, 105, 106, 107, 110.

Now, after five-and-a-half years, and elimination via IPR of every originally asserted claim of the '771 and '486 patents, DSS attaches to its motion a redline of a proposed new Complaint, crossing out every asserted '771 and '486 claim and every accused product, and replacing them with newly asserted claims and newly accused products. *See generally* Dkt. 129-1, Ex. 2. The new claims include limitations entirely irrelevant to the previously asserted ones. Dkt. 129-1 at, *e.g.*, Exs. D, E, F.

The new proposed Amended Complaint, and the infringement allegations set forth in the attachments thereto, "advance different legal theories and require proof of different facts," and are thus prejudicial to Nichia—which spent the last six years defeating the originally-asserted legal theories. *See Jackson*, 902 F.2d at 1387 (citations omitted). If DSS's request for leave to amend were granted, Nichia would have to engage in duplicative litigation to defeat the newly-asserted legal theories. Given this prejudice, the Court should deny DSS's request for leave to amend. *See, e.g., Langer v. American Wholesale Furniture I, Inc.*, Case No. EDCV

14-01478 SJO (KKx), 2015 WL 13915434, at *6 (C.D. Cal. July 7, 2015) (denying plaintiff's motion for leave to amend complaint).

### 2. DSS's Proposed Amendment Would Create Undue Delay

DSS's belated attempt to inject into this five-and-a-half-year-old case entirely new '771 and '486 patent infringement theories would undeniably create undue delay in resolving this case—delay solely attributable to DSS. Granting DSS's request to amend would, for example, greatly enlarge the size of the current litigation. The schedule that this Court set in its July 25, 2023 Order is for a one-patent case, not three. That schedule would have to be entirely re-worked. Any additional delay in resolving this matter at this point is particularly undue given that the original Complaint was filed in 2017, and further given that the whole point of the stay pending IPR was to streamline the case. *See* Dkt. 61-1 at 5 (noting that "simplification is likely" and "significant judicial resources can be saved"). As explained above, the products DSS now accuses were publicly available at least by 2016, years before DSS filed its original Complaint. Van Damme Decl., ¶¶4–7. DSS could have, and should have, conducted its purported infringement analyses long ago. *See, e.g.*, *Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir.1988) (affirming district court's denial of motion to amend in part on ground of undue delay).

### 3. DSS's Proposed Amendment Is Futile

DSS's proposed new '771 and '486 infringement claims would be futile, for the reasons discussed below. "[F]utile amendments should not be permitted," *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (citations omitted), and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

a. **DSS's New '771 Patent Infringement Allegations Fail**

Newly asserted claims 10 and 11 of the '771 patent are invalid for at least the reasons presented in Nichia's Petitions for IPR in IPR2018-01167 and IPR2019-00397, each denied institution on non-substantive grounds under 35 U.S.C. §§ 314(a) and/or 325(d). Notwithstanding DSS's legally incoherent representations to the contrary (*see, e.g.*, Dkt. 126 at 2) there is no IPR estoppel at all with respect to the '771 patent, given that those IPR petitions were not instituted. *See, e.g.*, Dkt. 126, n.7 (citing 35 U.S.C. §§ 315(e)(2), 318(a)).

The accused NVSU333A LED product also cannot infringe these claims at least on the basis of prosecution history disclaimer. During prosecution of the '771 patent, the applicant distinguished prior art on the basis that it did not have the claimed "aperture." *See* U.S. Patent Application No. 10/128,446, Amendment dated Aug. 23, 2004, at 8, attached as Exhibit A to the Declaration of Eric S. Lucas submitted herewith ("2023-08-25 Lucas Decl.") ("The aperture must then be the hole that is filled with the copper heat sink 13. However, this does not satisfy the condition that the light emitting diode be mounted within the aperture.") (Ex. A at page 220, bearing Bates No. DSS-NICHIA00000558). In its proposed infringement claim charts (Dkt. 129-1, Ex. 1(D)), DSS points to an alleged aperture that is substantively identical to the one in the prior art:

 

*Compare* Prior Art U.S. 6,645,783, Fig. 1, attached as Exhibit B to the 2023-08-25 Lucas Decl. *with* Dkt. 129-1, Ex. 1(D) at 3 and 7 (showing DSS's annotations in purported X-ray images of the NVS333A product).

Accordingly, the NVSU333A LED product, which DSS accuses in its proposed Amended Complaint, cannot infringe claims 10 or 11 of the '771 patent.

### b. DSS's New '486 Patent Infringement Allegations Fail

Likewise, DSS's proposed Amended Complaint confirms that the accused NCSWE17AT and NCSWE21AT LED products cannot infringe newly asserted claim 6 of the '486 patent.

For example, DSS asserts that the "first electrically conductive interconnecting element" (shown in green in annotated Figure 2B from the '486 patent below), which must be formed from "press-fitt[ing a] … slug into a through hole located in the substrate between the mounting pad and the first electrically conductive connecting pad" and the "first electrically conductive connecting pad" (shown in red in annotated Figure 2B) are allegedly met by a deposited layer of gold-plated copper (as annotated by DSS in an alleged Nichia product):



*Compare* Dkt. 1, Ex. C ('486 patent), Fig. 2B (annotated, showing a "first embodiment of … the invention") *with* Dkt. 129-1, Ex. 1(E) at 11 (showing DSS's annotations in a purported image of the NCSWE17AT product); *see also* Dkt. 129-1, Ex. 1(F) at 12 (showing DSS's annotations in a purported image of the NCSWE21AT product with similar annotations).

Accordingly, the NCSWE17AT and NCSWE21AT LED products, which DSS accuses in its proposed amended Complaint, cannot infringe claim 6 of the '486 patent. Any amendment by DSS would therefore be entirely futile.

## IV. CONCLUSION

For all the above reasons, DSS's Motion for Reconsideration and for Leave to Amend Complaint (Dkt. 129) should be denied.

Dated: August 28, 2023

SNELL & WILMER L.L.P.
William S. O'Hare
Elizabeth M. Weldon

SHEARMAN & STERLING LLP
Thomas R. Makin (*Pro Hac Vice*)
Eris S. Lucas (*Pro Hac Vice*)

By: */s/ William S. O'Hare*

*Attorneys for defendants Nichia Corporation and Nichia America Corporation*

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Nichia, certifies that this brief contains 4,355 words, as calculated by Microsoft Word's word count feature, which complies with the word limit of L.R. 11-6.1.

Dated: August 28, 2023

SNELL & WILMER L.L.P.
William S. O'Hare
Elizabeth M. Weldon

SHEARMAN & STERLING LLP
Thomas R. Makin (*Pro Hac Vice*)
Eris S. Lucas (*Pro Hac Vice*)

By: */s/ William S. O'Hare*

*Attorneys for defendants Nichia Corporation and Nichia America Corporation*