# EXHIBIT A

04·24·02

A

04/23/02 U.S. PTO C3885

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

PATENT APPLICATION

ATTORNEY DOCKET NO. 70010017-3

J1046 U.S. PTO 10/128446   04/23/02

---

### IN THE U.S. PATENT AND TRADEMARK OFFICE
#### Patent Application Transmittal Letter

**COMMISSIONER FOR PATENTS**
**Washington, D.C.   20231**

Sir:

Transmitted herewith for filing under 37 CFR 1.53(b) is a(n): (X) Utility   ( ) Design

( ) original patent application,

( ) continuation-in-part application

INVENTOR(S):   **Sundar A/L Natarajan Yoganandan et al**

TITLE:   **Light Source**

Enclosed are:

(X)   The Declaration and Power of Attorney.   ( ) signed   (X) unsigned or partially signed

(X)   **14**   sheets of drawings  (one set)   ( )  Associate Power of Attorney

( ) Form PTO-1449   ( )  Information Disclosure Statement and Form PTO-1449

( ) Priority document(s)  ( )(Other) _____ (fee $_____ )

| CLAIMS AS FILED BY OTHER THAN A SMALL ENTITY | | | | |
|---|---|---|---|---|
| (1)<br>FOR | (2)<br>NUMBER FILED | (3)<br>NUMBER EXTRA | (4)<br>RATE | (5)<br>TOTALS |
| TOTAL CLAIMS | 16 — 20 | 0 | X $18 | $   0 |
| INDEPENDENT CLAIMS | 2 — 3 | 0 | X $84 | $   0 |
| ANY MULTIPLE DEPENDENT CLAIMS | 0 | | $280 | $   0 |
| BASIC FEE: Design ( $330.00 ); Utility ( $740.00 ) | | | | $   740 |
| TOTAL FILING FEE | | | | $   740 |
| OTHER FEES | | | | $ |
| TOTAL CHARGES TO DEPOSIT ACCOUNT | | | | $   740 |

Charge $ ____740____ to Deposit Account 50-1078.  At any time during the pendency of this application, please charge any fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.25.  Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17,1.19, 1.20 and 1.21.  A duplicate copy of this sheet is enclosed.

"Express Mail" label no. EL 790 504 065 US

Date of Deposit *April 23, 02*

I hereby certify that this is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to: Commissioner for Patents, Washington, D.C. 20231.

By *Patricia Flores*

Typed Name: Patricia Flores

Respectfully submitted,

**Sundar A/L Natarajan Yoganandan et al**

By *Herbert R. Sc___*

**Herbert R. Schulze**

Attorney/Agent for Applicant(s)
Reg. No.   **30,682**

Date: *04-23-02*

Telephone No.: **(650) 485-4377**

Rev 10/01 (TransNew)    - Attach as First Page to Transmitted Papers -

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

04/26/2002 MWOLDER1 00000046 501078   10128446
01 FC:101        740.00 CH

PTO-1556
(5/87)

*U.S. Government Printing Office: 2001 — 481-697/59173

DSS-NICHIA00000343

1

# LIGHT SOURCE

## Background Of The Invention

5   This invention relates to a light source. In particular, the invention relates to a high-power light source in the form of a light emitting diode (LED) package.

Light emitting diodes (LEDs) fabricated from silicon wafer are commonly used to generate light in a variety of applications ranging from simple low-power indication lights to higher-power LED traffic light clusters and LED matrix video displays. Typically, the light emitting diode die is assembled into a sealed package containing electrical connections between the die and terminal pads exposed on an outer surface of the package. Such a package enables simple connection of the diode to external circuitry and, due to the sealing properties of the package, protects the die from external damage.

15   Recently, there has been a drive to make smaller surface mount LED packages which allow the LED to be reliably mounted onto a printed circuit board substrate at relatively high speeds. By making individual LED packages smaller, the number of LED dies per unit area in a multiple LED package may be increased. Furthermore, when the LED is mounted onto a circuit board, the thickness of the assembled circuit board can be reduced.

Today's surface mount LED packages are available in a wide variety of configurations. Figure 1 shows one typical surface mount LED package 100 comprising an LED die 110 mounted on a circuit board substrate 120 with a transparent material 130 encapsulating the LED 110. The package includes a pair of conductive interconnects 140, 142 for coupling the LED to external circuitry. A first electrode on the bottom surface of the LED 110 is mounted on and electrically coupled to one of the pair of conductive interconnects 140. A very small wire 144 is then "wire bonded" or welded at one end to a second electrode on the top surface of the LED 110, and at the other end to the other one of the pair of conductive interconnects 142.

A drawback with the LED package of Figure 1 is its inefficiency in dissipating heat away from the LED die 110. The circuit board substrate 120 and the transparent encapsulant

2

material 130 are typically made from thermally insulating materials which "trap" heat in
LED die 110. For example, the circuit board material FR4 has a thermal conductivity
coefficient of 0.2-0.3 watts per meter kelvin, while the encapsulant material Able-Bond
826 has a thermal conductivity coefficient of approximately 2 watts per meter kelvin.
5    Better heat conductivity is provided by the conductive interconnects 140, 142 which if
made from copper would have a thermal conductivity coefficient of 400 watts per meter
kelvin. However, the rate of heat dissipation from the conductive interconnects is
severely limited by i) the small cross-sectional area of the interconnects, and ii) the
relatively large distance of the heat path offered by the interconnects.

10   Demand for higher brightness surface mount LED packages is increasing in many fields
such as in automotive and decorative lighting applications. Higher brightness can be
achieved by increasing the current or power supplied to the LED die.

15   The poor heat dissipation properties of the LED package of Figure 1 limit the ability of
the package to operate at higher power and thus increased brightness. Without efficient
heat dissipation, the increased power supplied to the package rapidly increases the
temperature of the die resulting in poor light extraction efficiency and even permanent
damage to the die.

20   Summary Of The Invention

According to a first aspect of the present invention, there is provided a light source
comprising: a substrate having opposing first and second surfaces, the substrate
25   defining an aperture extending between the first and second surfaces, a platform
covering an opening of the aperture adjacent the first surface, a light emitting diode
mounted on the platform within the aperture, and a transparent encapsulant material
encapsulating the light emitting diode in the aperture.

30   A light source in accordance with the invention has the advantage that the platform on
which the light emitting diode is mounted may provide a very efficient heat dissipating
thermal path directly to an external surface of the light source. This in turn allows the
light source to be driven at a higher power resulting in an increased light intensity output
by the light source. The aperture in the substrate allows the substrate to be made from a

Attorney Docket No.: 70010017-3

DSS-NICHIA00000345



3

thermally insulating material without affecting the flow of heat from the die through the
platform. Preferably, the first surface of the substrate forms a lower surface of the light
source for surface mounting the light source onto a circuit board substrate.
Advantageously, the encapsulant material may provide a focussing dome for focussing
5   light emitted by the light emitting diode.

Ideally, the aperture comprises a side wall tapering outwards towards the second
surface. The side wall may, for example, be conically shaped like a reflector cup. The
side wall extends between the first and second surfaces of the substrate and is inclined
10   to reflect light from the light emitting diode out of the aperture through the opening
adjacent the second surface.

In a preferred embodiment, the platform extends over the first surface and over the side
wall of the substrate. This has the advantage of holding the platform firmly in place on
15   the substrate, thus preventing it from detaching easily.

Suitably, the platform is made from a thermally conductive material such as metal for
conducting heat away from the light emitting diode, and is configured such that a first
surface faces the aperture on which the light emitting diode is mounted, and an opposite
20   second surface is exposed on the outside of the light source. Consequently, the thermal
path is provided from the first surface of the platform to the second surface of the
platform. Advantageously, the distance from the first surface to the second surface of
the platform may be minimised to minimise the length of the thermal path and make it
more efficient at dissipating heat.

25

A light source in accordance with the invention also has the advantage that by mounting
the light emitting diode in the aperture of the substrate the package occupies a smaller
volume.

30   According to a second aspect of the present invention, there is provided a method of
manufacturing a light source comprising: providing a substrate with opposing first and
second surfaces, plating a first surface of the substrate with a metallic layer, drilling a
hole through the substrate from the second surface up to the metallic layer on the first
surface such that the metallic layer provides a platform covering the opening of the

Attorney Docket No.: 70010017-3

DSS-NICHIA00000346

4

aperture adjacent the first surface, mounting a light emitting diode on the platform within the aperture, and encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

5    In a preferred embodiment, the platform and the side wall of the aperture is plated with another metallic layer after the drilling step.

Brief Description Of The Drawings

10    Embodiments of the invention will now be described, by way of example, with reference to the accompanying drawings, in which:

Figure 1 is a cross-sectional side view of a known surface mount LED package;

15    Figure 2 is an orthogonal projection showing front, plan and side views of a surface mount LED package in accordance with the invention;

Figure 3 is a flowchart illustrating exemplary steps employed during the manufacture of the surface mount LED package shown in Figure 2;

20    Figures 4 to 17 are cross-sectional side views of the surface mount LED package of Figure 2 at different stages in a manufacturing process;

Figure 18 is a plan view showing the top of the surface mount LED package shown in
25    Figure 17;

Figure 19 is a plan view showing the bottom of the surface mount LED package shown in Figure 17;

30    Figures 20 to 22 are plan views of UV masks employed in the manufacturing process steps shown in Figures 6 and 10.

Figure 23 is an alternative design for the surface mount LED package of Figure 2 with a pyramid-like encapsulant material,

Attorney Docket No.: 70010017-3

DSS-NICHIA00000347



Figure 24 is a plan view showing the top of the surface mount package of Figure 5.

Detailed Description

5   Referring to Figure 2, there is shown schematically an LED package 200 which can be surface mounted onto a printed circuit board by, for example, reflow soldering or possibly manual soldering.

10   The surface mount LED package 200 includes a rectangular planar substrate 210, such as an epoxy or glass laminate, a polyester or polyamide board, a bismaleimidetraizine (BT) resin board, or a thermosetting polyphenylene ether board. An upper surface 212 of the substrate includes a conic-section shaped recess 220 positioned centrally on the upper surface. The recess 220 comprises a generally circular floor 222, and a curved
15   side wall 224 tapering concentrically outwards from the floor towards a circular edge 226 on the upper surface 212.

The light emitting element of the LED package 200 is provided by a light emitting diode (LED) die 230 which is mounted centrally in the recess 220 of the substrate 210. As
20   illustrated in the front view of the LED package, two thin gold wires 240, 242 are electrically coupled at one end to the LED die 230 in order to supply an electric current across a semiconductor junction of the LED die. The other ends of the gold wires 240, 242 are electrically coupled to respective terminals on the upper surface 212 of the substrate 210.

25   The terminals on the upper surface 212 are in turn coupled to a pair of conductive pads 250, 252 on a lower surface 214 of the substrate 210 by a pair of electrically conductive vias, further details of which will be described later. The pair of conductive pads 250,252 which are exposed on the lower surface of the substrate provide two generally planar
30   surfaces suitable for surface mounting the bottom of the LED package onto a printed circuit board.

In order to efficiently dissipate heat away from the LED die 230, the LED package is provided with a thermal dissipation pad 270 located on the lower surface 214 of the

Attorney Docket No.: 70010017-3

DSS-NICHIA00000348

6

substrate. The pad 270 extends into the bulk of the package 200 through an aperture formed in the substrate 210. The pad 270 effectively covers the lower opening of the aperture adjacent the lower surface 214 to form the recess 220. The pad 270 actually provides the circular floor 222 of the recess, and extends as a layer over the side

5   surface of the aperture to form the side walls 224.

The pad 270 is made from metal, preferably copper plated with nickel, and provides a platform to support the LED die 230 and to conduct heat from the LED die 230 to the exposed lower surface of the package 200. The distance from the bottom of the LED die

10   to the exposed surface of the pad/platform 270 is relatively small compared to the overall dimensions of the package, and the cross-sectional area of the pad/platform 270 for heat to flow through is as large as the area of the mounting surface of the LED die 230. Thus, the pad/platform 270 provides an efficient heat path from the die to an external surface of the package. Furthermore, the exposed surface of the pad 270 is

15   ideally located for soldering to a heat sink of a printed circuit board on which the package may be surface mounted.

A transparent or translucent encapsulant material 260 is bonded to the upper surface 212 of the substrate 210 so as to encapsulate the terminals on the upper surface 212,

20   the gold wires 240, 242, and the LED die 230. The encapsulant material is shaped to form a focussing ellipsoidal dome over the light emitting diode. The ellipsoidal shape of the encapsulation dome optimises the surface mount LED package for use in applications such as video matrix displays.

25   The circular floor 222 and the side walls 224 of the recess 220 are provided by the pad/platform 270 which presents a silvered nickel surface to the LED die 230. Light emitted by the LED die 230 is reflected by the silvered surface of the circular floor 222 and the side walls 224 in an upwards direction for focussing by the encapsulant material 260. The recess 220 provided by the aperture in the substrate thus performs the dual

30   function of reflecting light from the LED die 230 much like a standard reflector cup, and enabling efficient heat dissipation from the LED die 230. Moreover, by mounting the LED die in the recess 220, the height of the package 200 can be considerably reduced over known packages such as the package 100 in Figure 1.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000349

7

As illustrated in Figure 2, the major axis radius of curvature of the ellipse shown in the front view is relatively large so as to provide a wide viewing angle of approximately 120 degrees. Such a wide viewing angle would be ideally configured in the horizontal plane as is well known in the field of video displays. In contrast, the minor axis radius of curvature of the ellipse shown in the side view is relatively small so as to provide a narrow viewing angle of approximately 60 degrees. Such as narrow viewing angle would be ideally configured in the vertical plane as is well known in the field of video displays.

An alternative to the LED package 200 configuration of Figure 2 is shown in Figure 23. This package is more square shaped with dimensions of approximately 3.2 mm long by 2.8 mm wide by 2 mm in height. The shape of the encapsulant material 260 has been modified to form a pyramid-like dome portion over the light emitting diode, and at the base of the pyramid, a planar portion covering the whole upper surface of the substrate 210.

Figure 3 is a flowchart illustrating, by way of example, the process steps 300 to 350 employed during the manufacture of the surface mount LED package shown in Figure 2.

In the interests of speed and efficiency, the manufacturing process is actually designed to manufacture multiple surface mount LED packages in one batch. The starting material for the manufacturing process is a large glass-fibre laminate board which is divided into an array or grid of identical rectangular units. Such a board may, for example, be an FR4 type substrate with a glass transition phase of 180 degrees centigrade. Preferably, the board has an array of units 40 units wide by 20 units long, and has dimensions of approximately 70 millimeters by 70 millimeters by 0.5 millimeters.

Each rectangular unit on the board forms the basis of the rectangular substrate 210 of the LED package in Figure 2. The same processing steps 300, 310, 320, 330, and 340 are applied to each rectangular unit prior to physical separation of the individual units in the sawing step 350. The processing of multiple units on a large board enables the units to be handled more accurately. In the following description, the processing steps will be explained with reference to a single rectangular unit on the board. However, it is understood that the steps will apply to all units on the board.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000350

8

## Board Fabrication

The first step 300 in the manufacturing process involves preparing the units of the board
for the die attach step 310. The board fabrication step 300 is illustrated sequentially in
Figures 4 to 14.

Referring to Figure 4, the bare glass-fiber board unit 400 is first plated on the upper and
lower surfaces with copper 410A, 410B using standard plating techniques. The board
unit 400 is 0.36 mm thick and each copper plating 410A, 410B is 0.07 mm thick such
that the total board thickness is 0.5 mm.

After copper plating, each rectangular unit 400 on the board is drilled with two differently
shaped drill bits 430, 450 as illustrated in Figure 5. With further reference to Figure 24,
two holes 420, 425 on opposite sides of the rectangular unit are drilled using a first
cylindrically shaped drill bit 430. These via-like holes 420, 425 extend between the
upper and lower surfaces of the board and through the copper platings 410A and 410B.
Additionally, a conical-section shaped recess is drilled in the upper surface of the board
centrally on the rectangular unit by a second cylindrically shaped drill bit 450 having a
tapered or chamfered end. The drill bit 450 drills to a depth of 0.45 mm +/- 0.02 mm
which is sufficient to ensure that an aperture is formed in the board 400 but is not so
deep as to drill through the lower copper plating 410B. At the maximum drilling depth of
0.47 mm, 0.03 mm of copper plating is left covering the lower opening of the aperture.
At the minimum drilling depth of 0.43 mm, all 0.07 mm of the copper plating is left
covering the lower opening of the aperture 440, as shown in Figure 5.

The drill bits remove copper plating 410 in the drilling areas, leaving surfaces of the
board exposed in the two via holes 420, 425 and in the aperture 440. These exposed
areas are then coated with a film of graphite such that the whole surface of the unit
becomes electrically conductive.

Following the graphite coating, the drilled unit is subjected to a series of photochemical
etching processes which selectively deposit metallic layers in predetermined regions on
the unit surface. The first photochemical etching processes is illustrated in Figure 6.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000351



9

Referring to Figure 6, the photochemical etching process comprises applying a dry film
600 made from photosensitive resistive material on the upper and lower surfaces of the
unit. Photomasks 610, 612 are then applied above and below the upper and lower dry
films 600 respectively. The photomasks 610, 612, shown respectively in plan in Figures
5   20 and 21, are generally transparent except for opaque regions which define where a
metallic layer should be deposited.

With the photomasks in position, the unit is exposed above and below to ultraviolet (UV)
10  radiation. The regions on the dry film corresponding to the transparent areas on the
photomask are selectively hardened by exposure to the UV light. These hardened areas
form a chemically-resistant etch mask whilst the unexposed and unhardened regions of
the dry film are dissolvable in a suitable etchant, such as chromic acid solution or ferric
chloride. Consequently, upon chemically etching away the dry film, an appropriate mask
15  700 is formed on the upper and lower surfaces of the unit as illustrated in Figure 7.

Figure 8 illustrates the result of electrolytically plating the unit with copper 800 followed
by nickel 810. Because the mask is electrically insulating, no plating occurs over the
mask region. In contrast, the remainder of the unit is electrically conductive (including
20  the holes and the recess) and so plating occurs everywhere except the mask region. At
this stage, the pad/platform 270 has started to form through the bulk of the package at
the bottom of the recess. The original copper plating 410B and the later copper plating
800 are integrally joined at the lower opening of the aperture in the substrate, as
illustrated by the dashed line in Figure 8.

25

Once the plating process is complete, the hardened mask region can be removed with a
suitable hot organic stripper to leave the unit in the form illustrated in Figure 9.

A second photochemical etching process is then applied to the unit on the upper surface
30  only. As before, a dry film 605 made of photosensitive resistive material is applied to the
upper surface of the unit. A photomask 614, shown in plan in Figure 22, is then applied
over the dry film and the upper surface of the unit is exposed to UV light. The
photomask exposes only the recessed area to UV light such that the dry film hardens

Attorney Docket No.: 70010017-3

DSS-NICHIA00000352

10

over the recess, and remains in place while the obscured regions are dissolved away by means of a suitable etchant. Figure 11 shows the result of this photomasking.

In order to provide improved connectivity to the conductive layers, a coating of flash gold 820 is applied to the unit in Figure 11. The flash gold only adheres to the nickel plated regions as shown in Figure 12. The nickel plating provides a passivation layer preventing the copper and gold layers reacting with each other. The recess region does not receive the gold plating due to the hardened dry film masking. Accordingly, the recess advantageously retains the highly reflective quality of the nickel plating. Figure 13 shows the unit after the hardened mask region has been removed using a suitable hot organic stripper.

Using a suitable etching chemical, the unwanted copper layers exposed on the outside of the unit 400 are easily removed leaving just the nickel coated recess and the gold coated interconnects as shown in Figure 14.

The last stage in the board fabrication step 300 is to seal the holes 420, 425 with a thermosetting polymer 720 such as a solder resist. The board is now ready for the die attach step.

Die Attach

The next step 310 in the manufacturing process is to mount an LED die 230 in the recess 440. The first stage of this die attach step involves dispensing or dotting a small amount of electrically conductive silver epoxy 730 on the floor or base of the recess. The next stage involves picking and placing an LED die 230 onto the silver epoxy in the recess as shown in Figure 15. The final stage of the die attach step involves curing the silver epoxy together with the rest of the unit in a box oven at approximately 180 degree centigrade for a period of approximately one hour. The cured silver epoxy fixes the die in place in the recess and provides good heat conductivity from the die to the underlying nickel surface of the pad/platform 270.

Wire Bond

Attorney Docket No.: 70010017-3

DSS-NICHIA00000353

11

A wire bonding step 320 is employed in the present embodiment to electrically couple the two sides of the semiconductor junction of the LED die to two electrically isolated terminals on the upper side of the unit board. The two terminals are provided by the gold plated layers 822, 824 at opposite ends of the unit board.

5

For each of the two wires 826, the wire bonding process creates a ball joint 828 between one end of gold wire and a bond pad on the LED die, and a wedge joint between the other end of the wire and the gold plated terminal on the unit board. A suitable apparatus and method for forming such a wire bond is described in U.S. patent number 4,600,138. The resulting wire bonded LED die is illustrated in Figure 16.



10

### Transfer Mold

The batch processing of multiple units is completed in the transfer mold step 330 in which an epoxy encapsulant is molded using a known transfer molding process over the upper surface of the unit 400. The mold is of comparable length and width to the original glass fibre board and comprises an array of ellipsoidal mold cups to compliment the array of units on the board. The mold process includes a first step of clamping the mold onto the upper surface of the board such that the array of mold cups are positioned to compliment the array of units on the board. The second step is to "transfer" a molding compound into the mold cups under elevated temperature and pressure conditions. For example, the molding compound could be an MG18 epoxy, available from Dexter Hysol, USA, which is heated to approximately 155 degrees centigrade and is transferred into the mold under a pressure of 1500 kilo Pascals.

15

20

25

### Post Mold Cure

Following the encapsulation step, the array of units undergo a post mold curing step 340 in which the units are baked in a box oven for a period of approximately 3 hours at a temperature of approximately 150 degrees centigrade. This curing step hardens the encapsulation epoxy so that it can withstand exposure to external impact and abrasion.

30

The cured encapsulant serves to focus light emitted from the LED die but also provides a barrier layer that prevents moisture and other materials from contacting and damaging

Attorney Docket No.: 70010017-3

DSS-NICHIA00000354



the LED die 30. The cured encapsulated unit is shown in detail in Figure 17. Many of the features in Figure 2 are shown in more detail in Figure 17 and for ease of reference the same labels have been used for equivalent features.

5    Sawing

Individual LED packages are produced in the final sawing step in which of individual units on the board array are sawn apart. Preferably, a 0.2 millimeter dicing saw, available from Disco Abrasive Systems Inc., Mountain View, California, is used to 10  separate the units. Detail views of the final surface mount LED package are shown in Figures 17, 18 and 19.

It is to be understood that within the scope of the appended claims the invention may be practiced otherwise than as specifically described. For example, the nickel plating on 15  the recess which presents a silvered surface to the LED die could be replaced with silver plating to form a silvered surface.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000355

## CLAIMS

1.      A light source comprising:

5        a substrate having opposing first and second surfaces, the substrate defining an
aperture extending between the first and second surfaces,

        a platform covering an opening of the aperture adjacent the first surface,

10       a light emitting diode mounted on the platform within the aperture, and

        a transparent encapsulant material encapsulating the light emitting diode in the
aperture.

15  2.      A light source as claimed in claim 2, wherein the platform extends beyond the
opening of the aperture over the first surface.

3.      A light source as claimed in claim 1, wherein the aperture comprises a side wall
tapering outwards towards the second surface.

20

4.      A light source as claimed in claim 3, wherein the platform extends over the side
wall.

5.      A light source as claimed in claim 1, wherein the platform presents a reflective
25  surface to the light emitting diode.

6.      A light source as claimed in claim 1, wherein the platform comprises a first
surface facing the aperture on which the light emitting diode is mounted, and an
opposite second surface exposed on the outside of the light source.

30

7.      A light source as claimed in claim 1, wherein the platform is made from thermally
conductive material for conducting heat away from the light emitting diode.

14

8.      A light source as claimed in claim 1, wherein the platform is made of metal.

9.      A light source as claimed in claim 8, wherein the metal platform is plated onto the substrate.

5

10.      A light source as claimed in claim 9, wherein the metal platform comprises layers of different metals.

11.      A light source as claimed in claim 1, wherein the substrate is made from an electrically and thermally insulating material.

10

12.      A light source as claimed in claim 1, wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.      A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focussing dome over the light emitting diode.

15

14.      A light source as claimed in claim 1, further comprising

20      a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

25      a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the upper surface coupled to the light emitting diode and a exposed pad on the first surface for coupling to external circuitry.

30 15.      A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000357

15

16.    A method of manufacturing a light source comprising:

providing a substrate with opposing first and second surfaces,

plating a first surface of the substrate with a metallic layer,

drilling a hole through the substrate from the second surface up to the metallic layer on the first surface such that the metallic layer provides a platform covering the opening of the aperture adjacent the first surface,

mounting a light emitting diode on the platform within the aperture, and

encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000358

10/128446

16

# LIGHT SOURCE

## ABSTRACT

A light source suitable for surface mounting onto a printed circuit board. The light source includes a planar substrate with a centrally positioned aperture. A light emitting diode is mounted on a metallic layer covering the bottom of the aperture, and is encapsulated by a transparent encapsulant material. The metallic layer provides a thermal path for heat generated by the light emitting diode.

Figure 2

Attorney Docket No.: 70010017-3

DSS-NICHIA00000359



Applicant:              Agilent Technologies, Inc
Attorney Docket No:     70010017-3
Title:                  Light Source
Inventor:               Sundar a/l Natarajan Yoganandan et al
Page:                   1 of 14

1/14



FIG 1

DSS-NICHIA00000360

Applicant:              Agilent Technologies, Inc
Attorney Docket No:     70010017-3
Title:                  Light Source
Inventor:               Sundar a/l Natarajan Yoganandan et al
Page:                   2 of 14



FIG 2                2/14





DSS-NICHIA00000361



Applicant:           Agilent Technologies, Inc
Attorney Docket No:  70010017-3
Title:               Light Source
Inventor:            Sundar a/l Natarajan Yoganandan et al
Page:                3 of 14

3/14



**FIG 3**

DSS-NICHIA00000362



Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 4 of 14

4/14



**FIG 4**



**FIG 5**

DSS-NICHIA00000363



Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 5 of 14

5/14



FIG 6

DSS-NICHIA00000364



| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 6 of 14 |

6/14





FIG 7



FIG 8

FIG 9



Exhibit A, page 27

DSS-NICHIA00000365



Applicant:              Agilent Technologies, Inc
Attorney Docket No:     70010017-3
Title:                  Light Source
Inventor:               Sundar a/l Natarajan Yoganandan et al
Page:                   7 of 14

7/14



FIG 10

DSS-NICHIA00000366



| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 8 of 14 |

8/14







**FIG 11**



**FIG 12**

**FIG 13**



Exhibit A, page 29

DSS-NICHIA00000367

Applicant:                  Agilent Technologies, Inc
Attorney Docket No:         70010017-3
Title:                      Light Source
Inventor:                   Sundar a/l Natarajan Yoganandan et al
Page:                        9 of 14

9/14



FIG 14



FIG 15



FIG 16

Exhibit A, page 30

DSS-NICHIA00000368

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 10 of 14

10/14



FIG 17

DSS-NICHIA00000369

Applicant:          Agilent Technologies, Inc
Attorney Docket No: 70010017-3
Title:              Light Source
Inventor:           Sundar a/l Natarajan Yoganandan et al
Page:               11 of 14

11/14



FIG 18



FIG 19

Exhibit A, page 32

DSS-NICHIA00000370




Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 12 of 14

12/14



610

**FIG 20**



620

**FIG 21**

**FIG 22**



614

DSS-NICHIA00000371



Applicant:           Agilent Technologies, Inc
Attorney Docket No:  70010017-3
Title:               Light Source
Inventor:            Sundar a/l Natarajan Yoganandan et al
Page:                13 of 14

13/14







**FIG 23**

Exhibit A, page 34

DSS-NICHIA00000372

Applicant:          Agilent Technologies, Inc
Attorney Docket No:  70010017-3
Title:              Light Source
Inventor:           Sundar a/l Natarajan Yoganandan et al
Page:               14 of 14

14/14



FIG 24

DSS-NICHIA00000373

**PATENT APPLICATION**

| DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION | ATTORNEY DOCKET NO. 70010017-3 |
|---|---|

As a below named inventor, I hereby declare that:

My residence/post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

**Light Source**

the specification of which is attached hereto unless the following box is checked:

( ) was filed on _____ as US Application Serial No. or PCT International Application Number _____ and was amended on _____ (if applicable).

I hereby state that I have reviewed and understood the contents of the above-identified specification, including the claims, as amended by any amendment(s) referred to above.  I acknowledge the duty to disclose all information which is material to patentability as defined in 37 CFR 1.56.

**Foreign Application(s) and/or Claim of Foreign Priority**

I hereby claim foreign priority benefits under Title 35, United States Code Section 119 of any foreign application(s) for patent or inventor(s) certificate listed below and have also identified below any foreign application for patent or inventor(s) certificate having a filing date before that of the application on which  priority is claimed:

| COUNTRY | APPLICATION NUMBER | DATE FILED | PRIORITY CLAIMED UNDER 35 U.S.C. 119 | |
|---|---|---|---|---|
| **Malaysia** | **PI 20011952** | **25 April 2001** | YES: ___ | NO: ___ |
| | | | YES: ___ | NO: ___ |

**Provisional Application**

I hereby claim the benefit under Title 35, United States Code Section 119(e) of any United States provisional application(s) listed below:

| APPLICATION SERIAL NUMBER | FILING DATE |
|---|---|
| | |
| | |

**U. S. Priority Claim**

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| APPLICATION SERIAL NUMBER | FILING DATE | STATUS (patented/pending/abandoned) |
|---|---|---|
| | | |
| | | |
| | | |

**POWER OF ATTORNEY:**

As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith:

**Customer Number** 022878

*Place Customer Number Bar Code Label here*

| Send Correspondence to:<br>AGILENT TECHNOLOGIES, INC.<br>Legal Department, DL429<br>Intellectual Property Administration<br>P.O. Box 7599<br>Loveland, Colorado 80537-0599 | Direct Telephone Calls To:<br><br>Herbert R. Schulze<br><br>(650) 485-4377 |
|---|---|

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and  belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full Name of Inventor: **Sundar A/L Natarajan Yoganandan**      Citizenship: **MY**

Residence: **P-1-5 Jalan Helang, Desa Permai Indah, 11700 Gelugor, Penang, Malaysia**

Post Office Address: **Same as residence**

| Inventor's Signature | | Date |
|---|---|---|

Rev 01/02 (DecPwr)      (Use Page Two For Additional Inventor(s) Signature(s))      Page 1 of  2

Exhibit A, page 36

DSS-NICHIA00000374

| DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION (continued) | ATTORNEY DOCKET NO. 70010017-3 |
|---|---|

Full Name of # 2 joint inventor: **Seong Choon Lim**         Citizenship: **MY**

Residence: **Blk EA-2-2, Lorong Kenari, Sg Ara, 11900 Penang, Malaysia**

Post Office Address: **Same as residence**

Inventor's Signature                                 Date


Full Name of # 3 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date


Full Name of # 4 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date


Full Name of # 5 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date


Full Name of # 6 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date


Full Name of # 7 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date


Full Name of # 8 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                 Date

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 2001

Application or Docket Number

700/00173

### CLAIMS AS FILED - PART I

|  | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 16 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 16 minus 20= | * 0 |
| INDEPENDENT CLAIMS | 2 minus 3 = | * 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 370.00 | OR | BASIC FEE | 740.00 |
| X$ 9= | | OR | X$18= | |
| X42= | | OR | X84= | |
| +140= | | OR | +280= | |
| TOTAL | | OR | TOTAL | 740 |

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total * | Minus ** | = | X$ 9= | | OR | X$18= | |
| Independent * | Minus *** | = | X42= | | OR | X84= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | +140= | | OR | +280= | |
| | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total * | Minus ** | = | | X$ 9= | | OR | X$18= | |
| Independent * | Minus *** | = | | X42= | | OR | X84= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +140= | | OR | +280= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total * | Minus ** | = | | X$ 9= | | OR | X$18= | |
| Independent * | Minus *** | = | | X42= | | OR | X84= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +140= | | OR | +280= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
   The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

# CLAIMS ONLY

| | |
|---|---|
| SERIAL NO. | 10/28446 |
| FILING DATE | 4-23-02 |
| APPLICANT(S) | |

**CLAIMS**

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | | | * | | * | | * | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. | | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | | | | | | | 51 | | | | | | |
| 2 | | | | | | | 52 | | | | | | |
| 3 | | | | | | | 53 | | | | | | |
| 4 | | | | | | | 54 | | | | | | |
| 5 | | | | | | | 55 | | | | | | |
| 6 | | | | | | | 56 | | | | | | |
| 7 | | | | | | | 57 | | | | | | |
| 8 | | | | | | | 58 | | | | | | |
| 9 | | | | | | | 59 | | | | | | |
| 10 | | | | | | | 60 | | | | | | |
| 11 | | | | | | | 61 | | | | | | |
| 12 | | | | | | | 62 | | | | | | |
| 13 | | | | | | | 63 | | | | | | |
| 14 | | | | | | | 64 | | | | | | |
| 15 | | | | | | | 65 | | | | | | |
| 16 | | | | | | | 66 | | | | | | |
| 17 | | | | | | | 67 | | | | | | |
| 18 | | | | | | | 68 | | | | | | |
| 19 | | | | | | | 69 | | | | | | |
| 20 | | | | | | | 70 | | | | | | |
| 21 | | | | | | | 71 | | | | | | |
| 22 | | | | | | | 72 | | | | | | |
| 23 | | | | | | | 73 | | | | | | |
| 24 | | | | | | | 74 | | | | | | |
| 25 | | | | | | | 75 | | | | | | |
| 26 | | | | | | | 76 | | | | | | |
| 27 | | | | | | | 77 | | | | | | |
| 28 | | | | | | | 78 | | | | | | |
| 29 | | | | | | | 79 | | | | | | |
| 30 | | | | | | | 80 | | | | | | |
| 31 | | | | | | | 81 | | | | | | |
| 32 | | | | | | | 82 | | | | | | |
| 33 | | | | | | | 83 | | | | | | |
| 34 | | | | | | | 84 | | | | | | |
| 35 | | | | | | | 85 | | | | | | |
| 36 | | | | | | | 86 | | | | | | |
| 37 | | | | | | | 87 | | | | | | |
| 38 | | | | | | | 88 | | | | | | |
| 39 | | | | | | | 89 | | | | | | |
| 40 | | | | | | | 90 | | | | | | |
| 41 | | | | | | | 91 | | | | | | |
| 42 | | | | | | | 92 | | | | | | |
| 43 | | | | | | | 93 | | | | | | |
| 44 | | | | | | | 94 | | | | | | |
| 45 | | | | | | | 95 | | | | | | |
| 46 | | | | | | | 96 | | | | | | |
| 47 | | | | | | | 97 | | | | | | |
| 48 | | | | | | | 98 | | | | | | |
| 49 | | | | | | | 99 | | | | | | |
| 50 | | | | | | | 100 | | | | | | |
| TOTAL IND. | 2 | | | | | | TOTAL IND. | | | | | | |
| TOTAL DEP. | 14 | | | | | | TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | 16 | | | | | | TOTAL CLAIMS | | | | | | |

* MAY BE USED FOR ADDITIONAL CLAIMS OR ADMENDMENTS

FORM PTO-2022 (1-98)

U.S.DEPARTMENT OF COMMERCE
Patent and Trademark Office

DSS-NICHIA00000377

11046 U.S. PTO
10/128446
04/23/02

| PATENT NUMBER and ISSUE DATE |
| --- |
| |

## U.S. UTILITY Patent Application

| APPL NUM | FILING DATE | CLASS | SUBCLASS | GAU | EXAMINER |
| --- | --- | --- | --- | --- | --- |
| 10128446 | 04/23/2002 | 257 | | 2811 | Mitchell |

**APPLICANTS:**   Yoganandan Sundar A/L; Lim Seong;

**CONTINUING DATA VERIFIED:**

** FOREIGN APPLICATIONS VERIFIED:
MALAYSIA PI 20011952 04/25/2001

| FG-PUB | DO NOT PUBLISH ☐ | | RESCIND ☐ | |
| --- | --- | --- | --- | --- |
| Foreign priority claimed | ☐ yes ☐ no | | ATTORNEY DOCKET NO | |
| 35 USC 119 conditions met | ☐ yes ☐ no | | | |
| Verified and Acknowledged Examiner's's initials | | | 70010017-3 | |
| TITLE : Light source | | | U.S DEPT. OF COMM./PAT.& TM-PTO-436L(Rev. 12-94) | |

| NOTICE OF ALLOWANCE MAILED | | CLAIMS ALLOWED | | |
| --- | --- | --- | --- | --- |
| | Assistant Examiner | Total Claims | Print Claim for O.G | |
| ISSUE FEE | | DRAWING | | |
| Amount Due | Date Paid | Sheets Drwg. | Figs.Drwg. | Print Fig. |
| | Primary Examiner | | | |
| ☐ TERMINAL DISCLAMER | PREPARED FOR ISSUE | Application Examiner | | |
| | **WARNING:** The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368, Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only. | | | |

FILED WITH: ☐ DISK (CRF)   ☐ CD-ROM
(Attached in pocket on right inside flap)

DSS-NICHIA00000378



DSS-NICHIA00000379



## SEARCH

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
| 257 | 79, 86, 99, 100 | 12/11/02 | *[signature]* |

### INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
|  |  |  |  |

## SEARCH NOTES
(List databases searched. Attach search strategy inside.)

|  | Date | Exmr. |
|---|------|-------|
| East (See Attached Sheet) | 12/11/02 | *[signature]* |

Exhibit A, page 42

DSS-NICHIA00000380

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

04/23/02

PATENT APPLICATION

ATTORNEY DOCKET NO. 70010017-3

### IN THE U.S. PATENT AND TRADEMARK OFFICE
#### Patent Application Transmittal Letter

**COMMISSIONER FOR PATENTS**
**Washington, D.C.  20231**

Sir:

Transmitted herewith for filing under 37 CFR 1.53(b) is a(n): (X) Utility   (  ) Design

(  ) original patent application,

(  ) continuation-in-part application

INVENTOR(S):   **Sundar A/L Natarajan Yoganandan et al**

TITLE:        **Light Source**

Enclosed are:

(X)  The Declaration and Power of Attorney.   (  ) signed     (X) unsigned or partially signed

(X)  __14__  sheets of drawings  (one set)          (  )  Associate Power of Attorney

(  ) Form PTO-1449              (  ) Information Disclosure Statement and Form PTO-1449

(  ) Priority document(s)   (  )(Other) _____(fee $_____)

| | | | | |
|---|---|---|---|---|
| **CLAIMS AS FILED BY OTHER THAN A SMALL ENTITY** | | | | |
| (1)<br>FOR | (2)<br>NUMBER FILED | (3)<br>NUMBER EXTRA | (4)<br>RATE | (5)<br>TOTALS |
| TOTAL CLAIMS | 16 — 20 | 0 | X $18 | $   0 |
| INDEPENDENT CLAIMS | 2 — 3 | 0 | X $84 | $   0 |
| ANY MULTIPLE DEPENDENT CLAIMS | 0 | | $280 | $   0 |
| BASIC FEE: Design (    $330.00   ); Utility (   $740.00  ) | | | | $   740 |
| TOTAL FILING FEE | | | | $   740 |
| OTHER FEES | | | | $ |
| TOTAL CHARGES TO DEPOSIT ACCOUNT | | | | $   740 |

Charge $____740____ to Deposit Account 50-1078.  At any time during the pendency of this application, please charge any fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.25.  Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17,1.19, 1.20 and 1.21.  A duplicate copy of this sheet is enclosed.

"Express Mail" label no. __EL 790 504 065 US__

Date of Deposit __April 23, 02__

I hereby certify that this is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to: Commissioner for Patents, Washington, D.C. 20231.

By _Patricia Flores_

Typed Name:  Patricia Flores

Respectfully submitted,

**Sundar A/L Natarajan Yoganandan et al**

By _Herbert R. Schulze_

**Herbert R. Schulze**

Attorney/Agent for Applicant(s)

Reg. No.  **30,682**

Date: _04-23-02_

Telephone No.: **(650) 485-4377**

Rev 10/01 (TransNew)

- Attach as First Page to Transmitted Papers -

DSS-NICHIA00000381

1

# LIGHT SOURCE

## Background Of The Invention

5      This invention relates to a light source. In particular, the invention relates to a high-power light source in the form of a light emitting diode (LED) package.

Light emitting diodes (LEDs) fabricated from silicon wafer are commonly used to generate light in a variety of applications ranging from simple low-power indication lights to higher-power LED traffic light clusters and LED matrix video displays. Typically, the light emitting diode die is assembled into a sealed package containing electrical connections between the die and terminal pads exposed on an outer surface of the package. Such a package enables simple connection of the diode to external circuitry and, due the sealing properties of the package, protects the die from external damage.

Recently, there has been a drive to make smaller surface mount LED packages which allow the LED to be reliably mounted onto a printed circuit board substrate at relatively high speeds. By making individual LED packages smaller, the number of LED dies per unit area in a multiple LED package may be increased. Furthermore, when the LED is mounted onto a circuit board, the thickness of the assembled circuit board can be reduced.

Today's surface mount LED packages are available in a wide variety of configurations. Figure 1 shows one typical surface mount LED package 100 comprising an LED die 110 mounted on a circuit board substrate 120 with a transparent material 130 encapsulating the LED 110. The package includes a pair of conductive interconnects 140, 142 for coupling the LED to external circuitry. A first electrode on the bottom surface of the LED 110 is mounted on and electrically coupled to one of the pair of conductive interconnects 140. A very small wire 144 is then "wire bonded" or welded at one end to a second electrode on the top surface of the LED 110, and at the other end to the other one of the pair of conductive interconnects 142.

A drawback with the LED package of Figure 1 is its inefficiency in dissipating heat away from the LED die 110. The circuit board substrate 120 and the transparent encapsulant

Attorney Docket No.: 70010017-3

DSS-NICHIA00000382

2

material 130 are typically made from thermally insulating materials which "trap" heat in LED die 110. For example, the circuit board material FR4 has a thermal conductivity coefficient of 0.2-0.3 watts per meter kelvin, while the encapsulant material Able-Bond 826 has a thermal conductivity coefficient of approximately 2 watts per meter kelvin.

5   Better heat conductivity is provided by the conductive interconnects 140, 142 which if made from copper would have a thermal conductivity coefficient of 400 watts per meter kelvin. However, the rate of heat dissipation from the conductive interconnects is severely limited by i) the small cross-sectional area of the interconnects, and ii) the relatively large distance of the heat path offered by the interconnects.

10

Demand for higher brightness surface mount LED packages is increasing in many fields such as in automotive and decorative lighting applications. Higher brightness can be achieved by increasing the current or power supplied to the LED die.

15   The poor heat dissipation properties of the LED package of Figure 1 limit the ability of the package to operate at higher power and thus increased brightness. Without efficient heat dissipation, the increased power supplied to the package rapidly increases the temperature of the die resulting in poor light extraction efficiency and even permanent damage to the die.

20

Summary Of The Invention

According to a first aspect of the present invention, there is provided a light source comprising: a substrate having opposing first and second surfaces, the substrate

25   defining an aperture extending between the first and second surfaces, a platform covering an opening of the aperture adjacent the first surface, a light emitting diode mounted on the platform within the aperture, and a transparent encapsulant material encapsulating the light emitting diode in the aperture.

30   A light source in accordance with the invention has the advantage that the platform on which the light emitting diode is mounted may provide a very efficient heat dissipating thermal path directly to an external surface of the light source. This in turn allows the light source to be driven at a higher power resulting in an increased light intensity output by the light source. The aperture in the substrate allows the substrate to be made from a

Attorney Docket No.: 70010017-3

DSS-NICHIA00000383

3

thermally insulating material without affecting the flow of heat from the die through the platform. Preferably, the first surface of the substrate forms a lower surface of the light source for surface mounting the light source onto a circuit board substrate. Advantageously, the encapsulant material may provide a focussing dome for focussing

5   light emitted by the light emitting diode.

Ideally, the aperture comprises a side wall tapering outwards towards the second surface. The side wall may, for example, be conically shaped like a reflector cup. The side wall extends between the first and second surfaces of the substrate and is inclined

10   to reflect light from the light emitting diode out of the aperture through the opening adjacent the second surface.

In a preferred embodiment, the platform extends over the first surface and over the side wall of the substrate. This has the advantage of holding the platform firmly in place on

15   the substrate, thus preventing it from detaching easily.

Suitably, the platform is made from a thermally conductive material such as metal for conducting heat away from the light emitting diode, and is configured such that a first surface faces the aperture on which the light emitting diode is mounted, and an opposite

20   second surface is exposed on the outside of the light source. Consequently, the thermal path is provided from the first surface of the platform to the second surface of the platform. Advantageously, the distance from the first surface to the second surface of the platform may be minimised to minimise the length of the thermal path and make it more efficient at dissipating heat.

25

A light source in accordance with the invention also has the advantage that by mounting the light emitting diode in the aperture of the substrate the package occupies a smaller volume.

30   According to a second aspect of the present invention, there is provided a method of manufacturing a light source comprising: providing a substrate with opposing first and second surfaces, plating a first surface of the substrate with a metallic layer, drilling a hole through the substrate from the second surface up to the metallic layer on the first surface such that the metallic layer provides a platform covering the opening of the

Attorney Docket No.: 70010017-3

DSS-NICHIA00000384

4

aperture adjacent the first surface, mounting a light emitting diode on the platform within the aperture, and encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

5   In a preferred embodiment, the platform and the side wall of the aperture is plated with another metallic layer after the drilling step.

Brief Description Of The Drawings

10   Embodiments of the invention will now be described, by way of example, with reference to the accompanying drawings, in which:

Figure 1 is a cross-sectional side view of a known surface mount LED package;

15   Figure 2 is an orthogonal projection showing front, plan and side views of a surface mount LED package in accordance with the invention;

Figure 3 is a flowchart illustrating exemplary steps employed during the manufacture of the surface mount LED package shown in Figure 2;

20

Figures 4 to 17 are cross-sectional side views of the surface mount LED package of Figure 2 at different stages in a manufacturing process;

Figure 18 is a plan view showing the top of the surface mount LED package shown in
25   Figure 17;

Figure 19 is a plan view showing the bottom of the surface mount LED package shown in Figure 17;

30   Figures 20 to 22 are plan views of UV masks employed in the manufacturing process steps shown in Figures 6 and 10.

Figure 23 is an alternative design for the surface mount LED package of Figure 2 with a pyramid-like encapsulant material,

Attorney Docket No.: 70010017-3

DSS-NICHIA00000385

5

Figure 24 is a plan view showing the top of the surface mount package of Figure 5.

Detailed Description

5

Referring to Figure 2, there is shown schematically an LED package 200 which can be surface mounted onto a printed circuit board by, for example, reflow soldering or possibly manual soldering.

10 The surface mount LED package 200 includes a rectangular planar substrate 210, such as an epoxy or glass laminate, a polyester or polyamide board, a bismaleimidetraizine (BT) resin board, or a thermosetting polyphenylene ether board. An upper surface 212 of the substrate includes a conic-section shaped recess 220 positioned centrally on the upper surface. The recess 220 comprises a generally circular floor 222, and a curved 15 side wall 224 tapering concentrically outwards from the floor towards a circular edge 226 on the upper surface 212.

The light emitting element of the LED package 200 is provided by a light emitting diode (LED) die 230 which is mounted centrally in the recess 220 of the substrate 210. As 20 illustrated in the front view of the LED package, two thin gold wires 240, 242 are electrically coupled at one end to the LED die 230 in order to supply an electric current across a semiconductor junction of the LED die. The other ends of the gold wires 240, 242 are electrically coupled to respective terminals on the upper surface 212 of the substrate 210.

25

The terminals on the upper surface 212 are in turn coupled to a pair of conductive pads 250, 252 on a lower surface 214 of the substrate 210 by a pair of electrically conductive vias, further details of which will be described later. The pair of conductive pads 250,252 which are exposed on the lower surface of the substrate provide two generally planar 30 surfaces suitable for surface mounting the bottom of the LED package onto a printed circuit board.

In order to efficiently dissipate heat away from the LED die 230, the LED package is provided with a thermal dissipation pad 270 located on the lower surface 214 of the

Attorney Docket No.: 70010017-3

DSS-NICHIA00000386

6

substrate. The pad 270 extends into the bulk of the package 200 through an aperture formed in the substrate 210. The pad 270 effectively covers the lower opening of the aperture adjacent the lower surface 214 to form the recess 220. The pad 270 actually provides the circular floor 222 of the recess, and extends as a layer over the side surface of the aperture to form the side walls 224.

The pad 270 is made from metal, preferably copper plated with nickel, and provides a platform to support the LED die 230 and to conduct heat from the LED die 230 to the exposed lower surface of the package 200. The distance from the bottom of the LED die to the exposed surface of the pad/platform 270 is relatively small compared to the overall dimensions of the package, and the cross-sectional area of the pad/platform 270 for heat to flow through is as large as the area of the mounting surface of the LED die 230. Thus, the pad/platform 270 provides an efficient heat path from the die to an external surface of the package. Furthermore, the exposed surface of the pad 270 is ideally located for soldering to a heat sink of a printed circuit board on which the package may be surface mounted.

A transparent or translucent encapsulant material 260 is bonded to the upper surface 212 of the substrate 210 so as to encapsulate the terminals on the upper surface 212, the gold wires 240, 242, and the LED die 230. The encapsulant material is shaped to form a focussing ellipsoidal dome over the light emitting diode. The ellipsoidal shape of the encapsulation dome optimises the surface mount LED package for use in applications such as video matrix displays.

The circular floor 222 and the side walls 224 of the recess 220 are provided by the pad/platform 270 which presents a silvered nickel surface to the LED die 230. Light emitted by the LED die 230 is reflected by the silvered surface of the circular floor 222 and the side walls 224 in an upwards direction for focussing by the encapsulant material 260. The recess 220 provided by the aperture in the substrate thus performs the dual function of reflecting light from the LED die 230 much like a standard reflector cup, and enabling efficient heat dissipation from the LED die 230. Moreover, by mounting the LED die in the recess 220, the height of the package 200 can be considerably reduced over known packages such as the package 100 in Figure 1.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000387

7

As illustrated in Figure 2, the major axis radius of curvature of the ellipse shown in the front view is relatively large so as to provide a wide viewing angle of approximately 120 degrees. Such a wide viewing angle would be ideally configured in the horizontal plane as is well known in the field of video displays. In contrast, the minor axis radius of curvature of the ellipse shown in the side view is relatively small so as to provide a narrow viewing angle of approximately 60 degrees. Such as narrow viewing angle would be ideally configured in the vertical plane as is well known in the field of video displays.

An alternative to the LED package 200 configuration of Figure 2 is shown in Figure 23. This package is more square shaped with dimensions of approximately 3.2 mm long by 2.8 mm wide by 2 mm in height. The shape of the encapsulant material 260 has been modified to form a pyramid-like dome portion over the light emitting diode, and at the base of the pyramid, a planar portion covering the whole upper surface of the substrate 210.

Figure 3 is a flowchart illustrating, by way of example, the process steps 300 to 350 employed during the manufacture of the surface mount LED package shown in Figure 2.

In the interests of speed and efficiency, the manufacturing process is actually designed to manufacture multiple surface mount LED packages in one batch. The starting material for the manufacturing process is a large glass-fibre laminate board which is divided into an array or grid of identical rectangular units. Such a board may, for example, be an FR4 type substrate with a glass transition phase of 180 degrees centigrade. Preferably, the board has an array of units 40 units wide by 20 units long, and has dimensions of approximately 70 millimeters by 70 millimeters by 0.5 millimeters.

Each rectangular unit on the board forms the basis of the rectangular substrate 210 of the LED package in Figure 2. The same processing steps 300, 310, 320, 330, and 340 are applied to each rectangular unit prior to physical separation of the individual units in the sawing step 350. The processing of multiple units on a large board enables the units to be handled more accurately. In the following description, the processing steps will be explained with reference to a single rectangular unit on the board. However, it is understood that the steps will apply to all units on the board.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000388

8

Board Fabrication

The first step 300 in the manufacturing process involves preparing the units of the board
for the die attach step 310. The board fabrication step 300 is illustrated sequentially in
Figures 4 to 14.

Referring to Figure 4, the bare glass-fiber board unit 400 is first plated on the upper and
lower surfaces with copper 410A, 410B using standard plating techniques. The board
unit 400 is 0.36 mm thick and each copper plating 410A, 410B is 0.07 mm thick such
that the total board thickness is 0.5 mm.

After copper plating, each rectangular unit 400 on the board is drilled with two differently
shaped drill bits 430, 450 as illustrated in Figure 5. With further reference to Figure 24,
two holes 420, 425 on opposite sides of the rectangular unit are drilled using a first
cylindrically shaped drill bit 430. These via-like holes 420, 425 extend between the
upper and lower surfaces of the board and through the copper platings 410A and 410B.
Additionally, a conical-section shaped recess is drilled in the upper surface of the board
centrally on the rectangular unit by a second cylindrically shaped drill bit 450 having a
tapered or chamfered end. The drill bit 450 drills to a depth of 0.45 mm +/- 0.02 mm
which is sufficient to ensure that an aperture is formed in the board 400 but is not so
deep as to drill through the lower copper plating 410B. At the maximum drilling depth of
0.47 mm, 0.03 mm of copper plating is left covering the lower opening of the aperture.
At the minimum drilling depth of 0.43 mm, all 0.07 mm of the copper plating is left
covering the lower opening of the aperture 440, as shown in Figure 5.

The drill bits remove copper plating 410 in the drilling areas, leaving surfaces of the
board exposed in the two via holes 420, 425 and in the aperture 440. These exposed
areas are then coated with a film of graphite such that the whole surface of the unit
becomes electrically conductive.

Following the graphite coating, the drilled unit is subjected to a series of photochemical
etching processes which selectively deposit metallic layers in predetermined regions on
the unit surface. The first photochemical etching processes is illustrated in Figure 6.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000389

9

Referring to Figure 6, the photochemical etching process comprises applying a dry film 600 made from photosensitive resistive material on the upper and lower surfaces of the unit. Photomasks 610, 612 are then applied above and below the upper and lower dry
5   films 600 respectively. The photomasks 610, 612, shown respectively in plan in Figures 20 and 21, are generally transparent except for opaque regions which define where a metallic layer should be deposited.

With the photomasks in position, the unit is exposed above and below to ultraviolet (UV)
10   radiation. The regions on the dry film corresponding to the transparent areas on the photomask are selectively hardened by exposure to the UV light. These hardened areas form a chemically-resistant etch mask whilst the unexposed and unhardened regions of the dry film are dissolvable in a suitable etchant, such as chromic acid solution or ferric chloride. Consequently, upon chemically etching away the dry film, an appropriate mask
15   700 is formed on the upper and lower surfaces of the unit as illustrated in Figure 7.

Figure 8 illustrates the result of electrolytically plating the unit with copper 800 followed by nickel 810. Because the mask is electrically insulating, no plating occurs over the mask region. In contrast, the remainder of the unit is electrically conductive (including
20   the holes and the recess) and so plating occurs everywhere except the mask region. At this stage, the pad/platform 270 has started to form through the bulk of the package at the bottom of the recess. The original copper plating 410B and the later copper plating 800 are integrally joined at the lower opening of the aperture in the substrate, as illustrated by the dashed line in Figure 8.

25

Once the plating process is complete, the hardened mask region can be removed with a suitable hot organic stripper to leave the unit in the form illustrated in Figure 9.

A second photochemical etching process is then applied to the unit on the upper surface
30   only. As before, a dry film 605 made of photosensitive resistive material is applied to the upper surface of the unit. A photomask 614, shown in plan in Figure 22, is then applied over the dry film and the upper surface of the unit is exposed to UV light. The photomask exposes only the recessed area to UV light such that the dry film hardens

Attorney Docket No.: 70010017-3

DSS-NICHIA00000390

10

over the recess, and remains in place while the obscured regions are dissolved away by means of a suitable etchant. Figure 11 shows the result of this photomasking.

In order to provide improved connectivity to the conductive layers, a coating of flash gold 820 is applied to the unit in Figure 11. The flash gold only adheres to the nickel plated regions as shown in Figure 12. The nickel plating provides a passivation layer preventing the copper and gold layers reacting with each other. The recess region does not receive the gold plating due to the hardened dry film masking. Accordingly, the recess advantageously retains the highly reflective quality of the nickel plating. Figure 13 shows the unit after the hardened mask region has been removed using a suitable hot organic stripper.

Using a suitable etching chemical, the unwanted copper layers exposed on the outside of the unit 400 are easily removed leaving just the nickel coated recess and the gold coated interconnects as shown in Figure 14.

The last stage in the board fabrication step 300 is to seal the holes 420, 425 with a thermosetting polymer 720 such as a solder resist. The board is now ready for the die attach step.

Die Attach

The next step 310 in the manufacturing process is to mount an LED die 230 in the recess 440. The first stage of this die attach step involves dispensing or dotting a small amount of electrically conductive silver epoxy 730 on the floor or base of the recess. The next stage involves picking and placing an LED die 230 onto the silver epoxy in the recess as shown in Figure 15. The final stage of the die attach step involves curing the silver epoxy together with the rest of the unit in a box oven at approximately 180 degree centigrade for a period of approximately one hour. The cured silver epoxy fixes the die in place in the recess and provides good heat conductivity from the die to the underlying nickel surface of the pad/platform 270.

Wire Bond

Attorney Docket No.: 70010017-3

DSS-NICHIA00000391

11

A wire bonding step 320 is employed in the present embodiment to electrically couple the two sides of the semiconductor junction of the LED die to two electrically isolated terminals on the upper side of the unit board. The two terminals are provided by the gold plated layers 822, 824 at opposite ends of the unit board.

5

For each of the two wires 826, the wire bonding process creates a ball joint 828 between one end of gold wire and a bond pad on the LED die, and a wedge joint between the other end of the wire and the gold plated terminal on the unit board. A suitable apparatus and method for forming such a wire bond is described in U.S. patent number 4,600,138. The resulting wire bonded LED die is illustrated in Figure 16.

10

Transfer Mold

The batch processing of multiple units is completed in the transfer mold step 330 in which an epoxy encapsulant is molded using a known transfer molding process over the upper surface of the unit 400. The mold is of comparable length and width to the original glass fibre board and comprises an array of ellipsoidal mold cups to compliment the array of units on the board. The mold process includes a first step of clamping the mold onto the upper surface of the board such that the array of mold cups are positioned to compliment the array of units on the board. The second step is to "transfer" a molding compound into the mold cups under elevated temperature and pressure conditions. For example, the molding compound could be an MG18 epoxy, available from Dexter Hysol, USA, which is heated to approximately 155 degrees centigrade and is transferred into the mold under a pressure of 1500 kilo Pascals.

15

20

25

Post Mold Cure

Following the encapsulation step, the array of units undergo a post mold curing step 340 in which the units are baked in a box oven for a period of approximately 3 hours at a temperature of approximately 150 degrees centigrade. This curing step hardens the encapsulation epoxy so that it can withstand exposure to external impact and abrasion.

30

The cured encapsulant serves to focus light emitted from the LED die but also provides a barrier layer that prevents moisture and other materials from contacting and damaging

12

the LED die 30. The cured encapsulated unit is shown in detail in Figure 17. Many of the features in Figure 2 are shown in more detail in Figure 17 and for ease of reference the same labels have been used for equivalent features.

5    Sawing

Individual LED packages are produced in the final sawing step in which of individual units on the board array are sawn apart. Preferably, a 0.2 millimeter dicing saw, available from Disco Abrasive Systems Inc., Mountain View, California, is used to 10 separate the units. Detail views of the final surface mount LED package are shown in Figures 17, 18 and 19.

It is to be understood that within the scope of the appended claims the invention may be practiced otherwise than as specifically described. For example, the nickel plating on the recess which presents a silvered surface to the LED die could be replaced with 15 silver plating to form a silvered surface.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000393

13

## CLAIMS

1.    A light source comprising:

5    a substrate having opposing first and second surfaces, the substrate defining an aperture extending between the first and second surfaces,

a platform covering an opening of the aperture adjacent the first surface,

10    a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

15    2.    A light source as claimed in claim 2, wherein the platform extends beyond the opening of the aperture over the first surface.

3.    A light source as claimed in claim 1, wherein the aperture comprises a side wall tapering outwards towards the second surface.

20

4.    A light source as claimed in claim 3, wherein the platform extends over the side wall.

5.    A light source as claimed in claim 1, wherein the platform presents a reflective
25    surface to the light emitting diode.

6.    A light source as claimed in claim 1, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

30

7.    A light source as claimed in claim 1, wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000394

14

8.      A light source as claimed in claim 1, wherein the platform is made of metal.

9.      A light source as claimed in claim 8, wherein the metal platform is plated onto the substrate.

10.     A light source as claimed in claim 9, wherein the metal platform comprises layers of different metals.

11.     A light source as claimed in claim 1, wherein the substrate is made from an electrically and thermally insulating material.

12.     A light source as claimed in claim 1, wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.     A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focussing dome over the light emitting diode.

14.     A light source as claimed in claim 1, further comprising

        a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

        a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the upper surface coupled to the light emitting diode and a exposed pad on the first surface for coupling to external circuitry.

15.     A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000395

16.    A method of manufacturing a light source comprising:

providing a substrate with opposing first and second surfaces,

plating a first surface of the substrate with a metallic layer,

drilling a hole through the substrate from the second surface up to the metallic layer on the first surface such that the metallic layer provides a platform covering the opening of the aperture adjacent the first surface,

mounting a light emitting diode on the platform within the aperture, and

encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

Attorney Docket No.: 70010017-3

DSS-NICHIA00000396

# LIGHT SOURCE

## ABSTRACT

5  A light source suitable for surface mounting onto a printed circuit board. The light source includes a planar substrate with a centrally positioned aperture. A light emitting diode is mounted on a metallic layer covering the bottom of the aperture, and is encapsulated by a transparent encapsulant material. The metallic layer provides a thermal path for heat generated by the light emitting diode.

10  Figure 2

Attorney Docket No.: 70010017-3

DSS-NICHIA00000397

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 1 of 14 |

1/14



FIG 1

DSS-NICHIA00000398

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 2 of 14 |

## FIG 2

2/14







DSS-NICHIA00000399

| Applicant: | Agilent Technologies, Inc |
|---|---|
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 3 of 14 |

3/14



**FIG 3**

DSS-NICHIA00000400

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 4 of 14



**FIG 4**



**FIG 5**

DSS-NICHIA00000401

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 5 of 14

5/14



FIG 6

DSS-NICHIA00000402

Applicant:              Agilent Technologies, Inc
Attorney Docket No:     70010017-3
Title:                  Light Source
Inventor:               Sundar a/l Natarajan Yoganandan et al
Page:                   6 of 14

6/14



FIG 7



FIG 8

FIG 9



Exhibit A, page 65

DSS-NICHIA00000403

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 7 of 14 |

7/14



FIG 10

DSS-NICHIA00000404

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 8 of 14 |

8/14



**FIG 11**



**FIG 12**

**FIG 13**



DSS-NICHIA00000405

Applicant:              Agilent Technologies, Inc
Attorney Docket No:     70010017-3
Title:                  Light Source
Inventor:               Sundar a/l Natarajan Yoganandan et al
Page:                   9 of 14

9/14



**FIG 14**



**FIG 15**



**FIG 16**

DSS-NICHIA00000406

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 10 of 14

10/14



FIG 17

DSS-NICHIA00000407

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 11 of 14

11/14



FIG 18



FIG 19

Exhibit A, page 70

DSS-NICHIA00000408

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 12 of 14 |

12/14



**FIG 20**



**FIG 21**

**FIG 22**



DSS-NICHIA00000409

| | |
|---|---|
| Applicant: | Agilent Technologies, Inc |
| Attorney Docket No: | 70010017-3 |
| Title: | Light Source |
| Inventor: | Sundar a/l Natarajan Yoganandan et al |
| Page: | 13 of 14 |

13/14







FIG 23

DSS-NICHIA00000410

Applicant:            Agilent Technologies, Inc
Attorney Docket No:   70010017-3
Title:                Light Source
Inventor:             Sundar a/l Natarajan Yoganandan et al
Page:                 14 of 14

14/14



FIG. 24

DSS-NICHIA00000411

# DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION

**ATTORNEY DOCKET NO.** 70010017-3

As a below named inventor, I hereby declare that:

My residence/post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

**Light Source**

the specification of which is attached hereto unless the following box is checked:

( ) was filed on _____ as US Application Serial No. or PCT International Application Number _____ and was amended on _____ (if applicable).

I hereby state that I have reviewed and understood the contents of the above-identified specification, including the claims, as amended by any amendment(s) referred to above.  I acknowledge the duty to disclose all information which is material to patentability as defined in 37 CFR 1.56.

**Foreign Application(s) and/or Claim of Foreign Priority**

I hereby claim foreign priority benefits under Title 35, United States Code Section 119 of any foreign application(s) for patent or inventor(s) certificate listed below and have also identified below any foreign application for patent or inventor(s) certificate having a filing date before that of the application on which priority is claimed:

| COUNTRY | APPLICATION NUMBER | DATE FILED | PRIORITY CLAIMED UNDER 35 U.S.C. 119 | |
|---|---|---|---|---|
| **Malaysia** | **PI 20011952** | **25 April 2001** | YES. | NO: |
| | | | YES: | NO: |

**Provisional Application**

I hereby claim the benefit under Title 35, United States Code Section 119(e) of any United States provisional application(s) listed below:

| APPLICATION SERIAL NUMBER | FILING DATE |
|---|---|
| | |
| | |

**U. S. Priority Claim**

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| APPLICATION SERIAL NUMBER | FILING DATE | STATUS (patented/pending/abandoned) |
|---|---|---|
| | | |
| | | |
| | | |

**POWER OF ATTORNEY:**

As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith:

**Customer Number** 022878

Place Customer Number Bar Code Label here

Send Correspondence to:
AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, Colorado 80537-0599

Direct Telephone Calls To:

Herbert R. Schulze

(650) 485-4377

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and  belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full Name of Inventor: <u>Sundar A/L Natarajan Yoganandan</u>     Citizenship: <u>MY</u>

Residence: <u>P-1-5 Jalan Helang, Desa Permai Indah, 11700 Gelugor, Penang, Malaysia</u>

Post Office Address: <u>Same as residence</u>

Inventor's Signature _____     Date _____

Rev 01/02 (DecPwr)     (Use Page Two For Additional Inventor(s) Signature(s))     Page 1 of  2

DSS-NICHIA00000412

| DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION   (continued) | ATTORNEY DOCKET NO. 70010017-3 |

Full Name of # 2 joint inventor: **Seong Choon Lim**                    Citizenship:  **MY**

Residence:                    **Blk EA-2-2, Lorong Kenari, Sg Ara, 11900 Penang, Malaysia**

Post Office Address:          **Same as residence**

Inventor's Signature                                        Date

Full Name of # 3 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Full Name of # 4 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Full Name of # 5 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Full Name of # 6 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Full Name of # 7 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Full Name of # 8 joint inventor:                           Citizenship:

Residence:

Post Office Address:

Inventor's Signature                                        Date

Exhibit A, page 75

DSS-NICHIA00000413

Page 1 of 2



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 |

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

**CONFIRMATION NO. 6533**

**FORMALITIES LETTER**

*OC000000008193028*

Date Mailed: 05/28/2002

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

#### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is unsigned.
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(l) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

**Items Required To Avoid Processing Delays:**

The item(s) indicated below are also required and should be submitted with any reply to this notice to avoid further processing delays.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is $130 for a Large Entity

- $130 Late oath or declaration Surcharge.

---

*A copy of this notice **MUST** be returned with the reply.*

DSS-NICHIA00000414

Customer Service Center
Initial Patent Examination Division (703) 308-1202

PART 3 - OFFICE COPY

DSS-NICHIA00000415

PATENT APPLICATION

#3

DECLARATION AND POWER OF ATTORNEY
FOR PATENT APPLICATION

COPY OF PAPERS
ORIGINALLY FILED

DOCKET NO. 70010017-3

As a below named inventor, I hereby declare that:

My residence/post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

**Light Source**

the specification of which is attached hereto unless the following box is checked:

(X) was filed on __Apr. 23, 2002__ as US Application Serial No. or PCT International Application Number __10/128,446__ and was amended on _____ (if applicable).

I hereby state that I have reviewed and understood the contents of the above-identified specification, including the claims, as amended by any amendment(s) referred to above.  I acknowledge the duty to disclose all information which is material to patentability as defined in 37 CFR 1.56.

**Foreign Application(s) and/or Claim of Foreign Priority**

I hereby claim foreign priority benefits under Title 35, United States Code Section 119 of any foreign application(s) for patent or inventor(s) certificate listed below and have also identified below any foreign application for patent or inventor(s) certificate having a filing date before that of the application on which  priority is claimed:

| COUNTRY | APPLICATION NUMBER | DATE FILED | PRIORITY CLAIMED UNDER 35 U.S.C. 119 | |
|---|---|---|---|---|
| | | | YES: | NO: |
| Malaysia | PI 20011952 | 25 April 2001 | YES: | NO: |

**Provisional Application**

I hereby claim the benefit under Title 35, United States Code Section 119(e) of any United States provisional application(s) listed below:

| APPLICATION SERIAL NUMBER | FILING DATE |
|---|---|
| | |
| | |

**U. S. Priority Claim**

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| APPLICATION SERIAL NUMBER | FILING DATE | STATUS (patented/pending/abandoned) |
|---|---|---|
| | | |
| | | |
| | | |

**POWER OF ATTORNEY:**

As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith:

Customer Number   | 022878 |

Place Customer
Number Bar Code
Label here

| Send Correspondence to: | Direct Telephone Calls To: |
|---|---|
| AGILENT TECHNOLOGIES, INC.<br>Legal Department, DL429<br>Intellectual Property Administration<br>P.O. Box 7599<br>Loveland, Colorado 80537-0599 | Herbert R. Schulze<br><br>(650) 485-4377 |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and  belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full Name of Inventor: __Sundar A/L Natarajan Yoganandan__        Citizenship: __MY__

Residence: __P-1-5 Jalan Helang, Desa Permai Indah, 11700 Gelugor, Penang, Malaysia__

Post Office Address: __Same as residence__

Inventor's Signature        __19ᵗʰ APRIL 2002__
                              Date

Rev 01/02 (DecPwr)        (Use Page Two For Additional Inventor(s) Signature(s))        Page 1 of  2

DSS-NICHIA00000416

| DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION  (continued) | ATTORNEY DOCKET NO. 70010017-3 |
|---|---|

Full Name of # 2 joint inventor: **Seong Choon Lim**                    Citizenship:  **MY**

Residence:                    **Blk EA-2-2, Lorong Kenari, Sg Ara, 11900 Penang, Malaysia**

Post Office Address:          **Same as residence**

Inventor's Signature                              Date  19/April/2002


Full Name of # 3 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Full Name of # 4 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Full Name of # 5 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Full Name of # 6 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Full Name of # 7 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Full Name of # 8 joint inventor:                    Citizenship:

Residence:

Post Office Address:

Inventor's Signature                              Date


Rev 01/02 (DecPwr)          (Use Page Two For Additional Inventor(s) Signature(s))          Page 2 of   2

DSS-NICHIA00000417

  



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

7590       12/20/2002

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO  80537-0599

| EXAMINER |
|---|
| MITCHELL, JAMES M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2827 | |

DATE MAILED: 12/20/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C  (Rev. 07-01)

DSS-NICHIA00000418

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAM SUNDAR |
| | Examiner | Art Unit | |
| | James  Mitchell | 2827 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED  (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>09 July 2002</u> .

2a) ☐ This action is **FINAL**.　　2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1-16</u> is/are pending in the application.

　　4a) Of the above claim(s) <u>16</u> is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-15</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are:  a) ☐ accepted or b) ☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is:  a) ☐ approved  b) ☐ disapproved by the Examiner.

　　If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. §§ 119 and 120

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a) ☐ All  b) ☐ Some *  c) ☐ None of:

　　　1. ☐ Certified copies of the priority documents have been received.

　　　2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

　　　3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　　* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

　　a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

## Attachment(s)

1) ☒ Notice of References Cited (PTO-892)　　　　　4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)　5) ☐ Notice of Informal Patent Application (PTO-152)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .　6) ☐ Other: .

DSS-NICHIA00000419

Application/Control Number: 10/128,446                                    Page 2

Art Unit: 2827

## DETAILED ACTION

### *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.    Claims 1-15, drawn to device, classified in class 257, subclass 99.

II.    Claim 16, drawn to method, classified in class 438, subclass 22.

The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as process of making and product made.  The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make other and materially different product or (2) that the product as claimed can be made by another and materially different process (MPEP § 806.05(f)).  In the instant case the product as claimed can be made by another and materially different process without a drilling step.

Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification, restriction for examination purposes as indicated is proper.

During a telephone conversation with Herbert Schulze on December 9, 2002 a provisional election was made without traverse to prosecute the invention of group I, claims 1-15.  Affirmation of this election must be made by applicant in replying to this Office action.  Claim 16 is withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

### *Claim Rejections - 35 USC § 102*

DSS-NICHIA00000420

Application/Control Number: 10/128,446                                           Page 3
Art Unit: 2827

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-6, 11-13 are rejected under 35 U.S.C. 102(b) as being anticipated by

Fujii (JP 52-47692).

Fujii (Fig 5) discloses a light source comprising an inherent insulating substrate

(1; via PCB) having opposing first and second surfaces, the substrate defining an

aperture (not labeled) extending between a first and second surface, a platform (5)

covering an opening of the aperture adjacent to the first surface, a light emitting diode

(<) mounted on the platform within the aperture and a transparent encapsulant material

(3) encapsulating the light emitting diode in the aperture; wherein the platform extends

beyond the opening; and the aperture comprises a side wall tapering outwards form the

second surface; and the platform extends over the walls and the platform presents a

reflective surface with a first surface facing the aperture on which the diode is mounted

an a second surface exposed on the outside of the light source (via portion extending

beyond encapsulant & bottom side of platform); said encapsulant is bonded to the

second surface and is inherently molded to provide focusing dome over light emitting

diode.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

DSS-NICHIA00000421

Application/Control Number: 10/128,446                                      Page 4
Art Unit: 2827

(a) A patent may not be obtained though the invention is not identically disclosed or described as set
forth in section 102 of this title, if the differences between the subject matter sought to be patented and
the prior art are such that the subject matter as a whole would have been obvious at the time the
invention was made to a person having ordinary skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors.  In considering patentability of
the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of
the various claims was commonly owned at the time any inventions covered therein
were made absent any evidence to the contrary.  Applicant is advised of the obligation
under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was
not commonly owned at the time a later invention was made in order for the examiner to
consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)
prior art under 35 U.S.C. 103(a).

Claims 7-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fujii
in combination with Yu (U.S 2002/0050779).

Fujii does not appear to disclose a metal platform made from thermally
conductive material.

Yu discloses a platform ("base") made from thermally conductive metal material
(claim 1, Line 2).  It would have been obvious to one of ordinary skill in the art to form
the platform of thermally conductive metal material in order to provide heat dissipation
as taught by Yu (Par. 0033, Lines 7-8).

With respect to claim 9, although neither Fujii nor Yu appear to explicitly teach
the process limitations of "plated," the product of Fujii and Yu inherently possesses the
structural characteristics imparted by the process limitation.  See In re Fitzgerald,
Sanders, and Bagheri, 205 USPQ 594 (CCPA 1980).

DSS-NICHIA00000422

Application/Control Number: 10/128,446

Art Unit: 2827

Page 5

With respect to claim 10, it would have been obvious to one of ordinary skill in the art to form the platform of different layers in order to form thermal dissipation since it has been held to be within the general skill of a worker in the art to select known materials on the basis of its suitability for the intended use as a matter of design choice. *In re Leshin*, 125 USPQ 416 (1960).

Claims 14 and 15 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fujii in combination with Song (U.S 2002/0175621).

Fujii further discloses a first electrically conductive interconnect (via plated hole) extending between a first and second surface with the second surface having a terminal, said interconnect coupled to the LED (via wire, 2) and an exposed pad on the first surface, and second vias (Fig 3, b1-b4) extending between an upper and lower surface of substrate and a first and second interconnect (Fig 4; plated hole), but does not appear to disclose the second interconnect coupled to the LED. However Song (Fig 3D) utilizes a second electrically conductive interconnect (15) extending between a first and second surface with the second surface having a terminal, said interconnect coupled to the LED and an exposed pad on the first surface.

It would have been obvious to one of ordinary skill in the art to modify the package of Fujii by incorporating a second interconnect in order to electrically connect LED with electrodes as taught by Song (Par. 0052).

Further, it would have been obvious to one of ordinary skill in the art to form a second interconnect coupled to the LED, since it has been held that mere duplication of

DSS-NICHIA00000423

Application/Control Number: 10/128,446

Art Unit: 2827

Page 6

the essential working components of a device involves only routine skill in the art. *St. Regis Paper Co.*, 193 USPQ 8 (CA7 1977).

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to James Mitchell whose telephone number is (703) 305-0244. The examiner can normally be reached on M-F 10:30-8:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David L. Talbott can be reached on (703) 305-9883. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-3432 for regular communications and (703) 305-3230 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-0956.

jmm
December 11, 2002

ALBERT W. PALADINI
PRIMARY EXAMINER

DSS-NICHIA00000424

| | Notice of References Cited | Application/Control No.<br>10/128,446 | Applicant(s)/Patent Under Reexamination<br>YOGANANDAM SUNDAR | |
|---|---|---|---|---|
| | | Examiner<br>James  Mitchell | Art Unit<br>2827 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-2002/0050779 | 05-2002 | Yu, Mu-Chin | 313/483 |
| | B | US-2002/0175621 | 11-2002 | Song et al. | 313/515 |
| | C | US-5,298,768 | 03-1994 | Okazaki et al. | 257/81 |
| | D | US-5,744,857 | 04-1998 | Yamamoto, Yousuke | 257/622 |
| | E | US-6,459,130 | 10-2002 | Arndt et al. | 257/432 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | 52-47692 | 04-1977 | Japan | Fujii | --- |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001) — **Notice of References Cited** — Part of Paper No. 4

Exhibit A, page 87

DSS-NICHIA00000425

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Yoganandan | |
| Serial No.: | 10/128,446 | |
| Filed: | 4/23/2002 | |
| For: | Light Source | |
| Group Art Unit: | 2827 | Examiner:  Mitchell, Jamed M. |

HON. ASSISTANT COMMISSIONER OF PATENTS
  AND TRADEMARKS
Washington, DC  20231

## TRANSMITTAL OF PRIORITY DOCUMENT

Applicants submit herewith the priority document for the above identified patent application.

This sheet is filed in duplicate.

Calvin B. Ward
Registration No. 30,896

Date signed and mailed:  3/3/03

Agilent Technologies, Inc.
Legal Department,
M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599
Telephone (925) 855-0413
Telefax (925)855-9214

Exhibit A, page 88

DSS-NICHIA00000426



KEMENTERIAN PERDAGANGAN DALAM NEGERI
DAN HAL EHWAL PENGGUNA MALAYSIA,
BAHAGIAN HARTA INTELEK,
TINGKAT 27, 30 DAN 32,
MENARA DAYABUMI,
JALAN SULTAN HISHAMUDDIN,
50623 KUALA LUMPUR

*Ministry of Domestic Trade and Consumer Affairs Malaysia,*
*Intellectual Property Division*

Telefon: 03-22742100
Fax: 03-22741332



Fail Tuan:

Fail Kita:

Tarikh:

To:

**CHOOI OOI CHEE**
RAJA DARRYL & LOH
18th FLOOR
WISMA SIME DARBY,
JALAN RAJA LAUT,
50350 KUALA LUMPUR
MALAYSIA.

**PATENT APPLICATION NO:   PI 2001 1952**

This   is   to   certify   that annexed   hereto   is   a   true
copy from the records of the Registry of Trade Marks
and Patents, Malaysia of the application as originally
filed which is identified therein.



... authority of the
...TRAR OF PATENTS

...UL RAHMAN RAMLI
(...ERTIFYING OFFICER)
31 May 2002

Exhibit A, page 89

DSS-NICHIA00000427



**KEMENTERIAN PERDAGANGAN DALAM NEGERI DAN HAL EHWAL PENGGUNA MALAYSIA**
BAHAGIAN HARTA INTELEK,
TINGKAT 27 & 32,
MENARA DAYABUMI,
JALAN SULTAN HISHAMUDDIN,
50623 KUALA LUMPUR.
*Ministry of Domestic Trade and Consumer Affairs, Malaysia Intellectual Property Division.*

Tel. : 03-2274 2100
Fax : 03-2274 1332

## CERTIFICATE OF FILING

| | | |
|---|---|---|
| **APPLICANT** | : | AGILENT TECHNOLOGIES, INC. |
| **APPLICATION NO.** | : | PI 20011952 |
| **REQUEST RECEIVED ON** | : | 25/04/2001 |
| **FILING DATE** | : | 25/04/2001 |
| **AGENT'S/APPLICANT'S FILE REF.** | : | WJN.533308.COC.LCP.FM. |

Please find attached, a copy of the Request Form relating to the above application, with the filing date and application number marked thereon in accordance with Regulation 25(1).

Date : 30/04/2001

.............................................
**(Hasnon Bt. Alang Mohd Rashid)**
**for Registrar of Patents**

To : **CHOOI OOI CHEE**
**C/O RAJA, DARRYL & LOH,**
**18TH FLOOR, WISMA SIME DARBY,**
**JALAN RAJA LAUT**
**50350-KUALA LUMPUR**
**MALAYSIA**

FF 09

Exhibit A, page 90

DSS-NICHIA00000428

Patents Form No. 1
Patents Act 1983

**REQUEST FOR GRANT OF PATENT**
[Regulation 7(1)]

To:     The Registrar of Patents
        Patent Registration Office
        Kuala Lumpur, Malaysia

*Please submit this Form in duplicate together with the prescribed fee.*

**For Official Use**

Application no. : A 2001 1952
Application received on : 25-04-2001
Fee received on : 25-04-2001
Amount: RM    260
Cash/Cheque/Draft No. : MBB 190846.

Agent's file ref. :
wjn.533308.coc.lcp.fm.

THE APPLICANT(S) REQUEST(S) THE GRANT OF A PATENT IN RESPECT OF THE FOLLOWING PARTICULARS:

I.     Title of invention:

       **LIGHT SOURCE.**

II.    APPLICANT(S):   [the data concerning each applicant must appear in this box or, if the space is insufficient, in the space below]

       Name                    :    **AGILENT TECHNOLOGIES, INC.**

       I.C./~~Passport/Co.~~ No. :

       Address                 :    **395 Page Mill Road,**
                                    **Palo Alto, California 94306,**
                                    **UNITED STATES OF AMERICA.**

       Nationality             :    **A corporation organised and existing under**
                                    **the laws of United States of America.**

       Permanent residence or
       principal place of business :    **- as above -**

       Address for service in Malaysia:

       **RAJA, DARRYL & LOH**
       ADVOCATES AND SOLICITORS

       *Advocates & Solicitors*          *Peguambela & Peguamcara*
       *Notary Public*                   *Notary Awam*
       *Commissioner for Oaths*          *Pesuruhjaya Sumpah*
       *Registered Patent Agents*        *Ejen Paten Berdaftar*
       *Registered Trade Mark Agents*    *Ejen Cap Dagangan Berdaftar*
       *Registered Industrial Designs Agents*  *Ejen Reka Bentuk Perindustrian Berdaftar*

       *Office:*18th Floor, Wisma Sime Darby, Jalan Raja Laut, 50350 Kuala Lumpur
       (*Postal address:* P.O. Box 12625, 50784 Kuala Lumpur, Malaytsia)
       *Tel:*+60-3-26949999; *Fax:* +60-3-26984759; 26938028; 26933823; *E-mail:* rdl@po.jaring.my

       Additional information (if any):

DITERIMA
25 APR 2001
Unit Paten
Bahagian
Harta Intelek

20011952

DSS-NICHIA00000429

| III. | INVENTOR: | |
|---|---|---|

Applicant(s) is/are the inventor(s):    Yes ☐    No ☒

If the Applicant(s) is/are not the inventor(s):

| Name of inventor | Address of inventor |
|---|---|
| 1.   Sundar a/l Natarajan Yoganandan | P-1-5 Jalan Helang, Desa Permai Indah, 11900 Penang, **MALAYSIA.** |
| 2.   Lim Seong Choon | Block EA-2-2, Lorong Kenari, Sungai Ara, 11900 Penang, **MALAYSIA.** |
| | |
| | |
| | |
| | |

A Statement Justifying the Applicant's Right to the patent accompanies this Form:    Yes ☐

No ☑

DITERIMA

**25 APR 2001**

Unit Paten
Bahagian
Harta Intelek

Additional Information (if any)

**2001 11952**

Exhibit A, page 92

DSS-NICHIA00000430

| IV. | AGENT OR REPRESENTATIVE |  |
|---|---|---|

The Applicant(s) has/have appointed Patent Agent(s):
- in the accompanying Form No. 17:                    ☐
- in which the Form No. 17 will follow:               ☒

The Patent Agents' Registration Nos.:    **PA91/0026; PA95/0059; PA95/0063; PA95/0064; PA99/0079**

The Applicants have appointed: ...................................**n.a.**...................................
to be their common representative.

| V. | DIVISIONAL APPLICATION: |
|---|---|

This application is a divisional application:                    ☐
The benefit of the filing date                                   ☐
   and/or priority date                                          ☐
of the initial application is claimed in as much as the subject matter of the present
application is contained in the initial application identified below:
   Initial Application No.                    :    .................................................
   Date of filing of initial application      :    .................................................

| VI. | DISCLOSURES TO BE DISREGARDED FOR PRIOR ART PURPOSES: |
|---|---|

Additional information is contained in supplemental box (below):
(a)     Disclosure was due to acts of the applicant or his
            predecessor-in-title:                               ☐
        Date of disclosure:      .................................................
(b)     Disclosure was due to abuse of rights of applicant
            or his predecessor-in-title:                        ☐
        Date of disclosure:      .................................................
A statement specifying in more detail the facts concerning
        the disclosure accompanies this Form.                   ☐

Additional Information (if any)/(Supplemental Box):

| VII. | PRIORITY CLAIM (if any) |
|---|---|

The priority of an earlier application is claimed as follows:

| Country/jurisdiction | Application number | Date of filing |
|---|---|---|
| n.a. | n.a. | n.a. |
|  |  |  |
|  |  |  |

Priority of more than one earlier application is claimed:
Symbol of the International Patent Classification (IPC): ...................................
        If not yet allocated, please tick:
The certified copy of the earlier application(s) – accompanies this Form:
                              - will be furnished upon the Registrar's request:

DITERIMA
25 APR 2001
Unit Paten
Bahagian
Harta Intelek

**2001 1952**

DSS-NICHIA00000431

Additional Information (if any):

VIII.   CHECK LIST:

A.   This application contains the following:

| | | | |
|---|---|---|---|
| 1. | Request (this Form): | 4 | sheets |
| 2. | description | 12 | sheets |
| 3. | claim(s) | 3 | sheets |
| 4. | abstract | 1 | sheets |
| 5. | drawings | 14 | sheets |
| | | Total: 34 | sheets |

B.   This Form, as filed, is accompanied by the items checked below:

| | | |
|---|---|---|
| (a) | signed Form No. 17   (will follow) | ☒ |
| (b) | declaration that inventor does not wish to be named in the patent | ☐ |
| (c) | statement justifying applicant's right to the patent   (will follow) | ☒ |
| (d) | statement that certain disclosures to be disregarded | ☐ |
| (e) | priority document (certified copy of earlier application) | ☐ |
| (f) | ~~cash~~/cheque/~~draft~~ for payment of the application fee | ☒ |
| (g) | other documents (specify) .................................................. | ☐ |

IX.   Signature: ..............................   Date:   25th April 2001.

Name of agent : CHOOI OOI CHEE.
Registration No.: PA 99/0079.

For Official Use:

1.   Date application received                                      :...............................................
2.   Date of receipt of correction, later filed papers       :...............................................
     or drawings completing the application



25 APR 2001
Unit Paten
Bahagian
Harta Intelek

20011952

DSS-NICHIA00000432

1

# LIGHT SOURCE

## Background Of The Invention

5    This invention relates to a light source. In particular, the invention relates to a high-power light source in the form of a light emitting diode (LED) package.

Light emitting diodes (LEDs) fabricated from silicon wafer are commonly used to generate light in a variety of applications ranging from simple low-power indication lights to higher-power LED traffic light clusters and LED matrix video displays. Typically, the

10   light emitting diode die is assembled into a sealed package containing electrical connections between the die and terminal pads exposed on an outer surface of the package. Such a package enables simple connection of the diode to external circuitry and, due the sealing properties of the package, protects the die from external damage.

15

Recently, there has been a drive to make smaller surface mount LED packages which allow the LED to be reliably mounted onto a printed circuit board substrate at relatively high speeds. By making individual LED packages smaller, the number of LED dies per unit area in a multiple LED package may be increased. Furthermore, when the LED is

20   mounted onto a circuit board, the thickness of the assembled circuit board can be reduced.

Today's surface mount LED packages are available in a wide variety of configurations. Figure 1 shows one typical surface mount LED package 100 comprising an LED die 110 mounted on a circuit board substrate 120 with a transparent material 130 encapsulating

25   the LED 110. The package includes a pair of conductive interconnects 140, 142 for coupling the LED to external circuitry. A first electrode on the bottom surface of the LED 110 is mounted on and electrically coupled to one of the pair of conductive interconnects 140. A very small wire 144 is then "wire bonded" or "welded" at one end to

30   a second electrode on the top surface of the LED 110, and at the other end to the other one of the pair of conductive interconnects 142.

A drawback with the LED package of Figure 1 is its inefficiency in dissipating heat away from the LED die 110. The circuit board substrate 120 and the transparent encapsulant

DSS-NICHIA00000433

2

material 130 are typically made from thermally insulating materials which "trap" heat in
LED die 110. For example, the circuit board material FR4 has a thermal conductivity
coefficient of 0.2-0.3 watts per meter kelvin, while the encapsulant material Able-Bond
826 has a thermal conductivity coefficient of approximately 2 watts per meter kelvin.
5   Better heat conductivity is provided by the conductive interconnects 140, 142 which if
made from copper would have a thermal conductivity coefficient of 400 watts per meter
kelvin. However, the rate of heat dissipation from the conductive interconnects is
severely limited by i) the small cross-sectional area of the interconnects, and ii) the
relatively large distance of the heat path offered by the interconnects.

10

Demand for higher brightness surface mount LED packages is increasing in many fields
such as in automotive and decorative lighting applications. Higher brightness can be
achieved by increasing the current or power supplied to the LED die.

15   The poor heat dissipation properties of the LED package of Figure 1 limit the ability of
the package to operate at higher power and thus increased brightness. Without efficient
heat dissipation, the increased power supplied to the package rapidly increases the
temperature of the die resulting in poor light extraction efficiency and even permanent
damage to the die.

20

Summary Of The Invention

According to a first aspect of the present invention, there is provided a light source
comprising: a substrate having opposing first and second surfaces, the substrate
25   defining an aperture extending between the first and second surfaces, a platform
covering an opening of the aperture adjacent the first surface, a light emitting diode
mounted on the platform within the aperture, and a transparent encapsulant material
encapsulating the light emitting diode in the aperture.

30   A light source in accordance with the invention has the advantage that the platform on
which the light emitting diode is mounted may provide a very efficient heat dissipating
thermal path directly to an external surface of the light source. This in turn allows the
light source to be driven at a higher power resulting in an increased light intensity output
by the light source. The aperture in the substrate allows the substrate to be made from a

Exhibit A, page 96

DSS-NICHIA00000434

3

thermally insulating material without affecting the flow of heat from the die through the platform. Preferably, the first surface of the substrate forms a lower surface of the light source for surface mounting the light source onto a circuit board substrate. Advantageously, the encapsulant material may provide a focussing dome for focussing

5      light emitted by the light emitting diode.

Ideally, the aperture comprises a side wall tapering outwards towards the second surface. The side wall may, for example, be conically shaped like a reflector cup. The side wall extends between the first and second surfaces of the substrate and is inclined

10     to reflect light from the light emitting diode out of the aperture through the opening adjacent the second surface.

In a preferred embodiment, the platform extends over the first surface and over the side wall of the substrate. This has the advantage of holding the platform firmly in place on

15     the substrate, thus preventing it from detaching easily.

Suitably, the platform is made from a thermally conductive material such as metal for conducting heat away from the light emitting diode, and is configured such that a first surface faces the aperture on which the light emitting diode is mounted, and an opposite

20     second surface is exposed on the outside of the light source. Consequently, the thermal path is provided from the first surface of the platform to the second surface of the platform. Advantageously, the distance from the first surface to the second surface of the platform may be minimised to minimise the length of the thermal path and make it more efficient at dissipating heat.

25

A light source in accordance with the invention also has the advantage that by mounting the light emitting diode in the aperture of the substrate the package occupies a smaller volume.

30     According to a second aspect of the present invention, there is provided a method of manufacturing a light source comprising: providing a substrate with opposing first and second surfaces, plating a first surface of the substrate with a metallic layer, drilling a hole through the substrate from the second surface up to the metallic layer on the first surface such that the metallic layer provides a platform covering the opening of the

Exhibit A, page 97

DSS-NICHIA00000435

4

aperture adjacent the first surface, mounting a light emitting diode on the platform within the aperture, and encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

5    In a preferred embodiment, the platform and the side wall of the aperture is plated with another metallic layer after the drilling step.

Brief Description Of The Drawings

10   Embodiments of the invention will now be described, by way of example, with reference to the accompanying drawings, in which:

Figure 1 is a cross-sectional side view of a known surface mount LED package;

15   Figure 2 is an orthogonal projection showing front, plan and side views of a surface mount LED package in accordance with the invention;

Figure 3 is a flowchart illustrating exemplary steps employed during the manufacture of the surface mount LED package shown in Figure 2;

20

Figures 4 to 17 are cross-sectional side views of the surface mount LED package of Figure 2 at different stages in a manufacturing process;

Figure 18 is a plan view showing the top of the surface mount LED package shown in
25   Figure 17;

Figure 19 is a plan view showing the bottom of the surface mount LED package shown in Figure 17;

30   Figures 20 to 22 are plan views of UV masks employed in the manufacturing process steps shown in Figures 6 and 10.

Figure 23 is an alternative design for the surface mount LED package of Figure 2 with a pyramid-like encapsulant material,

Exhibit A, page 98

DSS-NICHIA00000436

Figure 24 is a plan view showing the top of the surface mount package of Figure 5.

Detailed Description

5

Referring to Figure 2, there is shown schematically an LED package 200 which can be surface mounted onto a printed circuit board by, for example, reflow soldering or possibly manual soldering.

10   The surface mount LED package 200 includes a rectangular planar substrate 210, such as an epoxy or glass laminate, a polyester or polyamide board, a bismaleimidetraizine (BT) resin board, or a thermosetting polyphenylene ether board. An upper surface 212 of the substrate includes a conic-section shaped recess 220 positioned centrally on the upper surface. The recess 220 comprises a generally circular floor 222, and a curved

15   side wall 224 tapering concentrically outwards from the floor towards a circular edge 226 on the upper surface 212.

The light emitting element of the LED package 200 is provided by a light emitting diode (LED) die 230 which is mounted centrally in the recess 220 of the substrate 210. As

20   illustrated in the front view of the LED package, two thin gold wires 240, 242 are electrically coupled at one end to the LED die 230 in order to supply an electric current across a semiconductor junction of the LED die. The other ends of the gold wires 240, 242 are electrically coupled to respective terminals on the upper surface 212 of the substrate 210.

25

The terminals on the upper surface 212 are in turn coupled to a pair of conductive pads 250, 252 on a lower surface 214 of the substrate 210 by a pair of electrically conductive vias, further details of which will be described later. The pair of conductive pads 250,252 which are exposed on the lower surface of the substrate provide two generally planar

30   surfaces suitable for surface mounting the bottom of the LED package onto a printed circuit board.

In order to efficiently dissipate heat away from the LED die 230, the LED package is provided with a thermal dissipation pad 270 located on the lower surface 214 of the

DSS-NICHIA00000437

substrate. The pad 270 extends into the bulk of the package 200 through an aperture formed in the substrate 210. The pad 270 effectively covers the lower opening of the aperture adjacent the lower surface 214 to form the recess 220. The pad 270 actually provides the circular floor 222 of the recess, and extends as a layer over the side surface of the aperture to form the side walls 224.

The pad 270 is made from metal, preferably copper plated with nickel, and provides a platform to support the LED die 230 and to conduct heat from the LED die 230 to the exposed lower surface of the package 200. The distance from the bottom of the LED die to the exposed surface of the pad/platform 270 is relatively small compared to the overall dimensions of the package, and the cross-sectional area of the pad/platform 270 for heat to flow through is as large as the area of the mounting surface of the LED die 230. Thus, the pad/platform 270 provides an efficient heat path from the die to an external surface of the package. Furthermore, the exposed surface of the pad 270 is ideally located for soldering to a heat sink of a printed circuit board on which the package may be surface mounted.

A transparent or translucent encapsulant material 260 is bonded to the upper surface 212 of the substrate 210 so as to encapsulate the terminals on the upper surface 212, the gold wires 240, 242, and the LED die 230. The encapsulant material is shaped to form a focussing ellipsoidal dome over the light emitting diode. The ellipsoidal shape of the encapsulation dome optimises the surface mount LED package for use in applications such as video matrix displays.

The circular floor 222 and the side walls 224 of the recess 220 are provided by the pad/platform 270 which presents a silvered nickel surface to the LED die 230. Light emitted by the LED die 230 is reflected by the silvered surface of the circular floor 222 and the side walls 224 in an upwards direction for focussing by the encapsulant material 260. The recess 220 provided by the aperture in the substrate thus performs the dual function of reflecting light from the LED die 230 much like a standard reflector cup, and enabling efficient heat dissipation from the LED die 230. Moreover, by mounting the LED die in the recess 220, the height of the package 200 can be considerably reduced over known packages such as the package 100 in Figure 1.

DSS-NICHIA00000438

As illustrated in Figure 2, the major axis radius of curvature of the ellipse shown in the front view is relatively large so as to provide a wide viewing angle of approximately 120 degrees. Such a wide viewing angle would be ideally configured in the horizontal plane as is well known in the field of video displays. In contrast, the minor axis radius of
5    curvature of the ellipse shown in the side view is relatively small so as to provide a narrow viewing angle of approximately 60 degrees. Such as narrow viewing angle would be ideally configured in the vertical plane as is well known in the field of video displays.

An alternative to the LED package 200 configuration of Figure 2 is shown in Figure 23.
10    This package is more square shaped with dimensions of approximately 3.2 mm long by 2.8 mm wide by 2 mm in height. The shape of the encapsulant material 260 has been modified to form a pyramid-like dome portion over the light emitting diode, and at the base of the pyramid, a planar portion covering the whole upper surface of the substrate 210.

15

Figure 3 is a flowchart illustrating, by way of example, the process steps 300 to 350 employed during the manufacture of the surface mount LED package shown in Figure 2.

In the interests of speed and efficiency, the manufacturing process is actually designed
20    to manufacture multiple surface mount LED packages in one batch. The starting material for the manufacturing process is a large glass-fibre laminate board which is divided into an array or grid of identical rectangular units. Such a board may, for example, be an FR4 type substrate with a glass transition phase of 180 degrees centigrade. Preferably, the board has an array of units 40 units wide by 20 units long,
25    and has dimensions of approximately 70 millimeters by 70 millimeters by 0.5 millimeters.

Each rectangular unit on the board forms the basis of the rectangular substrate 210 of the LED package in Figure 2. The same processing steps 300, 310, 320, 330, and 340
30    are applied to each rectangular unit prior to physical separation of the individual units in the sawing step 350. The processing of multiple units on a large board enables the units to be handled more accurately. In the following description, the processing steps will be explained with reference to a single rectangular unit on the board. However, it is understood that the steps will apply to all units on the board.

DSS-NICHIA00000439

Board Fabrication

The first step 300 in the manufacturing process involves preparing the units of the board
for the die attach step 310. The board fabrication step 300 is illustrated sequentially in
Figures 4 to 14.

Referring to Figure 4, the bare glass-fiber board unit 400 is first plated on the upper and
lower surfaces with copper 410A, 410B using standard plating techniques. The board
unit 400 is 0.36 mm thick and each copper plating 410A, 410B is 0.07 mm thick such
that the total board thickness is 0.5 mm.

After copper plating, each rectangular unit 400 on the board is drilled with two differently
shaped drill bits 430, 450 as illustrated in Figure 5. With further reference to Figure 24,
two holes 420, 425 on opposite sides of the rectangular unit are drilled using a first
cylindrically shaped drill bit 430. These via-like holes 420, 425 extend between the
upper and lower surfaces of the board and through the copper platings 410A and 410B.
Additionally, a conical-section shaped recess is drilled in the upper surface of the board
centrally on the rectangular unit by a second cylindrically shaped drill bit 450 having a
tapered or chamfered end. The drill bit 450 drills to a depth of 0.45 mm +/- 0.02 mm
which is sufficient to ensure that an aperture is formed in the board 400 but is not so
deep as to drill through the lower copper plating 410B. At the maximum drilling depth of
0.47 mm, 0.03 mm of copper plating is left covering the lower opening of the aperture.
At the minimum drilling depth of 0.43 mm, all 0.07 mm of the copper plating is left
covering the lower opening of the aperture 440, as shown in Figure 5.

The drill bits remove copper plating 410 in the drilling areas, leaving surfaces of the
board exposed in the two via holes 420, 425 and in the aperture 440. These exposed
areas are then coated with a film of graphite such that the whole surface of the unit
becomes electrically conductive.

Following the graphite coating, the drilled unit is subjected to a series of photochemical
etching processes which selectively deposit metallic layers in predetermined regions on
the unit surface. The first photochemical etching processes is illustrated in Figure 6.

DSS-NICHIA00000440

9

Referring to Figure 6, the photochemical etching process comprises applying a dry film 600 made from photosensitive resistive material on the upper and lower surfaces of the unit. Photomasks 610, 612 are then applied above and below the upper and lower dry films 600 respectively. The photomasks 610, 612, shown respectively in plan in Figures 20 and 21, are generally transparent except for opaque regions which define where a metallic layer should be deposited.

With the photomasks in position, the unit is exposed above and below to ultraviolet (UV) radiation. The regions on the dry film corresponding to the transparent areas on the photomask are selectively hardened by exposure to the UV light. These hardened areas form a chemically-resistant etch mask whilst the unexposed and unhardened regions of the dry film are dissolvable in a suitable etchant, such as chromic acid solution or ferric chloride. Consequently, upon chemically etching away the dry film, an appropriate mask 700 is formed on the upper and lower surfaces of the unit as illustrated in Figure 7.

Figure 8 illustrates the result of electrolytically plating the unit with copper 800 followed by nickel 810. Because the mask is electrically insulating, no plating occurs over the mask region. In contrast, the remainder of the unit is electrically conductive (including the holes and the recess) and so plating occurs everywhere except the mask region. At this stage, the pad/platform 270 has started to form through the bulk of the package at the bottom of the recess. The original copper plating 410B and the later copper plating 800 are integrally joined at the lower opening of the aperture in the substrate, as illustrated by the dashed line in Figure 8.

Once the plating process is complete, the hardened mask region can be removed with a suitable hot organic stripper to leave the unit in the form illustrated in Figure 9.

A second photochemical etching process is then applied to the unit on the upper surface only. As before, a dry film 605 made of photosensitive resistive material is applied to the upper surface of the unit. A photomask 614, shown in plan in Figure 22, is then applied over the dry film and the upper surface of the unit is exposed to UV light. The photomask exposes only the recessed area to UV light such that the dry film hardens

Exhibit A, page 103

DSS-NICHIA00000441

10

over the recess, and remains in place while the obscured regions are dissolved away by means of a suitable etchant. Figure 11 shows the result of this photomasking.

In order to provide improved connectivity to the conductive layers, a coating of flash gold 820 is applied to the unit in Figure 11. The flash gold only adheres to the nickel plated regions as shown in Figure 12. The nickel plating provides a passivation layer preventing the copper and gold layers reacting with each other. The recess region does not receive the gold plating due to the hardened dry film masking. Accordingly, the recess advantageously retains the highly reflective quality of the nickel plating. Figure 13 shows the unit after the hardened mask region has been removed using a suitable hot organic stripper.

Using a suitable etching chemical, the unwanted copper layers exposed on the outside of the unit 400 are easily removed leaving just the nickel coated recess and the gold coated interconnects as shown in Figure 14.

The last stage in the board fabrication step 300 is to seal the holes 420, 425 with a thermosetting polymer 720 such as a solder resist. The board is now ready for the die attach step.

Die Attach

The next step 310 in the manufacturing process is to mount an LED die 230 in the recess 440. The first stage of this die attach step involves dispensing or dotting a small amount of electrically conductive silver epoxy 730 on the floor or base of the recess. The next stage involves picking and placing an LED die 230 onto the silver epoxy in the recess as shown in Figure 15. The final stage of the die attach step involves curing the silver epoxy together with the rest of the unit in a box oven at approximately 180 degree centigrade for a period of approximately one hour. The cured silver epoxy fixes the die in place in the recess and provides good heat conductivity from the die to the underlying nickel surface of the pad/platform 270.

Wire Bond

DSS-NICHIA00000442

11

A wire bonding step 320 is employed in the present embodiment to electrically couple
the two sides of the semiconductor junction of the LED die to two electrically isolated
terminals on the upper side of the unit board. The two terminals are provided by the gold
plated layers 822, 824 at opposite ends of the unit board.

5

For each of the two wires 826, the wire bonding process creates a ball joint 828
between one end of gold wire and a bond pad on the LED die, and a wedge joint
between the other end of the wire and the gold plated terminal on the unit board. A
suitable apparatus and method for forming such a wire bond is described in U.S. patent
10    number 4,600,138. The resulting wire bonded LED die is illustrated in Figure 16.

Transfer Mold

The batch processing of multiple units is completed in the transfer mold step 330 in
15    which an epoxy encapsulant is molded using a known transfer molding process over the
upper surface of the unit 400. The mold is of comparable length and width to the original
glass fibre board and comprises an array of ellipsoidal mold cups to compliment the
array of units on the board. The mold process includes a first step of clamping the mold
onto the upper surface of the board such that the array of mold cups are positioned to
20    compliment the array of units on the board. The second step is to "transfer" a molding
compound into the mold cups under elevated temperature and pressure conditions. For
example, the molding compound could be an MG18 epoxy, available from Dexter Hysol,
USA, which is heated to approximately 155 degrees centigrade and is transferred into
the mold under a pressure of 1500 kilo Pascals.

25

Post Mold Cure

Following the encapsulation step, the array of units undergo a post mold curing step 340
in which the units are baked in a box oven for a period of approximately 3 hours at a
30    temperature of approximately 150 degrees centigrade. This curing step hardens the
encapsulation epoxy so that it can withstand exposure to external impact and abrasion.

The cured encapsulant serves to focus light emitted from the LED die but also provides
a barrier layer that prevents moisture and other materials from contacting and damaging

DSS-NICHIA00000443

the LED die 30. The cured encapsulated unit is shown in detail in Figure 17. Many of the features in Figure 2 are shown in more detail in Figure 17 and for ease of reference the same labels have been used for equivalent features.

5    Sawing

Individual LED packages are produced in the final sawing step in which of individual units on the board array are sawn apart. Preferably, a 0.2 millimeter dicing saw, available from Disco Abrasive Systems Inc., Mountain View, California, is used to
10   separate the units. Detail views of the final surface mount LED package are shown in Figures 17, 18 and 19.

It is to be understood that within the scope of the appended claims the invention may be practiced otherwise than as specifically described. For example, the nickel plating on
15   the recess which presents a silvered surface to the LED die could be replaced with silver plating to form a silvered surface.

DSS-NICHIA00000444

13

# CLAIMS

1.    A light source comprising:

5    a substrate having opposing first and second surfaces, the substrate defining an aperture extending between the first and second surfaces,

a platform covering an opening of the aperture adjacent the first surface,

10    a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

15    2.    A light source as claimed in claim 2, wherein the platform extends beyond the opening of the aperture over the first surface.

3.    A light source as claimed in claim 1 or claim 2, wherein the aperture comprises a side wall tapering outwards towards the second surface.

20

4.    A light source as claimed in claim 3, wherein the platform extends over the side wall.

5.    A light source as claimed in any one of the preceding claims, wherein the
25    platform presents a reflective surface to the light emitting diode.

6.    A light source as claimed in any one of the preceding claims, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

30

7.    A light source as claimed in any one of the preceding claims, wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

Exhibit A, page 107

DSS-NICHIA00000445

14

8.     A light source as claimed in any one of the preceding claims, wherein the platform is made of metal.

9.     A light source as claimed in claim 8, wherein the metal platform is plated onto the substrate.

10.    A light source as claimed in claim 9, wherein the metal platform comprises layers of different metals.

11.    A light source as claimed in any one of the preceding claims, wherein the substrate is made from an electrically and thermally insulating material.

12.    A light source as claimed in any one of the preceding claims, wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.    A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focussing dome over the light emitting diode.

14.    A light source as claimed in any one of the preceding claims, further comprising

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the upper surface coupled to the light emitting diode and a exposed pad on the first surface for coupling to external circuitry.

15.    A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

Exhibit A, page 108

DSS-NICHIA00000446

16.    A method of manufacturing a light source comprising:

providing a substrate with opposing first and second surfaces,

5       plating a first surface of the substrate with a metallic layer,

drilling a hole through the substrate from the second surface up to the metallic layer on the first surface such that the metallic layer provides a platform covering the opening of the aperture adjacent the first surface,

10      mounting a light emitting diode on the platform within the aperture, and

encapsulating the light emitting diode in the aperture with a transparent encapsulant material.

DSS-NICHIA00000447

# LIGHT SOURCE

## ABSTRACT

5    A light source suitable for surface mounting onto a printed circuit board. The light source includes a planar substrate with a centrally positioned aperture. A light emitting diode is mounted on a metallic layer covering the bottom of the aperture, and is encapsulated by a transparent encapsulant material. The metallic layer provides a thermal path for heat generated by the light emitting diode.

10

The most illustrative drawing is Figure 2.

DSS-NICHIA00000448

1 / 14



Fig. 1

DSS-NICHIA00000449



Fig. 2

DSS-NICHIA00000450

Fig. 3



300 — Board Fabrication

310 — Die Attach

320 — Wire Bond

330 — Transfer Molding

340 — Post Mold Curing

350 — PCB Sawing

DSS-NICHIA00000451



DSS-NICHIA00000452



Fig. 6

UV

UV

UV

UV

610

619

609

609

DSS-NICHIA00000453



DSS-NICHIA00000454



Fig.10

DSS-NICHIA00000455



Fig.11

Fig.12

Fig.13

820

820

Exhibit A, page 118

DSS-NICHIA00000456

9 / 14



DSS-NICHIA00000457

10 / 14



Fig. 17

DSS-NICHIA00000458

Fig. 18



Fig. 19



Exhibit A, page 121

DSS-NICHIA00000459

121 A/4

Fig.20

610

Fig.21

620



DSS-NICHIA00000460

13 / 14



Fig. 23

260

222

224

210

214

260

224

222

260

DSS-NICHIA00000461



Fig. 24

DSS-NICHIA00000462

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:04PM P1

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration                              **PATENT APPLICATION**
P. O. Box 7599                                    **ATTORNEY DOCKET NO.**  70010017
Loveland, Colorado 80537-0599

**IN THE**
**UNITED STATES PATENT AND TRADEMARK OFFICE**

Inventor(s):   Yoganandan

Serial No.:    10/128,448                    Examiner:    Mitchell, James

Filing Date:   4/23/02                   Group Art Unit:   2827

Title:         Light Source                                   **FAX RECEIVED**

                                                               MAR − 7 2003

**COMMISSIONER FOR PATENTS**
**Washington, D.C.   20231**                          TECHNOLOGY CENTER 2800

TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

(X)   Response/Amendment                       ( )   Petition to extend time to respond
( )   New fee as calculated below              ( )   Supplemental Declaration
( )   No additional fee   (Address envelope to "Box Non-Fee Amendments")
( )   Other: _____ (fee $_____ )

| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
|---------|------|------|------|------|------|------|
| \multicolumn{7}{|c|}{CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY} |
| TOTAL CLAIMS | | MINUS | | = 0 | X $18 | $ 0 |
| INDEP. CLAIMS | | MINUS | | = 0 | X $84 | $ 0 |
| [ ] FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + $280 | $ 0 |

| EXTENSION FEE | 1ST MONTH $110.00 | 2ND MONTH $410.00 | 3RD MONTH $930.00 | 4TH MONTH $1450.00 | $ 0 |
|------|------|------|------|------|------|
| | | | | OTHER FEES | $ |
| | | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | $ 0 |

Charge  $     0      to Deposit Account 50-1078.  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account 50-1078 pursuant to 37 CFR 1.25.  Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21.  A duplicate copy of this sheet is enclosed.

I hereby certify that this paper is being facsimile          Respectfully submitted,
transmitted to the Patent and Trademark Office on
the date shown below.                                           Yoganandan

Date of Facsimile: **3/7/03**                              By _____

Typed Name:  Calvin B. Ward                                   Calvin B. Ward

Signature: _____                     Attorney/Agent for Applicant(s)
                                                             Reg. No.   30,896

                                                             Date: 3/7/03

Rev 12/02 (TnAmdFax)                                     Telephone No.: **(925) 844-0413**

Attach as First Page to Transmitted Papers -

Received from < 9258559214 > at 3/7/03 4:56:59 PM [Eastern Standard Time]

DSS-NICHIA00000463

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:04PM P2

AGILENT TECHNOLOGIES, INC.                                    PATENT APPLICATION
Legal Department, DL429
Intellectual Property Administration          ATTORNEY DOCKET NO. __70010017__
P. O. Box 7599
Loveland, Colorado 80537-0599

## IN THE
## UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s):  Yoganandan

Serial No.:  10/128,446                    Examiner:  Mitchell, James

Filing Date:  4/23/02                    Group Art Unit:  2827

Title:      Light Source

**FAX RECEIVED**

COMMISSIONER FOR PATENTS                    MAR - 7 2003
Washington, D.C.  20231

_____TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT_____   **TECHNOLOGY CENTER 2800**

Sir:

Transmitted herewith is/are the following in the above-identified application:

(X)  Response/Amendment                    ( )  Petition to extend time to respond
( )  New fee as calculated below              ( )  Supplemental Declaration
( )  No additional fee    (Address envelope to "Box Non-Fee Amendments")
( )  Other: _____ (fee $ _____ )

| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | | (7) ADDITIONAL FEES |
|---|---|---|---|---|---|---|---|
| **CLAIMS AS AMENDED  BY OTHER THAN A SMALL ENTITY** | | | | | | | |
| TOTAL CLAIMS | | MINUS | | = 0 | × | $18 | $ 0 |
| INDEP. CLAIMS | | MINUS | | = 0 | × | $84 | $ 0 |
| [ ] FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + | $280 | $ 0 |

| EXTENSION FEE | 1ST MONTH $110.00 | 2ND MONTH $410.00 | 3RD MONTH $930.00 | 4TH MONTH $1450.00 | $ 0 |
|---|---|---|---|---|---|
| | | | | OTHER FEES | $ |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | $ 0 |

Charge  $____0____  to Deposit Account 50-1078.  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account 50-1078 pursuant to 37 CFR 1.25.  Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21.  A duplicate copy of this sheet is enclosed.

I hereby certify that this paper is being facsimile           Respectfully submitted,
transmitted to the Patent and Trademark Office on
the date shown below.                                        Yoganandan

Date of Facsimile: 3/7/03                                    By _____

Typed Name:  Calvin B. Ward                                  Calvin B. Ward
Signature: _____                          Attorney/Agent for Applicant(s)
                                                            Reg. No.  30,896

                                                            Date: 3/7/03

Rev 12/02 (TnAmdFax)                                         Telephone No.: (925) 844-0413
                                          - Attach as First Page to Transmitted Papers -

Received from < 9258559214 > at 3/7/03 4:56:59 PM [Eastern Standard Time]

DSS-NICHIA00000464

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:05PM P3

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Yoganandan | |
| Serial No.: | 10/128,446 | |
| Filed: | 4/23/02 | |
| For: | Light Source | |
| Group Art Unit: | 2827 | Examiner: Mitchell, James M. |

**AMENDMENT**

FAX RECEIVED

MAR - 7 2003

TECHNOLOGY CENTER 2800

Hon. Commissioner of Patents
   and Trademarks
Washington, D.C. 20231

Sir:

In reply to the Office Action dated 12/20/03, in the above-identified patent application, Applicant submits the following Amendments and Remarks. Applicant respectfully requests that the following amendments be entered into the above-identified application and that the Examiner reconsider the grounds for rejection stated in the Office Action.

Received from < 9258559214 > at 3/7/03 4:56:59 PM [Eastern Standard Time]

Exhibit A, page 127

DSS-NICHIA00000465

**In the Claims:**

1.      (Currently amended) A light source comprising:

        a substrate having opposing first and second surfaces, the substrate defining an aperture extending between the first and second surfaces,

        a platform covering an opening of the aperture adjacent to the first surface,

        a light emitting diode mounted on the platform within the aperture, and

        a transparent encapsulant material encapsulating the light emitting diode in the aperture.

2.      (Currently amended) A light source as claimed in claim 2 1, wherein the platform extends beyond the opening of the aperture over the first surface.

3.      (Original) A light source as claimed in claim 1, wherein the aperture comprises a side wall tapering outwards towards the second surface.

4.      (Original) A light source as claimed in claim 3, wherein the platform extends over the side wall.

5.      (Original) A light source as claimed in claim 1, wherein the platform presents a reflective surface to the light emitting diode.

6.      (Original) A light source as claimed in claim 1, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

7.      (Original) A light source as claimed in claim 1, wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

2

DSS-NICHIA00000466

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:06PM P5

8.      (Original) A light source as claimed in claim 1, wherein the platform is made of metal.

9.      (Original) A light source as claimed in claim 8, wherein the metal platform is plated onto the substrate.

10.     (Original) A light source as claimed in claim 9, wherein the metal platform comprises layers of different metals.

11.     (Original) A light source as claimed in claim 1, wherein the substrate is made from an electrically and thermally insulating material.

12.     (Original) A light source as claimed in claim 1, wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.     (Original) A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focussing dome over the light emitting diode.

14.     (Currently amended) A light source as claimed in claim 1, further comprising:

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the upper surface coupled to the light emitting diode and a an exposed pad on the first surface for coupling to external circuitry.

15.     (Original) A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

3

Received from < 9258559214 > at 3/7/03 4:56:59 PM [Eastern Standard Time]

DSS-NICHIA00000467

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:06PM P6

16.     (withdrawn)

Received from < 9258559214 > at 3/7/03 4:56:59 PM [Eastern Standard Time]

Exhibit A, page 130

DSS-NICHIA00000468

## REMARKS

Applicant hereby confirms the election of Claims 1-15 for prosecution in this application without traverse.

The Examiner rejected Claims 1-6, and 11-13 as being anticipated by Fujii (JP 52-47692). Applicant traverses this rejection. The Examiner has the burden of showing by reference to the cited art each claim limitation in the reference. Anticipation under 35 U.S.C. 102 requires that each element of the claim in issue be found either expressly or inherently in a single prior art reference. In re King, 231 USPQ 136, 138 (Fed. Cir. 1986); Kalman v. Kimberly-Clark Corp., 218 USPQ 781, 789 (Fed. Cir. 1983). The mere fact that a certain thing may result from a given set of circumstances is not sufficient to sustain a rejection for anticipation. Ex parte Skinner, 2 USPQ2d 1788, 1789 (BdPatApp&Int 1986). "When the PTO asserts that there is an explicit or implicit teaching or suggestion in the prior art, it must indicate where such a teaching or suggestion appears in the reference" (In re Rijckaert, 28 USPQ2d, 1955, 1957).

In making this rejection, the Examiner looks to Figure 5 of Fujii. Specifically, the Examiner identifies element 1 as the substrate having an aperture extending between the first and second surfaces of the substrate. Claim 1 requires that the aperture extends between the first and second surfaces of the substrate. Fujii teaches an aperture that extends partially into the substrate but does not extend to the first surface of the substrate, i.e., the surface covered by the platform. In addition, platform 5 does not cover the aperture. Hence, Fujii fails to teach two of the limitations of Claim 1. Accordingly, Applicant submits that Fujii does not anticipate Claim 1 or the claims dependent therefrom.

With reference to Claim 2, the platform identified by the Examiner does not extend beyond the opening of the aperture over the first surface as required by the claim. Hence, there are additional grounds for allowing Claim 2.

With reference to Claim 4, the platform identified by the Examiner does not extend over the sidewall. Hence, there are additional grounds for allowing Claim 4.

5

Exhibit A, page 131

DSS-NICHIA00000469

With reference to Claim 6, the platform identified by the Examiner does not include a surface on the outside of the light source. Hence, there are additional grounds for allowing Claim 6.

The Examiner rejected Claims 7-10 under 35 U.S.C. 103(a) as being unpatentable over Fujii in combination with Yu (US 2002/0050779). Applicant traverses this rejection and repeats the arguments made above with reference to the missing elements in the teachings of Fujii.

In making this rejection, the Examiner looks to Yu for teaching a platform made from a thermally conductive material. The Examiner has not pointed to any teachings in Yu with respect to the missing elements discussed above with reference to the anticipation rejection of Claim 1. First, Yu teaches the mounting of the chip in a cavity in a heat conducting substrate. There is no platform that is separate from the substrate in the embodiment shown in Yu. Second, even if one were to use the teachings of Yu to suggest that the platform shown in Fujii should be made of a heat conducting material, the resulting device does not satisfy the limitations of Claim 1 from which Claim 7 depends. "The mere fact that a reference could be modified to produce the patented invention would not make the modification obvious unless it is suggested by the prior art." (*Libbey-Owens-Ford v. BOC Group*, 4 USPQ 2d 1097, 1103). " Hence, Applicants respectfully submit that the Examiner has not made a *prima facia* case for obviousness with respect to Claims 7-10.

With reference to Claim 9, the Examiner maintains that the platform of Yu inherently has the same properties as a plated layer. Applicant disagrees, a plated layer can be substantially thinner and provide superior bonding to the sheet metal and bulk conductors taught in Yu. Hence, there are additional grounds for allowing Claim 9.

The Examiner rejected Claims 14 and 15 under 35 U.S.C. 103(a) as being unpatentable over Fujii in combination with Song (US 2002/ 0175621). Applicant traverses this rejection and repeats the arguments made above with reference to the missing elements in the teachings of Fujii.

6

DSS-NICHIA00000470

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Mar. 07 2003 02:08PM P9

In making this rejection, the Examiner looks to Song for the teaching of first and second interconnects between the chip and pads on the substrate. The Examiner has not pointed to any teachings in Song with respect to the missing elements discussed above with reference to the anticipation rejection of Claim 1 from which these claims depend. Accordingly, the cited combination of references does not teach all of the elements of the claims in questions, and hence, the Examiner has not made a *prima facia* case for obviousness with respect to Claims 14 and 15.

I hereby certify that this paper (along with any others attached hereto) is being deposited with the United States Patent and Trademark office via Fax No. 703-305-3432. and 703-872-9318

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: March 7, 2003

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599
Telephone (925) 855-0413
Telefax (925) 855-9214

## FAX RECEIVED

MAR - 7 2003

### TECHNOLOGY CENTER 2800

7

Exhibit A, page 133

DSS-NICHIA00000471

| L Number | Hits | Search Text | DB | Time stamp |
|---|---|---|---|---|
| 1 | 19574 | (((led or diode) and (aperture or cavity or opening or trench or hole)) same (substrate or board)) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 17:15 |
| 2 | 382 | ((((led or diode) and (aperture or cavity or opening or trench or hole)) same (substrate or board))) and (encapsulant or encapsulate) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 16:22 |
| 3 | 349 | ( ((((led or diode) and (aperture or cavity or opening or trench or hole)) same (substrate or board))) and (encapsulant or encapsulate)) and (@ad<20020423) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 16:41 |
| 4 | 1 | ("20020050779").PN. | USPAT; US-PGPUB | 2003/08/10 16:40 |
| 5 | 0 | 6507049.URPN. | USPAT | 2003/08/10 16:38 |
| 6 | 6 | ("4178274" \| "4336367" \| "4454201" \| "5101264" \| "5145889" \| "5198479").PN. | USPAT | 2003/08/10 16:38 |
| 7 | 531 | (heat adj sink) near aluminum | USPAT | 2003/08/10 16:40 |
| 8 | 213 | ((heat adj sink) near aluminum) and (chip or die) | USPAT | 2003/08/10 16:41 |
| 9 | 212 | (((heat adj sink) near aluminum) and (chip or die)) and (@ad<20020423) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 17:15 |
| 10 | 13 | 4040078.URPN. | USPAT | 2003/08/10 17:00 |
| 11 | 0 | 6583444.URPN. | USPAT | 2003/08/10 17:05 |
| 12 | 24 | ("4040078" \| "4530152" \| "4566184" \| "4890383" \| "5079190" \| "5122860" \| "5148265" \| "5148266" \| "5200362" \| "5273938" \| "5298768" \| "5355016" \| "5367766" \| "5418186" \| "5436203" \| "5468999" \| "5474958" \| "5487999" \| "5557150" \| "5851847" \| "5900676" \| "5976912" \| "6001671" \| "6060729").PN. | USPAT | 2003/08/10 17:05 |
| 13 | 3 | 6060729.URPN. | USPAT | 2003/08/10 17:06 |
| 14 | 0 | 6531328.URPN. | USPAT | 2003/08/10 17:09 |
| 15 | 3 | ("5024966" \| "6060729" \| "6268660").PN. | USPAT | 2003/08/10 17:09 |
| 16 | 13 | 4040078.URPN. | USPAT | 2003/08/10 17:11 |
| 17 | 1397 | 257/98.ccls. and (@ad<20020423) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 17:15 |
| 18 | 926 | (257/98.ccls. and (@ad<20020423)) and (led or diode) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/08/10 17:16 |

DSS-NICHIA00000472

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

7590   08/26/2003

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO  80537-0599

| EXAMINER |
|---|
| MITCHELL, JAMES M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2827 | |

DATE MAILED: 08/26/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

DSS-NICHIA00000473

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAM SUNDAR |
| | **Examiner** | **Art Unit** |
| | James Mitchell | 2827 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 April 2003</u> .

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-15</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-15</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4)☐ Interview Summary (PTO-413) Paper No(s). _____ .
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)          **Office Action Summary**          Part of Paper No. 0811

DSS-NICHIA00000474

Application/Control Number: 10/128,446                                    Page 2
Art Unit: 2827

# DETAILED ACTION

## Claim Rejections - 35 USC § 112

1.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

2.      Claim 14 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.  Claim 14 recites the limitation " the upper surface" in Line 7. There is insufficient antecedent basis for this limitation in the claim.

## Claim Rejections - 35 USC § 102

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –

> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4.      Claims 1-6 and 11-13 are rejected under 35 U.S.C. 102(b) as being anticipated by Fujii (JP 52-47692).

5.      Fujii (Fig 5) discloses a light source comprising an inherent insulating substrate (1; via PCB) having opposing first and second surfaces, the substrate defining an aperture (not labeled) extending between a first and second surface, a platform (5) covering an opening of the aperture adjacent to the first surface, a light emitting diode (<) mounted on the platform within the aperture and a transparent encapsulant material (3) encapsulating the light emitting diode in the aperture; wherein the platform extends beyond the opening; and the aperture comprises a side wall tapering outwards form the

DSS-NICHIA00000475

Application/Control Number: 10/128,446                                    Page 3
Art Unit: 2827

second surface; and the platform extends over the walls and the platform presents a

reflective surface with a first surface facing the aperture on which the diode is mounted

an a second surface exposed on the outside of the light source (via portion extending

beyond encapsulant & bottom side of platform); said encapsulant is bonded to the

second surface and is inherently molded to provide focusing dome over light emitting

diode.

6.      Claims 1-6 and 11-13 are rejected under 35 U.S.C. 102(b) as being anticipated

by Haga (JP 55-107283).

7.      Haga (Fig 4; Abstract) discloses a light source comprising a electrically and

thermally conductive insulation ("insulation block"; A) having opposing first and second

surfaces, the substrate defining an aperture (not labeled, via mount area) stretched forth

between a first and second surface such that it extends, a platform (1') covering an

opening of the aperture adjacent to the first surface, a light emitting diode (3) mounted

on the platform within the aperture and a transparent encapsulant material (5)

encapsulating the light emitting diode in the aperture; wherein the platform extends

beyond the opening; and the aperture comprises a side wall tapering outwards form the

second surface; and the platform extends over the walls and the platform presents an

inherent reflective surface with a first surface facing the aperture on which the diode is

mounted an a second surface exposed on the outside of the light source (via portion

extending beyond encapsulant ); said encapsulant is bonded to the second surface of

the substrate and is inherently molded to provide focusing dome over light emitting

diode.

DSS-NICHIA00000476

Application/Control Number: 10/128,446                                        Page 4
Art Unit: 2827

### *Claim Rejections - 35 USC § 103*

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

9.      This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

10.     Claims 7-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fujii

in combination with Yu (U.S 2002/0050779).

11.     Fujii does not appear to disclose a metal platform made from thermally

conductive material.

12.     Yu discloses a platform ("base") made from thermally conductive metal material

(claim 1, Line 2).  It would have been obvious to one of ordinary skill in the art to form

the platform of thermally conductive metal material in order to provide heat dissipation

as taught by Yu (Par. 0033, Lines 7-8).

DSS-NICHIA00000477

Application/Control Number: 10/128,446                                      Page 5
Art Unit: 2827

13.     With respect to claim 9, product by process claim "plated", the prior art structure
is the same as the claimed invention. "[E]ven though product-by-process claims are
limited by and defined by the process, determination of patentability is based on the
product itself. The patentability of a product does not depend on its method of
production. If the product in the product-by-process claim is the same as or obvious
from a product of the prior art, the claim is unpatentable even though the prior product
was made by a different process."   In re Thorpe, 777 F.2d 695, 698, 227 USPQ 964,
966 (Fed. Cir. 1985).

14.     With respect to claim 10, it would have been obvious to one of ordinary skill in
the art to form the platform of different layers in order to form thermal dissipation since it
has been held to be within the general skill of a worker in the art to select known
materials on the basis of its suitability for the intended use as a matter of design choice.
*In re Leshin*, 125 USPQ 416 (1960).

15.     Claims 14 and 15 are rejected under 35 U.S.C. 103(a) as being unpatentable
over Fujii in combination with Suzuki (U.S 6,060,729).

16.     Fujii further discloses a first electrically conductive interconnect (via plated hole)
extending between a first and second surface with the second surface having a
terminal, said interconnect coupled to the LED (via wire, 2) and an exposed pad on the
first surface, and second vias (Fig 3, b1-b4) extending between an upper and lower
surface of substrate and a first and second interconnect (Fig 4; plated hole), but does
not appear to disclose the second interconnect coupled to the LED.

DSS-NICHIA00000478

Application/Control Number: 10/128,446                                      Page 6
Art Unit: 2827

17.     However Suzuki utilizes the diode has a first and second electrically conductive

interconnect extending between the first (31) and second (32) surfaces wherein the first

interconnect has a terminal on the second surface coupled to the LED and the second

interconnect having a terminal on the first surface or an upper surface coupled to the

LED and an exposed bad on the first surface for coupling to external circuitry.

18.     It would have been obvious to one of ordinary skill in the art to form the diode of

Fuji with a first and second electrically conductive interconnect extending between the

first and second surfaces wherein the first interconnect has a terminal on the second

surface coupled to the LED and the second interconnect having a terminal on the first

surface or an upper surface coupled to the LED and an exposed bad on the first surface

for coupling to external circuitry in order to form a LED that emits short wavelengths as

taught by Suzuki (Col. 2, Lines 41-48).

19.     Claims 7-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Haga as applied to claim 1 and further combination with Rubinsztajn (US 2003007368).

20.     Haga does not disclose that the platform is made from a metal, thermally

conductive material for conducting heat away from the light emitting diode, however

Rubinsztajn utilizes an aluminum reflective metal (Par.0051).

21.     It would have been obvious to one of ordinary skill in the art to form the platform

of Haga with aluminum in order to provide a reflector as required in a LED package.

22.     In regards to the intended use limitation "for conducting heat away," the

statement of intended use does not result in a structural difference between the claimed

apparatus and the apparatus of Haga.  Further, because the apparatus of Haga is

DSS-NICHIA00000479

Application/Control Number: 10/128,446                                    Page 7
Art Unit: 2827

inherently capable of being used for the intended use the statement of intended use does not patentably distinguish the claimed apparatus from the apparatus of Haga. Similarly, the manner in which an apparatus operates is not germane to the issue of patentability of the apparatus; Ex parte Wikdahl 10 USPQ 2d 1546, 1548 (BPAI 1989); Ex parte McCullough 7 USPQ 2d 1889, 1891 (BPAI 1988); In re Finsterwalder 168 USPQ 530 (CCPA 1971); In re Casey 152 USPQ 235, 238 (CCPA 1967). Also, "Expressions relating the apparatus to contents thereof during an intended operation are of no significance in determining patentability of the apparatus claim."; Ex parte Thibault, 164 USPQ 666, 667 (Bd. App. 1969). And, claims directed to apparatus must be distinguished from the prior art in terms of structure rather than function. In re Danley, 120 USPQ 528, 531 (CCPA 1959). "Apparatus claims cover what a device is, not what a device does." Hewlett-Packard Co. v. Bausch & Lomb Inc., 15 USPQ2d 1525, 1528 (Fed. Cir. 1990).

23.     With respect to claim 9, see paragraph 13.

24.     With respect to claim 10, see paragraph 14.

25.     Claim 14 is rejected under 35 U.S.C. 103(a) as being obvious over Haga as applied to claim 1 and further in combination with Suzuki (US 6,060,729).

26.     Haga further discloses an exposed bad on the first surface for coupling to external circuitry (Fig 4).

27.     However, neither reference appear to show that the diode has a first and second electrically conductive interconnect extending between the first and second surfaces wherein the first interconnect has a terminal on the second surface coupled to the LED

DSS-NICHIA00000480

Application/Control Number: 10/128,446                                              Page 8
Art Unit: 2827

and the second interconnect having a terminal on the first surface or an upper surface

coupled to the LED and an exposed bad on the first surface for coupling to external

circuitry.

28.     Suzuki utilizes the diode has a first and second electrically conductive

interconnect extending between the first (31) and second (32) surfaces wherein the first

interconnect has a terminal on the second surface coupled to the LED and the second

interconnect having a terminal on the first surface or an upper surface coupled to the

LED and an exposed bad on the first surface for coupling to external circuitry.

29.     It would have been obvious to one of ordinary skill in the art to form the diode of

Haga and Rubinsztajn with a first and second electrically conductive interconnect

extending between the first and second surfaces wherein the first interconnect has a

terminal on the second surface coupled to the LED and the second interconnect having

a terminal on the first surface or an upper surface coupled to the LED and an exposed

bad on the first surface for coupling to external circuitry in order to a LED that emits

short wavelengths as taught by Suzuki (Col. 2, Lines 41-48).

### *Response to Arguments*

30.     Applicant's arguments filed April 23, 2002 have been fully considered.  Due to

new rejections made, examiner will address those arguments that may still be

applicable.  In response to applicant's argument that Fuji does not show an aperture

that extends between a first and second surface, because Fujii only shows an aperture

that is partially between the first and second surfaces, the two are not mutually

exclusive.  The plain language of the term "extend" means only to stretch forth, which

DSS-NICHIA00000481

Application/Control Number: 10/128,446                                    Page 9
Art Unit: 2827

includes an aperture that is only partially between two surfaces; the claim is not limited

to anything else.  As for the platform extending beyond an opening of the aperture, Fuji

clearly shows a portion of the platform formed on a top surface of the substrate beyond

sidewalls that form the opening and outside the light source (light rays not in contact

with extended portion), which is out from the aperture.

31.     Lastly, applicant contends that Yu does not teach a platform separate from the

substrate and that modifications are not obvious unless it suggested in the prior art.  A

substrate is a supporting material that components are on or in.  Yu has a sealing resin

(4) that the components are on, thus it forms a substrate that is separate from the

platform. Furthermore, examiner has provided explicit teaching in the prior art why one

of ordinary skill in the art would look to Yu; the ability to provide heat dissipation, which

concerns semiconductors.

### *Conclusion*

32.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to James Mitchell whose telephone number is (703) 305-

0244.  The examiner can normally be reached on M-F 10:30-8:00.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David L. Talbott can be reached on (703) 305-9883.  The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

305-3432 for regular communications and (703) 305-3230 for After Final

communications.

DSS-NICHIA00000482

Application/Control Number: 10/128,446                                    Page 10
Art Unit: 2827

      Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 308-

0956.

jmm
August 10, 2003

John B. Vigushin
Primary Examiner
GAU 2827

DSS-NICHIA00000483

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Notice of References Cited** | 10/128,446 | YOGANANDAM SUNDAR |
| | Examiner | Art Unit | |
| | James  Mitchell | 2827 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,060,729 | 05-2000 | Suzuki et al. | 257/99 |
| | B | US-2003/0071368 | 04-2003 | Rubinsztajn, Malgorzata Iwona | 257/793 |
| | C | US-5,475,261 | 12-1995 | Tanizawa, Tetsu | 257/693 |
| | D | US-4,040,078 | 08-1977 | Eckton et al. | 250/551 |
| | E | US-6,531,328 | 03-2003 | Chen, Hsing | 438/26 |
| | F | US-2001/0030326 | 10-2001 | Reeh et al. | 257/98 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN  PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | 355107283 | 08-1980 | Japan | Haga | --- |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 0811

DSS-NICHIA00000484

PAT-NO:                    JP355107283A

DOCUMENT-IDENTIFIER:       JP 55107283 A

TITLE:                     LUMINOUS DIODE

PUBN-DATE:                 August 16, 1980


INVENTOR-INFORMATION:
NAME
HAGA, HITOSHI
NAKAYAMA, TORU
KUMAGAI, YOSHITAKA


ASSIGNEE-INFORMATION:
NAME                                       COUNTRY
MATSUSHITA ELECTRIC IND CO LTD             N/A


APPL-NO:      JP54014741

APPL-DATE:    February 9, 1979


INT-CL (IPC):  H01L033/00

US-CL-CURRENT: 257/98, 257/100 , 257/680 , 257/696 ,
257/703 , 257/749
                , 257/787 , 257/E23.061 , 257/E33.057


ABSTRACT:

    PURPOSE: To enable a luminous diode to be handled
easily, by forming a
recess on top of an insulation block, providing 2 metallic
layers extending
from the recess's bottom surface to the reverse side of the
block passing
through the block's side surface, and using these as a
diode's lead being fixed
onto one of the metallic layers.

    CONSTITUTION: A recess 6 is formed on top of an


08/16/2003, EAST Version: 1.04.0000

Exhibit A, page 147

DSS-NICHIA00000485

insulation block A having a
rectangular shape, and 2 separate metallic layers 1' and 2', which extend from
the recess's bottom to a part of the reverse side through the top covering the
bottom and the block A's side surface, are also formed.  A luminous diode 3 is
attached onto a section located in the bottom surface of the recess 6 on a
metallic layer 1', and an electrode provided on the diode 3 is connected to the
other metallic layer 2' using a small metallic wire 4.  And then, the recess 6
is filled with a light-pervious resin in such a manner as to cover the diode 3
and the small metallic wire 4 so that all of these become united into one body.
By doing so, it is possible to prevent the lead from sticking to outside and
from bending and also to improve its reliability.

COPYRIGHT: (C)1980,JPO&Japio

DSS-NICHIA00000486

⑲ 日本国特許庁 (JP)　　　　　　　　　⑪ 特 許 出 願 公 開

⑫ 公 開 特 許 公 報 (A)　　　　　昭55—107283

| �51Int. Cl.³ | 識別記号 | 庁内整理番号 | ㊸公開 昭和55年(1980) 8 月16日 |
|---|---|---|---|
| H 01 L　33/00 | | 7739—5 F | |

発明の数　 1
審査請求　未請求

(全　3 頁)

| | | |
|---|---|---|
| �54発光ダイオード | | 門真市話字門真1006番地松下電器産業株式会社内 |
| ㉑特　願　昭54—14741 | ⑫発 明 者 | 熊谷良隆 |
| ㉒出　願　昭54(1979) 2 月 9 日 | | 門真市大字門真1006番地松下電器産業株式会社内 |
| ⑫発 明 者　芳賀均 | | |
| 門真市大字門真1006番地松下電器産業株式会社内 | ⑪出 願 人 | 松下電器産業株式会社 |
| | | 門真市大字門真1006番地 |
| ⑫発 明 者　中山徹 | ⑭代 理 人 | 弁理士　中尾敏男　　外 1 名 |

明 　　細 　　書

1、発明の名称

発光ダイオード

2、特許請求の範囲

絶縁性のブロック体の頂面からそれぞれ底部に
わたって形成された2つの金属層のうち、一方の
前記金属層の前記頂面に位置する部分に発光ダイ
オード基板が接着されるとともに、前記発光ダイ
オードの電極と他方の前記金属層の前記頂面に位
置する部分との間が金属細線で接続され、さらに
前記絶縁性ブロック本体の頂面が透光性の樹脂に
よって封止されてなることを特徴とする発光ダイ
オード。

3、発明の詳細な説明

本発明は取扱いが容易でかつ機器への装着を簡
単に行うことのできる構造を具備した発光ダイ
オードに関するものである。

従来の発光ダイオードは、第1図で示すように、
並設された2本のリード1および2のうち一方の
リード1の頂部に発光ダイオード基板3を接着し、

さらにその上側電極と他方のリード2の頂部との
間を金属細線4によって接続した組立構体を透光
性の樹脂5によって封止した構造となっている。
かかる発光ダイオードの機器への装着は例えば、
機器内に収納されるプリント基板にもうけられた
リード挿入孔に発光ダイオードのリード1および
リード2を挿入し、半田付する方法によってなさ
れる。

この装着方法では、発光ダイオードのリードに
折れ曲りのないことが要求される。このため、完
成した発光ダイオードの取扱いにあたっては、リ
ードに折れ曲りをもたらすことのないよう細心の
注意を払わねばならない。また、機器への組込み
にあたっては、リード挿入孔へのリードの挿入が
不可避であり、このため装着の作業性が悪く、さ
らにリードの挿入の具合によって機器に装着され
た発光ダイオードの発光部の高さにばらつきが生
じること等の不都合も生じる。

本発明は、上述した不都合をことごとく排除す
ることのできる新規な構造を具備した発光ダイオ

—397—

Exhibit A, page 149

DSS-NICHIA00000487

ードを提供するものであって、絶縁性のブロック体の頂面からそれぞれ底部にわたって形成された2つの金属層を発光ダイオードのリードの等価物としたところに本発明の発光ダイオードの特徴が存在する。

次に、本発明実施例の発光ダイオードについて図面を参照しつつ説明する。

本発明実施例の発光ダイオードは、第2図にその斜視図、第3図に断面図を示すように直方体状の絶縁ブロック体の頂部に設けられた凹所6の内に、発光ダイオード基板3を接着する第1の金属層1′と、前記発光ダイオード基板3の上側電極に一端が接続される金属細線の他端を接続する第2の金属層2′とを有しており、これらの金属層はそれぞれ、絶縁ブロックの相対向する側面を被覆しかつ、裏面の一部にまで達するように形成され、さらに前記凹所6が、放光性物質を含有する透光性樹脂5によって封止される構造となっている。

すなわち、本発明の発光ダイオードでは、従来の発光ダイオードにみられた封止外殻外へ突出し

本発明の発光ダイオードには外部導出線がなく、従来の発光ダイオードとは全く異なる新規な構造を具備するものであって、外部導出線の存在によりもたらされる幾多の不都合をことごとく排除する効果が奏される。

4. 図面の簡単な説明

第1図は従来の発光ダイオードの断面図、第2図は本発明実施例の発光ダイオードの斜視図、第3図は同発光ダイオードの断面図、第4図は同発光ダイオードをプリント基板に装着した状態を示す断面図である。

1、2……リード、1′……第1の金属層、2′……第2の金属層、3……発光ダイオード基板、4……金属細線、5……透光性樹脂、6……凹所、7……プリント基板、8……配線層、9……半田、A……絶縁ブロック。

代理人の氏名 弁理士 中尾 敏男 外1名

たリードがなく、全体的な形状はほぼ直方体状をなす非常にコンパクトな形状となる。したがって従来の発光ダイオードのように取り扱い時にリードの折れ曲りがないよう細心の注意を払う必要はなくその取扱いが非常に簡単になる。

また、プリント基板への取りつけに際しては、第4図にその断面を示すようにプリント基板7に形成された配線層8の上に、この発光ダイオードを載置し、半田9によって接着するだけでよく、作業性良くとりつけることができる。また、リードに相当する金属層1′と2′の位置ならびに間隔が不変であるため自動装置も可能である。

なお、実施例においては絶縁ブロックとして直方体のものを用いたが、安定な形状を有するものであれば、これが円柱状あるいは角柱状であってもよい。また、金属層の形成も絶縁ブロックの側面全域から底面の一部にまで到るまでである必要はなく、側面部分を通る筒状であってもよく、底面近傍まで達するように形成されていればよい。

以上説明してきたところから明らかなように。

第 1 図



第 2 図



08/16/2003, EAST Version: 1.04.0000

Exhibit A, page 150

DSS-NICHIA00000488

特開昭55—107283 (3)

第 3 図



第 4 図



08/16/2003, EAST Version: 1.04.0000

Exhibit A, page 151

DSS-NICHIA00000489

| *Index of Claims* | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAM SUNDAR |
| | Examiner | Art Unit | |
| | James  Mitchell | 2827 | |

| √ | Rejected | — | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | + | Restricted | I | Interference | O | Objected |

| Claim (Final) | Claim (Original) | Date | | | | | | | | | Claim (Final) | Claim (Original) | Date | | | | | | | | | Claim (Final) | Claim (Original) | Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | | | | | 51 | | | | | | | | | | | 101 | | | | | | | | | |
| | 2 | | | | | | | | | | | 52 | | | | | | | | | | | 102 | | | | | | | | | |
| | 3 | | | | | | | | | | | 53 | | | | | | | | | | | 103 | | | | | | | | | |
| | 4 | | | | | | | | | | | 54 | | | | | | | | | | | 104 | | | | | | | | | |
| | 5 | | | | | | | | | | | 55 | | | | | | | | | | | 105 | | | | | | | | | |
| | 6 | | | | | | | | | | | 56 | | | | | | | | | | | 106 | | | | | | | | | |
| | 7 | | | | | | | | | | | 57 | | | | | | | | | | | 107 | | | | | | | | | |
| | 8 | | | | | | | | | | | 58 | | | | | | | | | | | 108 | | | | | | | | | |
| | 9 | | | | | | | | | | | 59 | | | | | | | | | | | 109 | | | | | | | | | |
| | 10 | | | | | | | | | | | 60 | | | | | | | | | | | 110 | | | | | | | | | |
| | 11 | | | | | | | | | | | 61 | | | | | | | | | | | 111 | | | | | | | | | |
| | 12 | | | | | | | | | | | 62 | | | | | | | | | | | 112 | | | | | | | | | |
| | 13 | | | | | | | | | | | 63 | | | | | | | | | | | 113 | | | | | | | | | |
| | 14 | | | | | | | | | | | 64 | | | | | | | | | | | 114 | | | | | | | | | |
| | 15 | | | | | | | | | | | 65 | | | | | | | | | | | 115 | | | | | | | | | |
| | 16 | | | | | | | | | | | 66 | | | | | | | | | | | 116 | | | | | | | | | |
| | 17 | | | | | | | | | | | 67 | | | | | | | | | | | 117 | | | | | | | | | |
| | 18 | | | | | | | | | | | 68 | | | | | | | | | | | 118 | | | | | | | | | |
| | 19 | | | | | | | | | | | 69 | | | | | | | | | | | 119 | | | | | | | | | |
| | 20 | | | | | | | | | | | 70 | | | | | | | | | | | 120 | | | | | | | | | |
| | 21 | | | | | | | | | | | 71 | | | | | | | | | | | 121 | | | | | | | | | |
| | 22 | | | | | | | | | | | 72 | | | | | | | | | | | 122 | | | | | | | | | |
| | 23 | | | | | | | | | | | 73 | | | | | | | | | | | 123 | | | | | | | | | |
| | 24 | | | | | | | | | | | 74 | | | | | | | | | | | 124 | | | | | | | | | |
| | 25 | | | | | | | | | | | 75 | | | | | | | | | | | 125 | | | | | | | | | |
| | 26 | | | | | | | | | | | 76 | | | | | | | | | | | 126 | | | | | | | | | |
| | 27 | | | | | | | | | | | 77 | | | | | | | | | | | 127 | | | | | | | | | |
| | 28 | | | | | | | | | | | 78 | | | | | | | | | | | 128 | | | | | | | | | |
| | 29 | | | | | | | | | | | 79 | | | | | | | | | | | 129 | | | | | | | | | |
| | 30 | | | | | | | | | | | 80 | | | | | | | | | | | 130 | | | | | | | | | |
| | 31 | | | | | | | | | | | 81 | | | | | | | | | | | 131 | | | | | | | | | |
| | 32 | | | | | | | | | | | 82 | | | | | | | | | | | 132 | | | | | | | | | |
| | 33 | | | | | | | | | | | 83 | | | | | | | | | | | 133 | | | | | | | | | |
| | 34 | | | | | | | | | | | 84 | | | | | | | | | | | 134 | | | | | | | | | |
| | 35 | | | | | | | | | | | 85 | | | | | | | | | | | 135 | | | | | | | | | |
| | 36 | | | | | | | | | | | 86 | | | | | | | | | | | 136 | | | | | | | | | |
| | 37 | | | | | | | | | | | 87 | | | | | | | | | | | 137 | | | | | | | | | |
| | 38 | | | | | | | | | | | 88 | | | | | | | | | | | 138 | | | | | | | | | |
| | 39 | | | | | | | | | | | 89 | | | | | | | | | | | 139 | | | | | | | | | |
| | 40 | | | | | | | | | | | 90 | | | | | | | | | | | 140 | | | | | | | | | |
| | 41 | | | | | | | | | | | 91 | | | | | | | | | | | 141 | | | | | | | | | |
| | 42 | | | | | | | | | | | 92 | | | | | | | | | | | 142 | | | | | | | | | |
| | 43 | | | | | | | | | | | 93 | | | | | | | | | | | 143 | | | | | | | | | |
| | 44 | | | | | | | | | | | 94 | | | | | | | | | | | 144 | | | | | | | | | |
| | 45 | | | | | | | | | | | 95 | | | | | | | | | | | 145 | | | | | | | | | |
| | 46 | | | | | | | | | | | 96 | | | | | | | | | | | 146 | | | | | | | | | |
| | 47 | | | | | | | | | | | 97 | | | | | | | | | | | 147 | | | | | | | | | |
| | 48 | | | | | | | | | | | 98 | | | | | | | | | | | 148 | | | | | | | | | |
| | 49 | | | | | | | | | | | 99 | | | | | | | | | | | 149 | | | | | | | | | |
| | 50 | | | | | | | | | | | 100 | | | | | | | | | | | 150 | | | | | | | | | |

Part of Paper No.  0811

Exhibit A  page 152

DSS-NICHIA00000490

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Nov. 17 2003 10:10AM P1

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

**ATTORNEY DOCKET NO.  70010017-3**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan

Serial No.:  10/128,446

Filing Date:  April 23, 2002

Title:  Light Source

**RECEIVED**
CENTRAL FAX CENTER

NOV 1 7 2003

Examiner:  Mitchell, James

Group Art Unit: 2827

**COMMISSIONER FOR PATENTS**
**P.O. Box 1450**
**Alexandria  VA  22313-1450**

OFFICIAL

### TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

- ☒ Response/Amendment
- ☐ New fee as calculated below
- ☒ No additional fee   (Address envelope to "Mail Stop Non-Fee Amendments")
- ☐ Other: _ _ _ _ _

- ☐ Petition to extend time to respond
- ☐ Supplemental Declaration

(Fee $ _ _ _ _ )

| CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY | | | | | | |
|---|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
| TOTAL CLAIMS | | MINUS | | = | X   18 | $ |
| INDEP. CLAIMS | | MINUS | | = | X   86 | $ |
| ☐ FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + 290 | $ |
| EXTENSION FEE | 1ST MONTH 110.00 ☐ | 2ND MONTH 420.00 ☐ | 3RD MONTH 950.00 ☐ | 4TH MONTH 1480.00 ☐ | | $ |
| | | | | | OTHER FEES | $ |
| | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | | | $ |

Charge $0 to Deposit Account 50-1078. At any time during the pendency of this application, ple se charge any fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.2 5. Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21. A duplicate copy of this transmittal letter is enclosed.

I hereby certify that this is paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below:

Date of facsimile:  November 17, 2003

Typed Name: Calvin Ward

Signature:

Respectfully submitted,

By
Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date:  November 17, 2003

Telephone No. (925) 855-0413

Exhibit A, page 153

DSS-NICHIA00000491

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Nov. 17 2003 10:10AM P3

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Yoganandan | |
| Serial No.: | 10/128,446 | |
| Filed: | 4/23/2002 | |
| For: | Light Source | |
| Group Art Unit: | 2827 | Examiner: Mitchell, James M. |

RECEIVED
CENTRAL FAX CENTER

NOV 1 7 2003

OFFICIAL

## AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In reply to the Office Action dated 8/26/03, in the above-identified patent application, Applicant submits the following Amendments and Remarks. Applicant respectfully requests that the following amendments be entered into the above-identified application and that the Examiner reconsider the grounds for rejection stated in the Office Action.

DSS-NICHIA00000492

**In the Claims:**

1.      (Currently amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending ~~between~~ from the first surface to the second surface ~~the first and second surfaces~~, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening ~~an opening of the aperture adjacent to the first surface~~,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

2.      (Currently amended) A light source as claimed in claim 1, wherein the platform extends beyond the first opening ~~opening of the aperture over the first surface~~.

3.      (Original) A light source as claimed in claim 1, wherein the aperture comprises a side wall tapering outwards towards the second surface.

4.      (Original) A light source as claimed in claim 3, wherein the platform extends over the side wall.

5.      (Original) A light source as claimed in claim 1, wherein the platform presents a reflective surface to the light emitting diode.

6.      (Original) A light source as claimed in claim 1, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

2

Exhibit A, page 155

DSS-NICHIA00000493

7.   (Original) A light source as claimed in claim 1, wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8.   (Original) A light source as claimed in claim 1, wherein the platform is made of metal.

9.   (Original) A light source as claimed in claim 8, wherein the metal platform is plated onto the substrate.

10.   (Original) A light source as claimed in claim 9, wherein the metal platform comprises layers of different metals.

11.   (Original) A light source as claimed in claim 1, wherein the substrate is made from an electrically and thermally insulating material.

12.   (Original) A light source as claimed in claim 1, wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.   (Original) A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focussing dome over the light emitting diode.

14.   (Currently amended) A light source as claimed in claim 1, further comprising:

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the ~~upper~~ second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

3

Exhibit A, page 156

DSS-NICHIA00000494

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Nov. 17 2003 10:12AM P6

15.    (Original) A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

16.    (withdrawn)

4

Exhibit A, page 157

DSS-NICHIA00000495

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Nov. 17 2003 10:12AM P7

## REMARKS

The Examiner rejected Claim 14 under 35 U.S.C. 112, second paragraph. The Examiner maintains that the limitation "the upper surface" in line 7 has insufficient antecedent basis. The above amendment to Claim 14 cures this defect.

The Examiner rejected claims 1-6 and 11-13 under 35 U.S.C. 102(b) as being anticipated by Fujii (JP 52,47692). Applicant submits that these claims as amended above are not anticipated by Fujii. The above amendments of Claims 1 and 2 make it clear that the aperture extends through the substrate. The aperture identified by the Examiner does not extend from the first opposing surface of the substrate to the second opposing surface.

With reference to Claim 6, the platform identified by the Examiner does not have a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

The Examiner rejected Claims 1-6 and 11-13 under 35 U.S.C. 102(b) as being anticipated by Haga (JP 55-107283). Applicant submits that these claims as amended abov are not anticipated by Haga. The aperture identified by the Examiner does not extend from the first opposing surface of the substrate to the second opposing surface.

With reference to Claim 6, the platform identified by the Examiner does not have a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

The Examiner rejected Claims 7-10 under 35 U.S.C. 103(a) as being unpatentable over Fujii in combination with Yu (US 2002/0050779). Applicant submits that these claims as amended above are not obvious in view of the cited references. Applicant repeats the arguments made above with reference to the missing teachings in Fujii. Yu does not provide the missing teachings; hence, Claim 1 and the claims dependent therefrom are not obvious in view of the cited references.

5

DSS-NICHIA00000496

FROM : Panasonic FAX SYSTEM          PHONE NO. : 9258559214          Nov. 17 2003 10:13AM P8

With reference to Claim 7, the Examiner admits that Fujii does not disclose a metal
platform made from thermally conductive material. The Examiner looks to Yu for the
missing teaching. According to the Examiner, the base taught in Yu is such a platform.
Applicant must disagree. The base taught in Yu is a lead frame for providing the electrical
connections to the LED which is inserted in the lead frame. In essence, Yu teaches a different
form of the contacts taught in the present invention. Hence, there are additional grounds for
allowing Claim 7.

With respect to Claim 10, the Examiner stated that it would have been obvious to one
of ordinary skill in the art to form the platform of different layers in order to form thermal
dissipation since it has been held to be within the general skill of a worker in the art to select
known materials on the basis of their suitability for the intended use as a matter of design
choice. *In re Leshin*, 125 USPQ 416 (1960). Applicant must disagree. The Examiner's
position is based on the assumption that a platform made of layers of different metals has
better heat dissipation properties. The Examiner has provided no support for such a
proposition. From the point of view of thermal conductivity, a single layer of the most
conductive material is always better. Hence, there is no motivation to make the alteration
identified by the Examiner.

The Examiner rejected Claims 14 and 15 under 35 U.S.C. 103(a) as being
unpatentable over Fujii in combination with Suzuki (US 6,060,729). Applicant submits that
these claims as amended above are not obvious in view of the cited references. Applicant
repeats the arguments made above with reference to the missing teachings in Fujii. Suzuki
does not provide the missing teachings; hence, Claim 1 and the claims dependent therefrom
are not obvious in view of the cited references.

The Examiner rejected claims 7-10 under 35 U.S.C. 103(a) as being unpatentable over
Haga as applied to claim 1 and further in combination with Rubinsztajn (US 2003/007368).
Applicant submits that these claims as amended above are not obvious in view of the cited
references. Applicant repeats the arguments made above with reference to the missing
teachings in Haga. Rubinsztajn does not provide the missing teachings, and hence, Claim 1
and the claims dependent therefrom are not obvious in view of the cited references.

6

Exhibit A, page 159

DSS-NICHIA00000497

In making this rejection, the Examiner admits that Haga does not disclose that the platform is made from a metal, The Examiner looks to Rubinsztajn for this missing teaching. In particular the Examiner points to paragraph 51 of Rubinsztajn in which Rubinsztajn teaches a reflective cup on which the LED rests. This is not a platform that covers a hole in the substrate. The combination of Haga and Rubinsztajn at most suggests using a reflective coating on the sides of the aperture.

With reference to Claim 10, Applicant repeats the arguments made above with respect to the rejection of this claim in view of Fujii and Yu. Hence, there are additional grounds for allowing Claim 10.

The Examiner rejected Claim 14 under 35 U.S.C. 103(a) as being obvious over Haga as applied to Claim 1 and further in combination with Suzuki (US 6,060,729). Applicant submits that Claim 14 as amended above is not obvious over these references. Applicant repeats the arguments made above with reference to the missing teachings of Claim 1 with respect to Haga. Suzuki does not provide these missing teachings. Accordingly, Claim 1 and the claims dependent therefrom could not be obvious with reference to the cited references.

I hereby certify that this paper is being sent by FAX to 703-872-9318.

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: Nov. 17, 2003

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599
Telephone (925) 855-0413
Telefax (925) 855-9214

7

DSS-NICHIA00000498



AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

PATENT APPLICATION

ATTORNEY DOCKET NO. ___70010017-3

OIPE
DEC 0 1 2003
PATENT & TRADEMARK OFFICE
JC-182

### IN THE
### UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Sundar A/L Natarajan Yoganandan, et al.,

Serial No.: 10/128,446

Examiner: James M. Mitchell

Filing Date: 04/23/2002

Group Art Unit: 2811

Title:      Light Source

**OFFICIAL DRAFTSPERSON**
**Drawing Processing Branch**
**PO Box 1450**
**Alexandria, VA 22313-1450**

### DRAWING TRANSMITTAL LETTER

Sir:

Enclosed herewith please find:

( ) _____ sheets of redlined drawing(s) which indicate proposed changes to the drawing(s).  Upon approval of these proposed changes, formal drawing(s) will be submitted.

( ) _____ sheets of corrected formal drawing(s), as required by the Notice of Patent Drawings Objection (PTO-948) which accompanied the Office Action dated_____ .

( ) _____ sheets of corrected formal drawing(s), as required by the Notice of Patent Drawings Objection (PTO-948) and approved in the Notice of Allowability dated_____ .

(X)  _14_  sheets of formal drawing(s).  Please substitute these formal drawing(s) for the informal drawing(s) originally filed.

( ) _____

Examiner's approval of the entry of these drawings is respectfully requested.  No new matter has been added.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, PO Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: N v. 24, 2003

Typed Name: Leon r S. Tuck

Signature:

Respectfully submitted,

Sundar A/L Natarajan Yoganandan, et

By _____

Thomas X. Li

Attorney/Agent for Applicant(s)
Reg. No. 37,079

Date: Nov. 24, 2003

Telephone No.: (650) 485-4881

Rev 10/02 (Dwgtrans)

Exhibit A, page 161

DSS-NICHIA00000499

DEC 0 1 2003
PATENT & TRADEMARK OFFICE

1/14



FIG 1

DSS-NICHIA00000500

Agilent Docket No. 70010017-3
Sundar A/L Natarajan v ganandan, et al.,
"LIGHT SOURCE"

2/14





FIG 2



DSS-NICHIA00000501

Agilent Docket N. 70010017-3
Sundar A/L Natarajan Y ganandan, et al.,
"LIGHT SOURCE"



3/14



| | |
|---|---|
| 300 | Board Fabrication |
| 310 | Die Attach |
| 320 | Wire Bond |
| 330 | Transfer Molding |
| 340 | Post Mold Curing |
| 350 | PCB Sawing |

FIG 3

DSS-NICHIA00000502

4/14



FIG 4



FIG 5

DSS-NICHIA00000503

5/14



FIG 6

DSS-NICHIA00000504

OIPE
DEC 0 1 2003
PATENT & TRADEMARK OFFICE

Agilent Docket No. 70010017-3
Sundar A/L Natarajan Yoganandan, et al.,
"LIGHT SOURCE"

6/14



FIG 7

FIG 8

FIG 9

DSS-NICHIA00000505

Agilent D cket No. 70010017-3
Sundar A/L Natarajan Y ganandan, et al.,
"LIGHT SOURCE"

7/14



FIG 10

DSS-NICHIA00000506

OIPE
DEC 0 1 2003
PATENT & TRADEMARK OFFICE

Agilent Docket No. 70010017-3
Sundar A/L Natarajan Yoganandan, et al.,
"LIGHT SOURCE"

8/14



FIG 11

820

FIG 12

820

FIG 13

Exhibit A, page 169

DSS-NICHIA00000507

Agilent Docket No. 70010017-3
Sundar A/L Natarajan Yoganandan, et al.,
"LIGHT SOURCE"

9/14



FIG 14

FIG 15

FIG 16

Exhibit A, page 170

DSS-NICHIA00000508

Agilent Docket No. 70010017-3
Sundar A/L Natarajan y ganandan, et al.,
"LIGHT SOURCE"

10/14



FIG 17

DSS-NICHIA00000509

Case 2:17-cv-08849-JVS-JEM Document 130-3 Filed 08/28/23 Page 170 of 309 Page ID #:1855

11/14



FIG 18



FIG 19

DSS-NICHIA00000510

Agilent Docket No. 70010017-3
Sundar A/L Natarajan Y ganandan, et al.,
"LIGHT SOURCE"

12/14



610

FIG 20



620

FIG 21



614

FIG 22

Exhibit A, page 173

DSS-NICHIA00000511





# FIG 23

Exhibit A, page 174

DSS-NICHIA00000512

Agilent Docket No. 70010017-3
Sundar A/L Natarajan Yoganandan, et al.,
"LIGHT SOURCE"

14/14



FIG 24

DSS-NICHIA00000513

| L Number | Hits | Search Text | DB | Time stamp |
|---|---|---|---|---|
| 1 | 3102 | 257/79,81,99,100.ccls. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 14:42 |
| 2 | 430036 | led or (light adj emitting adj diode) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 14:42 |
| 3 | 1772 | 257/79,81,99,100.ccls. and (led or (light adj emitting adj diode)) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 14:43 |
| 4 | 3276254 | opening or aperture or throughhole or (through adj hole) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 14:43 |
| 5 | 531 | (257/79,81,99,100.ccls. and (led or (light adj emitting adj diode))) and (opening or aperture or throughhole or (through adj hole)) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 16:49 |
| 6 | 5 | ("5698866" \| "5804488" \| "5994223" \| "6080615" \| "6355946").PN. | USPAT | 2004/03/17 16:20 |
| 7 | 3 | ("4396929" \| "4408217" \| "4608581").PN. | USPAT | 2004/03/17 16:35 |
| 8 | 8 | 5905275.URPN. | USPAT | 2004/03/17 16:36 |
| 9 | 1620 | 257/98.ccls. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 16:49 |
| 10 | 939 | (led or (light adj emitting adj diode)) and 257/98.ccls. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 16:51 |
| 11 | 807 | ((led or (light adj emitting adj diode)) and 257/98.ccls.) not (((257/79,81,99,100.ccls. and (led or (light adj emitting adj diode))) and (opening or aperture or throughhole or (through adj hole))) (("5698866" \| "5804488" \| "5994223" \| "6080615" \| "6355946").PN.) (("4396929" \| "4408217" \| "4608581").PN.) 5905275.URPN.) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 17:11 |
| 12 | 1018 | (257/79,81,99,100.ccls. and (led or (light adj emitting adj diode))) not (((257/79,81,99,100.ccls. and (led or (light adj emitting adj diode))) and (opening or aperture or throughhole or (through adj hole))) (("5698866" \| "5804488" \| "5994223" \| "6080615" \| "6355946").PN.) (("4396929" \| "4408217" \| "4608581").PN.) 5905275.URPN. 257/98.ccls. (((led or (light adj emitting adj diode)) and 257/98.ccls.) not (((257/79,81,99,100.ccls. and (led or (light adj emitting adj diode))) and (opening or aperture or throughhole or (through adj hole))) (("5698866" \| "5804488" \| "5994223" \| "6080615" \| "6355946").PN.) (("4396929" \| "4408217" \| "4608581").PN.) 5905275.URPN.))) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/03/17 17:12 |

Exhibit A, page 176

DSS-NICHIA00000514



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

7590     03/29/2004

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO  80537-0599

| EXAMINER |
|---|
| ZARNEKE, DAVID A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2827 | |

DATE MAILED: 03/29/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

Exhibit A, page 177

DSS-NICHIA00000515

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAN ET AL. |
| | Examiner | Art Unit |
| | David A. Zarneke | 2827 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>17 November 2003</u>.
2a)☒ This action is **FINAL**.  2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-15</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☒ Claim(s) <u>4,9,10,14 and 15</u> is/are allowed.
6)☒ Claim(s) <u>1-3,5-8 and 11-13</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some * c)☐ None of:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

| | |
|---|---|
| 1)☒ Notice of References Cited (PTO-892) | 4)☐ Interview Summary (PTO-413) |
| 2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | Paper No(s)/Mail Date. _____ |
| 3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) | 5)☐ Notice of Informal Patent Application (PTO-152) |
| Paper No(s)/Mail Date _____. | 6)☐ Other: _____. |

DSS-NICHIA00000516

Application/Control Number: 10/128,446                                              Page 2

Art Unit: 2827

## DETAILED ACTION

### *Drawings*

The formal drawings filed 12/01/03 have been accepted and approved by the

examiner.

### *Response to Arguments*

Applicant's arguments with respect to claims 1-15 have been considered but are

moot in view of the new ground(s) of rejection.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-3, 5-8 and 12 are rejected under 35 U.S.C. 102(b) as being clearly

anticipated by Abe, US Patent 5,177,593, in view of Ishinaga, US Patent 6,495,861.

Abe teaches a light source (figures 5A-5E) comprising:

a substrate (31) having opposing first and second surfaces, the substrate

defining an aperture (31a) extending from the first surface to the second surface, said

aperture having a first opening in the first surface and second opening in said second

surface,

Exhibit A, page 179

Application/Control Number: 10/128,446                                     Page 3
Art Unit: 2827

a platform (34) covering said first opening,

a light emitting diode (33) mounted on the platform within the aperture, and

a transparent encapsulant material (35) encapsulating the light emitting diode in

the aperture.

Regarding claim 2, Abe teaches the platform as extending beyond the first

opening (figures 5A-E).

With respect to claim 3, Abe teaches the aperture sidewalls as tapering outward

towards the second surface (figure 5C).

As to claim 5, Abe teaches the platform to be made of a liquid crystal polymer,

which is inherently reflective, as taught by Ishinaga (1, 36+).

As to claim 6, Abe teaches the platform comprises a first surface facing the

aperture on which the light emitting diode is mounted, and an opposite second surface

exposed on the outside of the light source (figures 5A-E).

In re claim 7, Abe teaches the platform as being made of a liquid crystal polymer,

(4, 45+), which are inherently thermally conductive.

Regarding claim 8, Abe teaches the platform as containing a metal layer (32).

With respect to claim 12, Abe teaches the transparent encapsulant material is

bonded to the second surface of the substrate (figure 5E).


### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

DSS-NICHIA00000518

Application/Control Number: 10/128,446                                    Page 4

Art Unit: 2827

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

Claims 11 and 13 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Abe, US Patent 5,177,593, as applied to claim 1 above.

Regarding claim 11, Abe fails to teach the substrate being made of an electrically

and thermally insulative material.

DSS-NICHIA00000519

Application/Control Number: 10/128,446                    Page 5
Art Unit: 2827

It would have been obvious to one of ordinary skill in the art to use an electrically and thermally insulative material as the substrate because substrates made of an electrically and thermally insulative material is conventional to the art.

The use of conventional materials to perform there known functions in a conventional process is obvious (*In re Aller* 220 F.2d 454,456,105 USPQ 233,235 (CCPA 1955)).

With respect to claim 13, Abe fails to teach the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

It would have been obvious to one of ordinary skill in the art to use a transparent encapsulant material molded to form a focusing dome over the light emitting diode because encapsulants made into a focusing dome is conventional to the art.

The use of conventional materials to perform there known functions in a conventional process is obvious (*In re Aller* 220 F.2d 454,456,105 USPQ 233,235 (CCPA 1955)).

### *Allowable Subject Matter*

Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter:  Prior art could not be located that taught the platform extending over the sidewall of the substrate.

DSS-NICHIA00000520

Application/Control Number: 10/128,446                                    Page 6
Art Unit: 2827

Claim 9 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter:  Prior art could not be located that taught the metal platform as being plated onto the substrate.

Claim 10 is objected to as being dependent upon a claim that would be allowable if written in independent form.

Claim 14 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter:  Prior art could not be located that taught a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

DSS-NICHIA00000521

Application/Control Number: 10/128,446                                    Page 7
Art Unit: 2827

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Nunoue et al., US Patent 5,905,275, and Ishinaga, US Patent 6,593,598 are cited as teaching the state of the art.

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to David A. Zarneke whose telephone number is (571)-272-1937. The examiner can normally be reached on M-F 10 AM-6PM.

DSS-NICHIA00000522

Application/Control Number: 10/128,446                                             Page 8
Art Unit: 2827

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Kamand Cuneo can be reached on (571)-272-1957.  The fax phone number

for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

David A. Zarneke
Primary Examiner
March 18, 2004

DSS-NICHIA00000523

| *Notice of References Cited* | Application/Control No. 10/128,446 | Applicant(s)/Patent Under Reexamination YOGANANDAN ET AL. | |
|---|---|---|---|
| | Examiner David A. Zarneke | Art Unit 2827 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5,177,593 | 01-1993 | Abe, Munezo | 257/98 |
| | B | US-6,593,598 | 07-2003 | Ishinaga, Hiroki | 257/98 |
| | C | US-5,905,275 | 05-1999 | Nunoue et al. | 257/95 |
| | D | US-6,495,861 | 12-2002 | Ishinaga, Hiroki | 257/99 |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                      **Notice of References Cited**                      Part of Paper No. 304

Exhibit A, page 186

DSS-NICHIA00000524



| | | SEARCH | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 257 | 79, 81 99, 100 | 12/11/02 | JMM |
| 257 | 79, 81 98-100 | 3/17/4 | ARL |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |

**SEARCH NOTES**
(List databases searched. Attach search strategy inside.)

| | Date | Exmr. |
|---|---|---|
| East (See Attached Strat) | 12/11/02 | JMM |
| EAST | 3/17/4 | ARL |

Exhibit A, page 187

DSS-NICHIA00000525

05/13/2004 17:09 FAX  9258559214

RECEIVED
CENTRAL FAX CENTER

MAY 1 3 2004

OFFICIAL

☑ 001/013

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

ATTORNEY DOCKET NO. 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10/128,446

Filing Date: April 23, 2002

Title: Light Source

Examiner: Zerneke, David

Group Art Unit: 2827

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA 22313-1450

### TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

☒ Response/Amendment

☐ New fee as calculated below

☒ No additional fee   (Address envelope to "Mail Stop Non-Fee Amendments")

☐ Other: _____

☐ Petition to extend time to respond

☐ Supplemental Declaration

(Fee $_____)

| CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY | | | | | | |
|---|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
| TOTAL CLAIMS | | MINUS | | = | X  18 | $ |
| INDEP. CLAIMS | | MINUS | | = | X  86 | $ |
| ☐ FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + 290 | $ |
| EXTENSION FEE | 1ST MONTH 110.00 ☐ | 2ND MONTH 420.00 ☐ | 3RD MONTH 950.00 ☐ | 4TH MONTH 1480.00 ☐ | | $ |
| | | | | | OTHER FEES | $ |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | | $ |

Charge $0 to Deposit Account 50-1078. At any time during the pendency of this application, please charge any fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.2 5. Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21. A duplicate copy of this transmittal letter is enclosed.

I hereby certify that this is paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below:

Date of facsimile: May 13, 2004

Typed Name: Calvin Ward

Signature:

Respectfully submitted,
Yoganandan, et al

By:

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date: May 13, 2004

Telephone No. (925) 855-0413

Exhibit A, page 188

DSS-NICHIA00000526

05/13/2004  17:10 FAX  9258559214                                              ☑002/013

AGILENT TECHNOLOGIES, INC.                          ATTORNEY DOCKET NO. 70010017-3
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10/128,446                              Examiner: Zarneke, David

Filing Date: April 23, 2002                         Group Art Unit: 2827

Title: Light Source

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria  VA  22313-1450

### TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

☒  Response/Amendment                    ☐  Petition to extend time to respond

☐  New fee as calculated below           ☐  Supplemental Declaration

☒  No additional fee   (Address envelope to "Mail Stop Non-Fee Amendments")

☐  Other: _____                     (Fee $_____)

| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
|---------|----------|----------|----------|----------|----------|----------|
| | | CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY | | | | |
| TOTAL CLAIMS | | MINUS | | = | X  18 | $ |
| INDEP. CLAIMS | | MINUS | | ∞ | X  86 | $ |
| ☐ FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + 290 | $ |
| EXTENSION FEE | 1ST MONTH 110.00 ☐ | 2ND MONTH 420.00 ☐ | 3RD MONTH 960.00 ☐ | 4TH MONTH 1480.00 ☐ | OTHER FEES | $ |
| | | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | $ |

Charge $0 to Deposit Account 50-1078. At any time during the pendency of this application, please charge any fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.2 5. Additionally please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21. A duplicate copy of this transmittal letter is enclosed.

Respectfully submitted,
Yoganandan, et al

I hereby certify that this is paper is being facsimile    By
transmitted to the Patent and Trademark Office on
the date shown below:                                 Calvin B. Ward
                                                      Attorney/Agent for Applicant(s)
Date of facsimile: May 13, 2004

Typed Name: Calvin Ward                               Reg. No. 30,896

Signature:                                            Date: May 13, 2004

                                                      Telephone No. (925) 855-0413

DSS-NICHIA00000527

RECEIVED
CENTRAL FAX CENTER
MAY 1 3 2004

OFFICIAL

05/13/2004 17:10 FAX  9258559214

☑ 003/013

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Yoganandan |
| Serial No.: | 10/128,446 |
| Filed: | 4/23/2002 |
| For: | Light Source |

Group Art Unit:  2827                    Examiner:  Mitchell, James M.

### AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In reply to the Office Action dated 3/29/2004, in the above-identified patent application, Applicant submits the following Amendments and Remarks.  Applicant respectfully requests that the following amendments be entered into the above-identified application and that the Examiner reconsider the grounds for rejection stated in the Office Action.

DSS-NICHIA00000528

05/13/2004 17:10 FAX  9258559214                                                    ☑ 004/013

**Claims after this response:**

1(Canceled).  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

2.  ( Canceled) A light source as claimed in claim 1, wherein the platform extends beyond the first opening.

3.  (Canceled) A light source as claimed in claim 1, wherein the aperture comprises a side wall tapering outwards towards the second surface.

4.  (Currently Amended) ~~A light source as claimed in claim 3,~~ A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

2

Exhibit A, page 191

DSS-NICHIA00000529

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the aperture comprises a side wall tapering outwards towards the second surface, and

wherein the platform extends over the side wall.

5.  (Currently Amended) A light source as claimed in claim 1, A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform presents a reflective surface to the light emitting diode.

6.  (Canceled) A light source as claimed in claim 1, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

7.  (Currently Amended) A light source as claimed in claim 1, A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

3

Exhibit A, page 192

DSS-NICHIA00000530

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8.  (Currently Amended) ~~A light source as claimed in claim 1,~~ A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal.

9.  (~~Original~~ Currently Amended) ~~A light source as claimed in claim 8,~~ A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

4

DSS-NICHIA00000531

05/13/2004  17:11 FAX  9258559214                                                    007/013

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

wherein the platform is made of metal and

wherein the metal platform is plated onto the substrate.

10.  (Currently Amended) A light source as claimed in claim 9 A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

wherein the platform is made of metal.

wherein the metal platform is plated onto the substrate and

wherein the metal platform comprises layers of different metals.

5

Exhibit A, page 194

DSS-NICHIA00000532

11.  (Currently Amended) ~~A light source as claimed in claim 1~~,  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the substrate is made from an electrically and thermally insulating material.

12.  (Currently Amended) ~~A light source as claimed in claim 1~~, A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the transparent encapsulant material is bonded to the second surface of the substrate.

6

DSS-NICHIA00000533

13.  (Original) A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

14.  (Currently amended) ~~A light source as claimed in claim 1,~~ A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture,

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

~~further comprising:~~

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the  second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

15.  (Original) A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

16.  (withdrawn)

7

Exhibit A, page 196

DSS-NICHIA00000534

## REMARKS

The Examiner rejected claims 1-3, 5-8 and 12 under 35 U.S.C. 102(b) as being clearly anticipated by Abe, US Patent 5,177,593, in view of Ishinaga, US Pat 6,495,861. Applicant presumes that the Examiner is rejecting the claims as being anticipated by Abe with Ishinaga as evidence of an inherent property of a liquid crystal polymer. The above amendments cancel Claims 1-3, and 6, and hence, renders rejection moot with respect to those claims. Applicant traverses the remaining rejections.

Under the doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the reference will still be deemed to anticipate a subsequent claim if the missing element "is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill." Cont'l Can Co. v. Monsanto Co., 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749(Fed. Cir. 1991). "Inherent anticipation requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1295, 63 USPQ2d 1597, 1599(Fed. Cir. 2002) (quoting In re Robertson, 169 F.3d 743, 745, 49 USPQ2d 1949, 1950-51 (Fed. Cir. 1999)).

With reference to Claim 5, the Examiner admits that Abe does not explicitly teach that the platform presents a reflective surface to the light emitting diode. The Examiner attempts to overcome this problem by stating that Abe teaches that the platform is made from a liquid crystal polymer and that such polymers are inherently reflecting. The Examiner points to the teaching in Ishinaga of a reflector made from a white liquid crystal polymer. The fact that one liquid crystal polymer formulation is reflective does not prove that all liquid crystal polymers are reflective. In fact, LCD displays utilize liquid crystal polymers that are transparent in the absence of an applied electric field. Hence, a liquid crystal polymer is not inherently reflective. Accordingly, Applicant submits that the Examiner has not made a *primia facia* case for anticipation with respect to Claim 5.

With reference to Claim 7, the Examiner admits that Abe does not explicitly teach that the platform is made from thermally conductive material for conducting heat away from the light emitting diode. The Examiner again looks to the doctrine of inherency stating that

8

Exhibit A, page 197

DSS-NICHIA00000535

liquid crystal polymers are inherently heat conducting. The Examiner has not pointed to any teaching in the art that such polymers have this property. The liquid crystal polymers described in Abe are plastics that can be injection molded and which can be plated with metal traces. There are many injection-molded plastics that are thermal insulators. Hence, Applicant submits that the Examiner has not made a *primia facia* case for anticipation with respect to Claim 7.

With reference to Claim 8, the Examiner states that Abe teaches that the platform contains a metal layer 32. The claim requires that the platform be made from metal. As the Examiner has already pointed out, Abe teaches that the platform is made from a liquid crystal polymer, i.e., a plastic. Accordingly, Applicant submits that the Examiner has not made a *primia facia* case for anticipation with respect to Claim 8.

With reference to Claim 12, the Examiner points to Figure 5E of Abe as teaching a transparent encapsulant that is bonded to the second surface of the substrate. Applicant must disagree. The second surface of the substrate corresponds to the top surface of substrate 31 in Figure 5E of Abe. The encapsulant layer 35 is clearly bonded to the inside of the aperture that extends from that surface to the bottom surface. However, the Figure clearly shows that the encapsulant layer is not in contact with the top surface of substrate 31, and hence, could not be bonded to that surface. Hence, Applicant submits that the Examiner has not made a *primia facia* case for anticipation with respect to Claim 12.

The Examiner rejected Claims 11 and 13 under 35 U.S.C. 103(a) as being unpatentable over Abe, US Pat 5,177,593, as applied to Claim 1 above. Applicant traverses this rejection.

A statement that modifications of the prior art to meet the claimed invention would have been " 'well within the ordinary skill of the art at the time the claimed invention was made' " because the references relied upon teach that all aspects of the claimed invention were individually known in the art is not sufficient to establish a *prima facie* case of obviousness without some objective reason to combine the teachings of the references. *Ex parte* Levengood, 28 USPQ2d 1300 (Bd. Pat. App. & Inter. 1993).

9

DSS-NICHIA00000536

Regarding Claim 11, the Examiner admits that Abe fails to teach the substrate being made of an electrically and thermally insulative material. The Examiner attempts to overcome this problem by stating that such materials are conventional in the art. As noted above, such a statement is not sufficient to establish a *primia facia* case for obviousness. Accordingly, Applicant submits that the Examiner has not made a *primia facia* case for obviousness with respect to Claim 11.

With respect to Claim 13, the Examiner admits that Abe fails to teach the transparent encapsulant material is molded to form a focusing dome over the light emitting diode. Once again, the Examiner attempts to overcome this problem by stating use of encapsulants made into a focusing dome is conventional to the art. Once again, the Examiner does not provide any motivation for making this change in the teachings of Abe. Accordingly, Applicant submits that the Examiner has not made a *primia facia* case for obviousness with respect to Claim 13.

The Examiner stated that Claims 4, 9, 10, 14, and 15 would be allowable if rewritten to remove the dependencies on a rejected base claim. The above amendments provide the required re-drafting of these claims.

10

Exhibit A, page 199

DSS-NICHIA00000537

05/13/2004 17:12 FAX 9258559214                                ☑013/013

I hereby certify that this paper is being sent by FAX to 703-872-9306.

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: May 13, 2004

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599
Telephone (925) 855-0413
Telefax (925) 855-9214

11

Exhibit A, page 200

DSS-NICHIA00000538

| L Number | Hits | Search Text | DB | Time stamp |
|---|---|---|---|---|
| 1 | 24 | (("2843919") or ("2843914") or ("5168126") or ("5356449") or ("5568659") or ("6593598") or ("6459130") or ("6459861") or ("5905275") or ("5177593")).PN. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 13:59 |
| 2 | 4 | (("6459130") or ("6495861")).PN. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 13:59 |
| 3 | 4352 | 257/79,81,98-100.ccls. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:01 |
| 4 | 436999 | led or (light adj emitting adj diode) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:01 |
| 5 | 2475 | 257/79,81,98-100.ccls. and (led or (light adj emitting adj diode)) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:02 |
| 6 | 190776 | encapsula$4 | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:03 |
| 7 | 306 | (257/79,81,98-100.ccls. and (led or (light adj emitting adj diode))) AND encapsula$4 | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:17 |
| 8 | 14 | (("6069440") or ("6045240") or ("5407502") or ("5221641") or ("6603148") or ("6059716") or ("20010022390")).PN. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:19 |
| 9 | 9 | ("6054716").PN. | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:20 |
| 10 | 305 | ((257/79,81,98-100.ccls. and (led or (light adj emitting adj diode))) AND encapsula$4) not ((("6069440") or ("6045240") or ("5407502") or ("5221641") or ("6603148") or ("6059716") or ("20010022390")).PN.) (("6054716").PN.)) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2004/05/27 14:21 |

Exhibit A, page 201

DSS-NICHIA00000539



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

|  |  |
|---|---|
| 7590     06/02/2004 | EXAMINER |
| AGILENT TECHNOLOGIES, INC. | ZARNEKE, DAVID A |
| Legal Department, DL429 |  |
| Intellectual Property Administration | ART UNIT / PAPER NUMBER |
| P.O. Box 7599 | 2827 |
| Loveland, CO  80537-0599 |  |

DATE MAILED: 06/02/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

Exhibit A, page 202

DSS-NICHIA00000540

| *Offic  Action Summary* | Applicati  n N  . | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAN ET AL. |
| | **Examiner** | **Art Unit** | |
| | David A. Zarneke | 2827 | |

-- *The MAILING DATE of this c  mmunication app  ars  n the cover sheet with the correspondence address* --

## Peri  d f r Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>13 May 2004</u>.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>4,5 and 7-16</u> is/are pending in the application.

    4a) Of the above claim(s) <u>16</u> is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>4,5 and 7-15</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Pri  rity under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 1-04)     Office Action Summary     Part of Paper No./Mail Date 0504

DSS-NICHIA00000541

Application/Control Number: 10/128,446                                    Page 2
Art Unit: 2827

## DETAILED ACTION

### *Response to Amendment*

Applicant's request for reconsideration of the finality of the rejection of the last
Office action is persuasive and, therefore, the finality of that action is withdrawn.

Applicant's arguments with respect to the claim have been considered but are
moot in view of the new ground(s) of rejection.

### *Allowable Subject Matter*

The indicated allowability of claims 4, 9, and 10 is withdrawn in view of the newly
discovered reference(s) to Brunner et al., US Patent 6,645,783.  Rejections based on
the newly cited reference(s) follow.

However, claim 14, and its dependent claim 15, are both still allowable over the
prior art.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that
form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by
another filed in the United States before the invention by the applicant for patent or (2) a patent
granted on an application for patent by another filed in the United States before the invention by the
applicant for patent, except that an international application filed under the treaty defined in section
351(a) shall have the effects for purposes of this subsection of an application filed in the United States
only if the international application designated the United States and was published under Article 21(2)
of such treaty in the English language.

DSS-NICHIA00000542

Application/Control Number: 10/128,446                                      Page 3
Art Unit: 2827

Claims 4, 5, 7, 8, 11, 12, and 13 are rejected under 35 U.S.C. 102(e) as being

clearly anticipated by Brunner et al., US Patent 6,645,783 (figure 1).

To clarify the rejection of claim 5, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a reflective metal and therefore presents a reflective

surface to the LED.

To clarify the rejection of claim 7, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a thermally conductive material for conducting heat away

from the light emitting diode.

To clarify the rejection of claim 8, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a metal.

To clarify the rejection of claim 11, Brunner teaches the substrate to be made of

a thermoplastic material, (5, 15+), which inherently is electrically and thermally

insulating.

Regarding claim 13, Brunner teaches the transparent encapsulant material is

molded to form a focusing dome over the light emitting diode (figure 1).


### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set
forth in section 102 of this title, if the differences between the subject matter sought to be patented and
the prior art are such that the subject matter as a whole would have been obvious at the time the
invention was made to a person having ordinary skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which the invention was made.

Exhibit A; page 205

DSS-NICHIA00000543

Application/Control Number: 10/128,446                                        Page 4
Art Unit: 2827

The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

1.  Determining the scope and contents of the prior art.
2.  Ascertaining the differences between the prior art and the claims at issue.
3.  Resolving the level of ordinary skill in the pertinent art.
4.  Considering objective evidence present in the application indicating obviousness or nonobviousness.

This application currently names joint inventors.  In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

Claim 9 is rejected under 35 U.S.C. 103(a) as being unpatentable over Brunner et al., US Patent 6,645,783 (figure 1).

Brunner teaches a light source comprising:

a substrate (4) having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform (5) covering said first opening;

a light emitting diode (1) mounted on the platform within the aperture, and

Exhibit A, page 206

DSS-NICHIA00000544

Application/Control Number: 10/128,446                                    Page 5
Art Unit: 2827

a transparent encapsulant material (12) encapsulating the light emitting diode in the aperture;

wherein the platform is made of metal (4, 64 - 5, 11).

While Brunner does state that the metal of the platform is deposited chemically without the action of an external current and also by electrodeposition (6, 18 – 7, 3), but fails to specifically state that the metal platform is plated onto the substrate.

It would have been obvious to one of ordinary skill in the art at the time of the invention to use plating because plating is a type of both chemical deposition without the action of an external current (electroless plating) and also electrodeposition (electroplating). The use of conventional materials to perform there known functions in a conventional process is obvious (MPEP 2144.07).

Claim 10 is rejected under 35 U.S.C. 103(a) as being unpatentable over Brunner et al., US Patent 6,645,783 (figure 1).

Brunner teaches a light source comprising:

a substrate (4) having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform (5) covering said first opening;

a light emitting diode (1) mounted on the platform within the aperture, and

a transparent encapsulant material (12) encapsulating the light emitting diode in the aperture;

wherein the platform is made of metal (4, 64 - 5, 11), and

DSS-NICHIA00000545

Application/Control Number: 10/128,446          Page 6
Art Unit: 2827

wherein the metal platform comprises layers of different metals (6, 18 – 7, 3).

While Brunner does state that the metal of the platform is deposited chemically without the action of an external current and also by electrodeposition (6, 18 – 7, 3), but fails to specifically state that the metal platform is plated onto the substrate.

It would have been obvious to one of ordinary skill in the art at the time of the invention to use plating because plating is a type of both chemical deposition without the action of an external current (electroless plating) and also electrodeposition (electroplating). The use of conventional materials to perform there known functions in a conventional process is obvious (MPEP 2144.07).

### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to David A. Zarneke whose telephone number is (571)-272-1937. The examiner can normally be reached on M-F 10 AM-6PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Kamand Cuneo can be reached on (571)-272-1957. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

DSS-NICHIA00000546

Application/Control Number: 10/128,446                          Page 7
Art Unit: 2827

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

David A. Zarneke
Primary Examiner
May 27, 2004

DSS-NICHIA00000547

| *Notice of References Cited* | Application/Control No.<br>10/128,446 | Applicant(s)/Patent Under Reexamination<br>YOGANANDAN ET AL. | | |
| --- | --- | --- | --- | --- |
| | Examiner<br>David A. Zarneke | Art Unit<br>2827 | Page 1 of 1 | |

## U.S. PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
| --- | --- | --- | --- | --- | --- |
| | A | US-6,645,783 | 11-2003 | Brunner et al. | 438/26 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
| --- | --- | --- | --- | --- | --- | --- |
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
| --- | --- | --- |
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    N tice f References Cited                    Part of Paper No. 0504

Exhibit A, page 210

DSS-NICHIA00000548



## SEARCH

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 257 | 79, 86 79, 100 | 3/11/02 | SMM |
| 257 | 79, 81 98-100 | 3/17/4 | ARR |
| Updated | | 5/27/04 | OTL |

### INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| | | | |

## SEARCH NOTES
(List databases searched. Attach search strategy inside.)

| | Date | Exmr. |
|---|---|---|
| East "See Attached Search" | 3/11/02 | SMM |
| EAST | 3/17/4 | OTL |
| EAST | 5/27/04 | OTL |

DSS-NICHIA00000549

08/23/2004· 15:20 FAX  9258559214                                                    ☑001/011

AGILENT TECHNOLOGIES, INC.                                ATTORNEY DOCKET NO. 70010017-3
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland. Colorado 80537-0599

          IN THE UNITED STATES PATENT AND TRADEMARK OFFICE                 RECEIVED
                                                                     CENTRAL FAX CENTER
Inventor(s): Yoganandan, et al
                                                                        AUG 2 3 2004
Serial No.:  10/128,446                       Examiner:  Zarneke, David
                                                                      OFFICIAL
Filing Date: April 23, 2002                   Group Art Unit: 2827

Title: Light Source

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA 22313-1450

               TRANSMITTAL LETTER FOR RESPONSE/AMENDMENT

Sir:

Transmitted herewith is/are the following in the above-identified application:

☒  Response/Amendment                    ☐  Petition to extend time to respond

☐  New fee as calculated below           ☐  Supplemental Declaration

☒  No additional fee   (Address envelope to "Mail Stop Non-Fee Amendments")

☐  Other: _____                                              (Fee $_____)

| | CLAIMS AS AMENDED BY OTHER THAN A SMALL ENTITY | | | | | |
|---|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) NUMBER EXTRA | (4) HIGHEST NUMBER PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEES |
| TOTAL CLAIMS | | MINUS | | = | X  18 | $ |
| INDEP. CLAIMS | | MINUS | | = | X  86 | $ |
| ☐ FIRST PRESENTATION OF A MULTIPLE DEPENDENT CLAIM | | | | | + 290 | $ |
| EXTENSION FEE | 1ST MONTH 110.00 ☐ | 2ND MONTH 420.00 ☐ | 3RD MONTH 950.00 ☐ | 4TH MONTH 1480.00 ☐ | | $ |
| | | | | | OTHER FEES | $ |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT | | | $ |

Charge $0 to Deposit Account 50-1078. At any time during the pendency of this application, please charge any
fees required or credit any over payment to Deposit Account 50-1078 pursuant to 37 CFR 1.2 5. Additionally
please charge any fees to Deposit Account 50-1078 under 37 CFR 1.16, 1.17, 1.19, 1.20 and 1.21. A duplicate
copy of this transmittal letter is enclosed.

                                          Respectfully submitted,
                                          Yoganandan, et al

I hereby certify that this is paper is being facsimile   By _____
transmitted to the Patent and Trademark Office on
the date shown below:
                                             Calvin B. Ward
Date of facsimile:   August 23, 2004         Attorney/Agent for Applicant(s)

Typed Name: Calvin Ward                      Reg. No. 30,896

Signature: _____            Date: August 23, 2004

                                             Telephone No. (925) 855-0413

DSS-NICHIA00000550

08/23/2004 15:21 FAX 9258559214                                                      ☑003/011

RECEIVED
CENTRAL FAX CENTER

AUG 2 3 2004

# OFFICIAL

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Yoganandan | |
| Serial No.: | 10/128,446 | |
| Filed: | 4/23/2002 | |
| For: | Light Source | |
| Group Art Unit: | 2827 | Examiner: Mitchell, James M. |

### AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

        In reply to the Office Action dated 6/2/2004, in the above-identified patent
application, Applicant submits the following Amendments and Remarks. Applicant
respectfully requests that the following amendments be entered into the above-identified
application and that the Examiner reconsider the grounds for rejection stated in the Office
Action.

Exhibit A, page 213

DSS-NICHIA00000551

08/23/2004 15:21 FAX 9258559214 ☑ 004/011

**Claims after this response:**

1(Canceled). A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture.

2. ( Canceled) A light source as claimed in claim 1, wherein the platform extends beyond the first opening.

3. (Canceled) A light source as claimed in claim 1, wherein the aperture comprises a side wall tapering outwards towards the second surface.

4. (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

2

Exhibit A, page 214

DSS-NICHIA00000552

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the aperture comprises a side wall tapering outwards towards the second surface, and

wherein the platform extends over the side wall.

5.  (Currently Amended)  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform presents a reflective surface to the light emitting diode.

6.  (Canceled) A light source as claimed in claim 1, wherein the platform comprises a first surface facing the aperture on which the light emitting diode is mounted, and an opposite second surface exposed on the outside of the light source.

7.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

3

DSS-NICHIA00000553

☑006/011

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal.

9.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

4

DSS-NICHIA00000554

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal and

wherein the metal platform is plated onto the substrate.

10. (Previously Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal,

wherein the metal platform is plated onto the substrate and

wherein the metal platform comprises layers of different metals.

11. (Currently Amended) A light source comprising:

5

Exhibit A, page 217

DSS-NICHIA00000555

a substrate having opposing first and second surfaces, the substrate defining an
aperture extending from the first surface to the second surface, said aperture having a
first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said
aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the
aperture,

wherein the substrate is made from an electrically and thermally insulating material.

12.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an
aperture extending from the first surface to the second surface, said aperture having a
first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said
aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the
aperture,

wherein the transparent encapsulant material is bonded to the second surface of the
substrate.

6

Exhibit A, page 218

DSS-NICHIA00000556

13.  (Original) A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

14.  (Previously amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture,

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the  second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

15.  (Original) A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

16.  (withdrawn)

DSS-NICHIA00000557

## REMARKS

The Examiner rejected claims 4, 5, 7, 8, 11, 12, and 13 under 35 U.S.C. 102(e) as being clearly anticipated by Brunner (6,645,783) Fig. 1. Applicant submits that these claims as amended above are not anticipated by Brunner.

The Examiner does not specifically argue the anticipation of Claim 4 in the office action. However, the Examiner points to Figure 1 of Brunner with reference to the other claims in this rejection; hence, Applicant will assume that the Examiner is arguing that Figure 1 anticipates Claim 4. The only candidate for the substrate of Claim 4 in Figure 1 is the base part 4, since this is the only component that has an aperture extending between two surfaces thereof. The aperture must then be the hole that is filled with the copper heat sink 13. However, this does not satisfy the condition that the light emitting diode be mounted within the aperture. If one assumes that the aperture extends to the two protrusions labeled 4 and 8, then the platform on which the die is mounted is the upper surface of heat sink 13. In this regard, it should be noted that a platform is defined as a horizontal flat surface ("Webster's New Collegiate Dictionary"). Hence, the only candidate for the "platform" is electrode surface 5 which extends across the opening in which heat sink 13 is located. However, this platform is within the aperture. The above-amendments to these claims make it clear that the platform is outside the aperture.

The Examiner rejected claim 9 under 35 U.S.C. 103(a) as being unpatentable over Figure 1 of Brunner. Applicant submits Claim 9, as amended above, is not obvious in view of Brunner. Applicant repeats the arguments made above with respect to the location of the platform.

The Examiner rejected claim 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner. Applicant traverses this rejection.

In making this rejection the Examiner maintains that the metal platform, i.e., layer 5 shown in Figure 5, comprises layers of different metals. The Examiner points to the passage

8

DSS-NICHIA00000558

08/23/2004  15:23 FAX  9258559214                                                    ☑011/011

from column 6, line 18 to column 7, line 3 as supporting this contention. Applicant must

disagree with the Examiner's reading of this passage. The cited passage refers to the plating

of two metal layers, both of which are made of copper, i.e., the same metal. Accordingly,

Applicant submits the Examiner has not made a *primia facia* case for obviousness with

reference to Claim 10.


I hereby certify that this paper is being sent by FAX to 703-872-9306.

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: 8/23/2004

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599
Telephone (925) 855-0413
Telefax (925) 855-9214

9

Exhibit A, page 221

DSS-NICHIA00000559

# CLAIMS ONLY

| Application Number | Filing Date |
|---|---|

Applicant(s)

\* May be used for additional claims or amendments

| CLAIMS | AS FILED | | AFTER FIRST AMENDMENT | | AFTER SECOND AMENDMENT | | | Indep | Depend | Indep | Depend | Indep | Depend |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Indep | Depend | Indep | Depend | Indep | Depend | | | | | | | |
| 1 | / | | | | | | 51 | | | | | | |
| 2 | | / | | | | | 52 | | | | | | |
| 3 | | / | | | | | 53 | | | | | | |
| 4 | / | | | | | | 54 | | | | | | |
| 5 | / | | | | | | 55 | | | | | | |
| 6 | | / | | | | | 56 | | | | | | |
| 7 | / | | | | | | 57 | | | | | | |
| 8 | | | | | | | 58 | | | | | | |
| 9 | / | | | | | | 59 | | | | | | |
| 10 | / | | | | | | 60 | | | | | | |
| 11 | | | | | | | 61 | | | | | | |
| 12 | | | | | | | 62 | | | | | | |
| 13 | | / | | | | | 63 | | | | | | |
| 14 | / | | | | | | 64 | | / | | | | |
| 15 | | / | | | | | 65 | | | | | | |
| 16 | | / | | | | | 66 | | | | | | |
| 17 | | | | | | | 67 | | | | | | |
| 18 | | | | | | | 68 | | | | | | |
| 19 | | | | | | | 69 | | | | | | |
| 20 | | | | | | | 70 | | | | | | |
| 21 | | | | | | | 71 | | | | | | |
| 22 | | | | | | | 72 | | | | | | |
| 23 | | | | | | | 73 | | | | | | |
| 24 | | | | | | | 74 | | | | | | |
| 25 | | | | | | | 75 | | | | | | |
| 26 | | | | | | | 76 | | | | | | |
| 27 | | | | | | | 77 | | | | | | |
| 28 | | | | | | | 78 | | | | | | |
| 29 | | | | | | | 79 | | | | | | |
| 30 | | | | | | | 80 | | | | | | |
| 31 | | | | | | | 81 | | | | | | |
| 32 | | | | | | | 82 | | | | | | |
| 33 | | | | | | | 83 | | | | | | |
| 34 | | | | | | | 84 | | | | | | |
| 35 | | | | | | | 85 | | | | | | |
| 36 | | | | | | | 86 | | | | | | |
| 37 | | | | | | | 87 | | | | | | |
| 38 | | | | | | | 88 | | | | | | |
| 39 | | | | | | | 89 | | | | | | |
| 40 | | | | | | | 90 | | | | | | |
| 41 | | | | | | | 91 | | | | | | |
| 42 | | | | | | | 92 | | | | | | |
| 43 | | | | | | | 93 | | | | | | |
| 44 | | | | | | | 94 | | | | | | |
| 45 | | | | | | | 95 | | | | | | |
| 46 | | | | | | | 96 | | | | | | |
| 47 | | | | | | | 97 | | | | | | |
| 48 | | | | | | | 98 | | | | | | |
| 49 | | | | | | | 99 | | | | | | |
| 50 | | | | | | | 100 | | | | | | |
| Total Indep | | | | | | | Total Indep | | | | | | |
| Total Depend | | | | | | | Total Depend | | | | | | |
| Total Claims | | | | | | | Total Claims | | | | | | |

Exhibit A, page 222

DSS-NICHIA00000560

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

7590        01/06/2005

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO  80537-0599

| EXAMINER |
|---|
| ZARNEKE, DAVID A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2829 | |

DATE MAILED: 01/06/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

Exhibit A, page 223

DSS-NICHIA00000561

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAN ET AL. |
| | Examiner | Art Unit | |
| | David A. Zarneke | 2829 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 August 2004</u>.
2a)☒ This action is **FINAL**.   2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>4,5 and 7-16</u> is/are pending in the application.
   4a) Of the above claim(s) <u>16</u> is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>4,5,7-15</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some * c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☑ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
   Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____.

Application/Control Number: 10/128,446                                    Page 2
Art Unit: 2829

## DETAILED ACTION

### *Response to Arguments*

Applicant's arguments filed 8/23/04 have been fully considered but they are not
persuasive.  Two arguments are presented traversing the rejection of the claims.

Applicant first argues that the aperture of Brunner "extends to the two protrusions
labeled 4 and 8" and therefore does not meet the limitation that the platform covers the
aperture.

The examiner takes the position that the aperture that extends from the first
surface to the second surface of the substrate is the opening optionally filled by the heat
sink 13 (5, 14+).  The definition of aperture provided by applicant, an opening that
extends from one surface to the other, is meet by the opening in which the heat sink 13
sits.

The other argument presented is that Brunner doesn't teach the platform made of
two different materials.  While Brunner does teach two layers of copper, it does not
teach two different metal layers.

The examiner asserts that Brunner teaches one layer of copper and one layer of
tin (6, 49+), which meets the requirements of the claim.

Further, the examiner cites Abe, US Patent 5,177,593, which also teaches the
platform made from multiple metal layers (4, 64+).

DSS-NICHIA00000563

Application/Control Number: 10/128,446                                          Page 3

Art Unit: 2829

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

Claims 4, 5, 7, 8, 11, 12, and 13 are rejected under 35 U.S.C. 102(e) as being

clearly anticipated by Brunner et al., US Patent 6,645,783 (figure 1).

To clarify the rejection of claim 5, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a reflective metal and therefore presents a reflective

surface to the LED.

To clarify the rejection of claim 7, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a thermally conductive material for conducting heat away

from the light emitting diode.

To clarify the rejection of claim 8, Brunner teaches the platform to be made of

copper (4, 64 - 5, 11), which is a metal.

To clarify the rejection of claim 11, Brunner teaches the substrate to be made of

a thermoplastic material, (5, 15+), which inherently is electrically and thermally

insulating.

Regarding claim 13, Brunner teaches the transparent encapsulant material is

molded to form a focusing dome over the light emitting diode (figure 1).

DSS-NICHIA00000564

Application/Control Number: 10/128,446                                      Page 4
Art Unit: 2829

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

1.  Determining the scope and contents of the prior art.
2.  Ascertaining the differences between the prior art and the claims at issue.
3.  Resolving the level of ordinary skill in the pertinent art.
4.  Considering objective evidence present in the application indicating
    obviousness or nonobviousness.

This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

Claim 9 is rejected under 35 U.S.C. 103(a) as being unpatentable over Brunner

et al., US Patent 6,645,783 (figure 1).

Brunner teaches a light source comprising:

DSS-NICHIA00000565

Application/Control Number: 10/128,446                                    Page 5
Art Unit: 2829

a substrate (4) having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

a platform (5) covering said first opening;

a light emitting diode (1) mounted on the platform within the aperture, and

a transparent encapsulant material (12) encapsulating the light emitting diode in the aperture;

wherein the platform is made of metal (4, 64 - 5, 11).

While Brunner does state that the metal of the platform is deposited chemically without the action of an external current and also by electrodeposition (6, 18 – 7, 3), but fails to specifically state that the metal platform is plated onto the substrate.

It would have been obvious to one of ordinary skill in the art at the time of the invention to use plating because plating is a type of both chemical deposition without the action of an external current (electroless plating) and also electrodeposition (electroplating).  The use of conventional materials to perform there known functions in a conventional process is obvious (MPEP 2144.07).

Claim 10 is rejected under 35 U.S.C. 103(a) as being unpatentable over Brunner et al., US Patent 6,645,783 (figure 1).

Brunner teaches a light source comprising:

a substrate (4) having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface,

DSS-NICHIA00000566

Application/Control Number: 10/128,446                                      Page 6
Art Unit: 2829

a platform (5) covering said first opening;

a light emitting diode (1) mounted on the platform within the aperture, and

a transparent encapsulant material (12) encapsulating the light emitting diode in

the aperture;

wherein the platform is made of metal (4, 64 - 5, 11), and

wherein the metal platform comprises layers of different metals (6, 18 – 7, 3).

While Brunner does state that the metal of the platform is deposited chemically

without the action of an external current and also by electrodeposition (6, 18 – 7, 3), but

fails to specifically state that the metal platform is plated onto the substrate.

It would have been obvious to one of ordinary skill in the art at the time of the

invention to use plating because plating is a type of both chemical deposition without

the action of an external current (electroless plating) and also electrodeposition

(electroplating).  The use of conventional materials to perform there known functions in

a conventional process is obvious (MPEP 2144.07).


### Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

DSS-NICHIA00000567

Application/Control Number: 10/128,446                                   Page 7
Art Unit: 2829

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to David A. Zarneke whose telephone number is (571)-

272-1937.  The examiner can normally be reached on M-F 7:30 AM-6 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Nestor Ramirez can be reached on (571)-272-2034.  The fax phone number

for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

David A. Zarneke
Primary Examiner
December 27, 2004

Exhibit A, page 230

DSS-NICHIA00000568

| *Notice of References Cited* | Application/Control No. 10/128,446 | Applicant(s)/Patent Under Reexamination YOGANANDAN ET AL. | |
|---|---|---|---|
| | Examiner David A. Zarneke | Art Unit 2829 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,645,783 | 11-2003 | Brunner et al. | 438/26 |
| * | B | US-5,177,593 | 01-1993 | Abe, Munezo | 257/98 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 1204

Exhibit A, page 231

DSS-NICHIA00000569

02/28/2005 15:53 FAX 9258559214    RECEIVED CENTRAL FAX CENTER                    ☑ 001/043

FEB 28 2005

AGILENT TECHNOLOGIES, INC.                          **ATTORNEY DOCKET NO. 70010017-3**
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Inventor(s): Yoganandan, et al**

**Serial No.: 10/128,446**                         **Examiner: Zarneke, David**

**Filing Date: April 23, 2002**                    **Group Art Unit: 2827**

**Title: Light Source**

**COMMISSIONER FOR PATENTS**
**P.O. Box 1450**
**Alexandria VA 22313-1450**

### NOTICE OF APPEAL FROM THE EXAMINER TO THE
### BOARD OF PATENT APPEALS AND INTERFERENCES

Sir:

Applicant hereby appeals to the Board of Patent Appeals and Interferences from the decision of the examiner dated, Jan, 6, 2005       , rejecting the following claims : 4, 5, 7-15  .

The fee for this Notice of Appeal (37 CFR 1.17(b)) is **$500.00**.

**(complete (a) or (b) as applicable)**

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐  (a)  Applicant petitions for an extension of time under 37 CFR 1.136 (fees:  37 CFR 1.17(a)-(d) for the total number of months checked below:

|   |              |          |
|---|--------------|----------|
| ☐ | one month    | $  120.00 |
| ☐ | two months   | $  450.00 |
| ☐ | three months | $1020.00 |
| ☐ | four months  | $1690.00 |

    ☐  The extension fee has already been filled in this application.

☒  (b)  Applicant believes that no extension of term is required.  However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account **50-1078** the sum of $500.00    .  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account **50-1078** pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.

☐ I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: _____       **OR**

☑ I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Date of Facsimile: _____

Typed Name: Calvin Ward

Signature: _____

Respectfully submitted,

Yoganandan, et al

By _____

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date:

Telephone No. 925-855-0413

Exhibit A, page 232

DSS-NICHIA00000570

02/28/2005 15:58 FAX 9258559214                                                                        ☒002/043

AGILENT TECHNOLOGIES, INC.                                 ATTORNEY DOCKET NO. **70010017-3**
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10/128,446                                     Examiner: Zarneke, David

Filing Date: April 23, 2002                                Group Art Unit: 2827

Title:  Light Source

**COMMISSIONER FOR PATENTS**
P.O. Box 1450
Alexandria VA 22313-1450

### NOTICE OF APPEAL FROM THE EXAMINER TO THE
### BOARD OF PATENT APPEALS AND INTERFERENCES

Sir:

Applicant hereby appeals to the Board of Patent Appeals and Interferences from the decision of the examiner dated, Jan. 6, 2005 , rejecting the following claims : 4, 5, 7-15

The fee for this Notice of Appeal (37 CFR 1.17(b)) is **$500.00**.

(complete (a) or (b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a)  Applicant petitions for an extension of time under 37 CFR 1.136 (fees:  37 CFR 1.17(a)-(d) for the total number of months checked below:

|   |              |          |
|---|--------------|----------|
| ☐ | one month    | $ 120.00 |
| ☐ | two months   | $ 450.00 |
| ☐ | three months | $1020.00 |
| ☐ | four months  | $1590.00 |

    ☐  The extension fee has already been filed in this application.

☒ (b)  Applicant believes that no extension of term is required.  However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account **50-1078** the sum of $500.00 .  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account **50-1078** pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.

☐ I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: _____        OR

☒ I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Date of Facsimile: _____

Typed Name: Calvin Ward

Signature: _____

Respectfully submitted,
Yoganandan, et al

By _____

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date:

Telephone No. 925-855-0413

Exhibit A, page 233

DSS-NICHIA00000571

02/28/2005 15:58 FAX  9258559214                                            003/043

AGILENT TECHNOLOGIES, INC.                          **ATTORNEY DOCKET NO. 70010017-3**
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10128,446                          Examiner: Zarneke, David

Filing Date: April 23, 2002                    Group Art Unit: 2827

Title:   Light Source

**COMMISSIONER FOR PATENTS**
**P.O. Box 1450**
**Alexandria VA 22313-1450**

### TRANSMITTAL OF APPEAL BRIEF

Sir:

Transmitted herewith is the Appeal Brief in this application with respect to the Notice of Appeal filed on
2/28/05

The fee for filing this Appeal Brief is (37 CFR 1.17(c)) **$500.00**.

(complete (a) or (b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a) Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)(1)-(5)) for the total number of months checked below:

| | | |
|---|---|---|
| ☐ | one month | $ 120.00 |
| ☐ | two months | $ 450.00 |
| ☐ | three months | $1020.00 |
| ☐ | four months | $1590.00 |

☐ The extension fee has already been filled in this application.

☒ (b) Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account **50-1078** the sum of $500.00___ . At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account **50-1078** pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.

☐ I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class mail in
an envelope addressed to: Commissioner for Patents,
P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: _____        **OR**

☒ I hereby certify that this paper is being facsimile transmitted to
the Patent and Trademark Office on the date shown below.

Date of Facsimile: _____

Typed Name: Calvin Ward

Signature: _____

Respectfully submitted,

Yoganandan, et al

By _____

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date:

Telephone No. 925-855-0413

Exhibit A, page 234

DSS-NICHIA00000572

02/28/2005 15:58 FAX 9258559214                                                           ☑004/043

AGILENT TECHNOLOGIES, INC.                          ATTORNEY DOCKET NO. 70010017-3
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10128,446                              Examiner: Zarneke, David

Filing Date: April 23, 2002                        Group Art Unit: 2827

Title: Light Source


COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria VA 22313-1450

### TRANSMITTAL OF APPEAL BRIEF

Sir:

Transmitted herewith is the Appeal Brief in this application with respect to the Notice of Appeal filed on
*2/28/05*

The fee for filing this Appeal Brief is (37 CFR 1.17(c)) $500.00.

(complete (a) or (b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a) Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)(1)-(5)) for the total number of months checked below:

☐          one month        $ 120.00
☐          two months       $ 450.00
☐          three months     $1020.00
☐          four months      $1590.00

☐ The extension fee has already been filled in this application.

☒ (b) Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account 50-1078 the sum of $500.00___. At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account 50-1078 pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.

☐ I hereby certify that this correspondence is being deposited        Respectfully submitted.
with the United States Postal Service as first class mail in
an envelope addressed to: Commissioner for Patents,                   Yoganandan, et al
P.O. Box 1450, Alexandria, VA 22313-1450.
                                                                      By
Date of Deposit:                        OR
                                                                      Calvin B. Ward
☒ I hereby certify that this paper is being facsimile transmitted to   Attorney/Agent for Applicant(s)
the Patent and Trademark Office on the date shown below.
                                                                      Reg. No. 30,896
Date of Facsimile:
                                                                      Date:
Typed Name: Calvin Ward
                                                                      Telephone No. 925-855-0413
Signature:_____

Rev 10/04 (AplBrief)

Exhibit A, page 235

DSS-NICHIA00000573

02/28/2005 15:59 FAX 9258559214                                                        Ø005/043

CENTRAL FAX CENTER

FEB 2 8 2005

**PATENT APPLICATION**

Attorney Docket: 70010017-3

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE BOARD OF APPEALS**

| | |
|---|---|
| Applicant: | Yoganandan, et al |
| Serial No.: | 10/128,446 |
| Filed: | 4/23/2002 |
| For: | Light Source |
| Group Art Unit: | 2827 |
| Examiner: | Mitchell, James M. |

**BRIEF FOR APPELLANT**

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231
Sir:

This is an appeal from the decision of the Primary Examiner dated 01/06/2005, finally rejecting Claims 4, 5, 7-15 in the above-identified patent application.

**I.      REAL PARTY IN INTEREST**

The real party in interest is Agilent Technologies, Inc. having an address as shown below.

**II.     RELATED APPEALS AND INTERFERENCES**

There are no other appeals or interferences known to appellant, the appellant's legal representative, or assignee which will directly affect or be directly affected by or have a bearing on the Board's decision in this pending appeal.

**III.    STATUS OF THE CLAIMS**

Claims 4, 5 and 7-15 are currently pending in the above-identified patent application. Claims 1-3 and Claim 6 were canceled in an amendment filed on May 13, 2004. Claim 16 was withdrawn in a response to a restriction requirement that was filed on March 7, 2003. In the Office Action dated 01/06/2005, the Examiner rejected Claims 4, 5, and 7-15 and indicated that the Action was final. The rejection of Claims 4, 5, and 7-15 is being appealed.

Exhibit A, page 236

DSS-NICHIA00000574

IV.     STATUS OF AMENDMENTS

There have been no amendments to the claims after the final rejection discussed above.

V.      SUMMARY OF THE INVENTION

(1) The present invention includes a light source that can be more easily understood with reference to Figure 2 and the discussion thereof that begins on page 4, line 6 of the present application. All of the claims being appealed are directed to a light source 200 that includes an LED 230 and a substrate 210 having first and second surfaces. The first surface is shown at 214 and the second surface is shown at 212. The substrate defines an aperture that extends from the first surface to the second surface and has first and second openings on the first and second surfaces, respectively. The aperture is shown in Figure 5 at 440 and generally at 220 in Figure 2. Referring again to Figure 2, a platform 270 covers the first opening. The LED 230 is mounted on the platform within the aperture 220. A transparent encapsulant 260 encapsulates the LED in the aperture. All of the Claims except Claims 14 and 15 require the platform to be located outside of the aperture.

(2) Claim 4 is directed to a light source having the features described in (1) with the additional limitation that the aperture 220 has a sidewall 224 that tapers outward towards the second surface 212. The platform is required to extend over this sidewall.

(3) Claim 5 is directed to a light source having features described in (1) with the additional limitation that the platform presents a reflective surface 222 to the LED (page 6, starting at line 25).

(4) Claim 7 is directed to a light source having features described in (1) with the additional limitation that the platform is made from a thermally conductive material that conducts heat away from the LED.

(5) Claim 8 is directed to a light source having features described in (1) with the additional limitation that the platform be made of metal. Claim 9 requires that the metal be plated onto the substrate, and Claim 10 requires that the platform include layers of different metals.

2

Exhibit A, page 237

DSS-NICHIA00000575

(6) Claim 11 is directed to a light source having features described in (1) with the additional limitation that the substrate be made of an electrically and thermally insulating material.

(7) Claim 12 is directed to a light source having features described in (1) with the additional limitation that the encapsulant be bonded to the second surface of the substrate, i.e., surface 212 shown in Figure 2. Claim 13 requires that the encapsulant is molded to form a focusing dome.

(8) Claims 14 and 15 are directed to a light source having features described in (1) with the additional limitations that the light source has first and second electrically-conductive interconnects extending between the first and second surfaces. The interconnects are shown in more detail in Figure 17. These claims require that these interconnects have terminals on the second surface, i.e., the top surface of the substrate, and be connected to an exposed pad on the first surface for coupling to external circuitry. The terminals on the second surface are connected to the LED. The pads on the bottom surface are shown in Figure 2 at 250 and 252. The terminals on the top surface are shown at 822 and 824 in Figure 16. Figure 15 further requires the light source to have first and second vias that extend through the substrate and form a portion of the interconnects. The vias are shown at 420 and 425 in Figure 14.

## VI.  GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

A. Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e) as being clearly anticipated by Brunner, et al (hereafter "Brunner") US 6,645,783.

B. Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner.

C. Rejection of Claims 14 and 15 on unspecified grounds.

## VII.  ARGUMENT

### A. Examiner's Burden under 35 U.S.C. 102

3

Exhibit A, page 238

DSS-NICHIA00000576

The Examiner has the burden of showing by reference to the cited art each claim limitation in the reference.  Anticipation under 35 U.S.C. 102 requires that each element of the claim in issue be found either expressly or inherently in a single prior art reference. *In re King*, 231 USPQ 136, 138 (Fed. Cir. 1986); Kalman v. Kimberly-Clark Corp., 218 USPQ 781, 789 (Fed. Cir. 1983). The mere fact that a certain thing may result from a given set of circumstances is not sufficient to sustain a rejection for anticipation. *Ex parte Skinner*, 2 USPQ2d 1788, 1789 (BdPatApp&Int 1986). "When the PTO asserts that there is an explicit or implicit teaching or suggestion in the prior art, it must indicate where such a teaching or suggestion appears in the reference" (*In re* Rijckaert, 28 USPQ2d, 1955, 1957).   Under the doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the reference will still be deemed to anticipate a subsequent claim if the missing element "is necessarily present in the thing described in the reference." Cont'l Can Co. v. Monsanto Co., 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749(Fed. Cir. 1991). "Inherent anticipation requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1295, 63 USPQ2d 1597, 1599(Fed. Cir. 2002) (quoting In re Robertson, 169 F.3d 743, 745, 49 USPQ2d 1949, 1950-51 (Fed. Cir. 1999)).

### B.  Examiner's Burden under 35 U.S.C. 103

"The mere fact that a reference could be modified to produce the patented invention would not make the modification obvious unless it is suggested by the prior art." (*Libbey-Owens-Ford v. BOC Group*, 4 USPQ 2d 1097, 1103).  The Examiner has the burden of pointing out where in the art the suggestion is made.

### C.  Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e).

(1).  All of the claims in question require a substrate having first and second surfaces that define an aperture extending from the first surface to the second surface.  The aperture has a first opening in the first surface and a second opening in the second surface. These claims further require that the platform covers the first opening and that a light emitting diode be mounted on the platform **within** the aperture.  These claims also require a transparent encapsulant material that encapsulates the LED in the aperture.

4

Exhibit A, page 239

DSS-NICHIA00000577

The Examiner specifically identifies the opening that is filled by heat sink 13 in Figure 1 of Brunner as the aperture that satisfies the limitations of the claims.

> "The Examiner takes the position that the aperture that extends from the first surface to the second surface of the substrate is the opening optionally filled by the heat sink 13 (5, 14+). The definition of aperture provided by Applicant, an opening that extends from one surface to the other, is meet by the opening in which the heat sink 13 sits." (page 2, second full paragraph of action dated 1/6/05)

Chip 1 shown in Figure 1 of Brunner is mounted **on top** of an area labeled 5. It follows that this area must correspond to the platform recited in the claims. Chip 1 is clearly outside of the aperture identified by the Examiner. Furthermore, the encapsulant material shown in Figure 1 does not extend into the aperture as required by these claims. Hence, Brunner does not anticipate these claims.

(2). There are additional grounds for allowing Claim 4. In addition to the limitations discussed above in paragraph (1), Claim 4 requires that the aperture comprises a sidewall tapering outwards towards the second surface. Since the area 5 is the platform covering the first opening in the first surface, it follows that the bottom surface must be the second surface recited in the claim. The Examiner has not pointed to any teaching in Brunner that the sidewalls of the aperture in question are tapered outward toward the bottom surface. If anything, Figure 1 indicates that the sidewalls of the aperture are at right angles to both surfaces, and hence, could not taper outward. Accordingly, there are additional grounds for allowing Claim 4.

(3). There are also additional grounds for allowing Claim 12. In addition to the limitations discussed above in paragraph (1), Claim 12 requires that the encapsulant material be bonded to the second surface of the substrate. As noted above, the second surface must be the bottom surface of the substrate, i.e., the surface on which elements 7, 2, 10, and 3 are located in Figure 2 of Brunner. The encapsulant material 12 is not bonded to this surface. Hence, there are additional grounds for allowing Claim 12.

5

Exhibit A, page 240

DSS-NICHIA00000578

**D. Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner**

These claims also require the elements discussed above with reference to rejection under 35 U.S.C. 102 under paragraph C(1). Since the Examiner has not pointed to any motivation to alter the teachings of Brunner to arrive at a light source that meets these limitations, Applicant submits that the Examiner has failed to make a *primia facia* case for obviousness with respect to either of these claims.

**E. Rejection of Claims 14 and 15 on unspecified grounds**

In the Office Action Summary, the Examiner indicated that Claims 14 and 15 were rejected. However, the Examiner has not made any reference to these claims in the Detailed Action. In the Office Action dated 3/29/2004, the Examiner indicated that these claims would be allowable if rewritten in independent form. The amendments filed in response to that office action placed these claims in independent form. In the office action dated 6/2/04, the Examiner indicated that these claims were still allowable over the art. Applicant submits that either these claims should have been listed as allowed or the Examiner has failed to make a *primia facia* case for a rejection.

**VIII. CONCLUSION**

Appellant respectfully submits that for the reasons of fact and law argued herein, the decision of the Examiner in finally rejecting Claims 4, 5, and 7-15 should be reversed.

I hereby certify that this paper (along with any others attached hereto) is being sent via facsimile to fax number: 703-872-9306

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: 2/28/05

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

6

Exhibit A, page 241

DSS-NICHIA00000579

02/28/2005  16:00 FAX  9258559214                                                          011/043

Telephone (925) 855-0413
Telefax (925)855-9214

BLANK PAGE

7

Exhibit A, page 242

DSS-NICHIA00000580

⌀012/043

## APPENDIX

**THE CLAIMS ON APPEAL:**

4.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface;

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the aperture comprises a side wall tapering outwards towards the second surface, and

wherein the platform extends over the side wall.

5.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

8

Exhibit A, page 243

DSS-NICHIA00000581

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform presents a reflective surface to the light emitting diode.

7.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

9

DSS-NICHIA00000582

02/28/2005  16:01 FAX  9258559214                                                    ☒014/043

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal.

9.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal and

wherein the metal platform is plated onto the substrate.

10.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

10

Exhibit A, page 245

DSS-NICHIA00000583

02/28/2005 18:01 FAX  9258559214                                                                 ☒015/043

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal,

wherein the metal platform is plated onto the substrate and

wherein the metal platform comprises layers of different metals.

11.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the substrate is made from an electrically and thermally insulating material.

12.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

11

Exhibit A, page 246

DSS-NICHIA00000584

02/28/2005 16:01 FAX  9258559214                                                    ☒ 016/043

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.  A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

14.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture,

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the  second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

12

Exhibit A, page 247

DSS-NICHIA00000585

02/28/2005 16:02 FAX 9258559214                                                            017/043

15. A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

13

Exhibit A, page 248

DSS-NICHIA00000586

02/28/2005 16:02 FAX  9258559214                                                        ☐018/043

PATENT APPLICATION
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE BOARD OF APPEALS

| | |
|---|---|
| Applicant: | Yoganandan, et al |
| Serial No.: | 10/128,446 |
| Filed: | 4/23/2002 |
| For: | Light Source |
| Group Art Unit: | 2827 |
| Examiner: . | Mitchell, James M. |

## BRIEF FOR APPELLANT

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231
Sir:

This is an appeal from the decision of the Primary Examiner dated 01/06/2005, finally rejecting Claims 4, 5, 7-15 in the above-identified patent application.

## I.      REAL PARTY IN INTEREST

The real party in interest is Agilent Technologies, Inc. having an address as shown below.

## II.     RELATED APPEALS AND INTERFERENCES

There are no other appeals or interferences known to appellant, the appellant's legal representative, or assignee which will directly affect or be directly affected by or have a bearing on the Board's decision in this pending appeal.

## III.    STATUS OF THE CLAIMS

Claims 4, 5 and 7-15 are currently pending in the above-identified patent application. Claims 1-3 and Claim 6 were canceled in an amendment filed on May 13, 2004. Claim 16 was withdrawn in a response to a restriction requirement that was filed on March 7,2003. In the Office Action dated 01/06/2005, the Examiner rejected Claims 4, 5, and 7-15 and indicated that the Action was final. The rejection of Claims 4, 5, and 7-15 is being appealed.

Exhibit A, page 249

DSS-NICHIA00000587

## IV.    STATUS OF AMENDMENTS

There have been no amendments to the claims after the final rejection discussed above.

## V.    SUMMARY OF THE INVENTION

(1) The present invention includes a light source that can be more easily understood with reference to Figure 2 and the discussion thereof that begins on page 4, line 6 of the present application. All of the claims being appealed are directed to a light source 200 that includes an LED 230 and a substrate 210 having first and second surfaces. The first surface is shown at 214 and the second surface is shown at 212. The substrate defines an aperture that extends from the first surface to the second surface and has first and second openings on the first and second surfaces, respectively. The aperture is shown in Figure 5 at 440 and generally at 220 in Figure 2. Referring again to Figure 2, a platform 270 covers the first opening. The LED 230 is mounted on the platform within the aperture 220. A transparent encapsulant 260 encapsulates the LED in the aperture. All of the Claims except Claims 14 and 15 require the platform to be located outside of the aperture.

(2) Claim 4 is directed to a light source having the features described in (1) with the additional limitation that the aperture 220 has a sidewall 224 that tapers outward towards the second surface 212. The platform is required to extend over this sidewall.

(3) Claim 5 is directed to a light source having features described in (1) with the additional limitation that the platform presents a reflective surface 222 to the LED (page 6, starting at line 25).

(4) Claim 7 is directed to a light source having features described in (1) with the additional limitation that the platform is made from a thermally conductive material that conducts heat away from the LED.

(5) Claim 8 is directed to a light source having features described in (1) with the additional limitation that the platform be made of metal. Claim 9 requires that the metal be plated onto the substrate, and Claim 10 requires that the platform include layers of different metals.

2

DSS-NICHIA00000588

(6) Claim 11 is directed to a light source having features described in (1) with the additional limitation that the substrate be made of an electrically and thermally insulating material.

(7) Claim 12 is directed to a light source having features described in (1) with the additional limitation that the encapsulant be bonded to the second surface of the substrate, i.e., surface 212 shown in Figure 2. Claim 13 requires that the encapsulant is molded to form a focusing dome.

(8) Claims 14 and 15 are directed to a light source having features described in (1) with the additional limitations that the light source has first and second electrically-conductive interconnects extending between the first and second surfaces. The interconnects are shown in more detail in Figure 17. These claims require that these interconnects have terminals on the second surface, i.e., the top surface of the substrate, and be connected to an exposed pad on the first surface for coupling to external circuitry. The terminals on the second surface are connected to the LED. The pads on the bottom surface are shown in Figure 2 at 250 and 252. The terminals on the top surface are shown at 822 and 824 in Figure 16. Figure 15 further requires the light source to have first and second vias that extend through the substrate and form a portion of the interconnects. The vias are shown at 420 and 425 in Figure 14.

## VI.  GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

A. Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e) as being clearly anticipated by Brunner, *et al* (hereafter "Brunner") US 6,645,783.

B. Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner.

C. Rejection of Claims 14 and 15 on unspecified grounds.

## VII.  ARGUMENT

### A. Examiner's Burden under 35 U.S.C. 102

3

DSS-NICHIA00000589

02/28/2005  19:03 FAX  9258559214                                                    ☒021/043

The Examiner has the burden of showing by reference to the cited art each claim
limitation in the reference.  Anticipation under 35 U.S.C. 102 requires that each element of
the claim in issue be found either expressly or inherently in a single prior art reference.  *In re
King*, 231 USPQ 136, 138 (Fed. Cir. 1986); Kalman v. Kimberly-Clark Corp., 218 USPQ
781, 789 (Fed. Cir. 1983). The mere fact that a certain thing may result from a given set of
circumstances is not sufficient to sustain a rejection for anticipation. *Ex parte Skinner*, 2
USPQ2d 1788, 1789 (BdPatApp&Int 1986). "When the PTO asserts that there is an explicit
or implicit teaching or suggestion in the prior art, it must indicate where such a teaching or
suggestion appears in the reference" (*In re* Rijckaert, 28 USPQ2d, 1955, 1957).   Under the
doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the
reference will still be deemed to anticipate a subsequent claim if the missing element "is
necessarily present in the thing described in the reference." Cont'l Can Co. v. Monsanto Co.,
948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749(Fed. Cir. 1991). "Inherent anticipation requires
that the missing descriptive material is 'necessarily present,' not merely probably or possibly
present, in the prior art." Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1295, 63
USPQ2d 1597, 1599(Fed. Cir. 2002) (quoting In re Robertson, 169 F.3d 743, 745, 49
USPQ2d 1949, 1950-51 (Fed. Cir. 1999)).

**B. Examiner's Burden under 35 U.S.C. 103**

"The mere fact that a reference could be modified to produce the patented invention
would not make the modification obvious unless it is suggested by the prior art." (*Libbey-
Owens-Ford v. BOC Group*, 4 USPQ 2d 1097, 1103).  The Examiner has the burden of
pointing out where in the art the suggestion is made.

**C. Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e).**

(1).  All of the claims in question require a substrate having first and second
surfaces that define an aperture extending from the first surface to the second surface.  The
aperture has a first opening in the first surface and a second opening in the second surface.
These claims further require that the platform covers the first opening and that a light emitting
diode be mounted on the platform **within** the aperture.  These claims also require a
transparent encapsulant material that encapsulates the LED in the aperture.

4

Exhibit A, page 252

DSS-NICHIA00000590

The Examiner specifically identifies the opening that is filled by heat sink 13 in Figure 1 of Brunner as the aperture that satisfies the limitations of the claims.

> "The Examiner takes the position that the aperture that extends from the first surface to the second surface of the substrate is the opening optionally filled by the heat sink 13 (5, 14+). The definition of aperture provided by Applicant, an opening that extends from one surface to the other, is meet by the opening in which the heat sink 13 sits." (page 2, second full paragraph of action dated 1/6/05)

Chip 1 shown in Figure 1 of Brunner is mounted **on top** of an area labeled 5. It follows that this area must correspond to the platform recited in the claims. Chip 1 is clearly outside of the aperture identified by the Examiner. Furthermore, the encapsulant material shown in Figure 1 does not extend into the aperture as required by these claims. Hence, Brunner does not anticipate these claims.

(2). There are additional grounds for allowing Claim 4. In addition to the limitations discussed above in paragraph (1), Claim 4 requires that the aperture comprises a sidewall tapering outwards towards the second surface. Since the area 5 is the platform covering the first opening in the first surface, it follows that the bottom surface must be the second surface recited in the claim. The Examiner has not pointed to any teaching in Brunner that the sidewalls of the aperture in question are tapered outward toward the bottom surface. If anything, Figure 1 indicates that the sidewalls of the aperture are at right angles to both surfaces, and hence, could not taper outward. Accordingly, there are additional grounds for allowing Claim 4.

(3). There are also additional grounds for allowing Claim 12. In addition to the limitations discussed above in paragraph (1), Claim 12 requires that the encapsulant material be bonded to the second surface of the substrate. As noted above, the second surface must be the bottom surface of the substrate, i.e., the surface on which elements 7, 2, 10, and 3 are located in Figure 2 of Brunner. The encapsulant material 12 is not bonded to this surface. Hence, there are additional grounds for allowing Claim 12.

5

DSS-NICHIA00000591

**D.  Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner**

These claims also require the elements discussed above with reference to rejection under 35 U.S.C. 102 under paragraph C(I).  Since the Examiner has not pointed to any motivation to alter the teachings of Brunner to arrive at a light source that meets these limitations, Applicant submits that the Examiner has failed to make a *primia facia* case for obviousness with respect to either of these claims.

**E.  Rejection of Claims 14 and 15 on unspecified grounds**

In the Office Action Summary, the Examiner indicated that Claims 14 and 15 were rejected.  However, the Examiner has not made any reference to these claims in the Detailed Action.  In the Office Action dated 3/29/2004, the Examiner indicated that these claims would be allowable if rewritten in independent form.  The amendments filed in response to that office action placed these claims in independent form.  In the office action dated 6/2/04, the Examiner indicated that these claims were still allowable over the art.  Applicant submits that either these claims should have been listed as allowed or the Examiner has failed to make a *primia facia* case for a rejection.

## VIII.  CONCLUSION

Appellant respectfully submits that for the reasons of fact and law argued herein, the decision of the Examiner in finally rejecting Claims 4, 5, and 7-15 should be reversed.

I hereby certify that this paper (along with any others attached hereto) is being sent via facsimile to fax number: 703-872-9306

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date:  2/28/05

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

6

DSS-NICHIA00000592

Telephone (925) 855-0413
Telefax (925)855-9214

BLANK PAGE

7

Exhibit A, page 255

DSS-NICHIA00000593

## APPENDIX

**THE CLAIMS ON APPEAL:**

    4.  A light source comprising:

    a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface;

    a platform covering said first opening, said platform being located outside of said aperture,

    a light emitting diode mounted on the platform within the aperture, and

    a transparent encapsulant material encapsulating the light emitting diode in the aperture,

    wherein the aperture comprises a side wall tapering outwards towards the second surface, and

    wherein the platform extends over the side wall.

    5.  A light source comprising:

    a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

    a platform covering said first opening, said platform being located outside of said aperture,

    a light emitting diode mounted on the platform within the aperture, and

8

Exhibit A, page 256

DSS-NICHIA00000594

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform presents a reflective surface to the light emitting diode.

7. (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8. A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

9

Exhibit A, page 257

DSS-NICHIA00000595

02/28/2005 16:04 FAX  9258559214                                      ⓏΟ027/043

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal.

9.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal and

wherein the metal platform is plated onto the substrate.

10.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

10

Exhibit A, page 258

DSS-NICHIA00000596

02/28/2005 16:04 FAX  9258559214                                                                          028/043

a transparent encapsulant material encapsulating the light emitting diode in the

aperture,

wherein the platform is made of metal,

wherein the metal platform is plated onto the substrate and

wherein the metal platform comprises layers of different metals.

11.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an
aperture extending from the first surface to the second surface, said aperture having a first
opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said
aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the
aperture,

wherein the substrate is made from an electrically and thermally insulating material.

12.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an
aperture extending from the first surface to the second surface, said aperture having a first
opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said
aperture,

11

Exhibit A, page 259

DSS-NICHIA00000597

02/28/2005 18:04 FAX  9258559214                                                             029/043

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.  A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

14.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture,

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the  second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

12

Exhibit A, page 260

DSS-NICHIA00000598

02/28/2005 16:05 FAX  9258559214                                    ☒030/043

15. A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

13

Exhibit A, page 261

DSS-NICHIA00000599

02/28/2005 16:05 FAX  9258559214

RECEIVED
CENTRAL FAX CENTER

FEB 2 8 2005

031/043

**PATENT APPLICATION**
Attorney Docket: 70010017-3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE BOARD OF APPEALS

| | |
|---|---|
| Applicant: | Yoganandan, et al |
| Serial No.: | 10/128,446 |
| Filed: | 4/23/2002 |
| For: | Light Source |
| Group Art Unit: | 2827 |
| Examiner: | Mitchell, James M. |

## BRIEF FOR APPELLANT

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231
Sir:

   This is an appeal from the decision of the Primary Examiner dated 01/06/2005, finally rejecting Claims 4, 5, 7-15 in the above-identified patent application.

### I.   REAL PARTY IN INTEREST

   The real party in interest is Agilent Technologies, Inc. having an address as shown below.

### II.   RELATED APPEALS AND INTERFERENCES

   There are no other appeals or interferences known to appellant, the appellant's legal representative, or assignee which will directly affect or be directly affected by or have a bearing on the Board's decision in this pending appeal.

### III.   STATUS OF THE CLAIMS

   Claims 4, 5 and 7-15 are currently pending in the above-identified patent application. Claims 1-3 and Claim 6 were canceled in an amendment filed on May 13, 2004. Claim 16 was withdrawn in a response to a restriction requirement that was filed on March 7, 2003. In the Office Action dated 01/06/2005, the Examiner rejected Claims 4, 5, and 7-15 and indicated that the Action was final. The rejection of Claims 4, 5, and 7-15 is being appealed.

DSS-NICHIA00000600

02/28/2005 16:05 FAX 9258559214 ☒032/043

## IV.   STATUS OF AMENDMENTS

There have been no amendments to the claims after the final rejection discussed above.

## V.   SUMMARY OF THE INVENTION

(1) The present invention includes a light source that can be more easily understood with reference to Figure 2 and the discussion thereof that begins on page 4, line 6 of the present application. All of the claims being appealed are directed to a light source 200 that includes an LED 230 and a substrate 210 having first and second surfaces. The first surface is shown at 214 and the second surface is shown at 212. The substrate defines an aperture that extends from the first surface to the second surface and has first and second openings on the first and second surfaces, respectively. The aperture is shown in Figure 5 at 440 and generally at 220 in Figure 2. Referring again to Figure 2, a platform 270 covers the first opening. The LED 230 is mounted on the platform within the aperture 220. A transparent encapsulant 260 encapsulates the LED in the aperture. All of the Claims except Claims 14 and 15 require the platform to be located outside of the aperture.

(2) Claim 4 is directed to a light source having the features described in (1) with the additional limitation that the aperture 220 has a sidewall 224 that tapers outward towards the second surface 212. The platform is required to extend over this sidewall.

(3) Claim 5 is directed to a light source having features described in (1) with the additional limitation that the platform presents a reflective surface 222 to the LED (page 6, starting at line 25).

(4) Claim 7 is directed to a light source having features described in (1) with the additional limitation that the platform is made from a thermally conductive material that conducts heat away from the LED.

(5) Claim 8 is directed to a light source having features described in (1) with the additional limitation that the platform be made of metal. Claim 9 requires that the metal be plated onto the substrate, and Claim 10 requires that the platform include layers of different metals.

2

Exhibit A, page 263

DSS-NICHIA00000601

(6) Claim 11 is directed to a light source having features described in (1) with the additional limitation that the substrate be made of an electrically and thermally insulating material.

(7) Claim 12 is directed to a light source having features described in (1) with the additional limitation that the encapsulant be bonded to the second surface of the substrate, i.e., surface 212 shown in Figure 2. Claim 13 requires that the encapsulant is molded to form a focusing dome.

(8) Claims 14 and 15 are directed to a light source having features described in (1) with the additional limitations that the light source has first and second electrically-conductive interconnects extending between the first and second surfaces. The interconnects are shown in more detail in Figure 17. These claims require that these interconnects have terminals on the second surface, i.e., the top surface of the substrate, and be connected to an exposed pad on the first surface for coupling to external circuitry. The terminals on the second surface are connected to the LED. The pads on the bottom surface are shown in Figure 2 at 250 and 252. The terminals on the top surface are shown at 822 and 824 in Figure 16. Figure 15 further requires the light source to have first and second vias that extend through the substrate and form a portion of the interconnects. The vias are shown at 420 and 425 in Figure 14.

## VI.   GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

A. Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e) as being clearly anticipated by Brunner, *et al* (hereafter "Brunner") US 6,645,783.

B. Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner.

C. Rejection of Claims 14 and 15 on unspecified grounds.

## VII.   ARGUMENT

### A. Examiner's Burden under 35 U.S.C. 102

3

DSS-NICHIA00000602

02/28/2005 16:05 FAX 9258559214                                                           ☑034/043

The Examiner has the burden of showing by reference to the cited art each claim limitation in the reference.  Anticipation under 35 U.S.C. 102 requires that each element of the claim in issue be found either expressly or inherently in a single prior art reference. *In re King*, 231 USPQ 136, 138 (Fed. Cir. 1986); Kalman v. Kimberly-Clark Corp., 218 USPQ 781, 789 (Fed. Cir. 1983). The mere fact that a certain thing may result from a given set of circumstances is not sufficient to sustain a rejection for anticipation. *Ex parte Skinner*, 2 USPQ2d 1788, 1789 (BdPatApp&Int 1986). "When the PTO asserts that there is an explicit or implicit teaching or suggestion in the prior art, it must indicate where such a teaching or suggestion appears in the reference" (*In re* Rijckaert, 28 USPQ2d, 1955, 1957).  Under the doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the reference will still be deemed to anticipate a subsequent claim if the missing element "is necessarily present in the thing described in the reference." Cont'l Can Co. v. Monsanto Co., 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749(Fed. Cir. 1991). "Inherent anticipation requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1295, 63 USPQ2d 1597, 1599(Fed. Cir. 2002) (quoting In re Robertson, 169 F.3d 743, 745, 49 USPQ2d 1949, 1950-51 (Fed. Cir. 1999)).

## B. Examiner's Burden under 35 U.S.C. 103

"The mere fact that a reference could be modified to produce the patented invention would not make the modification obvious unless it is suggested by the prior art." (*Libbey-Owens-Ford v. BOC Group*, 4 USPQ 2d 1097, 1103).  The Examiner has the burden of pointing out where in the art the suggestion is made.

## C. Rejection of Claims 4, 5, 7, 8, 11, 12 and 13 under 35 U.S.C. 102(e).

(1).  All of the claims in question require a substrate having first and second surfaces that define an aperture extending from the first surface to the second surface.  The aperture has a first opening in the first surface and a second opening in the second surface. These claims further require that the platform covers the first opening and that a light emitting diode be mounted on the platform **within** the aperture.  These claims also require a transparent encapsulant material that encapsulates the LED in the aperture.

4

DSS-NICHIA00000603

The Examiner specifically identifies the opening that is filled by heat sink 13 in Figure 1 of Brunner as the aperture that satisfies the limitations of the claims.

> "The Examiner takes the position that the aperture that extends from the first surface to the second surface of the substrate is the opening optionally filled by the heat sink 13 (5, 14+). The definition of aperture provided by Applicant, an opening that extends from one surface to the other, is meet by the opening in which the heat sink 13 sits." (page 2, second full paragraph of action dated 1/6/05)

Chip 1 shown in Figure 1 of Brunner is mounted **on top** of an area labeled 5. It follows that this area must correspond to the platform recited in the claims. Chip 1 is clearly outside of the aperture identified by the Examiner.  Furthermore, the encapsulant material shown in Figure 1 does not extend into the aperture as required by these claims. Hence, Brunner does not anticipate these claims.

(2).  There are additional grounds for allowing Claim 4.  In addition to the limitations discussed above in paragraph (1), Claim 4 requires that the aperture comprises a sidewall tapering outwards towards the second surface.  Since the area 5 is the platform covering the first opening in the first surface, it follows that the bottom surface must be the second surface recited in the claim.  The Examiner has not pointed to any teaching in Brunner that the sidewalls of the aperture in question are tapered outward toward the bottom surface.  If anything, Figure 1 indicates that the sidewalls of the aperture are at right angles to both surfaces, and hence, could not taper outward.  Accordingly, there are additional grounds for allowing Claim 4.

(3).  There are also additional grounds for allowing Claim 12.  In addition to the limitations discussed above in paragraph (1), Claim 12 requires that the encapsulant material be bonded to the second surface of the substrate.  As noted above, the second surface must be the bottom surface of the substrate, i.e., the surface on which elements 7, 2, 10, and 3 are located in Figure 2 of Brunner.  The encapsulant material 12 is not bonded to this surface. Hence, there are additional grounds for allowing Claim 12.

5

DSS-NICHIA00000604

**D. Rejection of Claims 9 and 10 under 35 U.S.C. 103(a) as being unpatentable over Brunner**

These claims also require the elements discussed above with reference to rejection under 35 U.S.C. 102 under paragraph C(1). Since the Examiner has not pointed to any motivation to alter the teachings of Brunner to arrive at a light source that meets these limitations, Applicant submits that the Examiner has failed to make a *primia facia* case for obviousness with respect to either of these claims.

**E. Rejection of Claims 14 and 15 on unspecified grounds**

In the Office Action Summary, the Examiner indicated that Claims 14 and 15 were rejected. However, the Examiner has not made any reference to these claims in the Detailed Action. In the Office Action dated 3/29/2004, the Examiner indicated that these claims would be allowable if rewritten in independent form. The amendments filed in response to that office action placed these claims in independent form. In the office action dated 6/2/04, the Examiner indicated that these claims were still allowable over the art. Applicant submits that either these claims should have been listed as allowed or the Examiner has failed to make a *primia facia* case for a rejection.

**VIII. CONCLUSION**

Appellant respectfully submits that for the reasons of fact and law argued herein, the decision of the Examiner in finally rejecting Claims 4, 5, and 7-15 should be reversed.

I hereby certify that this paper (along with any others attached hereto) is being sent via facsimile to fax number: 703-872-9306

Respectfully Submitted,

Calvin B. Ward
Registration No. 30,896
Date: 2/28/05

Agilent Technologies, Inc.
Legal Department, M/S DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

6

DSS-NICHIA00000605

02/28/2005 18:07 FAX  9258559214                                      037/043

Telephone (925) 855-0413
Telefax (925)855-9214


# BLANK PAGE


7

Exhibit A, page 268

DSS-NICHIA00000606

02/28/2005 16:07 FAX  9258559214                                      ☒038/043

# APPENDIX

## THE CLAIMS ON APPEAL:

4. A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface;

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the aperture comprises a side wall tapering outwards towards the second surface, and

wherein the platform extends over the side wall.

5. A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

8

PAGE 38/43 * RCVD AT 2/28/2005 5:58:52 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/6 * DNIS:8729306 * CSID:9258559214 * DURATION (mm-ss):11-02

Exhibit A, page 269

DSS-NICHIA00000607

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform presents a reflective surface to the light emitting diode.

7.  (Currently Amended) A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made from thermally conductive material for conducting heat away from the light emitting diode.

8.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

9

Exhibit A, page 270

DSS-NICHIA00000608

02/28/2005  16:07 FAX   9258559214                                              ☒040/043

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal.

9.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal and

wherein the metal platform is plated onto the substrate.

10.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture, and

10

Exhibit A, page 271

DSS-NICHIA00000609

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the platform is made of metal,

wherein the metal platform is plated onto the substrate and

wherein the metal platform comprises layers of different metals.

11. A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the substrate is made from an electrically and thermally insulating material.

12. A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening, said platform being located outside of said aperture,

11

DSS-NICHIA00000610

a light emitting diode mounted on the platform within the aperture, and

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

wherein the transparent encapsulant material is bonded to the second surface of the substrate.

13.  A light source as claimed in claim 12, wherein the transparent encapsulant material is molded to form a focusing dome over the light emitting diode.

14.  A light source comprising:

a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface.

a platform covering said first opening,

a light emitting diode mounted on the platform within the aperture,

a transparent encapsulant material encapsulating the light emitting diode in the aperture,

a first electrically-conductive interconnect extending between the first and second surfaces, the first interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry, and

a second electrically-conductive interconnect extending between the first and second surfaces, the second interconnect having a terminal on the second surface coupled to the light emitting diode and an exposed pad on the first surface for coupling to external circuitry.

12

Exhibit A, page 273

DSS-NICHIA00000611

02/28/2005 16:08 FAX   9258559214   ⊠043/043

15. A light source as claimed in claim 14, wherein the substrate defines first and second vias extending between the upper and lower surfaces, a portion of each of the first and second interconnects extending through the first and second vias respectively.

PAGE 43/43 * RCVD AT 2/28/2005 5:58:52 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/6 * DNIS:8729306 * CSID:9258559214 * DURATION (mm-ss):11-02

Exhibit A, page 274

DSS-NICHIA00000612

02/28/2005 15:58 FAX 9258559214 @003/043

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

**ATTORNEY DOCKET NO. 70010017-3**

FEE Only

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s): Yoganandan, et al

Serial No.: 10/128,446                    Examiner: Zarneke, David

Filing Date: April 23, 2002               Group Art Unit: 2827

Title: Light Source


**COMMISSIONER FOR PATENTS**
**P.O. Box 1450**
**Alexandria VA 22313-1450**

### TRANSMITTAL OF APPEAL BRIEF

Sir:

Transmitted herewith is the Appeal Brief in this application with respect to the Notice of Appeal filed on
2/28/05

The fee for filing this Appeal Brief is (37 CFR 1.17(c)) **$500.00**.

(complete a) or b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a) Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)(1)-(5)) for
the total number of months checked below:

| | | |
|---|---|---|
| ☐ | one month | $ 120.00 |
| ☐ | two months | $ 450.00 |
| ☐ | three months | $1020.00 |
| ☐ | four months | $1590.00 |

☐ The extension fee has already been filled in this application.

☒ (b) Applicant believes that no extension of term is required. However, this conditional petition is being
made to provide for the possibility that applicant has inadvertently overlooked the need for a petition
and fee for extension of time.

Please charge to Deposit Account 50-1078 the sum of $500.00___. At any time during the pendency of this
application, please charge any fees required or credit any overpayment to Deposit Account 50-1078
pursuant to 37 CFR 1.25.

A duplicate copy of this transmittal letter is enclosed.


☐ I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class mail in
an envelope addressed to: Commissioner for Patents,
P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit: _____     OR

☒ I hereby certify that this paper is being facsimile transmitted to
the Patent and Trademark Office on the date shown below.

Date of Facsimile: _____

Typed Name: Calvin Ward

Signature: _____

Respectfully submitted,

Yoganandan, et al

By _____

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,898

Date:

Telephone No. 925-855-0413

03/09/2005 RTYSON    00000006 501078    10128446

PAGE 3/43 * RCVD AT 2/28/2005 5:58:52 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/6 * DNIS:8729306 * CSID:9258559214 * DURATION (mm-ss):11-02

01 FC:1402    500.00 DA

DSS-NICHIA00000613

02/28/2005  15:53 FAX  9258559214

RECEIVED
CENTRAL FAX CENTER

FEB 28 2005

☑ 001/043

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P. O. Box 7599
Loveland, Colorado 80537-0599

ATTORNEY DOCKET NO. 70010017-3

*FEE Only*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor(s) Yoganandan, et al

Serial No.:  10/128,446

Filing Date: April 23, 2002

Title:  Light Source

Examiner: Zarneke, David

Group Art Unit: 2827

COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria  VA  22313-1450

### NOTICE OF APPEAL FROM THE EXAMINER TO THE
### BOARD OF PATENT APPEALS AND INTERFERENCES

Sir:

Applicant hereby appeals to the Board of Patent Appeals and Interferences from the decision of the examiner dated, Jan. 6, 2005        , rejecting the following claims : 4, 5, 7-15   .

The fee for this Notice of Appeal (37 CFR 1.17(b)) is $500.00.

(complete (a) or (b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136(a) apply.

☐ (a)  Applicant petitions for an extension of time under 37 CFR 1.136 (fees:  37 CFR 1.17(a)-(d) for the total number of months checked below:

| | | |
|---|---|---|
| ☐ | one month | $ 120.00 |
| ☐ | two months | $ 460.00 |
| ☐ | three months | $1020.00 |
| ☐ | four months | $1690.00 |

☐ The extension fee has already been filled in this application.

☒ (b)  Applicant believes that no extension of term is required.  However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

Please charge to Deposit Account 50-1078 the sum of  $500.00   .  At any time during the pendency of this application, please charge any fees required or credit any overpayment to Deposit Account 50-1078 pursuant to 37 CFR 1.26.

A duplicate copy of this transmittal letter is enclosed.

☐ I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Date of Deposit:                     OR

☑ I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

Date of Facsimile:

Typed Name: Calvin Ward

Signature:

Respectfully submitted,

Yoganandan, et al

By

Calvin B. Ward
Attorney/Agent for Applicant(s)

Reg. No. 30,896

Date:

Telephone No. 925-855-0413

03/09/2005 RTYSON    00000005 501078    10128446

01 FC:1401        500.00 DA

PAGE 1/43 * RCVD AT 2/28/2005 5:58:52 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/6 * DNIS:8729305 * CSID:9258559214 * DURATION (mm-ss):11-02

DSS-NICHIA00000614

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | 7590 | 05/16/2005 |
|---|---|---|

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

| EXAMINER |
|---|
| ZARNEKE, DAVID A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2891 | |

DATE MAILED: 05/16/2005

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

TITLE OF INVENTION: LIGHT SOURCE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $300 | $1700 | 08/16/2005 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.   THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.   SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.   THIS STATUTORY PERIOD CANNOT BE EXTENDED.   SEE 35 U.S.C. 151.   THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION.   THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 3

PTOL-85  (Rev. 12/04) Approved for use through 04/30/2007.

Exhibit A, page 277

DSS-NICHIA00000615

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or** **Fax** **(703) 746-4000**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

7590        05/16/2005

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (703) 746-4000, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

TITLE OF INVENTION: LIGHT SOURCE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $300 | $1700 | 08/16/2005 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ZARNEKE, DAVID A | 2891 | 257-099000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered patent attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and State OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____ Date _____

Typed or printed name _____ Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 12/04) Approved for use through 04/30/2007.        OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

| | |
|---|---|
| 7590       05/16/2005 | EXAMINER |
| AGILENT TECHNOLOGIES, INC.<br>Legal Department, DL429<br>Intellectual Property Administration<br>P.O. Box 7599<br>Loveland, CO 80537-0599 | ZARNEKE, DAVID A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2891 | |

DATE MAILED: 05/16/2005

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 76 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 76 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571) 272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85  (Rev. 12/04) Approved for use through 04/30/2007.

Exhibit A, page 279

DSS-NICHIA00000617

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 10/128,446 | YOGANANDAN ET AL. |
| | Examiner | Art Unit | |
| | David A. Zarneke | 2891 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEPE 1308.

1. ☒ This communication is responsive to <u>2/28/05</u>.

2. ☒ The allowed claim(s) is/are <u>4,5 and 7-15</u>.

3. ☒ The drawings filed on <u>01 December 2003</u> are accepted by the Examiner.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☒ All   b) ☐ Some*   c) ☐ None   of the:

        1. ☒ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____

7. ☐ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

David A. Zarneke
Primary Examiner
May 10, 2005

DSS-NICHIA00000618



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov



Bib Data Sheet

CONFIRMATION NO. 6533

| SERIAL NUMBER 10/128,446 | FILING DATE 04/23/2002 RULE | CLASS 257 | GROUP ART UNIT 2891 | ATTORNEY DOCKET NO. 70010017-3 |
|---|---|---|---|---|

APPLICANTS

Sundar A/L Natarajan Yoganandan, Penang, MALAYSIA;

Seong Choon Lim, Penang, MALAYSIA;

** CONTINUING DATA ***************************

** FOREIGN APPLICATIONS ***************************
MALAYSIA PI 20011952 04/25/2001

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 05/28/2002

| Foreign Priority claimed ☑ yes ☐ no<br>35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance<br>Verified and Acknowledged    Examiner's Signature    Initials | STATE OR COUNTRY MALAYSIA | SHEETS DRAWING 14 | TOTAL CLAIMS 16 | INDEPENDENT CLAIMS 2 |
|---|---|---|---|---|

ADDRESS
AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland , CO
80537-0599

TITLE
Light source

| FILING FEE RECEIVED 870 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other |

DSS-NICHIA00000619

☐ Credit

DSS-NICHIA00000620

| *Issue Classification* | Application No. 10/128,446 | Applicant(s) YOGANANDAN ET AL. | |
|---|---|---|---|
| | Examiner David A. Zarneke | Art Unit 2891 | |

## ISSUE CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|

| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
|---|---|---|---|
| 257 | 99 | | |

| INTERNATIONAL CLASSIFICATION | | | |
|---|---|---|---|
| H 0 1 L | 33/00 | | |
| | / | | |
| | / | | |
| | / | | |
| | / | | |

_____
(Assistant Examiner)     (Date)

Peggy Yarbrough  5/25/05
(Legal Instruments Examiner)  (Date)

David A. Zarneke   5/10/05
(Primary Examiner)     (Date)

**Total Claims Allowed: 11**

| O.G. Print Claim(s) | O.G. Print Fig. |
|---|---|
| 1 | 2 |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| 1 | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| 2 | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| 3 | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| 4 | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| 5 | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| 6 | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| 7 | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| 8 | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| 9 | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| 10 | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| 11 | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

Exhibit A, page 283

Part of Paper No.  0505

DSS-NICHIA00000621

| SEARCH | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 257 | 79, 86 79, 100 | 2/11/62 | SMM |
| 257 | 79, 81 98-100 | 3/17/4 | MR |
| Updated | | 5/21/04 | OTZ |
| Updated | | 5/10/05 | OTZ |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| all of the above | | 5/10/05 | OR |

| SEARCH NOTES (List databases searched. Attach search strategy inside.) | | |
|---|---|---|
| | Date | Exmr. |
| East See Attached Sheet | 2/11/02 | SMM |
| EAST | 3/17/4 | MR |
| EAST | 5/21/04 | OTZ |

Best Available Copy

Exhibit A, page 284

DSS-NICHIA00000622

Complete and send this form, together with applicable fee(s), to: **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

7590     05/16/2005

AGILENT TECHNOLOGIES, INC.
Legal Department, DL429
Intellectual Property Administration
P.O. Box 7599
Loveland, CO 80537-0599

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

Certificate of Mailing or Transmission
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (703) 746-4000, on the date indicated below.

Nelia T. de Guzman _____ (Depositor's name)
Nelia T. de Guzman _____ (Signature)
July 1, 2005 _____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Natarajan Yoganandan | 70010017-3 | 6533 |

TITLE OF INVENTION: LIGHT SOURCE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $300 | $1700 | 08/16/2005 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ZARNEKE, DAVID A | 2891 | 257-099000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

AGILENT TECHNOLOGIES, INC.                    PALO ALTO, CALIFORNIA

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are enclosed:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):
☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number  50-1078  (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____ 6/30/05

Typed or printed name  MARC BOBYS     Registration No. _____ 45,267

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 12/04) Approved for use through 04/30/2007.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

DSS-NICHIA00000623

03-28-13;18:45 ;MarkPro                15712736500        ;2488160912            # 2/ 9

Small Entity Declaration

## PATENT
### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Current Date ___March 20, 2013___

*Patent Nos. Please see the attached.*

### CHANGE OF ENTITY STATUS PURSUANT TO 37 C.F.R. §1.27 (g)(2)

Commissioner for Patents
Mail Stop M Correspondence
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

This communication hereby asserts that the attached Schedule A patents is

entitled to small entity status.

Respectfully submitted,

| COMPANY or FIRM NAME AND ADDRESS: | |
|---|---|
| INTELLECTUAL DISCOVERY<br>135-090<br>Golden Tower 10F<br>#511 Samseong-ro, Gangnam-gu,<br>Seoul, Korea | **Signature** _(signature)_<br><br>**Printed Name**<br>CHO MIYOUNG<br>**Title** Manager<br>**OR**<br>**Reg. # if US Attorney**_____ |

Exhibit A, page 286

DSS-NICHIA00000624

03-28-13;18:45  ;MarkPro                15712736500        ;2488160912           # 4/ 9

## Schedule A – Patents assigned to *Assignee*

| NO | APPLICATION NUMBER | FILING DATE | PATENT NUMBER | ISSUE DATE |
|----|--------------------|-------------|----------------|------------|
| 20 | 10/071987 | 2002-02-08 | 6940102 | 2005-09-06 |
| 21 | 09/783101 | 2001-02-15 | 6943666 | 2005-09-13 |
| 22 | 10/128446 | 2002-04-23 | 6949771 | 2005-09-27 |
| 23 | 10/370435 | 2003-02-20 | 6967123 | 2005-11-22 |
| 24 | 10/374268 | 2003-02-25 | 7021807 | 2006-04-04 |
| 25 | 10/820342 | 2004-04-07 | 7066633 | 2006-06-27 |
| 26 | 10/609160 | 2003-06-27 | 7075225 | 2006-07-11 |
| 27 | 10/617626 | 2003-07-10 | 7075233 | 2006-07-11 |
| 28 | 10/649094 | 2003-08-26 | 7102177 | 2006-09-05 |
| 29 | 11/145140 | 2005-06-03 | 7105863 | 2006-09-12 |
| 30 | 10/798130 | 2004-03-11 | 7108413 | 2006-09-19 |
| 31 | 10/267759 | 2002-10-09 | 7112916 | 2006-09-26 |
| 32 | 11/075242 | 2005-03-07 | 7115428 | 2006-10-03 |
| 33 | 09/924653 | 2001-08-08 | 7129638 | 2006-10-31 |
| 34 | 10/661054 | 2003-09-12 | 7145182 | 2006-12-05 |
| 35 | 10/755047 | 2004-01-08 | 7183588 | 2007-02-27 |
| 36 | 10/833905 | 2004-04-27 | 7210817 | 2007-05-01 |
| 37 | 11/205580 | 2005-08-15 | 7230222 | 2007-06-12 |
| 38 | 10/798477 | 2004-03-11 | 7239080 | 2007-07-03 |
| 39 | 10/608605 | 2003-06-27 | 7256486 | 2007-08-14 |
| 40 | 10/789136 | 2004-02-27 | 7261441 | 2007-08-28 |

Exhibit A, page 287

DSS-NICHIA00000625

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent of:

Inventor:  Sundar A/L Yoganandan

Serial No.:  10/128,446

Filing Date:  April 23, 2002

Patent No.:  6,949,771

Issue Date:  September 27, 2005

Title:   Light Source

Confirmation No.:  6533

Examiner:  Zarneke, David A.

Group Art Unit:  2891

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia  22313-1450

### NOTICE OF CHANGE OF STATUS TO SMALL ENTITY

Notice is hereby given under 37 C.F.R. § 1.27(g)(1) that effective at least as early as November 10, 2016, large entity status is no longer claimed by the assignee of the above-identified patent.  The assignee asserts small entity status, and is entitled to claim small entity status for the purpose of calculating maintenance fees.  To the extent any undiscounted fees were paid after the above-listed date, the assignee or a representative of the assignee will retroactively seek to pay the next maintenance fee at the small entity rate by requesting a refund of overpayment.

The practitioner signing below is authorized by the assignee to act in representative capacity under 37 C.F.R. 1.34 for purposes of filing this request only.   Should the Office have any questions, the Office is invited to call the undersigned at (312) 913-3341.

**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, IL 60606
(312)913-0001

Exhibit A, page 288

DSS-NICHIA00000626

Respectfully submitted,

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP

Date: <u>February 22, 2017</u>                    By: <u>/Michael D. Clifford/</u>
                                           Michael D. Clifford
                                           Reg. No. 60,550

McDonnell Boehnen Hulbert & Berghoff, Ltd.                    2
300 South Wacker Drive, 7th Floor
Chicago, IL 60606
(312)913-0001

DSS-NICHIA00000627

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28433956 |
| **Application Number:** | 10128446 |
| **International Application Number:** | |
| **Confirmation Number:** | 6533 |
| **Title of Invention:** | LIGHT SOURCE |
| **First Named Inventor/Applicant Name:** | Sundar A/L Yoganandan |
| **Customer Number:** | 57299 |
| **Filer:** | Michael David Clifford |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 70010017-3 |
| **Receipt Date:** | 22-FEB-2017 |
| **Filing Date:** | 23-APR-2002 |
| **Time Stamp:** | 19:20:58 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Assertion of entitlement to small entity status | 6949771_SmallEntityStatus.pdf | 75677 / df12972407cc630ed2f1efd17afba972e74bc263 | no | 2 |

**Warnings:**

DSS-NICHIA00000628

**Information:**

| | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 75677 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DSS-NICHIA00000629

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re Patent of:

Inventor:  Sundar A/L Yoganandan

Serial No.:  10/128,446

Filing Date:  April 23, 2002

Patent No.:  6,949,771

Issue Date:  September 27, 2005

Title:   Light Source

Confirmation No.:  6533

Examiner:  Zarneke, David A.

Group Art Unit:  2891

Commissioner for Patents
Mailstop: Petitions
P.O. Box 1450
Alexandria, Virginia  22313-1450

**PETITION UNDER 37 C.F.R. 1.28(C)
NOTIFICATION OF LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS
AND PAYMENT OF ADDITIONAL FEES DUE**

Sir or Madam:

On February 22, 2017 an Assertion of Entitlement to Small Entity Status was filed.  Notice is hereby given under 37 C.F.R. 1.28(c) that small entity status was inadvertently claimed in error. Itemization and calculation of the deficiencies in payment in accordance with 37 C.F.R. 1.28(c)(2) is presented below:

| Fee Type | Amount Paid | Date Paid | Current Fee | Difference |
|---|---|---|---|---|
| Maintenance Fee 11.5 years | 3,700.00 | 03/27/2017 | 7,400.00 | **3,700.00** |
| **Total Deficiency Due:** | | | | **$3,700.00** |

The Patent Office is hereby authorized to charge Deposit Account No. 13-2490 in the amount of $3,700.00 (the difference in fees) and any underpayments related to this Petition.

**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, IL 60606
(312)913-0001

Exhibit A, page 292

The practitioner signing below is authorized by the assignee to act in representative capacity under 37 C.F.R. 1.34 for purposes of filing this request only.   Should the Office have any questions, the Office is invited to call the undersigned at (312) 913-3341

Respectfully submitted,

McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP

Date:  <u>May 10, 2017</u>                    By: <u>/Michael D. Clifford/</u>
                                            Michael D. Clifford
                                            Reg. No. 60,550

McDonnell Boehnen Hulbert & Berghoff, Ltd.                    2
300 South Wacker Drive, 7th Floor
Chicago, IL 60606
(312)913-0001

DSS-NICHIA00000631

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 29174041 |
| **Application Number:** | 10128446 |
| **International Application Number:** | |
| **Confirmation Number:** | 6533 |
| **Title of Invention:** | LIGHT SOURCE |
| **First Named Inventor/Applicant Name:** | Sundar A/L Yoganandan |
| **Customer Number:** | 57299 |
| **Filer:** | Michael David Clifford |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 70010017-3 |
| **Receipt Date:** | 10-MAY-2017 |
| **Filing Date:** | 23-APR-2002 |
| **Time Stamp:** | 21:36:06 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Petition for review by the Office of Petitions | 6949771_LargeEntityStatus.pdf | 81146<br>f3eb0d031bf3b253db7549c2ecdcb7076d83895e | no | 2 |

**Warnings:**

DSS-NICHIA00000632

| Information: | | |
| --- | --- | --- |
| | **Total Files Size (in bytes):** | 81146 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

DSS-NICHIA00000633

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____Eastern District of Texas, Marshall Division_____ on the following

☐ Trademarks or ☑ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-308 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br><br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2  7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

Exhibit A, page 296

DSS-NICHIA00000634

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    Eastern District of Texas, Marshall Division    on the following

☐ Trademarks or    ☒ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-310 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br><br>Everlight Electronics Co., Ltd. and Everlight Americas, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2 | 7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 3 | 7,919,787 B2 | 4/5/2011 | Document Security Systems, Inc. |
| 4 | 7,256,486 B2 | 8/14/2007 | Document Security Systems, Inc. |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director**    **Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director**    **Copy 4—Case file copy**

Exhibit A, page 297

DSS-NICHIA00000635

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court     Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-309 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br><br>Cree, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2 | 7,256,486 B2 | 8/14/2007 | Document Security Systems, Inc. |
| 3 | 7,279,355 B2 | 10/9/2007 | Document Security Systems, Inc. |
| 4 | 7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 5 | 7,919,787 B2 | 4/5/2011 | Document Security Systems, Inc. |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director**     **Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director**     **Copy 4—Case file copy**

DSS-NICHIA00000636

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/128,446 | 04/23/2002 | Sundar A/L Yoganandan | 70010017-3 | 6533 |

57299      7590      07/17/2017
Kathy Manke
Avago Technologies Limited
4380 Ziegler Road
Fort Collins, CO 80525

| EXAMINER |
|---|
| ZARNEKE, DAVID A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2891 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/17/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

kathy.manke@broadcom.com
patent.info@broadcom.com

PTOL-90A (Rev. 04/07)

DSS-NICHIA00000637



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| In re Patent No. 6,949,771 | : | |
| Issue Date: September 29, 2005 | : | |
| Application No. 10/128,446 | : | NOTICE |
| Filed: April 23, 2002 | : | |
| Attorney Docket No. 70010017-3 | : | |

This is a notice regarding your request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed May 10, 2017.

On September 1, 1998, the Court of Appeals for the Federal Circuit held that 37 CFR 1.28(c) is the sole provision governing the time for correction of the erroneous payment of the issue fee as a small entity.  **See DH Technology v. Synergystex International, Inc.** **154 F.3d 1333, 47 USPQ2d 1865 (Fed. Cir. Sept. 1, 1998).**

The Office no longer investigates or rejects original or reissue applications under 37 CFR 1.56. **1098 Off. Gaz. Pat. Office 502 (January 3, 1989).**  Therefore, nothing in this Notice is intended to imply that an investigation was done.

Your fee deficiency submission under 37 CFR 1.28 is hereby **ACCEPTED**.

This application is no longer entitled to small entity status.  Accordingly, all future fees paid in this application must be paid at the large entity rate.

Telephone inquiries related to this communication should be directed to the undersigned at (571) 272-1642.


/April M. Wise/
April M. Wise
Paralegal Specialist
Office of Petitions

DSS-NICHIA00000638

## Office of Petitions:  Routing Sheet



**4 7 0 0**

## Application No. | 10128446

**This application is being forwarded to your office for further processing.  A decision has been rendered on a petition filed in this application, as indicated below. For details of this decision, please see the document PET.OP.DEC filed on the same date as this document.**

[X] **GRANTED**

[ ] **DISMISSED**

[ ] **DENIED**

DSS-NICHIA00000639

| Office of Petitions:  Decision Count Sheet | Mailing Month | 7 |

**Application No.**  10128446

```
* 1 0 1 2 8 4 4 6 *
```

For US serial numbers: enter number only, no slashes or commas.  Ex: 10123456
For PCT: enter "51+single digit of year of filing+last 5 numbers", Ex. for PCT/US05/12345, enter 51512345

**Deciding Official:**  WISE, APRIL M.

**Count (1) - Palm Credit**   10128446

Decision:  **GRANT**

FINANCE WORK NEEDED
☐ Select Check Box for YES

```
* G R A N T *
```

Decision Type:  321 - 37 CFR 1.28 TO MAKE ENTITY STATUS LARGE FR

```
* 3 2 1 *
```

Notes:

**Count (2)**

Decision:  n/a

FINANCE WORK NEEDED
☐ Select Check Box for YES

Decision Type:  NONE

Notes:

**Count (3)**

Decision:  n/a

FINANCE WORK NEEDED
☐ Select Check Box for YES

Decision Type:  NONE

Notes:

| Initials of Approving Official (if required) | If more than 3 decisions, attach 2nd count sheet & mark this box ☐ |

Printed on:   7/12/2017

Office of Petitions Internal Document - Ver. 5.0

Exhibit A, page 302

DSS-NICHIA00000640

Case 2:17-cv-08849-JVS-JEM  Document 130-3  Filed 08/28/23  Page 301 of 309  Page ID
Case 2:17-cv-00310  Document 4  Filed 04/13/17  Page 1 of 1 PageID #: 90
#:19906

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____Eastern District of Texas, Marshall Division_____ on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-310 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |

| PLAINTIFF | DEFENDANT |
|---|---|
| Document Security Systems, Inc. | Everlight Electronics Co., Ltd. and Everlight Americas, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2  7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 3  7,919,787 B2 | 4/5/2011 | Document Security Systems, Inc. |
| 4  7,256,486 B2 | 8/14/2007 | Document Security Systems, Inc. |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

DSS-NICHIA00000641

Case 2:17-cv-08849-JVS-JEM   Document 130-3   Filed 08/28/23   Page 302 of 309   Page ID
#:1887
Case 2:17-cv-00309   Document 4   Filed 04/13/17   Page 1 of 1 PageID #:  111

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____Eastern District of Texas, Marshall Division_____ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-309 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br><br>Cree, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2 | 7,256,486 B2 | 8/14/2007 | Document Security Systems, Inc. |
| 3 | 7,279,355 B2 | 10/9/2007 | Document Security Systems, Inc. |
| 4 | 7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 5 | 7,919,787 B2 | 4/5/2011 | Document Security Systems, Inc. |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

DSS-NICHIA00000642

Case 2:17-cv-08849-JVS-JEM   Document 130-3   Filed 08/28/23   Page 303 of 309   Page ID
#:1988
Case 2:17-cv-00308-JRG   Document 4   Filed 04/13/17   Page 1 of 1 PageID #:  48

AO 120 (Rev. 08/10)

| TO:  Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court    Eastern District of Texas, Marshall Division    on the following

☐ Trademarks or    ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-308 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br>Seoul Semiconductor Co., Ltd. and Seoul Semiconductor,<br>Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2  7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

Exhibit A, page 305

DSS-NICHIA00000643

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR PATENTS
P.O.BOX 1450
ALEXANDRIA VA 22313-1451

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
POSTEDIGITAL
NNNNN

Kathy Manke
Avago Technologies Limited
4380 Ziegler Road
Fort Collins, CO 80525

II.I.II....I.I...I.I.I.I.II...I



## Courtesy Reminder for
## Application Serial No: 10/128,446

Attorney Docket No: 70010017-3
Customer Number: 57299
Date of Electronic Notification: 07/17/2017

This is a courtesy reminder that new correspondence is available for this application. If you have not done so already, please review the correspondence. The official date of notification of the outgoing correspondence will be indicated on the form PTOL-90 accompanying the correspondence.

An email notification regarding the correspondence was sent to the following email address(es) associated with your customer number:
kathy.manke@broadcom.com
patent.info@broadcom.com

To view your correspondence online or update your email addresses, please visit us anytime at **https://sportal.uspto.gov/secure/myportal/privatepair.** If you have any questions, please email the Electronic Business Center (EBC) at EBC@uspto.gov or call 1-866-217-9197.

DSS-NICHIA00000644

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Texas Eastern District - Marshall Div___ on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17cv00308 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Texas Eastern District - Marshall Div |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems | | DEFENDANT<br><br>Seoul Semiconductor Co. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,949,771 | | |
| 2  7,524,087 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

DSS-NICHIA00000645

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    California District Court - So Div    on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17cv00981 | DATE FILED<br>6/7/2017 | U.S. DISTRICT COURT<br>California District Court - So Div | |
|---|---|---|---|
| PLAINTIFF<br><br>Document Security Systems | | DEFENDANT<br><br>Seoul Semiconductor Co. | |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 7,256,486 | | |
| 2 | 6,949,771 | | |
| 3 | 7,524,087 | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

Exhibit A, page 308

DSS-NICHIA00000646

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _California Central District Court_ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17cv04263 | DATE FILED<br>6/8/2017 | U.S. DISTRICT COURT<br>California Central District Court |
|---|---|---|
| PLAINTIFF<br><br>Docuemtn Security Systems | | DEFENDANT<br><br>Cree, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 | | |
| 2 | 7,256,486 | | |
| 3 | 7,279,355 | | |
| 4 | 7,524,087 | | |
| 5 | 7,919,787 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

Exhibit A, page 309

DSS-NICHIA00000647

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court    <u>California Central District Court</u>    on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17cv04273 | DATE FILED<br>6/8/2017 | U.S. DISTRICT COURT<br>California Central District Court |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems | | DEFENDANT<br><br>Everlight Electronics |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 | | |
| 2 | 7,524,087 | | |
| 3 | 7,919,787 | | |
| 4 | 7,256,486 | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

DSS-NICHIA00000648

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court     Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-309 | DATE FILED<br>4/13/2017 | U.S. DISTRICT COURT<br>Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Document Security Systems, Inc. | | DEFENDANT<br><br>Cree, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,949,771 B2 | 9/27/2005 | Document Security Systems, Inc. |
| 2 | 7,256,486 B2 | 8/14/2007 | Document Security Systems, Inc. |
| 3 | 7,279,355 B2 | 10/9/2007 | Document Security Systems, Inc. |
| 4 | 7,524,087 B1 | 4/28/2009 | Document Security Systems, Inc. |
| 5 | 7,919,787 B2 | 4/5/2011 | Document Security Systems, Inc. |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

Exhibit A, page 311

DSS-NICHIA00000649