CHRISTOPHER B. MEAD (*pro hac vice*)
cmead@schertlerlaw.com
TARA N. TIGHE (*pro hac vice*)
ttighe@schertlerlaw.com
SCHERTLER ONORATO MEAD & SEARS
555 13th Street NW Suite 500 West
Washington, DC 20004
Telephone: 202.628.4199
Fax: 202.628.4177

KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
DSS, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NICHIA CORPORATION; and NICHIA AMERICA CORPORATION,<br><br>　　　　Defendant. | CASE NO. 2:17-cv-08849-JVS (*JEMx*)<br><br>Hon. James V. Selna<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:　　　September 18, 2023<br>Time:　　　1:30 pm<br>Location:　　10C |

# ARGUMENT

## I. PLAINTIFF DSS, INC. HAS MET ITS BURDEN FOR RECONSIDERATION BASED ON NEWLY DISCOVERED FACTS.

Defendants Nichia Corporation and Nichia America Corporation (collectively "Nichia" or "Defendants") misinterpret Local Rule 7-18 to mandate that a party cannot seek reconsideration based on new facts or evidence if that party could possibly have discovered the facts or evidence earlier. Not so. This Court has discretion to reconsider an order where the party requesting reconsideration presents newly discovered facts or evidence that it could not have located earlier through ***reasonable*** diligence. *See Joao Control & Monitoring Sys., LLC v. Acti Corp. Inc.*, 2012 WL 13018361, at *2 (C.D. Cal. July 26, 2012) (emphasis added).

In its original Complaint, Plaintiff DSS, Inc. ("DSS") alleged that Nichia infringed the '771 and '486 patents, among others. Nichia elected to challenge all the claims from all the asserted patents by filing petitions for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB"). *See* Motion to Stay, ECF No. 55. At Nichia's request, this Court stayed this matter in July 2018 pending final resolution of the IPRs. *See* Orders, ECF No. 61-1 and 62.

With the case stayed and IPRs pending, DSS had no reason to believe the patents and claims asserted in its original Complaint were subject to dismissal without the opportunity to seek leave to amend. It was entirely reasonable at the beginning of the litigation for DSS to focus its infringement investigation on the first infringed claims of the '771 and '486 patents. The initial Complaint alleged in detail that specific Nichia products infringed claim 3 of the '771 and claim 1 of the '486. *See* Complaint, ECF No. 1. Alleging infringement of at least one claim from each of the '771 and '486 patents met DSS' burden to go forward on all claims from those patents. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Commercial Copy Innovations, Inc. v. Richoh Electronics, Inc.*, 2017 WL

7838719 at *3 (C.D. Cal. October 1, 2017). Nichia acknowledged that all claims from the '771 and '486 patents were subject to claims of infringement when it chose to challenge all claims from those patents through the IPR process.

It is not reasonable for Nichia to demand that DSS should have devoted time and resources to developing additional infringement evidence for other claims in the same patents, without discovery tools, while the case was stayed as Nichia pursued IPRs. DSS had no reasonable basis to seek leave to amend its Complaint while the case was stayed. Instead, it was reasonable for DSS to believe that it would have an opportunity to amend its complaint to specify infringement of the surviving claims if other claims were invalidated. The new, specific allegations that Nichia products infringe surviving claims establish good cause to amend.

On July 25, 2023, after this case had been stayed for five years, the Court dismissed the '771 and '486 patents from this case in response to a joint status report from the parties. DSS, through its new counsel, then worked quickly with its experts to finalize x-raying and grinding of the Nichia products in DSS' possession. This expedited work revealed new material facts reflecting that certain Nichia products infringe all elements of at least one surviving claim from the '771 and '486 patents.

## II. DSS NEVER WAIVED OR ABANDONED ITS CLAIMS REGARDING THE '771 AND '486 PATENTS.

Nichia misconstrues the representations made by DSS' prior counsel in joint status reports addressing the status of the underlying IPR proceedings. DSS' prior counsel never affirmatively represented that DSS had waived or abandoned its claims related to the '771 and '486 patents. *See, e.g.*, Joint Status Reports, ECF No. 105, 107, 110. Instead, DSS' prior counsel was entirely silent about whether DSS intended to proceed with respect to the '771 and '486 patents. *Id*. It would be unjust to interpret that silence as a knowing waiver that binds DSS and precludes DSS from

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT**

Mitchell Silberberg & Knupp LLP

15754453.1

pursuing claims related to patents it asserted in its original Complaint and which survived IPRs.

### III. NICHIA WILL NOT BE PREJUDICED IF THIS COURT RECONSIDERS ITS ORDER DISMISSING THE '771 AND '486 PATENTS AND ALLOWS DSS TO AMEND ITS COMPLAINT.

DSS asserted the '771 and '486 patents in its original Complaint. Because DSS alleged infringement of at least one claim from each of the patents, DSS met its burden to allege infringement of all claims from those patents.

Nichia did not limit its IPR petitions to the '771 and '486 patent claims specifically mentioned in DSS' original Complaint. Instead, Nichia sought IPR review of all claims from all the asserted patents. Nichia's conduct reflects its understanding that by alleging at least one claim from each of the patents, DSS had preserved its right to allege infringement of all the claims from those patents.

Because Nichia sought an expansive review of all claims from all the asserted patents through the IPR process, it cannot assert that it changed its conduct because the initial Complaint focused on some claims of the asserted patents, but not others. Nichia sought a stay to determine if the IPRs would eliminate or narrow DSS's claims. The IPR process *has* narrowed the case, reducing potential litigation expenses for both parties.

Nichia now must defend claims of infringement for claims that survived IPRs. That is not prejudice – it is the natural result of a lengthy stay that Nichia asked for.

Nichia makes much of the "good cause" language of Rule 16, but it is axiomatic that a scheduling order setting forth deadlines for a case that was subsequently stayed would need to be modified once the stay was lifted. Indeed, that was the very purpose of the parties' recent joint status report. As set forth in DSS' Motion, once the stay was lifted, DSS quickly and efficiently investigated the

4

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT**

Mitchell Silberberg & Knupp LLP
15754453.1

acquired samples, and the reason for its requested amendment is DSS' resultant discovery of additional infringement.

Given that the case was in its infancy when it was stayed such that the parties had not even begun two-party discovery, Nichia's litigation posture now is the same as it would have been had the case not been stayed and the parties had proceeded with discovery. DSS would have discovered, exactly as it has now, that Nichia's product infringes claims not known at the time of the Complaint and would have sought leave to amend its initial Complaint to add the requisite allegations. Despite its errant contentions, Nichia did not "defeat" any legal theories of infringement; rather, it petitioned the Board for IPR review of all claims in hopes that doing so would eliminate the need for litigation. In sum, Nichia suffers no prejudice from continuing this case, it is simply displeased that its IPR petitions were not wholly successful and it must now resume on the surviving claims.

## IV. DSS SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT BECAUSE ITS INFRINGEMENT CLAIMS ARE NOT FUTILE.

An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 6 (9th Cir. 2017) (internal quotations omitted). Courts generally defer consideration of challenges to the merits of a proposed amended pleading until after it is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003). "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Grant v. United States*, No. 2:11-CV-00360 LKK, 2011 WL 5554878 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, No. CIV-S-11-0360-LKK, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012).

*Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 13 (E.D. Cal. Nov. 14, 2011) (internal citations omitted).

Nichia's arguments regarding DSS' proposed amended complaint are merely defenses to the new infringement contentions and do not suggest futility of DSS' claims. Nichia must test its defenses by challenging the merits of the amended complaint and conducting discovery after the pleading is filed.

With respect to the '771 patent, Nichia contends that the remaining claims, claims 10 and 11, "are invalid for at least the reasons presented in Nichia's Petitions for IPR in IPR2018-01167 and IPR2019-00397." Opp. Pg. 12. DSS responded to these invalidity contentions in its Patent Owner's Preliminary Response filed in IPR2018-01167,[1] and maintains that the claims are not invalid. As Nichia admits, its invalidity arguments remain untested and unexamined on the merits. The mere existence of potential invalidity arguments does not make asserting a patent a futile endeavor. Nichia has the burden of proving the defense of invalidity by clear and convincing evidence, which generally cannot be resolved by way of preliminary pleadings. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 97, 131 S. Ct. 2238, 2243, 180 L. Ed. 2d 131 (2011); 35 U.S.C. § 282.

Next, Nichia opines that prosecution history disclaimer prevents the NVSU333A LED from infringing claims 10 and 11 of the '771 Patent. However, no such prosecution history disclaimer exists on the record. "A patentee may, through a clear and unmistakable disavowal in the prosecution history, surrender certain claim scope to which he would otherwise have an exclusive right by virtue of the claim language." *Vita-Mix Corp. v. Basic Holding*, 581 F.3d 1317, 1324 (Fed. Cir. 2009). *See also*, *Purdue Pharma L.P. v. Endo Pharms. Inc.*, 438 F.3d 1123, 1136 (Fed. Cir. 2006) ("Under the doctrine of prosecution disclaimer, a patentee may limit

---

[1] In DSS' Patent Owner's Preliminary Response in IPR2019-00397, DSS focused its arguments on the improper filing of the IPR. *See* PO Preliminary Response, Paper No. 6.

the meaning of a claim term by making a clear and unmistakable disavowal of scope during prosecution.").

Furthermore, "[f]or a prosecution statement to prevail over the plain language of the claim, the statement must be clear and unmistakable such that the public should be entitled to rely on any 'definitive statements made during prosecution.'" *Elbex Video v. Sensormatic*, 508 F.3d 1366, 1373 (Fed. Cir. 2007), quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003).

No statements were made during the prosecution of the '771 patent that disclaimed any claim scope. First, in the Non-Final Rejection of June 2, 2004, the Office Action states "claim 14, and its dependent claim 15, are both still allowable over the prior art." O.A. pg. 2.  Claims 14 and 15 issued as claims 10 and 11 of the '771 patent. Any statements made in the Amendment dated August 23, 2004 ("the Amendment"), after the date that the claims were allowed, only apply to the claims with remaining rejections. The public would not believe such statements to be a clear and unmistakable disavowal of the claim scope of allowed claims 14 and 15, much less rely on such.

Second, the full statement relied upon by Nichia in the Amendment *supports* DSS' infringement contention. In rebutting the examiner's rejection over US Pat. No. 6,645,783 to Brunner ("the '783 Patent"), the Amendment states:

> "The only candidate for the substrate of Claim 4 in Figure 1 is the base part 4, since this is the only component that has an aperture extending between two surfaces thereof.  The aperture must then be the hole that is filled with the copper heat sink 13.  However, this does not satisfy the condition that the light emitting diode be mounted within the aperture.  If one assumes that the aperture extends to the two protrusions labeled 4 and 8, then the platform on which the dis is mounted is the upper surface of heatsink 13. … Hence, the only candidate for the "platform" is electrode surface 5 which extends across the opening in which heat sink 13 is located."

Figure 1 of the '783 patent is reproduced here:



In the statement above, the Applicant is defining the structure of the LED disclosed in the '783 patent in response to the examiner's rejections. The Applicant first states that base part 4 appears to be equivalent to the substrate recited in claim 4. Then, in determining the location of the aperture, the Applicant states that, since the LED is mounted within the aperture, the aperture cannot just be the hole filled with copper heat sink 13 and, therefore, must include the two protrusions labeled 4 and 8. Finally, the Applicant states that electrode surface 5 of the '783 patent must then be equivalent to the "platform" of claim 4. The Applicant's statement contains no disclaimers. Rather, the Applicant agrees with the examiner that the structure of the LED disclosed in the '783 patent reads on claim 4.[2]

Third, the Amendment specifically addresses a new clause added to claims 4-5, 7-9, and 11-12. This clause ("said platform being located outside of said aperture") is not found in issued claims 10 and 11. Therefore, Applicant's comments only apply to amended claims 4-5, 7-9, and 11-12. For at least these reasons, there is no prosecution history disclaimer.

---

[2] Although now moot due to claim 1 of the '771 Patent being found unpatentable during the IPRs, the Applicant distinguished claim 4 (which issued as claim 1 of the '771 Patent) from the '783 Patent on other grounds.

Indeed, by stating that Nichia's NVSU333A LED is "substantively identical" to the LED of the '783 patent, Nichia is admitting that its product infringes at least the same elements of issued claim 1 that are also recited in issued claim 10 of the '771 patent. A claim of infringement is not futile where the infringer admits to at least a portion of the infringement.

With respect to the '486 patent, Nichia does not dispute DSS' infringement contentions regarding the '486 patent. Instead, Nichia merely summarizes DSS' claim charts for the NCSWE17AT and NVSWE21AT[3] LED products. Nichia makes no argument on this point, and thus concedes the non-futility of DSS' request to amend its complaint to assert its claim 6 infringement contentions.

## V.   CONCLUSION

Based on the foregoing, DSS respectfully requests that this Court reconsider its July 26, 2023 Order (ECF No. 127) dismissing the '771 and '486 patents and (2) grant DSS leave to amend its Complaint.

DATED: SEPTEMBER 1, 2023

SCHERTLER ONORATO MEAD & SEARS
Christopher B. Mead
Tara N. Tighe


MITCHELL SILBERBERG & KNUPP LLP
Karin G. Pagnanelli


By: */s/ Christopher B. Mead*
*Attorneys for Plaintiff DSS, Inc.*

---

[3] As Nichia noted in its opposition, the reference by DSS to a NCSWE21AT was an inadvertent clerical error. The correct product identifier is NVSWE21AT.

**Certification of Compliance-Local Rule 11-6**

The undersigned, counsel of record for Defendants Aubrey Drake Graham and Sound 1.0 Catalogue LP, certify that this brief contains 2,382 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 1, 2023      */s/ Christopher B. Mead*

**Attestation Regarding Signatures-Local Rule 5-1(h)(3)**

I, Karin G. Pagnanelli, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 1, 2023      */s/ Karin G. Pagnanelli*
Karin G. Pagnanelli